# EXHIBIT 1

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO 17-014348-CZ Hon. Brian R. Sullivan |
|---|---|---|

2 Woodward Ave., Detroit MI 48226             Court Telephone No. 313-224-5243

| Plaintiff<br><br>AFT Michigan | v | Defendant<br><br>Project Veritas |
|---|---|---|
| Plaintiff's Attorney<br><br>Mark H. Cousens 12273<br>26261 Evergreen Rd Ste 110<br>Southfield, MI 48076-7517 | | Defendant's Attorney |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>9/28/2017 | This summons expires<br>12/28/2017 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

| Date _____ | Signature of attorney/plaintiff _____ |
|---|---|



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C) (2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT

AFT Michigan,                                    HON.
        Plaintiff,

v                                                Case No.:  17                CZ

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
        Defendants.

_____

MARK H. COUSENS (P12273)
Attorney for the Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150

_____

> There is no other pending or resolved civil action
> arising out of the same transaction or occurrence
> alleged in the Complaint.

## COMPLAINT

### Preliminary Statement

This is an action under MCL 750.539h seeking redress for the fraudulent, unauthorized and unlawful surveillance of the Plaintiff and its staff and the fraudulent, unauthorized and unlawful gathering of information. Defendants and their agents are political actors who engage in misrepresentation of who they are for the purpose securing statements which are then manipulated and altered for the purpose of disparaging the actions of the objects of their purported investigation. This action seeks

to prevent the Defendants from using or publishing information which was obtained in violation of Michigan law.

## Parties

1.    Plaintiff is a labor organization. It is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Affiliated with Plaintiff are more than ninety separate labor organizations representing more than 35,000 individuals. AFT Michigan maintains its principal office in the County of Wayne.

2.    Defendant "Project Veritas" ("PV") is a Virginia nonstock, nonprofit corporation with its principal place of business in Mamaroneck, New York. James O'Keefe is stated to be the chief executive officer. O'Keefe is a resident of the state of New York.

3.    PV has engaged in a national campaign to disparage and harm a wide variety of entitles, publications and individuals through implanting persons within these organizations who use a variety of techniques to secretly record statements which are then manipulated and distorted.

4.    PV's common technique is to have an individual use false pretenses, misrepresentation regarding their identity and purpose to infiltrate an entity and cause representatives or employees of that organization make the statements which are then manipulated. Its common technique is to take comments out of context or outright falsify statements which are then released to the public.

2

5.     PV has sought to disparage major news organizations and public figures. However, PV has an established project to attack labor organizations representing public school employees. See e.g.  http://projectveritas.com/teachers-unions-investigations/

6.     Defendant Marisa L. Jorge, a/k/a Marissa Jorge is an individual. She is believed to be a resident of the state of New York. There is evidence that Defendant shares a residence with O'Keefe as Defendant pays utility bills at a residence with O'Keefe cites as his domicile.

7.     Jorge is a political operative. She has publically identified with a variety of causes which are in line with the stated agenda of PV. Jorge attempted to infiltrate an organization titled "Disrupt J20," an entity opposed to the election of President Donald J. Trump. Jorge was identified by facial recognition and efforts were made to exclude her from meetings of the group. She sought to change her hair color and return to the organization, without success

**Jurisdiction**

8.     The Court has jurisdiction over this complaint under MCL 750.539h as the matter relates to the unlawful surveillance of private conversations and the unlawful taking of private electronic correspondence

3

**Venue**

9.      Venue is proper in this Circuit as the relevant acts occurred in the County of Wayne.

**Acts Done: Jorge**

10.     AFT Michigan has a practice of welcoming individuals to serve as interns during the Summer months. These persons are those who are interested in public education, the labor movement or both.

11.     In the Spring of 2017, Defendant Jorge approached the Plaintiff upon the recommendation of another person and sought an assignment as an intern.

12.     Defendant represented herself as a student at the University of Michigan who wanted to teach in the public schools. Plaintiff asserted that she was willing to work on various projects for the purpose of becoming more familiar with the school system; that she wanted to be a teacher of second grade students.

13.     Plaintiff interviewed Defendant. During her interview Defendant made several representations which were false and which Defendant knew were false. In particular Defendant was not a student at University of Michigan; and had no interest in working in the public schools.

14.     Plaintiff accepted Defendant as an intern and beginning in late May, 2017, assigned her to various projects about which Defendant said she was interested.

4

15.    Plaintiff showed an interest in charter schools and in instances of educators who had supposedly engaged in "sexting" with students; there were no such instances.

16.    Over the next three months Defendant engaged Plaintiff's staff and regularly sought information which was beyond her assignment.

17.    Defendant sought detailed information regarding grievances relating to employee discipline. Plaintiff asked repeatedly whether there were instances in which employees were suspected of or were disciplined for inappropriate sexual contact with students.

18.    Defendant requested the opportunity to attend bargaining sessions; asked about organizing at various places.

19.    Defendant also sought and was granted access to a substantial amount of confidential and proprietary information including data bases, confidential conferences and the status of grievance.

20.    Defendant used her position as an intern to access the computers of several staff employed by AFT Michigan.

21.    Defendant Jorge was repeatedly seen alone in offices sitting at the computer terminal of other employees.

22.    Defendant Jorge was repeatedly seen alone in offices of other employees accessing files and records. Jorge made false statements regarding her purpose when asked why she was so engaged.

23.    Defendant Jorge was repeatedly seen in the Plaintiff's offices late in the evening well after customary business hours.

5

24.    Defendant secured access to the computer passwords of persons employed at the Plaintiff. Using these passwords Defendant was able to secure information which was proprietary and confidential.

### Acts Done: PV

25.    PV is a vigilante organization which claims to be dedicated to exposing corruption. It is, instead, an entity dedicated to a specific political agenda.

26.    PV is a party to numerous lawsuits asserting that it has defamed individuals by distorting statements and releasing doctored or manipulated video communication

27.    Suits are pending in the United States District Court for the District of Columbia, state court in Florida.

28.    PV founder James O'Keefe was arrested in pursuit of a story in 2010 on a felony charge of break-in at Sen. Mary Landrieu's (D-La.) New Orleans office. He pled guilty to a misdemeanor.

29.    O'Keefe settled a suit filed by an employee of ACORN who asserted that O'Keefe had wholly manipulated a video interview. O'Keefe paid the employee $100,000.

30.    PV is known to use individuals to infiltrate organizations for the purpose of securing proprietary information and then publishing or making public a version of the information which is distorted and leaves a false impression.

6

31.    Defendant Jorge made material misrepresentations to Plaintiff for the purpose of gaining access to the Plaintiff's organization.

32.    Defendant Jorge is believed to be an operative in the employ of or working for PV.

33.    Defendant Jorge solicited information from employees of the Plaintiff; information which was not available to the public.

34.    Defendant's purpose was to use private, proprietary information to attempt to embarrass the Plaintiff and adversely impact labor organizations representing public school employees.

35.    It is clear that Defendant Jorge accessed information which was stored electronically on computers owned by Plaintiff. Jorge did not have authorization to access this information, to copy it or forward it to anyone.

36.    Plaintiff believes that Defendant Jorge accessed information, copied it and forwarded it to herself for later dissemination to Defendant PV.

37.    Defendant Jorge appeared at Plaintiff's work site wearing adornments which are capable of hiding a camera or recording device. She wore large pearls, large glasses and clothing with buttons capable of hiding a camera.

38.    Defendant Jorge routinely carried a cell phone with her everywhere she went. The cell phone is capable of recording both audio and video conversations.

7

39.     Defendant's form of interaction with staff included repeated searching questions, questions pertaining to public policy issues and queries designed to produce a comment on matters of public policy.

40.     Plaintiff believes that its staff was recorded without their knowledge or consent.

41.     Michigan law forbids eavesdropping, secret recording of others, the use of devices to record others without their knowledge or consent. MCL 750.539c.

42.     Michigan law forbids the trespass on property under the control of another for the purpose of eavesdropping. MCL 750.539b

43.     Defendant Jorge obtained access to Plaintiff's facility through fraud. She misrepresented who she was and her purpose for being present. Her presence was therefore procured via fraud and she was always a trespasser.

44.     Michigan law forbids the disclosure of information obtained in violation of MCL 750.539b, 539c and 539d.

45.     Defendant Jorge knowingly obtained information unlawfully, under false pretenses and through fraud.

46.     Plaintiff believes that Defendant Jorge and PV intend to disclose proprietary and private information to the public at large. Defendant has engaged in such behavior on numerous occasions in the past.

47.     Plaintiff does not currently know the full extent of the information stolen by Defendant Jorge but believes it to be substantial.

8

48.     The disclosure of this information would cause irreparable harm to Plaintiff and to the persons it represents as it may make public information pertaining to grievances, bargaining proposals and discipline proposed but not imposed on public employees.

49.     AFT Michigan maintains private, confidential and proprietary information to permit Plaintiff to be able to engage in its efforts to champion education, protect students and advance their right to a quality education, advocate for public employees and take positions on matters of public concern.

50.     If published the information can never be recovered; it will be in the public domain.

51.     The extent of Defendant's theft will become clear upon discovery. For the moment it is clear that there was such theft and that Plaintiff will suffer irreparable harm if information is disclosed.

## First Cause of Action: Fraudulent Misrepresentation

52.     Defendant Jorge made material misrepresentations to the Plaintiff with respect to (a) her identity; (b) her purpose for seeking an internship; (c) her interest in public education or the labor movement.

53.     This Defendant's conduct incorporated statements she knew to be false; statements which were proffered to Plaintiff with the intent that Plaintiff rely on them; statements on which the Plaintiff did rely.

9

54.    Defendant's conduct was for the purpose of commercial gain; an effort to disparage Plaintiff for the purpose of generating economic contributions to Defendant PV.

### Second Cause of Action: Trespass

55.    Defendant Jorge made materially false statements to Plaintiff for the purpose of gaining access to Plaintiff's facility, computers, files and records.

56.    Defendant Jorge would not have been given access to Defendant's offices, computers files or records had she been truthful with respect to her identity and purpose.

### Third Cause of Action: Eavesdropping

57.    Defendant Jorge engaged in a pattern of interrogating persons employed by Plaintiff seeking information which was proprietary;

58.    Defendant Jorge entered private offices without authorization and reviewed files, records and physical material which was proprietary;

59.    Defendant Jorge is believed to have accessed electronic records of the Plaintiff all of which are proprietary and either copied these records or sent copies of the records to herself.

60.    Defendant Jorge did not have authorization to review proprietary information; did not have authorization to access electronic records; did not have authorization to copy or secure copies of proprietary information.

61.    As the result of Defendant's actions, Plaintiff reasonably fears that Defendants will conspire to disseminate proprietary information with respect to Plaintiff;

    a.    Defendants have a history of creating false and misleading stories which are then released to news media;

    b.    These stories have taken comments out of context, have materially misrepresented the words of persons interviewed;

    c.    Have cast organizations in a false light for the purpose bringing harm to these entities

62.    Plaintiff reasonably fears that Defendants joint intent is to publish proprietary information; publish misleading information; publish false information based on records which were obtained in violation of the law.

63.    But for the intervention of this Court, Defendant is likely to cause Plaintiff irreparable harm by repeating its pattern of using information unlawfully obtained to disparage Plaintiff and portray it in a false light.

64.    It is therefore necessary and appropriate that this Court issue orders preventing such conduct during the pendency of this litigation.

**Fourth Cause of Action: Larceny by Trick**

65.    Defendant Jorge secured a position with Plaintiff by trick. She misrepresented herself, her name and her status a student.

66.    Defendant Jorge used her position to gain access to private and proprietary information maintained by Plaintiff and was the Plaintiff's property.

11

67.   The Defendant's action was a larceny; the taking of valuable material for personal gain.

## Fifth Cause of Action: Civil Conspiracy

68.   Defendant Jorge and Defendant PV are joint actors.

69.   Defendant Jorge is an agent for or employee of the Defendant PV

70.   Defendant Jorge lists as her domicile a residence in New York which is the same residence listed by James O'Keefe–chief executive officer of PV–as his residence for voting.

71.   Defendant Jorge and PV have conspired to:

    a.   Have Jorge infiltrate Plaintiff by the making of materially false statements

    b.   Have Jorge gain access to proprietary records of the Plaintiff;

    c.   Have Jorge copy proprietary information and transmit it to herself and Defendant PV

    d.   Plan to disclose proprietary information for the purpose of casting Plaintiff in a false light

**Relief Sought**

The Court should make the following findings and issue the following orders:

72.     A finding that the Defendant Jorge engaged in fraud to secure a position with Plaintiff for the purpose of stealing or otherwise unlawfully obtaining private and proprietary information;

73.     A finding that Defendant Jorge engaged in fraud to secure a position with Plaintiff for the purpose of engaging unlawful surveillance of individuals working for and with Plaintiff;

74.     A finding that Defendant Jorge engaged in trespass for the purpose of gaining proprietary information;

75.     A finding that Defendant Jorge engaged in eavesdropping in violation of MCL 750.539 et seq.;

76.     A finding that Defendant Jorge and Defendant PV have conspired to insert Defendant Jorge into Plaintiff's organization for the improper purposes listed;

77.     Issue a temporary restraining order and temporary injunction enjoining and restraining the Defendant Jorge the Defendant PV and any organization associated with Defendant PV from disseminating, publishing, displaying or otherwise releasing to the public information obtained in violation of the law;

78.     Issue an order directing the Defendants to appear for a hearing on Plaintiff's request for injunctive relief;

13

79.    Grant damages to Plaintiff in excess of $50,000 plus applicable costs and attorney fees;

80.    Grant punitive damages to Plaintiff of $3,000,000 as permitted by MCL 750.539h

81.    Such other relief as may be appropriate

82.    Plaintiff requests trial by jury.

/s/_____
MARK H. COUSENS (P12273)
Attorney for Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150

September 27, 2017

14

Motion for Ex parte Temporary Restraining Order

Plaintiff moves for entry of an ex parte temporary restraining order restraining and enjoining Defendant PV, Defendant Jorge, their agents, employees and those acting in concert from publishing, releasing to the public or otherwise disclosing information pertaining to or relating to the Plaintiff AFT Michigan, its officers, employees or affiliated location unions until the further order of the Court.

The reasons this request should be granted are set forth in the annexed brief.

Brief in Support of Motion for *ex Parte* Temporary Restraining Order

## Introduction

The Court should grant an ex parte temporary restraining order preventing the Defendants from publishing private, confidential and proprietary information which was unlawfully obtained by Defendant.

## The Facts

1.

Plaintiff requests that the Court issue an emergency ex parte temporary restraining order to prevent Defendants from publishing, disseminating or otherwise making available private, proprietary and confidential information stolen from Plaintiff by an agent of a political organization with a radical agenda. "Project Veritas" is a an organization dedicated to the destruction of numerous civic, political and labor organizations. "PV" is famous for inserting agents into organizations, securing statements from employees, distorting what was said and then publicizing it as if it were true. PV uses a well known propaganda technique called "The Big Lie" to gain its objectives.

PV has engaged in this conduct for an extended period of time. Its antics have drawn the attention of news organizations. http://www.snopes.com/2016/10/18/project-veritas-election-videos/

It has also drawn the attention of the courts. PV's chief executive plead

guilty to a crime for his unlawful entry into the offices of Louisiana Senator Mary Landrieu. And he was required to pay $100,000 settle a suit brought by employees of an organization he helped destroy.

2.

AFT Michigan is a labor organization. It is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Affiliated with AFT Michigan are some ninety different labor organizations representing more than 30,000 employees in the State of Michigan.

AFT Michigan employs a staff. But it has customarily sought the service of interns who work between academic semesters during the Summer. Typically interns are those who are interested either in the labor movement or public education.

AFT Michigan is the repository of a myriad of information which is private, proprietary and confidential. The material is largely stored electronically but some exists in hard copy. The information includes bargaining strategy, correspondence regarding proposed legislation, economic information regarding local affiliates and employee salaries. Much of this information is sensitive; disclosure would permit employers to know the position of a local affiliate regarding bargaining; members of the Legislature would know the Federation's private views on legislation. Disclosure of any of this information would cause material harm to

AFT Michigan and prevent it from fulfilling its objectives.

3.

Marissa Jorge a/k/a Marissa Perez contacted AFT Michigan during May, 2017. She sought to work as an intern for the Federation during the Summer of 2017. She came recommended from a local union president. Jorge was interviewed. During the interview she represented herself as a student at the University of Michigan who was studying to become a teacher. None of this was true.

Jorge was engaged as an intern. She was given various assignments to gather information, invited to attend meetings and exposed to the public policy issues considered by the Federation. However, it quickly became apparent that something was not right.

Jorge did not work a regular schedule. She began to come into the office and stay very late. She was frequently either the sole person in the office or one of two in the office. Jorge began to ask probing questions of staff; questions seeking information which could not possibly be relevant to anything on which she was working.

*Jorge was repeatedly observed sitting at the computer terminals of other staff*. She had access to a large amount of information because the Federation was not strict with regard to password control. *But she was also seen physically*

*handling files in offices of staff.* She was observed late at night in the office of a

staff person fingering through files containing grievance information.

By the end of the Summer, it became apparent that something was seriously

wrong. AFT Michigan requested assistance from the national organization with

regard to this person. A cursory background check was performed. It was quickly

discovered that Jorge was not a student at the University of Michigan. Indeed, she

had a history of activism for causes whose goals are antithetical to the objectives

of AFT Michigan. A rapid search disclosed that Perez has used several aliases. It

also showed that she attempted to insert herself into certain organizations for the

express purpose of disrupting them. In particular, Perez sought to infiltrate

"DisruptJ20," an organization created to engage in peaceful protest during the

inauguration of President Trump. She was caught once and removed from the

group only to attempt to come back to the entity this time with her hair died a new

4.

Perez had access to information while engaged at AFT Michigan. However,

she was not authorized to copy information, forward it to anyone (including

herself) or use it for any purpose other than a given assignment. Nevertheless, it is

clear that Perez abused her access to data to copy and forward proprietary data.

As of this writing, AFT Michigan has engaged a forensic computer expert.

Using their process, the Plaintiff will ultimately be able to provide to the Court a

clear listing of material which was stolen or appropriated. However, the

circumstances presently known are sufficient to provide ample evidence of theft,

eavesdropping and unlawful surveillance

Argument

A.

The Michigan penal code makes both eavesdropping and unlawful

surveillance a crime. MCL 750.539 et seq. Further, the statute creates a civil

action for those who are victims of these offenses. MCL 750.539h states:

> Sec. 539h. Any parties to any conversation upon which eavesdropping is
> practiced contrary to this act shall be entitled to the following civil
> remedies:
>> (a) An injunction by a court of record prohibiting further
>> eavesdropping.
>>
>> (b) All actual damages against the person who eavesdrops.
>>
>> (c) Punitive damages as determined by the court or by a jury.

The Court therefore has jurisdiction with respect to this complaint. And the

allegations raised relate to matters expressly forbidden by the law.

B.

1.

Defendant Jorge engaged in wholesale misrepresentation of herself and her

mission when she sought employment with Plaintiff AFT Michigan. She had no

interest in public education; she was not a student at the University of Michigan. Rather it is clear that she is an operative working with Defendant PV.

The evidence of coordination between Jorge and PV will become more clear upon discovery. However, the evidence will show that Jorge pays a utility bill at 720 First Street, Mammaroneck, New York. That is the same address used by James O'Keefe, chief executive of PV, to establish a voting domicile. This is not a coincidence.

Plaintiff will in due course establish that Jorge was, indeed, an operative of PV. Further Plaintiff will show what documents or other material was taken by Defendant. But that takes time.

2.

Plaintiff reasonably fears that Defendants will immediately publish and make available to the public private, confidential and proprietary information unlawfully seized from Plaintiff. Once disclosed, this information can never be recalled; the damage will be irreparable. Therefore, Plaintiff requests the Court to grant a temporary order preventing publication of stolen material pending a hearing before the ct.

C.

This application is made *ex parte* for two reasons. First, Plaintiffs do not know Jorge's present whereabouts. She has cancelled meetings scheduled with

representatives of Plaintiff. However, second, giving notice of this application will provide Defendant the unfettered opportunity to publish material which was taken unlawfully. Any subsequent order from this Court will be functionally moot as the damage has been done.

MCR 3.310(B)(1)(a) expressly permits ex parte orders under such circumstances. The rule states:

> (1) A temporary restraining order may be granted without written or oral notice to the adverse party or the adverse party's attorney only if
> (a) it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant from the delay required to effect notice or from the risk that notice will itself precipitate adverse action before an order can be issued;

Here, giving notice to the Defendants will permit the very harm which Plaintiffs seek to prevent. A hearing scheduled even days from filing of the complaint will not suffice to prevent the harm.

D.

Plaintiffs are likely to prevail on the merits. MCL750.359 prohibits the conduct of which Defendant is guilty. Section 359a forbids the recording of the conversations of others. Defendant Jorge almost certainly has done so. Section 539b forbids trespassing on the property of another for the purpose of eavesdropping. Defendant Jorge obtain access to the offices of AFT Michigan by

trick. Her presence was always a trespass because she simply lied to gain entry.

Section 539e expressly forbids the use of information obtained by eavesdropping.

Given the clear state of the law, Plaintiffs will certainly prevail upon a showing

that Defendant gained control over private, proprietary and confidential

information.

E.

     The balance of harm favors Plaintiff. The order Plaintiff requests will not

harm Defendant. But the absence of an order will harm Plaintiff. Plaintiffs ask that

Defendant be prohibited from publishing information to which they never had

authorized access. There is no lawful reason why Defendants should be able to

publish this data. But the publication of such information will permanently and

irreparably harm Plaintiff.

F.

     Defendant breached a duty to Plaintiff. As an intern, Defendant Jorge had a

duty to protect Plaintiff's information and an obligation to refrain from disclosing

any of it.

> "The challenged contractual provisions seek to protect the employers from
> the use by their employees of information acquired in the course of their
> employment. While an employee is entitled to the unrestricted use of
> general information acquired during the course of his employment or
> information generally known in the trade or readily ascertainable,
> confidential information, including information regarding customers,
> constitutes property of the employer and may be protected by contract. *Even*

> *in the absence of a contract, an employee has a duty not to use or disclose confidential information acquired in the course of his employment.* Such information is often treated as a "trade secret".

*Follmer, Rudzewicz & Co., P.C. v. Kosco,*, 420 Mich. 394, 402–04; 362 N.W.2d 676, 680–81 (1984)

Defendant Jorge had a duty which it appears she breached. As such an injunction is appropriate as otherwise Plaintiff would be left without a remedy.

G.

Injunctions against publication may be disfavored as prior restraint but they are not always improper. Slander may sometimes be enjoined as the harm from publication would be irreparable:

> Similarly, because the PPO only enjoins respondent from making "slanderous statements" about petitioner within the community, and slanderous statements are not constitutionally protected, it does not constitute an improper prior restraint on speech. Van Buren Charter Twp. v. Garter Belt, Inc., 258 Mich.App. 594, 622-623, 673 N.W.2d 111 (2003).

*Cavanaugh v. Smith*, 2009 WL 1101379, at *5 (Mich.App.,2009)

And:

> Prior restraints on speech and publication are the most serious and the least tolerable infringements on one's First Amendment rights. Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). The general rule is that equity will not enjoin libel and slander, rather, the sole remedy for defamation is an action for damages, and there is a heavy presumption that prior restraints on expression are unconstitutional under the First Amendment's guarantee of free speech. 42 Am Jur 2d, Injunctions,

§ 97, pp 691-692. That being said, the following observations are made in Am Jur 2d:

> However, the prohibition [against prior restraints] is not absolute, as there are exceptional cases in which a prior restraint is acceptable. For instance, an injunction would issue to prohibit a defendant from reiterating statements which had been found in current and prior proceedings to be false and libelous to prevent future injury to the libel plaintiff's personal reputation and business relations. An injunction restraining the publication of matter defaming a plaintiff personally was proper where there was no adequate remedy at law because of the recurrent nature of the defendant's invasions of the plaintiff's rights, the need for a multiplicity of actions to assert the plaintiff's rights, the imminent threat of continued emotional and physical trauma, and the difficulty of evaluating the injuries in monetary terms. [Am Jur 2d, supra at 692.]2

*Dupuis v. Kemp, 2006* WL 401125, at *2 (Mich.App.,2006)

Absent a temporary order, Defendant will have license to publish private, confidential and proprietary material. An order from this Court is the only method of preventing an otherwise irreparable injury.

### Conclusion

The Court should grant an ex parte temporary restraining order preventing the Defendants from publishing material they obtained from Plaintiff until the further order of the Court.

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT

AFT Michigan,                                          HON.
      Plaintiff,
v                                                     Case No.:  17                CZ

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
      Defendants.

_____

STATE OF MICHIGAN )
                   ) ss
COUNTY OF WAYNE  )

**Affidavit of Charles Lobaito**

1.    My name is Charles Lobaito. I am competent to testify to the matters expressed in this affidavit if called on to do so.

2.    I am employed by AFT Michigan as Assistant to the President for Finances. I am responsible for and have access to a myriad of confidential financial data concerning AFT Michigan and its affiliated local unions.

3.    I encountered the person who identified herself as Marissa Perez sometime in May, 2017.

4.    "Perez" repeatedly asked me if there was work I could assign her. I declined. She was not trained to do anything within my purview.

5.    I often work in the office late into the evenings and on weekends. On several occasions I encountered "Perez." She stated that she was working on "stuff" and asked me how late I would remain at the office.

6.    I observed "Perez" in the office of Nate Walker sitting at his computer terminal. I understand that she was not authorized to access his electronic information.

7.    I observed "Perez" working by herself without supervision late into the evenings on several occasions. Late in August, I observed her in the office of Staff Representative Johnny Mickles. A file drawer was open and "Perez" was handling files. I heard her walk toward the room where our copy equipment is located.

8.    I observed "Perez" one evening working on the computer assigned to Staff Representative Taylor Monday. The same evening "Perez" asked me how long I was going to be in the office.

9.    "Perez" stated that she was a student at the University of Michigan.

10.    On more than one occasion "Perez" asked me questions regarding persons who may purchase my art (I am a woodturner and make objects in wood). After asking various questions about who purchases my art, she asked me whether David Hecker, President of AFT Michigan was Jewish. She then asked me additional questions about who purchases my art and sought to engage me around Jewish stereotypes.

2

_____

CHARLES LOBAITO

Subscribed and sworn to before me
this _____ day of _____, 2017

_____

3

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT

AFT Michigan                                          HON.
     Plaintiff,
v                                                    Case No.:  17                CZ

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
     Defendants.

_____

STATE OF MICHIGAN )
                             ) ss
COUNTY OF WAYNE  )

**Affidavit of David Dobbie**

1.     My name is David Dobbie. I am competent to testify to the matters contained in this affidavit if required to do so.

2.     I am employed by AFT Michigan as the assistant to the President. My responsibilities include direction of staff.

3.     In the Spring of 2017 I was contacted by a friend and colleague from the University of Michigan. He recommended that AFT Michigan consider using as an intern a woman who had expressed interest in activities which my friend was directing.

4.    As the result of this recommendation, I contacted a woman who identified herself as Marissa Perez. I invited her to an interview to discuss whether she was interested in working in an intern capacity during the Summer of 2017.

5.    An interview was conducted on May 5, 2017. We asked her to describe herself. She replied that she was from Texas but that her parents had moved to Michigan. She was asked about her course of study. Her answers were vague. She did not present a resume nor did I ask for one.

6.    I wrote "Perez" on May 10 to advise that she was welcome to work as an intern. I said that she should work directly with Nate Walker, our Policy Analyst. I also gave her specific assignments to attend certain meetings.

7.    "Perez" was given limited access to certain private and proprietary information and was occasionally authorized to access some computer terminals.

8.    Nevertheless, she was seen sitting in offices of staff members when those staff members were not in their offices, which we now know she was not authorized to do; using computers which we now know she had not been authorized to use; and seen looking through paper files which we now know she was not authorized to view.

9.    An effort was made to determine whether "Perez" was a student at the University of Michigan. Research has shown that she is not enrolled and is likely never have been a student there.

2

10.     I became suspicious of "Perez" following several conversations with staff regarding her behavior. AFT Michigan staff had begun to share information about "Perez" including her contradictions about her residence, her reasons for being in the office late at night, her apparent review of files regarding matters to which she had not been assigned and her habit of carrying a cell phone with her everywhere.

11.     Staff shared information with me and only when their stories were put together did it become apparent that "Perez" was not who she said she was; that she was using her position to review information and material which was private and confidential.

                                                        DAVID DOBBIE

Subscribed and sworn to before me
this _____ day of _____, 2017.

_____

3

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT


AFT Michigan                                        HON.
     Plaintiffs,

v                                                   Case No.:  17                CZ

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
     Defendants.
_____

STATE OF MICHIGAN )
                  )ss
COUNTY OF WAYNE  )

**Affidavit of Nathan Walker**


1.    My name is Nathan Walker. I am competent to testify to the matters contained

     in this affidavit if required to do so.

2.    I am employed by AFT Michigan as an Organizer and Policy Analyst. I have

     been so employed for eight years.

3.    Among my assignments is organizing charter schools. AFT Michigan represents

     employees at several such schools in the Detroit area.

4.    In May, 2017, I received an email from Dave Dobbie, the assistant to the

     president of AFT Michigan. The email referenced correspondence received by

     Dobbie from the president of an affiliated local union. The president had referred

     a woman to us who might be interested in serving as an intern.

5.     AFT Michigan has, in the past, utilized interns during the Summer months for a variety of projects. These individuals are often interested in public education, the labor movement or both. The referral of a person for an internship was not particularly unusual.

6.     I attended a meeting with the woman who identified herself as Marissa Perez. We now know that is not her given name.

7.     During the interview, "Perez" said that her parents were teachers; that she was a student at the University of Michigan studying to become a second grade teacher. She further asserted that she lived in Southwest Detroit where I also live.

8.     During the interview, "Perez" said that she was very interested in charter schools; that she wanted to get into education.

9.     At her request, on two occasions "Perez" accompanied me to collective bargaining negotiations being conducted at a school. "Perez" was exposed to the internal bargaining decisions made by the employees we represent.

10.    Starting in mid June, 2017, "Perez" attempted to work very closely with me. As a result, she was given access to a database containing proprietary information with respect to charter schools in Michigan.

11.    "Perez" routinely quizzed me with respect to charter schools. She wanted to know why I was interested in them. She prompted me to discuss my opinions regarding the value of charter schools. She said that she thought that they

1

"should just go away." I explained that that is not the position of AFT or of AFT Michigan.

12. During this time, "Perez" accompanied me to meetings with educational groups and community groups and attended internal meetings regarding a number of projects.

13. "Perez" sought to obtain information outside her assignments. She repeatedly asked about grievances, one time asking what was the "worst" grievance I was responsible for presenting. She asked to "interview" me regarding academic interviews. I told her to draft a list of questions for me; the list is attached.

14. "Perez" sought access to my computer. I have learned that she obtained access without my knowledge or consent. She forwarded information to herself which was stored on a private partition of the hard drive on my computer.

15. "Perez" sought access to information pertaining to organizations with which AFT Michigan worked. She asked for details regarding certain strategies with other organizations.

16. I personally observed her sitting at the computer terminals of other staff when they were not present.

17. "Perez" made several statements which were contradictory and which caused me to conclude that she was misrepresenting who she was. She gave contradictory information about her residence; saying that she lived in Southwest Detroit at one time and then Indian Village another time. She said that she could drive and

2

her eye condition did not prevent driving, then she said that she could not drive
due to an eye condition.

18.    "Perez" had access to private, confidential and proprietary information and was
seen sitting at computer terminals without authorization.


_____

NATHAN WALKER

Subscribed and sworn to before me

this _____ day of _____, 2017.

_____

3

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT


AFT Michigan                                    HON. BRIAN R SULLIVAN

v                                               Case No.: 17-014348 CZ

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge                    17-014348-CZ

FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/28/2017 4:04:17 PM
CATHY M. GARRETT

MARK H. COUSENS (P12273)
Attorney for the Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150

---

### EX PARTE TEMPORARY RESTRAINING ORDER
### AND ORDER DIRECTING HEARING ON PLAINTIFF'S
### MOTION FOR A TEMPORARY INJUNCTION

At a session of this Court on _SEPTEMBER 28_, at _3:25 p.m._
before HON. _BRIAN R SULLIVAN_
CIRCUIT COURT JUDGE


Upon the application of Plaintiff supported by affidavits, it appears to the Court

that Defendants have secured access to private, confidential and proprietary information,

and;

It appears to the Court that the Defendants intend to publish this information for

the purpose of characterizing Plaintiff in a false light, and _either_ _or publish information_

_that is confidential and/or proprietary._

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

It appears to the Court that giving notice to the Defendants of the pendency of this action in advance of the entry of an order prohibiting publication will give Defendants the opportunity to publish information obtained unlawfully, and;

It appears to the Court that the publication of private, confidential and proprietary information will result in an irreparable injury to Plaintiff because information released to the public cannot be recalled or the privacy of the information restored and;

It appears to the Court from specific facts shown by affidavit that immediate and irreparable injury, loss, or damage will result to the Plaintiff from the delay required to effect notice or from the risk that notice of this action will itself precipitate adverse action before an order can be issued;

Therefore it is ordered that:

1.   ~~Defendant PV~~; Defendant Jorge, ~~their~~ her/ agents, employees and those acting in concert are enjoined and restrained from publishing, releasing to the public or otherwise disclosing _PRIVATE, CONFIDENTIAL AND PROPRIETARY_ information pertaining to or relating to the Plaintiff/AFT Michigan, its officers, employees or affiliated location unions until the further order of the Court;

2.   Defendant PV and Defendant Jorge are required to appear before this Court on _Thursday_ the _5th_ day of October, 2017 at _9AM_ to respond to this action.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2

3.    This order shall expire fourteen days following issuance unless continued by

subsequent order of the Court.

_____
CIRCUIT COURT JUDGE

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

3

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT

AFT Michigan                                    HON. BRIAN R SULLIVAN

v                                                Case No.:  17-014348 CZ

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge            17-014348-CZ
                                                    FILED IN MY OFFICE
MARK H. COUSENS (P12273)                            ~~WAYNE COUNTY CLERK~~
Attorney for the Plaintiff                          9/29/2017 3:41:35 PM
26261 Evergreen Road, Ste. 110                      CATHY M. GARRETT
Southfield, MI 48076                                /s/ Ebony Upshaw
(248) 355-2150

---

### EX PARTE TEMPORARY RESTRAINING ORDER
### AND ORDER DIRECTING HEARING ON PLAINTIFF'S
### MOTION FOR A TEMPORARY INJUNCTION

At a session of this Court on _____9/29/2017_____ at ___9:00___
before **HON.** _____BRIAN R. SULLIVAN_____
                    CIRCUIT COURT JUDGE

Upon the application of Plaintiff supported by affidavits, it appears to the Court

that Defendants have secured access to private, confidential and proprietary information,

and;

It appears to the Court that the Defendants intend to publish this information for
which is confidential and proprietary and taken without authority or consent
~~the purpose of characterizing Plaintiff in a false light~~, and;

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

It appears to the Court that giving notice to the Defendants of the pendency of this action in advance of the entry of an order prohibiting publication will give Defendants the opportunity to publish information obtained unlawfully, and;

It appears to the Court that the publication of private, confidential and proprietary information will result in an irreparable injury to Plaintiff because information released to the public cannot be recalled or the privacy of the information restored and; and of record

It appears to the Court from specific facts shown by affidavit that immediate and irreparable injury, loss, or damage will result to the Plaintiff from the delay required to effect notice or from the risk that notice of this action will itself precipitate adverse action before an order can be issued;

Therefore it is ordered that:

1. Defendant PV, Defendant Jorge, ~~their~~ her agents, employees and those acting in concert are enjoined and restrained from publishing, releasing to the public or otherwise disclosing information pertaining to or relating to the Plaintiff AFT Michigan, its officers, employees or affiliated location unions until the further order of the Court;

2. Defendant PV and Defendant Jorge are required to appear before this Court on _____ the 10th day of October, 2017 at 9:00 _____ to respond to this action.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2

3.    This order shall expire fourteen days following issuance unless continued by

subsequent order of the Court.


/s/ Brian R. Sullivan
_____
CIRCUIT COURT JUDGE

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

3

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT

AFT Michigan,
     Plaintiff,

v

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
     Defendants.

HON. BRIAN R SULLIVAN

Case No.:  17 - 014348- CZ

17-014348-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/5/2017 2:17:34 PM
CATHY M. GARRETT

MARK H. COUSENS (P12273)
Attorney for the Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## SUPPLEMENTAL BRIEF FOR PLAINTIFF

Plaintiff has amended its complaint to add a claim with respect to MCL 445.1901

et seq., the "Uniform Trade Secrets Act." This statute creates a cause of action against

those persons who misappropriate or threaten to misappropriate a trade secret.

A "trade secret" is:

(d) "Trade secret" means information, including a formula, pattern,
compilation, program, device, method, technique, or process, that is both
of the following:

> (i) Derives independent economic value, actual or potential, from
> not being generally known to, and not being readily ascertainable
> by proper means by, other persons who can obtain economic value
> from its disclosure or use.

(ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

MCL 445.1902.

And MCL 445.1903 states:

(1) Actual or threatened misappropriation may be enjoined. Upon application to the court of competent jurisdiction, an injunction shall be terminated when the trade secret has ceased to exist, but the injunction may be continued for an additional reasonable period of time in order to eliminate commercial advantage that otherwise would be derived from the misappropriation.

(2) If a court determines that it would be unreasonable to prohibit future use of a trade secret, an injunction may condition future use upon payment of a reasonable royalty for no longer than the period of time the use could have been prohibited.

(3) In appropriate circumstances, affirmative acts to protect a trade secret may be compelled by court order.

Defendant Jorge, acting for and on behalf of Defendant PV, was given access to private, confidential and proprietary information. She gained access by "improper means." As defined by 445.1902.(a) "Improper means" includes theft, bribery, misrepresentation, breach, or inducement of a breach of a duty to maintain secrecy or espionage through electronic or any other means.

Defendant Jorge misrepresented herself as a student at the University of Michigan. She asserted that she had an interest in public education. These statements were false. The use of a misrepresentation to gain access to confidential information is prohibited by the Act.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2

The Act creates a cause of action for misrepresentation. MCL 445.1904 states:

Except to the extent that a material and prejudicial change of position prior to acquiring knowledge or reason to know of misappropriation renders a monetary recovery inequitable, a complainant is entitled to recover damages for misappropriation. Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.

Plaintiff will demonstrate that Defendant Jorge, acting for and on behalf of Defendant PV, misappropriated trade secrets. This Court has the authority to enjoin such conduct. MCL 445.1903(1). It should do so here.

/s/ Mark H. Cousens
MARK H. COUSENS (P12273)
Attorney for Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
October 5, 2017                      (248) 355-2150

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

3

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT

AFT Michigan,                                            HON. BRIAN R SULLIVAN
        Plaintiff,

v                                                        Case No.:  17 - 014348- CZ

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,                          17-014348-CZ
a/k/a Marissa Perez,                                       FILED IN MY OFFICE
        Defendants.                                       WAYNE COUNTY CLERK
_____                    10/5/2017 2:16:20 PM
                                                           CATHY M. GARRETT
MARK H. COUSENS (P12273)
Attorney for the Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150
_____

> There is no other pending or resolved civil action
> arising out of the same transaction or occurrence
> alleged in the Complaint.

## FIRST AMENDED COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

### Preliminary Statement

This is an action under MCL 750.539h seeking redress for the fraudulent,

unauthorized and unlawful surveillance of the Plaintiff and its staff and the fraudulent,

unauthorized and unlawful gathering of information. Defendants and their agents are

political actors who engage in misrepresentation of who they are for the purpose

securing statements which are then manipulated and altered for the purpose of

disparaging the actions of the objects of their purported investigation. This action seeks

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

to prevent the Defendants from using or publishing information which was obtained in violation of Michigan law.

**Parties**

1.      Plaintiff is a labor organization. It is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Affiliated with Plaintiff are more than ninety separate labor organizations representing more than 35,000 individuals. AFT Michigan maintains its principal office in the County of Wayne.

2.      Defendant "Project Veritas" ("PV") is a Virginia nonstock, nonprofit corporation with its principal place of business in Mamaroneck, New York. James O'Keefe is stated to be the chief executive officer. O'Keefe is a resident of the state of New York.

3.      PV has engaged in a national campaign to disparage and harm a wide variety of entitles, publications and individuals through implanting persons within these organizations who use a variety of techniques to secretly record statements which are then manipulated and distorted.

4.      PV's common technique is to have an individual use false pretenses, misrepresentation regarding their identity and purpose to infiltrate an entity and cause representatives or employees of that organization make the statements which are then manipulated. Its common technique is to take comments out of context or outright falsify statements which are then released to the public.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2

5.      PV has sought to disparage major news organizations and public figures. However, PV has an established project to attack labor organizations representing public school employees. See e.g.  http://projectveritas.com/teachers-unions-investigations/

6.      Defendant Marisa L. Jorge, a/k/a Marissa Jorge is an individual. She is believed to be a resident of the state of New York. There is evidence that Defendant shares a residence with O'Keefe as Defendant pays utility bills at a residence with O'Keefe cites as his domicile.

7.      Jorge is a political operative. She has publically identified with a variety of causes which are in line with the stated agenda of PV. Jorge attempted to infiltrate an organization titled "Disrupt J20," an entity opposed to the election of President Donald J. Trump. Jorge was identified by facial recognition and efforts were made to exclude her from meetings of the group. She sought to change her hair color and return to the organization, without success

**Jurisdiction**

8.      The Court has jurisdiction over this complaint under MCL 750.539h as the matter relates to the unlawful surveillance of private conversations and the unlawful taking of private electronic correspondence

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## Venue

9.      Venue is proper in this Circuit as the relevant acts occurred in the County of Wayne.

### Acts Done: Jorge

10.     AFT Michigan has a practice of welcoming individuals to serve as interns during the Summer months. These persons are those who are interested in public education, the labor movement or both.

11.     In the Spring of 2017, Defendant Jorge approached the Plaintiff upon the recommendation of another person and sought an assignment as an intern.

12.     Defendant represented herself as a student at the University of Michigan who wanted to teach in the public schools. Plaintiff asserted that she was willing to work on various projects for the purpose of becoming more familiar with the school system; that she wanted to be a teacher of second grade students.

13.     Plaintiff interviewed Defendant. During her interview Defendant made several representations which were false and which Defendant knew were false. In particular Defendant was not a student at University of Michigan; and had no interest in working in the public schools.

14.     Plaintiff accepted Defendant as an intern and beginning in late May, 2017, assigned her to various projects about which Defendant said she was interested.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

4

15.    Plaintiff showed an interest in charter schools and in instances of educators who had supposedly engaged in "sexting" with students; there were no such instances.

16.    Over the next three months Defendant engaged Plaintiff's staff and regularly sought information which was beyond her assignment.

17.    Defendant sought detailed information regarding grievances relating to employee discipline. Plaintiff asked repeatedly whether there were instances in which employees were suspected of or were disciplined for inappropriate sexual contact with students.

18.    Defendant requested the opportunity to attend bargaining sessions; asked about organizing at various places.

19.    Defendant also sought and was granted access to a substantial amount of confidential and proprietary information including data bases, confidential conferences and the status of grievance.

20.    Defendant used her position as an intern to access the computers of several staff employed by AFT Michigan.

21.    Defendant Jorge was repeatedly seen alone in offices sitting at the computer terminal of other employees.

22.    Defendant Jorge was repeatedly seen alone in offices of other employees accessing files and records. Jorge made false statements regarding her purpose when asked why she was so engaged.

23.    Defendant Jorge was repeatedly seen in the Plaintiff's offices late in the evening well after customary business hours.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

5

24.    Defendant secured access to the computer passwords of persons employed at the Plaintiff. Using these passwords Defendant was able to secure information which was proprietary and confidential.

### Acts Done: PV

25.    PV is a vigilante organization which claims to be dedicated to exposing corruption. It is, instead, an entity dedicated to a specific political agenda.

26.    PV is a party to numerous lawsuits asserting that it has defamed individuals by distorting statements and releasing doctored or manipulated video communication

27.    Suits are pending in the United States District Court for the District of Columbia, state court in Florida.

28.    PV founder James O'Keefe was arrested in pursuit of a story in 2010 on a felony charge of break-in at Sen. Mary Landrieu's (D-La.) New Orleans office. He pled guilty to a misdemeanor.

29.    O'Keefe settled a suit filed by an employee of ACORN who asserted that O'Keefe had wholly manipulated a video interview. O'Keefe paid the employee $100,000.

30.    PV is known to use individuals to infiltrate organizations for the purpose of securing proprietary information and then publishing or making public a version of the information which is distorted and leaves a false impression.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170
645 93223

6

31.    Defendant Jorge made material misrepresentations to Plaintiff for the purpose of gaining access to the Plaintiff's organization.

32.    Defendant Jorge is believed to be an operative in the employ of or working for PV.

33.    Defendant Jorge solicited information from employees of the Plaintiff; information which was not available to the public.

34.    Defendant's purpose was to use private, proprietary information to attempt to embarrass the Plaintiff and adversely impact labor organizations representing public school employees.

35.    It is clear that Defendant Jorge accessed information which was stored electronically on computers owned by Plaintiff. Jorge did not have authorization to access this information, to copy it or forward it to anyone.

36.    Plaintiff believes that Defendant Jorge accessed information, copied it and forwarded it to herself for later dissemination to Defendant PV.

37.    Defendant Jorge appeared at Plaintiff's work site wearing adornments which are capable of hiding a camera or recording device. She wore large pearls, large glasses and clothing with buttons capable of hiding a camera.

38.    Defendant Jorge routinely carried a cell phone with her everywhere she went. The cell phone is capable of recording both audio and video conversations.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

39.    Defendant's form of interaction with staff included repeated searching questions, questions pertaining to public policy issues and queries designed to produce a comment on matters of public policy.

40.    Plaintiff believes that its staff was recorded without their knowledge or consent.

41.    Michigan law forbids eavesdropping, secret recording of others, the use of devices to record others without their knowledge or consent. MCL 750.539c.

42.    Michigan law forbids the trespass on property under the control of another for the purpose of eavesdropping. MCL 750.539b

43.    Defendant Jorge obtained access to Plaintiff's facility through fraud. She misrepresented who she was and her purpose for being present. Her presence was therefore procured via fraud and she was always a trespasser.

44.    Michigan law forbids the disclosure of information obtained in violation of MCL 750.539b, 539c and 539d.

45.    Defendant Jorge knowingly obtained information unlawfully, under false pretenses and through fraud.

46.    Plaintiff believes that Defendant Jorge and PV intend to disclose proprietary and private information to the public at large. Defendant has engaged in such behavior on numerous occasions in the past.

47.    Plaintiff does not currently know the full extent of the information stolen by Defendant Jorge but believes it to be substantial.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

8

48.     The disclosure of this information would cause irreparable harm to Plaintiff and to the persons it represents as it may make public information pertaining to grievances, bargaining proposals and discipline proposed but not imposed on public employees.

49.     AFT Michigan maintains private, confidential and proprietary information to permit Plaintiff to be able to engage in its efforts to champion education, protect students and advance their right to a quality education, advocate for public employees and take positions on matters of public concern.

50.     If published the information can never be recovered; it will be in the public domain.

51.     The extent of Defendant's theft will become clear upon discovery. For the moment it is clear that there was such theft and that Plaintiff will suffer irreparable harm if information is disclosed.

### First Cause of Action: Fraudulent Misrepresentation

52.     Defendant Jorge made material misrepresentations to the Plaintiff with respect to (a) her identity; (b) her purpose for seeking an internship; (c) her interest in public education or the labor movement.

53.     This Defendant's conduct incorporated statements she knew to be false; statements which were proffered to Plaintiff with the intent that Plaintiff rely on them; statements on which the Plaintiff did rely.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

9

54.    Defendant's conduct was for the purpose of commercial gain; an effort to disparage Plaintiff for the purpose of generating economic contributions to Defendant PV.

## Second Cause of Action: Trespass

55.    Defendant Jorge made materially false statements to Plaintiff for the purpose of gaining access to Plaintiff's facility, computers, files and records.

56.    Defendant Jorge would not have been given access to Defendant's offices, computers files or records had she been truthful with respect to her identity and purpose.

## Third Cause of Action: Eavesdropping

57.    Defendant Jorge engaged in a pattern of interrogating persons employed by Plaintiff seeking information which was proprietary;

58.    Defendant Jorge entered private offices without authorization and reviewed files, records and physical material which was proprietary;

59.    Defendant Jorge is believed to have accessed electronic records of the Plaintiff all of which are proprietary and either copied these records or sent copies of the records to herself.

60.    Defendant Jorge did not have authorization to review proprietary information; did not have authorization to access electronic records; did not have authorization to copy or secure copies of proprietary information.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

10

61.    As the result of Defendant's actions, Plaintiff reasonably fears that Defendants will conspire to disseminate proprietary information with respect to Plaintiff;

    a.    Defendants have a history of creating false and misleading stories which are then released to news media;

    b.    These stories have taken comments out of context, have materially misrepresented the words of persons interviewed;

    c.    Have cast organizations in a false light for the purpose bringing harm to these entities

62.    Plaintiff reasonably fears that Defendants joint intent is to publish proprietary information; publish misleading information; publish false information based on records which were obtained in violation of the law.

63.    But for the intervention of this Court, Defendant is likely to cause Plaintiff irreparable harm by repeating its pattern of using information unlawfully obtained to disparage Plaintiff and portray it in a false light.

64.    It is therefore necessary and appropriate that this Court issue orders preventing such conduct during the pendency of this litigation.

### Fourth Cause of Action: Larceny by Trick

65.    Defendant Jorge secured a position with Plaintiff by trick. She misrepresented herself, her name and her status a student.

66.    Defendant Jorge used her position to gain access to private and proprietary information maintained by Plaintiff and was the Plaintiff's property.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

67.    The Defendant's action was a larceny; the taking of valuable material for personal gain.

## Fifth Cause of Action: Civil Conspiracy

68.    Defendant Jorge and Defendant PV are joint actors.

69.    Defendant Jorge is an agent for or employee of the Defendant PV

70.    Defendant Jorge lists as her domicile a residence in New York which is the same residence listed by James O'Keefe–chief executive officer of PV–as his residence for voting.

71.    Defendant Jorge and PV have conspired to:

    a.    Have Jorge infiltrate Plaintiff by the making of materially false statements

    b.    Have Jorge gain access to proprietary records of the Plaintiff;

    c.    Have Jorge copy proprietary information and transmit it to herself and Defendant PV

    d.    Plan to disclose proprietary information for the purpose of casting Plaintiff in a false light

## Sixth Cause of Action: Violation of the Uniform Trade Secrets Act

72.    Having misrepresented her identity and her status as a student at the University of Michigan, Defendant Jorge, acting for and on behalf of Defendant PV, obtained access to confidential meetings and conferences to discuss strategy with regard to organizing, campaigns and elections and collective bargaining.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

12

73.     Jorge was seen to photograph posters, notes and other materials which related to the discussions of such strategies.

74.     Jorge and her principal PV obtained access to trade secrets via improper means as that term is defined by MCL 445.1902(b) in that Jorge misrepresented her identity and status for the purpose of gaining access to trade secrets.

75.     MCL 445.1902(d) states that a "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that is both of the following:

> (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

> (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

76.     The information which was exposed to the Defendants was intended to be secret and not disclosed to the public at large. Further, access to this information has an economic benefit to the Defendants and exposure will have an economic impact on Plaintiffs.

77.     MCL 445.1903 provides that this Court has jurisdiction to issue an injunction against actual or threatened misappropriation of a trade secret. And MCL 443.1904 grants this Court authority to impose damages for misappropriation of trade secrets,

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**Relief Sought**

The Court should make the following findings and issue the following orders:

78.     A finding that the Defendant Jorge engaged in fraud to secure a position with Plaintiff for the purpose of stealing or otherwise unlawfully obtaining private and proprietary information and trad secrets;

79.     A finding that Defendant Jorge engaged in fraud to secure a position with Plaintiff for the purpose of engaging unlawful surveillance of individuals working for and with Plaintiff;

80.     A finding that Defendant Jorge engaged in trespass for the purpose of gaining proprietary information;

81.     A finding that Defendant Jorge engaged in eavesdropping in violation of MCL 750.539 et seq.;

82.     A finding that Defendant Jorge and Defendant PV have conspired to insert Defendant Jorge into Plaintiff's organization for the improper purposes listed;

83.     Issue a temporary restraining order and temporary injunction enjoining and restraining the Defendant Jorge the Defendant PV and any organization associated with Defendant PV from disseminating, publishing, displaying or otherwise releasing to the public information obtained in violation of the law;

84.     Issue an order directing the Defendants to appear for a hearing on Plaintiff's request for injunctive relief;

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

14

85.     Grant damages to Plaintiff in excess of $50,000 plus applicable costs and attorney fees;

86.     Grant punitive damages to Plaintiff of $3,000,000 as permitted by MCL 750.539h

87.     Such other relief as may be appropriate

88.     Plaintiff requests trial by jury.

/s/  Mark H. Cousens
MARK H. COUSENS (P12273)
Attorney for Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150

October 5, 2017

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

15

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT

AFT Michigan,
      Plaintiff,

v

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
      Defendants.

HON. BRIAN R SULLIVAN

Case No.:  17 - 014348- CZ

17-014348-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/5/2017 2:13:15 PM
CATHY M. GARRETT

MARK H. COUSENS (P12273)
Attorney for the Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150

STATE OF MICHIGAN    )
                         ) ss
COUNTY OF OAKLAND   )

Affidavit of Service on Project Veritas

1.    My name is Mark H Cousens. I am an attorney licensed to practice in the State of Michigan. I make this affidavit on personal knowledge.

2.    Service on Defendant Project Veritas of the summons, complaint, motion for temporary restraining order, supporting brief, original and entered order was accomplished by:

    a.    Delivery of these papers to the registered agent for Project Veritas in the State of New York;

    b.    Delivery of these papers to the published business address of the Defendant of 1214 W Boston Post Road, Mamaroneck New York.

MARK H. COUSENS

Subscribed and sworn to before me
this 5th day of October, 2017

JILL M LOWING
Notary Public, State of Michigan
County of Oakland
My Commission Expires May. 10, 2018
Acting in the County of

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

UPS Delivery Notification, Tracking Number 1Z8A600R0193311887

**Subject:** UPS Delivery Notification, Tracking Number 1Z8A600R0193311887
**From:** "UPS Quantum View" <pkginfo@ups.com>
**Date:** 9/29/2017 10:07 AM
**To:** cousens@cousenslaw.com



**Your package has been delivered.**

**Delivery Date:**  Friday, 09/29/2017
**Delivery Time:**  10:04 AM

At the request of MARK H COUSENS ATTY this notice alerts you that the status of the shipment listed below has changed.

# Shipment Detail

| | |
|---|---|
| **Tracking Number:** | **1Z8A600R0193311887** |
| **Ship To:** | Project Veritas<br>Project Veritas<br>1214 W BOSTON POST RD<br>MAMARONECK, NY 10543<br>US |
| **UPS Service:** | UPS NEXT DAY AIR |
| **Number of Packages:** | 1 |
| **Weight:** | 0.5 LBS |
| **Delivery Location:** | INSIDE DELIVERY<br><br>DON |
| **Reference Number 1:** | 1000.033 |

 Download the UPS mobile app

© 2017 United Parcel Service of America, Inc. UPS, the UPS brandmark, and the color brown are trademarks of United Parcel Service of America, Inc. All rights reserved.

All trademarks, trade names, or service marks that appear in connection with UPS's services are the property of their respective owners.

Please do not reply directly to this e-mail. UPS will not receive any reply message.

10/5/2017 12:19 P

Form 27 - AFFIDAVIT OF SERVICE                                    Valerie    

P777522

**STROOCK STROOCK & LAVAN**    STROOCK &STROOCK & LAVAN LLP
STATE OF MICHIGAN IN THE THIRD CIRCUIT COURT

AFT MICHIGAN                                                Index No.
                                                           **17-014348 CZ**
                                            CLAIMANT        Date Filed
                              - vs -                        Office No.
PROJECT VERITAS, A FOREIGN CORPORATION, ETANO              Court Date.
                                            RESPONDENT

          STATE OF NEW YORK, COUNTY OF NEW YORK        :SS:

**DONDRE DENNIS**  being duly sworn, deposes and says; I am over 18 years of age, not a party to
this action, and reside in the State of New York. That on the  **29TH**  day of  **SEPTEMBER, 2017**
**6:00PM**  at
     **C/O COGENCY GLOBAL INC. 10 EAST 40TH STREET, 10TH FLOOR**
     **NEW YORK NY 10016**
I served a true copy of the **WITH SUPPORTING, DOCUMENTS, COMPLAINT AND DEMAND FOR TRIAL BY JURY,**
**MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER** upon **PROJECT VERITAS** the **RESPONDENT** therein
named by delivering to, and leaving personally with **JOHANNA MORALES, AUTHORIZED TO ACCEPT** a
true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time
and circumstances of the service as follows:

SEX: **FEMALE** COLOR: **ASIAN** HAIR: **BLACK**

APP.AGE: **28** APP. HT: **5'4** APP. WT: **170**

OTHER IDENTIFYING FEATURES
**PREGNANT**

COMMENTS:

Sworn to before me this
03RD day of OCTOBER, 2017


ADAM J. CALEB                          DONDRE DENNIS 2047563
Notary Public, State of New York       PM Legal, LLC
No. 01CA6334048                        75 MAIDEN LANE 11TH FLOOR
Qualified in ORANGE COUNTY             NEW YORK, NY 10038
Commission Expires 12/07/2019          Reference No: 7-SSL-777522

2a

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT

AFT Michigan,
      Plaintiff,

v

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
      Defendants.

HON. BRIAN R SULLIVAN

Case No.: 17 - 014348- CZ

17-014348-CZ
FILED IN MY OFFICE
~~WAYNE COUNTY CLERK~~
10/5/2017 2:09:18 PM
CATHY M. GARRETT

MARK H. COUSENS (P12273)
Attorney for the Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150

STATE OF MICHIGAN    )
                            ) ss
COUNTY OF OAKLAND   )

Affidavit of Service on Marisa Jorge

1.     My name is Mark H Cousens. I am an attorney licensed to practice in the State of Michigan. I make this affidavit on personal knowledge.

2.     Service on Defendant Marisa Jorge of the summons, complaint, motion for temporary restraining order, supporting brief, origin and entered order was accomplished by:

         a.     Leaving a copy of these papers at the Defendant's last known address of 720 First Street, Mamaroneck, New York;

         b.     Sending a copy by electronic mail to the personal mail account of the Defendant of Marissaperez49@gmail.com.

MARK H. COUSENS

Subscribed and sworn to before me
this 5th day of October, 2017

JILL M LOWING
Notary Public, State of Michigan
County of Oakland
My Commission Expires May. 16, 2018
Acting in the County of _____

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

UPS Delivery Notification, Tracking Number 1Z8A600R0191884272

**Subject:** UPS Delivery Notification, Tracking Number 1Z8A600R0191884272
**From:** "UPS Quantum View" <pkginfo@ups.com>
**Date:** 9/29/2017 10:28 AM
**To:** cousens@cousenslaw.com



### Your package has been delivered.

**Delivery Date:**  Friday, 09/29/2017
**Delivery Time:**  10:22 AM



Set Delivery Instructions        Track Package Status        View Delivery Planner

At the request of MARK H COUSENS ATTY this notice alerts you that the status of the shipment listed
below has changed.

# Shipment Detail

| | |
|---|---|
| **Tracking Number:** | <u>1Z8A600R0191884272</u> |
| **Ship To:** | Marisa L. Jorge<br>720 FIRST ST<br>MAMARONECK, NY 10543<br>US |
| **UPS Service:** | UPS NEXT DAY AIR |
| **Number of Packages:** | 1 |
| **Package Weight:** | 0.5 LBS |
| **Delivery Location:** | MET CUSTOMER MAN |
| **Reference Number 1:** | 1000.033 |

Download the UPS mobile app

Return receipt

**Subject:** Return receipt
**From:** Mail Delivery Subsystem <MAILER-DAEMON>
**Date:** 9/29/2017 4:20 PM
**To:** <cousens@cousenslaw.com>

The original message was received at Fri, 29 Sep 2017 20:20:54 +0000
from 107-143-136-233.lightspeed.livnmi.sbcglobal.net [107.143.136.233]

    ----- The following addresses had successful delivery notifications -----
<marissarperez49@gmail.com>  (relayed to non-DSN-aware mailer)

    ----- Transcript of session follows -----
<marissarperez49@gmail.com>... relayed; expect no further notifications

---

Original-Envelope-Id: <e37a0607-e540-8a05-82ed-a8188f115588@cousenslaw.com>
Reporting-MTA: dns; mail14c45.carrierzone.com
Received-From-MTA: DNS; 107-143-136-233.lightspeed.livnmi.sbcglobal.net
Arrival-Date: Fri, 29 Sep 2017 20:20:54 +0000

Original-Recipient: rfc822;marissarperez49@gmail.com
Final-Recipient: RFC822; marissarperez49@gmail.com
Action: relayed (to non-DSN-aware mailer)
Status: 2.1.5
Remote-MTA: DNS; gmail-smtp-in.l.google.com
Diagnostic-Code: @gmail.com; 250 2.1.5 OK 5si3890721pfh.230 - gsmtp
Last-Attempt-Date: Fri, 29 Sep 2017 20:20:58 +0000

---

X-Authenticated-User: cousens.cousenslaw.com
X-Envelope-From: cousens@cousenslaw.com
Return-Path: <cousens@cousenslaw.com>
Received: from [192.168.1.105] (107-143-136-233.lightspeed.livnmi.sbcglobal.net
[107.143.136.233])
        (authenticated bits=0)
        by mail14c45.carrierzone.com (8.14.9/8.13.1) with ESMTP id v8TKKqNi025594
        for <marissarperez49@gmail.com>; Fri, 29 Sep 2017 20:20:54 +0000
To: marissarperez49@gmail.com
From: "cousens@cousenslaw.com" <cousens@cousenslaw.com>
Subject: AFT Michigan v Marissa Jorge
Message-ID: <e37a0607-e540-8a05-82ed-a8188f115588@cousenslaw.com>
Disposition-Notification-To: "cousens@cousenslaw.com" <cousens@cousenslaw.com>
Date: Fri, 29 Sep 2017 16:20:51 -0400
User-Agent: Mozilla/5.0 (Windows NT 10.0; WOW64; rv:52.0) Gecko/20100101
 Thunderbird/52.3.0
MIME-Version: 1.0
Content-Type: multipart/mixed;
 boundary="------------A7D373008FB59BA74DAF9327"
Content-Language: en-US