United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
    Plaintiff,
v

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
    Defendants.

HON. Paul Borman, District Judge

Case No.: 17 - cv-13292

---

| | |
|---|---|
| MARK H. COUSENS<br>Attorney for the Plaintiff<br>26261 Evergreen Road, Suite 110<br>Southfield, Michigan 48076<br>cousens@cousenslaw.com<br>248-355-2150<br>P12273 | PAUL M. MERSINO<br>BUTZEL LONG<br>150 W Jefferson, Suite 100<br>Detroit, Michigan 48226<br>mersino@buztel.com<br>313-225-7000<br>P72179 |

---

There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in the Complaint.

## SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

**Preliminary Statement**

This is an action under MCL 750.539h and MCL 445.1903 seeking redress for the fraudulent, unauthorized and unlawful surveillance of the Plaintiff and its staff and the fraudulent, unauthorized and unlawful gathering of information and the threatened

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

dissemination of information unlawfully gathered. Defendants and their agents are political actors who engage in misrepresentation of who they are for the purpose securing statements which are then manipulated and altered for the purpose of disparaging the actions of the objects of their purported investigation. This action seeks to prevent the Defendants from using or publishing information which was obtained in violation of Michigan law.

## Parties

1.    Plaintiff is a labor organization. It is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Affiliated with Plaintiff are more than ninety separate labor organizations representing more than 35,000 individuals. AFT Michigan maintains its principal office in the County of Wayne.

2.    Defendant "Project Veritas" ("PV") is a Virginia nonstock, nonprofit corporation with its principal place of business in Mamaroneck, New York. James O'Keefe is stated to be the chief executive officer. O'Keefe is a resident of the state of New York.

3.    PV has engaged in a national campaign to disparage and harm a wide variety of entitles, publications and individuals through implanting persons within these organizations who use a variety of techniques to secretly record statements which are then manipulated and distorted.

4.    PV's common technique is to have an individual use false pretenses, misrepresentation regarding their identity and purpose to infiltrate an entity and cause

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

representatives or employees of that organization make the statements which are then manipulated. Its common technique is to take comments out of context or outright falsify statements which are then released to the public.

5. PV has sought to disparage major news organizations and public figures. However, PV has an established project to attack labor organizations representing public school employees. See e.g. http://projectveritas.com/teachers-unions-investigations/

6. Defendant Marisa L. Jorge, a/k/a Marissa Jorge is an individual. She is believed to be a resident of the state of New York. Her last known address is 419 W. 34th Street, #514, New York, New York 10001.

7. Jorge is a political operative. She has publically identified with a variety of causes which are in line with the stated agenda of PV. Jorge attempted to infiltrate an organization titled "Disrupt J20," an entity opposed to the election of President Donald J. Trump. Jorge was identified by facial recognition and efforts were made to exclude her from meetings of the group. She sought to change her hair color and return to the organization, without success

### Jurisdiction

8. The Court has jurisdiction over this complaint under MCL 750.539h and MCL 445.1903 as the matter relates to the unlawful surveillance of private conversations and the unlawful taking of private electronic correspondence containing private, confidential and proprietary information.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

3

## Venue

9. Venue is proper in this District as the relevant acts occurred in the County of Wayne, State of Michigan.

### Acts Done: Jorge

10. AFT Michigan has a practice of welcoming individuals to serve as interns during the Summer months. These persons are those who are interested in public education, the labor movement or both.

11. In the Spring of 2017, Defendant Jorge approached the Plaintiff upon the recommendation of another person and sought an assignment as an intern.

12. Defendant represented herself as a student at the University of Michigan who wanted to teach in the public schools. Plaintiff asserted that she was willing to work on various projects for the purpose of becoming more familiar with the school system; that she wanted to be a teacher of second grade students.

13. Plaintiff interviewed Defendant. During her interview Defendant made several representations which were false and which Defendant knew were false. In particular Defendant was not a student at University of Michigan; and had no interest in working in the public schools.

14. Plaintiff accepted Defendant as an intern and beginning in late May, 2017, assigned her to various projects about which Defendant said she was interested.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

15. Plaintiff showed an interest in charter schools and in instances of educators who had supposedly engaged in "sexting" with students; there were no such instances.

16. Over the next three months Defendant engaged Plaintiff's staff and regularly sought information which was beyond her assignment.

17. Defendant sought detailed information regarding grievances relating to employee discipline. Plaintiff asked repeatedly whether there were instances in which employees were suspected of or were disciplined for inappropriate sexual contact with students.

18. Defendant requested the opportunity to attend bargaining sessions; asked about organizing at various places.

19. Defendant also sought and was granted access to a substantial amount of confidential and proprietary information including data bases, confidential conferences and the status of grievance.

20. Defendant used her position as an intern to access the computers of several staff employed by AFT Michigan.

21. Defendant Jorge was repeatedly seen alone in offices sitting at the computer terminal of other employees.

22. Defendant Jorge was repeatedly seen alone in offices of other employees accessing files and records. Jorge made false statements regarding her purpose when asked why she was so engaged.

23. Defendant Jorge was repeatedly seen in the Plaintiff's offices late in the evening well after customary business hours.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

24. Defendant secured access to the computer passwords of persons employed at the Plaintiff. Using these passwords Defendant was able to secure information which was proprietary and confidential.

### Acts Done: PV

25. PV is a vigilante organization which claims to be dedicated to exposing corruption. It is, instead, an entity dedicated to a specific political agenda.

26. PV is a party to numerous lawsuits asserting that it has defamed individuals by distorting statements and releasing doctored or manipulated video communication

27. Suits are pending in the United States District Court for the District of Columbia, state court in Florida.

28. PV founder James O'Keefe was arrested in pursuit of a story in 2010 on a felony charge of break-in at Sen. Mary Landrieu's (D-La.) New Orleans office. He pled guilty to a misdemeanor.

29. O'Keefe settled a suit filed by an employee of ACORN who asserted that O'Keefe had wholly manipulated a video interview. O'Keefe paid the employee $100,000.

30. PV is known to use individuals to infiltrate organizations for the purpose of securing proprietary information and then publishing or making public a version of the information which is distorted and leaves a false impression.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

31. Defendant Jorge made material misrepresentations to Plaintiff for the purpose of gaining access to the Plaintiff's organization.

32. Defendant Jorge is believed to be an operative in the employ of or working for PV.

33. Defendant Jorge solicited information from employees of the Plaintiff; information which was not available to the public.

34. Defendant's purpose was to use private, proprietary information to attempt to embarrass the Plaintiff and adversely impact labor organizations representing public school employees.

35. It is clear that Defendant Jorge accessed information which was stored electronically on computers owned by Plaintiff. Jorge did not have authorization to access this information, to copy it or forward it to anyone.

36. Plaintiff believes that Defendant Jorge accessed information, copied it and forwarded it to herself for later dissemination to Defendant PV.

37. Defendant Jorge appeared at Plaintiff's work site wearing adornments which are capable of hiding a camera or recording device. She wore large pearls, large glasses and clothing with buttons capable of hiding a camera.

38. Defendant Jorge routinely carried a cell phone with her everywhere she went. The cell phone is capable of recording both audio and video conversations.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

39. Defendant's form of interaction with staff included repeated searching questions, questions pertaining to public policy issues and queries designed to produce a comment on matters of public policy.

40. Plaintiff believes that its staff was recorded without their knowledge or consent.

41. Michigan law forbids eavesdropping, secret recording of others, the use of devices to record others without their knowledge or consent. MCL 750.539c.

42. Michigan law forbids the trespass on property under the control of another for the purpose of eavesdropping. MCL 750.539b

43. Defendant Jorge obtained access to Plaintiff's facility through fraud. She misrepresented who she was and her purpose for being present. Her presence was therefore procured via fraud and she was always a trespasser.

44. Michigan law forbids the disclosure of information obtained in violation of MCL 750.539b, 539c and 539d.

45. Defendant Jorge knowingly obtained information unlawfully, under false pretenses and through fraud.

46. Plaintiff believes that Defendant Jorge and PV intend to disclose proprietary and private information to the public at large. Defendant has engaged in such behavior on numerous occasions in the past.

47. Plaintiff does not currently know the full extent of the information stolen by Defendant Jorge but believes it to be substantial.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

48. The disclosure of this information would cause irreparable harm to Plaintiff and to the persons it represents as it may make public information pertaining to grievances, bargaining proposals and discipline proposed but not imposed on public employees.

49. AFT Michigan maintains private, confidential and proprietary information to permit Plaintiff to be able to engage in its efforts to champion education, protect students and advance their right to a quality education, advocate for public employees and take positions on matters of public concern.

50. If published the information can never be recovered; it will be in the public domain.

51. The extent of Defendant's theft will become clear upon discovery. For the moment it is clear that there was such theft and that Plaintiff will suffer irreparable harm if information is disclosed.

### First Cause of Action: Fraudulent Misrepresentation

52. Defendant Jorge made material misrepresentations to the Plaintiff with respect to (a) her identity; (b) her purpose for seeking an internship; (c) her interest in public education or the labor movement.

53. This Defendant's conduct incorporated statements she knew to be false; statements which were proffered to Plaintiff with the intent that Plaintiff rely on them; statements on which the Plaintiff did rely.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

54. Defendant's conduct was for the purpose of commercial gain; an effort to disparage Plaintiff for the purpose of generating economic contributions to Defendant PV.

### Second Cause of Action: Trespass

55. Defendant Jorge made materially false statements to Plaintiff for the purpose of gaining access to Plaintiff's facility, computers, files and records.

56. Defendant Jorge would not have been given access to Defendant's offices, computers files or records had she been truthful with respect to her identity and purpose.

### Third Cause of Action: Eavesdropping

57. Defendant Jorge engaged in a pattern of interrogating persons employed by Plaintiff seeking information which was proprietary;

58. Defendant Jorge entered private offices without authorization and reviewed files, records and physical material which was proprietary;

59. Defendant Jorge is believed to have accessed electronic records of the Plaintiff all of which are proprietary and either copied these records or sent copies of the records to herself.

60. Defendant Jorge did not have authorization to review proprietary information; did not have authorization to access electronic records; did not have authorization to copy or secure copies of proprietary information.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

61. As the result of Defendant's actions, Plaintiff reasonably fears that Defendants will conspire to disseminate proprietary information with respect to Plaintiff;

   a. Defendants have a history of creating false and misleading stories which are then released to news media;

   b. These stories have taken comments out of context, have materially misrepresented the words of persons interviewed;

   c. Have cast organizations in a false light for the purpose bringing harm to these entities

62. Plaintiff reasonably fears that Defendants joint intent is to publish proprietary information; publish misleading information; publish false information based on records which were obtained in violation of the law.

63. But for the intervention of this Court, Defendant is likely to cause Plaintiff irreparable harm by repeating its pattern of using information unlawfully obtained to disparage Plaintiff and portray it in a false light.

64. It is therefore necessary and appropriate that this Court issue orders preventing such conduct during the pendency of this litigation.

### Fourth Cause of Action: Larceny by Trick

65. Defendant Jorge secured a position with Plaintiff by trick. She misrepresented herself, her name and her status a student.

66. Defendant Jorge used her position to gain access to private and proprietary information maintained by Plaintiff and was the Plaintiff's property.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

67. The Defendant's action was a larceny; the taking of valuable material for personal gain.

### Fifth Cause of Action: Civil Conspiracy

68. Defendant Jorge and Defendant PV are joint actors.

69. Defendant Jorge is an agent for or employee of the Defendant PV

70. Defendant Jorge lists as her domicile a residence in New York which is the same residence listed by James O'Keefe–chief executive officer of PV–as his residence for voting.

71. Defendant Jorge and PV have conspired to:

   a. Have Jorge infiltrate Plaintiff by the making of materially false statements

   b. Have Jorge gain access to proprietary records of the Plaintiff;

   c. Have Jorge copy proprietary information and transmit it to herself and Defendant PV

   d. Plan to disclose proprietary information for the purpose of casting Plaintiff in a false light

### Sixth Cause of Action: Violation of the Uniform Trade Secrets Act

72. Having misrepresented her identity and her status as a student at the University of Michigan, Defendant Jorge, acting for and on behalf of Defendant PV, obtained

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

access to confidential meetings and conferences to discuss strategy with regard to organizing, campaigns and elections and collective bargaining.

73. Jorge was seen to photograph posters, notes and other materials which related to the discussions of such strategies.

74. Jorge and her principal PV obtained access to trade secrets via improper means as that term is defined by MCL 445.1902(b) in that Jorge misrepresented her identity and status for the purpose of gaining access to trade secrets.

75. MCL 445.1902(d) states that a "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that is both of the following:

> (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
>
> (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

76. The information which was exposed to the Defendants was intended to be secret and not disclosed to the public at large. Further, access to this information has an economic benefit to the Defendants and exposure will have an economic impact on Plaintiffs.

77. MCL 445.1903 provides that this Court has jurisdiction to issue an injunction against actual or threatened misappropriation of a trade secret. And MCL 443.1904 grants this Court authority to impose damages for misappropriation of trade secrets,

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

### Seventh Cause of Action: Breach of Fiduciary Duty

78. Defendant Jorge sought the opportunity to provide services to Plaintiff AFT Michigan in exchange for experience working in public education and the labor movement.

79. Defendant Jorge was engaged as an intern subject to supervision and the duty to respond to direction.

80. Defendant Jorge had a duty of loyalty and a fiduciary duty to Plaintiff AFT Michigan with respect to matters and information to which she was exposed and to which she was given access.

81. Through misrepresentation and fraud Defendant Jorge gained access to private meetings and conferences where she had access to confidential discussions and decisions regarding strategy relating to political action and collective bargaining.

82. Defendant Jorge breached her duty of loyalty and fiduciary duty by:

   a. Accessing information outside her authorization;

   b. Accessing information unrelated to her assignment;

   c. Securing and copying information not generally available to the public for the purpose of sharing that information with Defendant PV

83. These actions were in complete breach of her obligations to Plaintiff AFT Michigan.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

### Eight Cause of Action: Unlawful Interception of Oral Communications

84. In violation of 18 U.S.C. §§ 2511(1)(a) and 2511(1)(b), Defendant Marisa Jorge willfully intercepted the oral communications of Plaintiff's employees by using an electronic device concealed on her person to make video and audio recordings of conversations and meetings involving Plaintiff's employees and pertaining to Plaintiff's affairs and activities.

85. Neither Plaintiff nor any of Plaintiff's employees consented to the recording of their communications.

86. With respect to some of the intercepted communications, Defendant Marisa Jorge was not a party to the conversations or discussions intercepted.

87. With respect to all of the intercepted communications, Defendants acted for the purpose of committing criminal or tortuous acts in violation of the Constitution and laws of the United States and Michigan.

88. Defendant Project Veritas willfully procured Defendant Marisa Jorge to intercept the oral communications of Plaintiff's employees.

89. Defendant Project Veritas conspired with Defendant Marisa Jorge to intercept the oral communications of Plaintiffs' employees.

90. Defendant Project Veritas aided and abetted Defendant Marisa Jorge in intercepting the oral communications of Plaintiff's employees.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

### Ninth Cause of Action: Violation of the Electronic Communications Privacy Act

91. In violation of 18 U.S.C. § 2701(a)(1) and (2), Defendant Marisa Jorge knowingly and intentionally accessed Plaintiff's computers or computer servers, networks, or systems without authorization and/or knowingly or intentionally exceeded any authorization she did have to access Plaintiff's computers or computer servers, networks, or systems.

92. Defendant Marisa Jorge thereby obtained access to wire or electronic communications while they were in electronic storage in Plaintiff's computers or computer servers, networks, or systems.

93. On information and belief, Defendant Project Veritas conspired with Defendant Marisa Jorge to do so.

94. On information and belief, Defendant Project Veritas aided and abetted Defendant Marisa Jorge in doing so.

### Relief Sought

The Court should make the following findings and issue the following orders:

95. A finding that the Defendant Jorge engaged in fraud to secure a position with Plaintiff for the purpose of stealing or otherwise unlawfully obtaining private and proprietary information and trad secrets;

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

96. A finding that Defendant Jorge engaged in fraud to secure a position with Plaintiff for the purpose of engaging unlawful surveillance of individuals working for and with Plaintiff;

97. A finding that Defendant Jorge engaged in trespass for the purpose of gaining proprietary information;

98. A finding that Defendant Jorge engaged in eavesdropping in violation of MCL 750.539 et seq.;

99. A finding that Defendant secured access to private, confidential and proprietary information through misrepresentation and fraud;

100. A finding that Defendant breached her duty of loyalty and fiduciary duty to Plaintiff;

101. A finding that in violation of 18 U.S.C. § 2701(a)(1) and (2), Defendant Marisa Jorge knowingly and intentionally accessed Plaintiff's computers or computer servers, networks, or systems without authorization and/or knowingly or intentionally exceeded any authorization she did have to access Plaintiff's computers or computer servers, networks, or systems;

102. A finding that Defendant Jorge and Defendant PV have conspired to insert Defendant Jorge into Plaintiff's organization for the improper purposes listed;

103. Issue a temporary restraining order and temporary injunction enjoining and restraining the Defendant Jorge the Defendant PV and any organization associated with

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

Defendant PV from disseminating, publishing, displaying or otherwise releasing to the public information obtained in violation of the law;

104. Issue an order directing the Defendants to appear for a hearing on Plaintiff's request for injunctive relief;

105. Grant damages to Plaintiff in excess of $50,000 plus applicable costs and attorney fees;

106. Grant punitive damages to Plaintiff of $3,000,000 as permitted by MCL 750.539h

107. Such other relief as may be appropriate

108. Plaintiff requests trial by jury.

/s/ Mark H. Cousens
MARK H. COUSENS (P12273)
Attorney for Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
cousens@cousenslaw.com
248-355-2150

October 17, 2017          P12273

### Certificate of Service

I hereby certify that on , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino.
Also, I hereby certify that I have mailed by certified United States Postal Service the paper to Paul M. Mersino on October 18, 2017.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170