UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT Michigan,
    Plaintiff,
v

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
    Defendants.

Hon. Linda V. Parker, District Judge

Case No.: 17-cv-13292

---

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
150 W Jefferson, Suite 100
Detroit, Michigan  48226
mersino@buztel.com
313-225-7000
P72179

---

**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY**

In the interests of protecting certain documents marked Confidential Information from improper disclosure or use, Plaintiff AFT Michigan and Defendants Project Veritas and Marissa Jorge (collectively, the "Parties"), have stipulated to the provisions set forth below. Upon good cause shown, pursuant to Fed. R. Civ. P. 26(c)(1)(G) and E.D. Mich. LR 26.4, the Court ORDERS as follows:

A.    DEFINITIONS

1.    As used in this Order:

    a.    "Confidential Information" means documents relating to Plaintiff's exhibits 2 and 3 consisting of 212 pages stamped as "Confidential Information"

    b.    "Plaintiff" means AFT Michigan.

    c.    "Defendant" means Project Veritas or Marissa Jorge.

    d.    "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

    e.    "This Action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

2.    Delivery of Confidential Information

    a.    Upon entry of this order, Plaintiff shall provide to Defendants the 212 pages of documents stamped as "Confidential Information."

3.    Scope of Disclosure of Confidential Information

    a.    Except as authorized by this order, the documents identified in paragraph 1a above shall not be disclosed to any person other than:

        i.    The court and all persons assisting the court in this action including clerks, law clerks, court reporters and clerical personnel;

        ii.    A party;

        iii.    A party's counsel, that counsel's employees, colleagues, assistants, paralegals or others employed by counsel's firm;

        iv.    Independent contractors including any expert witnesses retained by a party to assist counsel

    b.    No person gaining access to the Confidential Information may give, transfer or provide that information to any person not identified in this order.

    c.    With the exception of counsel for Defendants, before any information designated as Confidential Information may be disclosed to any person described in paragraph 3 of this Order, he or she must first read this Order or must have otherwise been instructed on his or her obligations under the Order by this Court and shall have executed the

      agreement included as Appendix A hereto. Each individual described in paragraph 3 of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other individual, except as provided in this Order.

4. Nothing in this Order prohibits the discussion of issues with witnesses simply because those issues are discussed in Confidential Information, provided that the witness in question had lawful access to the particular information being discussed.

5. This order shall remain in effect until the Court rules upon Plaintiff's request for a temporary restraining order or preliminary injunction at which time Defendants will return to Plaintiff the 212 pages of documents produced by plaintiff pursuant to this order and marked as "Confidential Information" and ensure the deletion of any copies of the 212 pages of documents produced by plaintiff pursuant to this order and marked as "Confidential Information."

**IT IS SO ORDERED.**

                                                            S/ Linda V. Parker
                                                            LINDA V. PARKER
                                                            U.S. DISTRICT JUDGE

Dated: November 22, 2017

It is so stipulated:
 /s/ Mark H. Cousens
Mark H. Cousens                                      /s/ Paul M. Mersino
Attorney for Plaintiff                             Paul M. Mersino
                                                  Attorney for Defendants

APPENDIX A

AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____. I hereby certify that:

I have read the Stipulated Protective Order Concerning Confidentiality ("Protective Order") entered in the above-captioned action, and understand its terms.

I agree to be bound by the terms of the Protective Order and agree to use information, designated as Confidential Information, provided to me only for the purpose of this litigation.

I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

I make this certificate this ___ day of _____, 201_.