United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
Plaintiff,

v

Project Veritas, a foreign corporation, and Marisa L. Jorge, a/k/a Marissa Jorge, a/k/a Marissa Perez,
Defendants.

Hon. Linda V. Parker, District Judge

Case No.: 17-cv-13292

---

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
150 W Jefferson, Suite 100
Detroit, Michigan 48226
mersino@buztel.com
313-225-7000
P72179

---

**PLAINTIFF'S REPLY BRIEF REGARDING SERVICE**

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## Table of Contents

Table of Authorities . . . . . ii

Introduction . . . . . 1

The Facts . . . . . 1

Argument . . . . . 2

A. Defendant Jorge Has Waived Objections to Service . . . . . 2

1. Waiver by General Appearance . . . . . 2

2. Waiver by Active Participation . . . . . 4

B. Plaintiff Has Been Properly Served . . . . . 4

1. Plaintiff Has Complied With MCR 2.105(B)(1). . . . . . 4

2. Defendant Jorge Has Been Served by Email . . . . . 5

C. Alternative Service, If Necessary, Should Be Granted . . . . . 6

Conclusion . . . . . 7

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**Table of Authorities**

**Cases Decided in the U. S. District Courts**

*CrossFit, Inc. v. Macomb Athletic Clubs, Inc.*, 2017 WL 85836 (E.D.Mich., 2017) . . . . . 6

*FKA Distributing Company, LLC v. Yisi Technology Co., Ltd.*, 2017 WL 4129538 (E.D.Mich., 2017) . . . . . 5

*Gerber v. Riordan*, 649 F.3d 514 (C.A.6 (Ohio), 2011) . . . . . 3

*Jarvis-Orr v. Township of Hartford*, 2012 WL 6737740 (W.D.Mich., 2012) . . . . . 4

*Leadford v. Bull Moose Tube Company*, 2016 WL 1022965 (E.D.Mich., 2016) . . . . . 3

*M & C Corp. v. Erwin Behr GmbH & Co., KG*, 508 Fed.Appx. 498 2012 WL 6554683 (C.A.6 (Mich.) 2012) . . . . . 3

*SKG International, Inc. v. SKG Italia, S.P.A.*, 2017 WL 2812903 (E.D.Mich., 2017) . . . . . 3

*U.S. v. Szaflarski*, 2011 WL 2746138 (E.D.Mich., 2011) . . . . . 6

**Court Rules**

Fed.R.Civ.P. 4(e)(1) . . . . . 4

MCR 2.105 (A)(2) . . . . . 4

MCR 2.105(B)(1) . . . . . 4

MCR 2.105(B)(1)(b) . . . . . 4

MCR 2.105(I)(1) . . . . . 6

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## Introduction

The Court should conclude that Defendant Marissa Jorge has waived objections to service. Even if she had not, she has no factual or legal basis to continue to contend that she has not been served with papers in this litigation. Moreover, even absent personal service or waiver of objection, the Court has ample basis to direct that alternate service be made on Ms. Jorge's counsel.

## The Facts

1.

Shortly after this action was initiated, counsel filed a general appearance on behalf of both Defendants. The appearance was complete and without any reservations regarding service. Her counsel has acted for both Defendants Jorge and Project Veritas and has participated in every facet of the litigation to date.

2.

Plaintiff has engaged in extraordinary efforts to deliver papers to Defendant Jorge. First, while applying for a personal identification card, Defendant Jorge notified the State of New York that her permanent address was 419 W 34th St, New York, NY 10001. See affidavit, ex 1. Plaintiff sought to locate Jorge at that address by frequently sending a process server to the address. Despite her representations to the State of New York, Jorge was not located. In addition, copies of papers were mailed by certified mail to that address. See attached. The papers were never claimed.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

Second, efforts were made to serve Jorge at 720 First Street, Mamaroneck, NY 10543, an address that appeared on Defendant Jorge's credit header, and which Plaintiff accessed pursuant to a Thompson Reuter's CLEAR search.

Third, Jorge regularly engaged in electronic correspondence with staff at AFT Michigan while she was engaged as an intern with AFT Michigan. The address was marissarperez49@gmail.com. Copies of papers were emailed to this address and delivery was confirmed by Jorge's email provider. See attached. However, Jorge did not acknowledge service.

The facts show that Plaintiff has engaged in extraordinary efforts to provide personal service.

## Argument

### A. Defendant Jorge Has Waived Objections to Service

1. Waiver by General Appearance

Defendant Jorge has waived objections to service as her counsel filed a general appearance. Defendant glibly denies that filing a general appearance waives objections to service. The 6th circuit says otherwise:

> "Nevertheless, it is clear that Defendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction, and therefore, a waiver of Defendants' personal jurisdiction defense. We have held that "Under [Federal Rule of Civil Procedure] 12(h), a party waives the right to contest personal jurisdiction by failing to raise the issue when making a responsive pleading or a general appearance." *Id.* at 1120; accord *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir.2010) ("A defendant normally ... waives a personal jurisdiction defense if he or she has entered an appearance."); *Ladder Man, Inc. v. Mfr.'s Distrib. Serv., Inc.*, No. 99–4217, 2000 WL 1679439, at *2, 2000 U.S.App. LEXIS 27982, at *7 (6th Cir.

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

> Oct. 31, 2000) (table). Therefore, Defendants' attorney's entry of a general appearance with the district court on behalf of Defendants on October 16, 2006 constituted a waiver of Defendants' personal jurisdiction defense."

*Gerber v. Riordan*, 649 F.3d 514, 520 (C.A.6 (Ohio), 2011).

See also *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 508 Fed.Appx. 498, 502, 2012 WL 6554683, at *3 (C.A.6 (Mich.),2012):

> "In *Gerber* the district court's order compelling the attorney's participation did not deter us from finding that the attorney's general appearance waived personal jurisdiction. Because *Gerber* is directly on point and because a "panel of this Court cannot overrule the decision of another panel," Deutsche and Schmelt waived personal jurisdiction when their attorneys entered general appearances. *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985)."

And *SKG International, Inc. v. SKG Italia, S.P.A.*, 2017 WL 2812903, at *2 (E.D.Mich., 2017).

Moreover, the case cited by Defendant contradicts Ms. Jorge's argument. A general appearance does indeed waive objections to service:

> "There is, however, another way in which defendants may waive objections to personal jurisdiction in the Sixth Circuit despite raising the objection in the first responsive pleading. In *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011), the Sixth Circuit held that defendants waived their objection to the district court's lack of personal jurisdiction when their attorney entered a general appearance in the district court. Although *Gerber* is somewhat inapposite to the procedural facts of this case, the Sixth Circuit's rule was unequivocally broad. Indeed, the Sixth Circuit has since confirmed Gerber's waiver rule. In *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 508 F. App'x 498, 501 (6th Cir. 2012), the Sixth Circuit reiterated that *Gerber* "require[es] courts in the Sixth Circuit to exercise personal jurisdiction whenever a defendant's attorney enters a general appearance."

*Leadford v. Bull Moose Tube Company*, 2016 WL 1022965, at *2 (E.D.Mich., 2016).

Counsel for Ms. Jorge entered a general appearance for both Defendants. As such, Ms. Jorge has waived objections to jurisdiction and service.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2. Waiver by Active Participation

Marissa Jorge has participated in this litigation to a substantial extent. Her counsel has stipulated to the filing of an amended complaint, stipulated to several orders which impact all Defendants here. The Court should conclude that such participation is sufficient to waive objections to service. See *Jarvis-Orr v. Township of Hartford*, 2012 WL 6737740, at *13 (W.D.Mich.,2012)

> "The court notes that had defendant Moore not filed a motion to dismiss for insufficient service at an early stage of this litigation, his participation in the litigation would have resulted in a waiver of that defense. See King v. Taylor, 694 F.3d 650, 660–61 (6th Cir.2012) (where a defendant engages in voluntary, active and extensive participation in the litigation which indisputably gave the plaintiffs a reasonable expectation that the defendant would defend the suit on the merits (such as participating in discovery, scheduling and motion practice), he forfeited a lack of proper service defense)."

**B. Plaintiff Has Been Properly Served**

1. Plaintiff Has Complied With MCR 2.105(B)(1).

Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process on a defendant may be made through any method authorized by the state in which the district court is located. See Fed.R.Civ.P. 4(e)(1). MCR 2.105(B)(1) provides for substitute service without a court order on a nonresident individual by serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, and sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address. Plaintiffs have complied with that requirement. The rule requires actual service on an agent of the Defendant *and an effort* to serve the Defendant by certified mail. This rule is unlike MCR 2.105 (A)(2) which mandates that the Defendant *sign a return receipt*. By contrast, MCR 2.105(B)(1)(b) requires only that the papers

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

*be mailed* certified mail; a return receipt is not required. Therefore, service is complete when a Michigan agent is served and the papers are mailed to the Defendant. Plaintiff has complied with this rule; her Michigan attorney was served and papers were mailed to Jorge's last known address. (Defendant's counsel denies that he signed a return receipt; however his agent signed on his behalf. A copy of the signed return receipt is attached). Defendant Jorge does not address the rule in her response brief. The Court should conclude that Defendant Jorge has been served in accordance with this rule.

2. Defendant Jorge Has Been Served by Email

Plaintiff sent copies of all relevant papers to Ms. Jorge by email. Marissa Perez had engaged in a myriad of communication with AFT Michigan and its staff by email. Her email address was validated by her repeated interaction via email with AFT Michigan and its staff. Plaintiff sent copies of papers to this email address and it is clear that they were received by the email server. See attached.

Service by email is expressly permitted in this District:

> "The Eastern District of Michigan has allowed service by email when the party to be served does business on the internet and through email, and when the movant demonstrates that the email address in question is valid. See *FenF, LLC v. Ritacco*, No. 16-cv-11097, 2016 WL 5235407, at *3 (E.D. Mich. Sept. 22, 2016); *Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628, 2013 WL 592660, at *3 (E.D. Mich. Feb. 14, 2013); *McCluskey v. Belford High Sch.*, No. 2:09-14345, 2010 WL 2696599, at *3 (E.D. Mich. June 24, 2010). Courts in this district and numerous other federal courts have typically held that service by email comports with Due Process if the above factors are met. See *McCluskey,* 2010 WL 2696599, at *3."

*FKA Distributing Company, LLC v. Yisi Technology Co., Ltd.*, 2017 WL 4129538, at *1 (E.D.Mich., 2017).

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

Marissa Perez engaged in business with AFT Michigan by email. There are numerous examples of such correspondence of which a few are attached. Her email address is valid. Delivery of the papers was accomplished electronically and Defendant Jorge does not claim otherwise. The Court should conclude therefore that service was properly accomplished by electronic mail.

**C. Alternative Service, If Necessary, Should Be Granted**

Alternative service is available when personal service "cannot reasonably be made." MCR 2.105 (I) expressly permits alternative service provided that the moving party submits a motion stating facts showing that process cannot be made under existing rules. The rule should apply here. Marissa Jorge has persistently sought to evade service of process. This Court has held that alternative service is permitted under such circumstances. *U.S. v. Szaflarski*, 2011 WL 2746138, at *1 (E.D.Mich.,2011) (In that event, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Citing MCR 2.105(I)(1)]; *CrossFit, Inc. v. Macomb Athletic Clubs, Inc.*, 2017 WL 85836, at *2 (E.D.Mich., 2017) (First, *CrossFit* has sufficiently shown that service of Millenbach "cannot reasonably be made," MCR 2.105(I)(1), under the usual methods for service of an individual: personal service and registered or certified mail).

Here, multiple efforts were made to personally serve Marissa Jorge personally. Process servers appeared on multiple occasions at the addresses that Ms. Jorge claimed to be her residences. The lack of personal service is not due to lack of diligence. Rather, it is likely that Ms. Jorge has intentionally sought to evade delivery of papers. Nevertheless, she has actual knowledge of this action and has an attorney available to represent her.

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

The Court should permit alternative service on Paul Mersino, Ms. Jorge's Michigan representative and attorney.

**Conclusion**

The Court should find that Defendant Marissa Jorge has waived objections to service by the filing of a general appearance, by her counsel's active participation in this litigation. Alternately, the Court may find that Ms. Jorge has actually been served by delivery of papers to her valid email address. Finally, should the Court disagree with either of these contentions, the Court should permit alternative service to be made on Ms. Jorge's counsel.

/s/ Mark H. Cousens
Attorney for Plaintiff
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

November 29, 2017

**Certificate of Service**

I hereby certify that on November 29, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170