UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN

    Plaintiff,

v.                                                                 Civil Case No. 17-cv-13292
                                                                          Honorable Linda V. Parker

PROJECT VERITAS, a foreign
corporation, and MARISA L. JORGE,
a/k/a MARISSA JORGE, a/k/a
MARISSA PEREZ,

    Defendants.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CONFIRM JURISDICTION OR TO PERMIT SUBSTITUTED SERVICE</u>**

Plaintiff, AFT Michigan, initiated this lawsuit on or about September 28, 2017 in the Third Circuit Court for the County of Wayne, Michigan. (ECF No. 1 at Pg ID 1.) On October 6, 2017, Defendants Project Veritas ("Defendant PV") and Marisa L. Jorge, a/k/a Marissa Jorge, a/k/a Marissa Perez ("Defendant Jorge") filed a Notice of Removal to this Court. (*Id.*) Plaintiff filed an Amended Complaint in state court on October 5, 2017 and a Second Amended Complaint in this Court on October 17, 2017. (ECF No. 1 at Pg ID 2; ECF No. 6.) Plaintiff alleges Defendant Jorge is a political actor for Defendant PV and gained access to AFT Michigan by fraudulently misrepresenting herself as a student at the University of Michigan. Plaintiff believes Defendant Jorge unlawfully accessed

and transmitted proprietary and confidential information and engaged in unlawful and unauthorized surveillance of Plaintiff's employees. (ECF No. 6 at Pg ID 91.)

Presently before the Court is Plaintiff's Motion to Confirm Jurisdiction or to Permit Substituted Service, filed on November 2, 2017. (ECF No. 26.) Defendants filed a response on November 16, 2017, and Plaintiff filed a reply on November 29, 2017. (ECF Nos. 32 & 38.) Plaintiff seeks a determination that Defendant Jorge has either waived her objections to service, or, in the alternative, for leave to serve Defendant Jorge by substitution through her counsel. For the reasons stated below, the Court grants Plaintiff's motion.

**Background**

According to Plaintiff, Defendant PV is an organization that uses its employees to infiltrate organizations for the purpose of securing proprietary information, which it distorts and publishes in the media. (ECF No. 6 at Pg ID 95.) Plaintiff believes Defendant Jorge is a political operative for Defendant PV and gained access to AFT Michigan to advance Defendant PV's political agenda. (*Id.* at Pg ID 96.)

Plaintiff initiated this lawsuit on September 28, 2017 in the Third Circuit Court for the County of Wayne, Michigan. (ECF No. 1.) On September 29, 2017, Third Circuit Court Judge Brian R. Sullivan issued a Temporary Restraining Order enjoining Defendants from publishing or disclosing confidential and/or proprietary

2

information relating to Plaintiff, its employees, officers, or affiliates that was taken from Plaintiff without consent. (ECF No. 23). Defendants filed a Notice of Removal to this Court, and the case was assigned to Judge Paul D. Borman. On October 20, 2017, this matter was reassigned to the undersigned. (ECF No. 10.)

## Applicable Law & Analysis

"[I]n determining the validity of service in the state court prior to removal, a federal court must apply the law of the state. After removal, then federal law governs and defects in service can be cured pursuant to § 1448." *Hertel v. Mortg. Elec. Registration Sys.*, No. 12-cv-174, 2012 U.S. Dist. LEXIS 143598, at *10 (W.D. Mich. 2012) (quoting 4A Wright & Miller, Federal Practice and Procedure § 1082).

28 U.S.C. § 1448 provides:

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

In accordance with the Federal Rules of Civil Procedure, service of the summons and complaint may be accomplished pursuant to Michigan law or by:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

3

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In addition to the method described in subsection (A), Michigan law allows for service on an individual by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." MCR 2.105(A)(2). For a nonresident, substituted serviced may be made by serving a copy of the summons and complaint in Michigan on an agent, or an individual authorized to accept service for the defendant, and sending a copy of the summons and complaint by registered mail to the defendant's last known address. *See* MCR 2.105(B)(1).

Prior to October 6, 2017, Plaintiff's attempts at service were guided by MCR 2.105. *See Hertel*, 2012 U.S. Dist. LEXIS 143598, at *10. Pursuant to MCR 2.105(A), on September 29, 2017, Plaintiff attempted to personally serve Defendant Jorge at 720 First Street, Mamaroneck, NY 10543 and her last known address at 419 W. 34th Street, NY, NY 10001. (ECF No. 26 at Pg ID 585.) On that same date, Plaintiff also sent a copy of the summons and complaint, via UPS, to the Mamaroneck address. (*Id.* at Pg ID 587.) Next, Plaintiff sent a copy of the summons and complaint by email to marissarperez49@gmail.com, also on September 29, 2017. (*Id.* at Pg ID 585, 591.) On October 4, 2017, Plaintiff sent a copy of the summons and complaint, via UPS, to Defendant Jorge's parents' home located at 10490 White Crane Rd., Atwater, CA 95301. (*Id.* at Pg ID 585, 594.)

4

After the case was removed to federal court, Plaintiff had the option of continuing to serve Defendant Jorge pursuant to Michigan law or federal law. Plaintiff indicated that on October 18, 2017 he sent, through certified mail, a copy of the complaint and summons to Defendant Jorge's last known address, 419 W. 34th Street, NY, NY 10001, which was returned. (*Id.* at Pg ID 585, 595.)

Plaintiff contends that it should be able to serve Defendant Jorge by substitution through her attorney. However, the Court declines to do so because this would constitute improper service. "[T]he mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority necessary for the attorney to receive service of process on the defendant's behalf." *Arthur v. Litton Loan Servicing, LLP*, 249 F. Supp. 2d 924, 930 (E.D. Tenn. 2002); *see also Edwards v. Eastman Outdoors, Inc.*, 746 F. Supp. 2d 207, 214 (D. Me. 2010) ("An attorney will not be deemed an appointee for service of a lawsuit on behalf of [his] client simply by virtue of [his] role as an attorney."); *Rubin v. Pringle*, 387 F.3d 1077, 1082 (9th Cir. 2004) ("[T]he Federal Circuit stated that an agent's authority to accept service may be implied in fact. In order to find implied authority to accept service of process, the *Ziegler* court said, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service.") (internal citations and quotations omitted); *Davis v. Jobs & Adverts Online, GmbH*, 94 F. Supp. 2d 719,

722 (E.D. Va. 2000) (citing *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)) ("as numerous federal courts have held that 'the mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service.'"). Having no indication that Defendant Jorge's counsel is authorized to accept service on her behalf, the Court finds that service upon Defendant Jorge's counsel is improper.

Next, Plaintiff requests that the Court confirm jurisdiction over Defendant Jorge based on wavier of service. Plaintiff contends that Defendant Jorge has waived service because she has participated in the litigation by removing this case to federal court, consenting to the filing of a second amended complaint, and Defendants' counsel, Paul Mersino, has filed a general notice of appearance on behalf of all Defendants. (ECF No. 26 at Pg ID 576.) However, nothing in 28 U.S.C. § 1446(b) prevents a defendant from filing a notice of removal prior to being served. Section 1446(b) states, in part, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." Moreover, "[r]emoval does not waive any defense. *See Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987); *see also Chiancone v. City of Akron*, No.11-CV-3372011, U.S. Dist. LEXIS 108444 at *15-16 (N.D. Ohio Sept. 23,

2011). Furthermore, Plaintiff cites to *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011) for the proposition that the filing of a general appearance waives service. However, *King v. Taylor*, 649 F.3d 650, 656 n.7 (6th Cir. 2012) abrogated, in part, this contention. The filing of an appearance, on its own, does not waive service.

"The Federal Rules of Civil Procedure provide a very specific method for apprising a defendant of a lawsuit and conferring a court's jurisdiction over him. *See* Fed. R. Civ. P. 4." *King*, 649 F.3d at 656 n.1 ("Taylor's full awareness that he had been sued makes no legal difference to the question whether he was properly served."). In *King*, the defendant, who had raised his objection earlier during the litigation, had participated extensively in the litigation for over a year before formally raising the defense in a motion. *King*, 649 F.3d at 660. The defendant in *King* had participated in discovery and status conferences, had his deposition taken, and moved for the extension of scheduling orders. *Id.* The Court found that "[s]uch voluntary, active, and extensive participation in the litigation indisputably gave plaintiffs a 'reasonable expectation that [Taylor would] defend the suit on the merits.'" *Id.*

Although this case has been pending for a short time, Defendant Jorge has been an active participant in this litigation and has given Plaintiff a reasonable expectation that she will defend the suit on the merits and so far has done so. In conjunction with filing an appearance on behalf of Defendant Jorge, Defendant

7

Jorge, through her counsel, has consented to the filing of the second amended complaint, participated in a teleconference, appeared at a motion hearing, filed briefs in response to a motion for temporary restraining order and preliminary injunction, and assisted in the drafting or discussions of a protective order. Although Defendant Jorge made a record as early as October 10, 2017 of her objection to service, she has extensively participated in defending and protecting her rights and interests in this litigation.

    Defendant Jorge cannot actively participate in this litigation to protect her own interests, while simultaneously contesting jurisdiction, or evading service. This does Plaintiff a disservice to allow Defendant Jorge to essentially defend against the suit, yet be shielded from any adverse rulings based on claims of improper service. Other than raising her objection to service throughout the pleadings, as explained above, Defendant Jorge's actions have been consistent with waiving service. Defendant Jorge has actively participated and been instrumental in every action taken in this litigation, supporting a conclusion that she gave Plaintiff a reasonable expectation she will defend the suit on the merits. The fact that Defendant Jorge's counsel also represents Defendant PV does not change the Court's position.

    The Court finds that Plaintiff was diligent in its efforts to serve Defendant Jorge. Therefore, in the interest of judicial economy and efficiency, this Court

confirms jurisdiction on Defendant Jorge because she has effectively waived service.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED**, that Defendant Jorge is deemed served as of the date of this Order.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 6, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 6, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager