United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,                                    Hon. Linda V. Parker, District Judge
            Plaintiff,

v                                                        Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
            Defendants.

---

MARK H. COUSENS                    PAUL M. MERSINO
Attorney for the Plaintiff            BUTZEL LONG
26261 Evergreen Road, Suite 110   150 W Jefferson, Suite 100
Southfield, Michigan  48076        Detroit, Michigan  48226
cousens@cousenslaw.com            mersino@buztel.com
248-355-2150                       313-225-7000
P12273                             P72179

---

**PLAINTIFF'S BRIEF IN RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

Mark H. Cousens
ATTORNEY

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

# Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Statement of Most Relevant Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

The Limited Purpose of a 12(b)(6) Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

First Cause of Action: Fraudulent Misrepresentation . . . . . . . . . . . . . . . . . . . . .  5

Second Cause of Action: Trespass . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Third Cause of Action: Eavesdropping . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Fourth Cause of Action: Larceny by Trick . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Fifth Cause of Action: Civil Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Sixth Cause of Action: Violation of the Michigan Uniform Trade Secrets Act . . . . . . . .  10

Seventh Cause of Action: Breach of the Duty of Loyalty and Fiduciary Duty . . . . . . . . .  12

Eighth Cause of Action: Unlawful Interception of Oral Communications . . . . . . . . . . .  15

Ninth Cause of Action: Violation of the Electronic Communications Privacy Act . . . . .  17

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

i

# Table of Authorities

## United States Statutes

18 U.S.C. § 2510 (6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

18 U.S.C. § 2511(1)(a) - 1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. §§ 2511 (2)(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Stored Communications Act, 18 U.S.C. §§ 2701–2712 . . . . . . . . . . . . . . . . . . . . 17 - 20


## Cases Decided by the United States District Courts

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008) . . . . . . . . . . . . . 4

*Council on Am. Islamic Relations Action Network v. Gaubatz*,
31 F. Supp. 3d 237 (D.D.C. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*,
793 F. Supp. 2d 311 (D.D.C. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19, 20

*Devine v. Kapasi*, 729 F.Supp.2d 1024
(N. D. Ill. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278 (6th Cir. 2010) . . . . . . . . . . . . . . . . . . . . 2

*Henson v. Bank of Am., N.A.*,
979 F. Supp. 2d 763 (E.D. Mich. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jones v. City of Cincinnati*, 521 F.3d 555 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 4

*Mike Vaughn Custom Sports, Inc. v. Piku*,
15 F. Supp. 3d 735 (E.D. Mich. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13-15

*Nedschroef Detroit Corp. v. Bemas Enterprises LLC*,
106 F.Supp.3d 874 (E.D.Mich. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Roberts v. Saffell*, 280 Mich. App. 397,
760 N.W.2d 715, 719 (2008), aff'd, 483 Mich. 1089,
766 N.W.2d 288 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Steve Jackson Games, Inc. v. United States Secret Serv.*,
36 F.3d 457 (5th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

*United Stales v. Steiger*, 318 F.3d 1039 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199 (4th Cir. 2009) . . . . . . . . . . . . . . . 21


**Michigan Statutes**

Michigan Uniform Trade Secrets Act, M.C.L. 445.1901 *et seq.* . . . . . . . . . . . . . . . . . . . . 12


**Cases Decided by the Michigan Supreme Court**

*Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*,
487 Mich. 349, 792 N.W.2d 686 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


**Cases Decided by the Michigan Court of Appeals**

*Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.,*
239 Mich. App. 695, 609 N.W.2d 607 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kiley v. Chase Manhattan Mortg. Co.,* No. 277783,
2008 WL 2744590 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*People v. Stark*, No. 290796, 2010 WL 4483685
(Mich. Ct. App. Nov. 9, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*People v. Wilkens*, 267 Mich. App. 728, 705 N.W.2d 728 (2005) . . . . . . . . . . . . . . . . . . 8

*People v. Wilson*, 122 Mich.App. 270,
332 N.W.2d 465 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Peterson v. City of River Rouge*, No. 329551, 2017 WL 1967487
(Mich. Ct. App. May 11, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Yudashkin v. Linzmeyer,* 247 Mich. App. 642,
637 N.W.2d 257 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


**Other Authorities**

*Wright & Miller*, § 1356 Motions to Dismiss;
5B Fed. Prac. & Proc. Civ. § 1356 (3d ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170
223

**Statement of Most Relevant Authorities**

*Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008)

*Roberts v. Saffell*, 280 Mich. App. 397, 403, 760 N.W.2d 715 (2008), aff'd, 483 Mich. 1089, 766 N.W.2d 288 (2009).

*American Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich.App. 695; 609 N.W.2d 607 (2000)

*Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349; 792 N.W.2d 686

*Peterson v. City of River Rouge*, No. 329551, 2017 WL 1967487 ( 2017)

*Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 753 (E.D. Mich. 2014)

*Nedschroef Detroit Corp. v. Bemas Enterprises LLC*, 106 F.Supp.3d 874 (E.D.Mich. 2015)

*Council on Am. Islamic Relations Action Network v. Gaubatz*, 31 F. Supp. 3d 237 (D.D.C. 2014)

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

iv

## Introduction

The Court should deny the Defendants' motion to dismiss as Plaintiff has sufficiently pled its causes of action. Further, the complaint is bolstered by the documentary evidence which the Court has received. The Court may, and in this matter should, consider the entire Court record as supplemental to Plaintiff's complaint. In light of the significant evidence provided, the Court should reject Defendants' motion as without merit.

The Court has available considerable evidence regarding the extent of Defendants' actions. Testimony from Plaintiff's expert and the documents to which he referred show the Court what Plaintiff believes to be the tip of the proverbial iceberg. The full extent of Defendants' misappropriation of private strategy, plans and documents will become known on discovery. But it is clear that Defendants engaged in knowing and intentional misrepresentation of truth for the purpose of obtaining access to, viewing and obtaining information which included material relevant to Plaintiff's efforts to organize and mobilize members. The information has a substantial economic value to Plaintiff since the Federation cannot exist without the support of its membership. As such, the Court has an ample basis to conclude that Defendants engaged in fraud to obtain access to confidential information and then extracted information which Plaintiff had every right to believe would be kept confidential.

Defendants' motion does not deny their misconduct. Nor could it. The Court has an ample basis to conclude that Plaintiff has adequately pleaded its case and that the motion to dismiss should be denied.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

1

## The Limited Purpose of a 12(b)(6) Motion

1.

A motion under F.R.C.P. 12(b)(6) is limited to testing whether the allegations in the complaint, if true, plead a cause of action. A Plaintiff must plead facts that present a plausible claim. But the Court is entitled to rely on "judicial experience" and "common sense" in considering a motion to dismiss.

> "In the absence of further development of the facts, we have no basis for crediting one set of reasonable inferences over the other. Because either assessment is plausible, the Rules of Civil Procedure entitle Fabian to pursue his claim (at least with respect to this theory) to the next stage—to summary judgment or, if appropriate, a trial after the parties have engaged in any relevant discovery to support one or the other interpretation. So long as we can "draw the reasonable inference that the defendant is liable for the misconduct alleged," (citation omitted) a plaintiff's claims must survive a motion to dismiss. That inference is reasonable here because "common sense," (citation omitted), tells us that a mass-manufactured consumer product, whether it is shoes, pants or helmets, may utilize the same design (and carry the same flaw) regardless of its size."

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 281 (6th Cir. 2010).

Plaintiff has pled the facts that it knows. AFT Michigan has pled facts showing the some of the Defendants' misconduct and has presented the causes of action which these facts support. The complaint is not bottomed on mere guesswork or speculation. Rather, the Federation's fears are reasonable and its claims supported by the evidence which the Court has received.

It is clear that Marissa "Perez" engaged in a pattern of behavior designed to steal secret information. The Court has evidence showing some of what she obtained. Viewed in conjunction with the record received during the November 15, 2017 hearing, the Court should conclude that Plaintiff has met the standard of F.R.C.P. 8(a)(1) and that the motion to dismiss should be denied.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2

2.

A motion under F.R.C.P. 12(b)(6) is not designed to test the viability of a party's claims; it is limited to the sufficiency of the complaint:

> "As the numerous illustrative cases from throughout the federal judicial system cited in the note below make clear, the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case. Thus, the provision must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Only when the plaintiff's complaint fails to meet this liberal pleading standard is it subject to dismissal under Rule 12(b)(6)."

*Wright & Miller*, § 1356 Motions to Dismiss; 5B Fed. Prac. & Proc. Civ. § 1356 (3d ed.).

A motion under 12(b)(6) is limited to determining whether a Plaintiff has stated a cause of action:

> "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir.2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993)). In order to state a viable claim, the plaintiff must state facts in the complaint that include all the elements of her cause of action. The complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008). But as the Sixth Circuit explained,
>
> > "[t]o survive a motion to dismiss, [a plaintiff] must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility requires showing more than the "sheer possibility" of relief but less than a "probab[le]" entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)."

*Henson v. Bank of Am., N.A.*, 979 F. Supp. 2d 763, 764–65 (E.D. Mich. 2013).

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

3

3.

(a)

A Court considering a 12(b)(6) motion is not limited to the four corners of the complaint.

> "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, *public records, items appearing in the record of the case* and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. See *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001)."

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added).

> "On a motion to dismiss, a court may accept "matters outside the pleadings," but in doing so it generally must treat the motion "as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). *A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion. Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999)."

*Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (emphasis added).

(b).

The Court has received a substantial amount of evidence which supports Plaintiff's complaint. 221 pages of information were provided which reflects material which was accessed by Defendant "Perez" and either copied by her, viewed by her or attached to an email to herself. Although these records are under seal, they qualify as "public records." The Court may consider them in conjunction with Plaintiff's complaint.

The sealed information is the very definition of specific. Taken together with Plaintiff's complaint, the Court should conclude that Plaintiff has met any standard for specific pleading. Defendants' motion is therefore without merit. Plaintiff will address Defendants' motion in the order in which Plaintiff's claims appear in the complaint.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

4

**First Cause of Action: Fraudulent Misrepresentation**

Plaintiff has adequately pled a claim for fraudulent misrepresentation. Beginning at complaint ¶ 52 Plaintiff explains its cause of action: Marissa "Perez" made a material misrepresentation which was false, which she knew to be false and on which it was intended that Plaintiff AFT Michigan rely. This is the legal standard for the claim:

> "To prove a claim of fraudulent misrepresentation, or common-law fraud, a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury."

*Roberts v. Saffell*, 280 Mich. App. 397, 403, 760 N.W.2d 715, 719 (2008), aff'd, 483 Mich. 1089, 766 N.W.2d 288 (2009).

Defendants do not deny the Plaintiff's allegation nor could they. "Perez" lied about who she was and the Federation believed her. Instead, Defendants claim that the Federation has suffered no damage as a result of the lies. The contention is completely false. AFT Michigan has been harmed to a substantial extent. It has had to act to protect its trade secrets, modify its security processes, change its personnel practices and revise its strategies. The Federation had to bring this action to protect disclosure of its plans and strategies. The harm caused by "Perez" lies was significant.

Defendants make a shameful argument which says, in essence, that the Federation was indeed defrauded but that it was the Union's own fault. The Federation should not have relied on what it was told, Defendants claim, and therefore the Federation's reliance was not reasonable. This contention should not be credited. First, the argument concedes that "Perez" lied. Second, it asserts that any employer assumes the risk of engaging a person without doing a full background check. The Federation should not have believed what it was told, Defendants

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

say. The contention is outrageous. The Federation has properly pled a cause of action for fraudulent misrepresentation.

## Second Cause of Action: Trespass

Defendant Jorge obtained entry to AFT Michigan through deliberate misrepresentation. She would never have been admitted to the building, much less entrusted with confidential information, had she been truthful. Under Michigan law, consent to access is vitiated if it was gained through fraud.

Consent may be a defense to trespass:

> "Because a cause of action for trespass requires an unauthorized entry, consent to enter upon the private property of another is an affirmative and absolute defense to a trespass claim. *American Transmission, Inc. v. Channel 7 of Detroit, Inc.,* 239 Mich.App. 695, 705–706, 609 N.W.2d 607 (2000)."

*Kiley v. Chase Manhattan Mortg. Co.,* No. 277783, 2008 WL 2744590, at *1 (2008).

But consent may not be obtained through fraud. Defendants cite to *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.,* 239 Mich. App. 695, 609 N.W.2d 607, 614 (2000) to contend that consent obtained through fraud is still consent. The claim vastly overstates the holding. In *American Transmission* a reporter gained access to a business after misrepresenting his identity. The business sued following a televised news story claiming, among other matters, that the reporter was guilty of trespass. In affirming dismissal of the charge, the court carefully noted that the reporter entered only into the *public areas* of the transmission shop and did not did not "...disrupt the shop or invade anyone's private space, and the videotape she made did not reveal the intimate details of anybody's life." The case is not relevant here.

Defendant Jorge was admitted to the Federation's building based on her misrepresentations. She was not in public areas because *there are no public areas.* She was

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

6

admitted to work spaces, private offices and conference rooms. She engaged in outright fraud

to obtain entry. As such the Federation's consent to enter was procured through fraud and is

void. "Perez" is guilty of trespass and the complaint properly pleads the same.

### Third Cause of Action: Eavesdropping

1.

Defendant has admitted that it has information on "hidden camera" and its effort to

dismiss this allegation is disingenuous. On October 12, 2017, James O'Keefe, founder of

Defendant Project Veritas, bragged on a "youtube" video that Defendant had information on

"hidden camera." The information was not described.

O'Keefe's admission are admissible under FRE 801 (d)(2)(A) and should be considered

by this Court. "Hidden camera" information could only have been obtained through unlawful

eavesdropping by Marissa "Perez."

O'Keefe states in part:

"In Michigan in the teachers' union I can't really speak about what we have and
what's coming but they filed an injunction, the head of the national teachers'
union, filed an injunction against me, this was like last week, I can't even say
what we might have but (laughing) how you know they're afraid? They went to
court and actually got a judge to stop me from publishing what it is that I have.
It is a totalitarianism....

"The head of the entire American Federation of Teachers union I believe that
education reform is the civil rights era of our time. The head of the government
sponsored AFT Randi Weingarten got involved in Michigan and got a judge to
literally stop us from publishing our information. You want to know the good
news? That Randi Weingarten is now involved in a cover-up of whatever it is
*that we have on hidden camera.*"

See Stefan Molyneux, *Gatekeepers Exposed: James 0 'Keefe and Stefan Molyneux,*
(at minute 16:08; 19:45) You Tube (Oct. 12, 2017), available at
https://www.youtube.com/watch?v=Q59WUogwkak.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170
®223

The use of a hidden camera to secretly record interactions violates Michigan law.

"The photographs and movies found on the camera were relevant to prove the elements of 'unlawful manufacture, possession or transfer of eavesdropping devices." MCL 750.539f. Pursuant to MCL 750.539a(2),' 'Eavesdrop' or 'eavesdropping' means to overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse." (Emphasis added.) Hence, a camera that can take still photos and videos is an eavesdropping device. MCL 750.539f states:

> "Any person who manufactures, possesses or transfers to another any device, contrivance, machine or apparatus designed or commonly used for eavesdropping with the intent to unlawfully use or employ or allow the same to be so used or employed for eavesdropping, and knowing the same is intended to be so used, is guilty of a felony ..."

*People v. Stark*, No. 290796, 2010 WL 4483685, at *4 (Mich. Ct. App. Nov. 9, 2010).

A camera is an eavesdropping device. *People v. Wilkens*, 267 Mich. App. 728, 705 N.W.2d 728 (2005). Based on Defendants' admissions, there is sufficient evidence that Defendants have violated Michigan law. And Plaintiffs have adequately pled a cause of action.

2.

The Federation of Teachers has standing to bring this action because its premises were violated and its staff recorded without their consent. Labor organizations have standing to bring actions where they have a "a substantial and distinct interest" at stake. *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 374, 792 N.W.2d 686, 700 (2010).

And:

> "Under this approach, a litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment.20 Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant."

*Lansing Sch. Educ. Ass'n, id.*, at 372.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

8

The Federation has standing to protect its premises, its staff and its members. It has a substantial interest in protecting the confidential nature of conversations among its staff and the sanctity of its offices.

### Fourth Cause of Action: Larceny by Trick

Larceny by trick is a form of common law fraud. See *People v. Long*, 409 Mich. 346, 294 N.W.2d 197 (1980). The common law offense has been codified in the Michigan Penal Code. M.C.L. 750.356. The offense is committed when a person secures possession of property through fraud or false pretenses although the owner does not intend to surrender it:

> "The trial court and the parties apparently believed that, while an element of the crime of obtaining property by false pretenses, reliance is not necessary to the offense of larceny by trick. Although these two offenses are distinct, both require that the victim part with his property in reliance on the defendant's misrepresentations. See *People v. Long*, 409 Mich. 346, 350-351, 294 N.W.2d 197 (1980). The distinction between the two offenses is stated in *People v. Martin*, 116 Mich. 446, 450, 74 N.W. 653 (1898):
>
> > "If, by trick or artifice, the owner of property is induced to part with the possession to one who receives the property with felonious intent, the owner still meaning to retain the right of property, the taking will be larceny; but if the owner part with not only the possession, but right of property also, the offense of the party obtaining the thing will not be larceny, but that of obtaining the goods by false pretences."

*People v. Wilson*, 122 Mich.App. 270, 272–73; 332 N.W.2d 465, 466 (1982).

That is what occurred here. Defendants gained entry to the Federation through fraud and misrepresentation. Marissa "Perez" then secured Plaintiff's property by making copies of materials and forwarding them to herself.

Michigan recognizes a cause of action for common law fraud. *Yudashkin v. Linzmeyer*, 247 Mich. App. 642, 651, 637 N.W.2d 257, 262 (2001) ("Here, plaintiff's amendment is not facially futile. His amendment does not merely restate previous allegations: he alleged a new

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

theory of common-law fraud. Further, the trial court held that plaintiff's amended complaint sufficiently alleged a claim of fraud; therefore, plaintiff's amended complaint is not futile.".

Plaintiffs claim of larceny by trick is an action for common law fraud. The nomenclature notwithstanding, the complaint states a cause of action and alleges sufficient facts to support it.

### Fifth Cause of Action: Civil Conspiracy

"A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313; 486 N.W.2d 351 (1992)."

*Peterson v. City of River Rouge*, No. 329551, 2017 WL 1967487, at *6 (2017).

Plaintiff has pled that the Defendants conspired to unlawfully obtain documents and other protected information through fraud. Their purpose was unlawful; the information was protected as a trade secret. And their methods were unlawful; "Perez" obtained access to the Federation through fraud. The Plaintiff's complaint properly pleads these allegations.

### Sixth Cause of Action: Violation of the Michigan Uniform Trade Secrets Act

1.

Plaintiff has adequately articulated its claim with respect to trade secrets. Paragraphs 35, 72 and 73 make clear that Plaintiff asserts that Defendant "Perez" lied about her identity and used her access to misappropriate information. And Plaintiffs have provided the Court with specific and identifiable information which includes trade secrets.

Plaintiffs have been as specific as one may be at this stage of the litigation. Defendants acted in secret. The full extent of their thefts cannot be presently known. What is known is that

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

10

Marissa Perez took advantage of her position and her supervisor's absence to view material which was utterly unrelated to her assignment and which included secret strategies essential to the Federation's future. She accessed computer files stored on the computer used by Nathan Walker and electronically fingered through documents which were private and confidential and contained strategies and plans essential to the Federation.

The Federation has presented the Court with 221 pages of documents. The Union has briefed this issue to the Court, explaining why the documents represent confidential plans and strategies. These strategies are the essence of a trade secret for a labor organization. The Union has presented the Court with adequate pleading in both the complaint and the documents presented under seal. The complaint, supported by documents received under seal, provides ample facts to support a cause of action.

2.

Defendants make two claims which are patently questions of fact.

"The Court cannot resolve questions of fact on a motion to dismiss. See *Koehring Co. v. A.P.I., Inc*., 369 F.Supp. 882, 891 (E.D.Mich.1974); *Bowens v. Aftermath Entm't*, 254 F.Supp.2d 629, 640 (E.D.Mich.2003); In re *Cardizem CD Antitrust Litig.*, 105 F.Supp.2d 618, 681 (E.D.Mich.2000)."

*Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 753 (E. D. Mich. 2014).

Nevertheless, Defendants assert that Plaintiffs claims fail because the identified trade secrets have no independent economic value. They further assert that Plaintiff failed to maintain the secrecy of the information. Defendants do not explain how these contentions may be considered on a 12(b)(6) motion; nor could they. Both are fact questions.

First, Plaintiff has pled that its protected information provides has independent economic value. Complaint ¶ 76. And Plaintiff has explained the value in detail and why secrecy is essential to maintain the value of Plaintiff's trade secrets. See Plaintiff's brief to this

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

11

Court regarding the sealed documents, DKT 39. Plaintiff has provided the Court with argument regarding that issue. Simply put, strategies relating to organizing and collective bargaining are the essence of a trade secret for the Federation of Teachers because they directly impact the Federation's ability to maintain membership; membership is critical to the continued existence of the Union. Yet Defendants have blithely asserted that the information has no economic value. That is inaccurate on its face. Yet it is also a question which may be addressed via testimony and evidence. The Federation has sufficiently pled that its trade secrets have independent economic value. That is sufficient for the purposes of its response to this motion.

Second, Defendants have claimed that the Federation of Teachers did not make an adequate effort to maintain the secrecy of its information. That claim, too, fails. The Federation has pled that it sought to keep this information confidential. ¶76. The Union's offices are not open to the public; doors are locked and entry requires permission; the parking lot is gated and locked. Further, computers have passwords and the Federation's computers were only issued to authorized persons. All of these facts are subject to verification with testimony and exhibits. They, too, are not appropriate for determination on a motion under 12(b)(6).

**Seventh Cause of Action: Breach of the Duty of Loyalty and Fiduciary Duty**

1.

Defendants argue that the Michigan Uniform Trade Secrets Act, M.C.L. 445.1901 *et seq.,* ("MUTSA") preempts Plaintiff's claim regarding Defendant "Perez" breach of her duty of loyalty. The contention is incorrect. This Court has held otherwise:

> "The defendants also argue that a claim for breach of the duty of loyalty is preempted by the Michigan Uniform Trade Secret Act (MUTSA). Section 8 of the Act says that the law 'displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.' Mich. Comp. Laws § 445.1908(1). *But that preemption does not extend to*

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170
223

12

> "[o]ther civil remedies that are not based upon misappropriation of a trade
> secret.' Id. § .1908(2). 'The MUTSA does not displace contractual remedies,
> other civil remedies *that are not based upon misappropriation of a trade secret,
> or criminal remedies.*' *Lube USA Inc. v. Michigan Mfrs. Serv. Inc.,* 2009 WL
> 2777332, at *8 (E.D.Mich. Aug. 27, 2009).

> "The allegations in count IX have little to do with trade secrets. 'A claim for
> breach of fiduciary duty and breach of duty of loyalty is really the opposite of
> a misappropriation claim in that it is the agent or employee that withholds
> information or conceals activity of his own when the relationship gives rise to
> a duty to disclose, whereas the essence of a misappropriation claim is the theft
> of the employer's information.' *Wysong Corp. v. M.I. Indus.,* 412 F.Supp.2d
> 612, 623–24 (E.D.Mich.2005). The gravamen of count IX is that the Piku
> defendants were competing against the plaintiff without disclosing their
> activities as they should. The plaintiff's claim in this count is not based
> principally on the misappropriation of trade secrets. Count IX therefore is not
> preempted by the MUTSA."

*Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 753 (E.D. Mich. 2014) (emphasis added).

Plaintiffs have a viable claim against Defendant "Perez" for her wholesale disregard of her duty of loyalty. See this Court's opinion in *Nedschroef Detroit Corp. v. Bemas Enterprises LLC*, 106 F.Supp.3d 874, 882–84 (E.D.Mich. 2015). The action is based upon her fraud, misrepresentations and trespass. These actions are not displaced by MUTSA. This claim is adequately pled and is not preempted.

2.

Similarly, Plaintiffs have pled a viable cause of action against 'Perez" for breach of her fiduciary duty. Defendant contends that she had no such duty. That contention is incorrect. This Court has recognized that individuals who are given a position of trust by others assume a fiduciary duty. Marissa "Perez" was placed in a position of trust. She was given access to information that she knew was not available to the public at large; she was given a password which permitted her to review material stored electronically. She was given access to the Federation's offices although those are closed to the public. She was permitted to attend

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

meetings which were closed to the public. "Perez" knew full well that the information to which she was exposed was confidential. She had a fiduciary duty to protect it.

This issue was addressed directly in *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 753–54 (E.D. Mich. 2014). There an action was brought by a manufacturer of sports equipment against a former employee who, it was alleged, stole the Plaintiff's designs and formed his own, competing, company. Defendant moved to dismiss asserting, among other arguments, that he owed no duty to the Plaintiff. The Court rejected the contention finding that the Defendant owed a duty of loyalty:

> "The *Pik*u defendants contend that a prerequisite to liability under Michigan common law for breach of the duty of loyalty is an employment relationship. The premise of that argument is flawed. 'Under principles of agency, an agent owes his principal a duty of good faith, loyalty, and fair dealing." *H.J. Tucker & Associates, Inc. v. Allied Chucker & Eng'g Co.*, 234 Mich.App. 550, 574, 595 N.W.2d 176, 188 (1999) (citing *Burton v. Burton*, 332 Mich. 326, 337, 51 N.W.2d 297 (1952)). 'The Michigan courts have held that an agent of a principal owes a fiduciary obligation to the principal not to appropriate the opportunity of the principal for his own benefit." *United Rentals (N. Am.), Inc. v. Keizer*, 202 F.Supp.2d 727, 743 (W.D.Mich.2002) (citing *Central Cartage Co. v. Fewless*, 232 Mich.App. 517, 591 N.W.2d 422, 426 (1998)). '[T]he law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal." *Sweeney & Moore v. Chapman*, 295 Mich. 360, 363, 294 N.W. 711, 712–713 (1940). "Although the parameters of this duty are not well-defined, some general rules exist. For example, an employee may take steps to establish a competing business while still employed without breaching the duty of loyalty, but the employee may not actually commence competition." In *re Sullivan*, 305 B.R. 809, 819 (Bankr.W.D.Mich.2004)."

*Id.*, at 751-752

Further, Defendant had a fiduciary relationship:

> "The defendants say that the amended complaint does not allege that Piku had a fiduciary relationship with the plaintiff. The Court disagrees. 'Fiduciary relationships [usually] arise in one of four situations: (1) when one person places trust in the faithful integrity of another, who as a result gains superiority or influence over the first, (2) when one person assumes control and responsibility over another, (3) when one person has a duty to act for or give advice to another on matters falling within the scope of the relationship, or (4)

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

14

when there is a specific relationship that has traditionally been recognized as involving fiduciary duties, as with a lawyer and a client or a stockbroker and a customer.' *Calhoun Cnty. v. Blue Cross Blue Shield Michigan,* 297 Mich.App. 1, 20, 824 N.W.2d 202, 213 (2012). 'An agent authorized to buy or sell for his principal cannot buy or sell for himself; nor can an agent take advantage of the knowledge acquired of his principal's business to make profit for himself at his principal's expense.' *Pikes Peak Co. v. Pfuntner*, 158 Mich. 412, 416, 123 N.W. 19, 20–21 (1909). ' '[I]f an agent acquires any pecuniary advantage to himself from third parties by means of his fiduciary character, he is accountable to his employer for the profit made.' " *Silberstein v. Pro–Golf of Am., Inc.*, 278 Mich.App. 446, 458, 750 N.W.2d 615, 624 (2008) (quoting *Central Cartage Co. v. Fewless*, 232 Mich.App. 517, 525, 591 N.W.2d 422 (1998)).

"The plaintiff alleges that Piku and Piku Management acted as an outside agent of the plaintiff and held a position of trust and confidence. Am. Compl. ¶ 115. The plaintiff alleges that the defendants breached their fiduciary duties by falsely telling customers that they could get certain product modifications made only if Piku modified them; falsely representing to customers and others that certain product modifications were Piku's designs; copying Vaughn Sports' product designs for their own economic benefit; making direct contact with the plaintiff's customers to solicit them to purchase Piku products; and passing off Vaughn Sports' products as their own. Id. at ¶¶ 44, 48, 49, 54. Those allegations are sufficiently detailed to allow an inference of an agency relationship imbued with fiduciary duties. Count X states a viable claim."

*Id.,* 753-754

Defendant "Perez" was placed in a position of trust. She was aware that she had a responsibility to safeguard information Nevertheless, throughout her work for the Federation she was acting in her interest and that of Project Veritas and directly contrary to the goals of the Federation of Teachers. The Plaintiff has a viable cause of action against Defendant for these violations. And Plaintiff has properly pled this claim.

### Eighth Cause of Action: Unlawful Interception of Oral Communications

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

1.

Plaintiff has properly alleged that Defendants violated 18 U.S.C. §§ 2511(1)(a) & (1)(b) through recording conversations and meetings involving Plaintiff's employees. See 2d Am.

15

Compl. ¶¶ 84-90. Plaintiff's claims are supported by Defendant Jorge's unlawful infiltration, ¶¶ 12-14, her detailed and persistent inquiry, ¶¶ 15-19, 39, her strange behavior consistent with recording, ¶¶ 37-38, and Defendant PV's advertised and documented practice of making surreptitious recordings, ¶¶ 3-7, 29, 30. Plaintiff's affidavits further demonstrate the depth of Defendant Jorge's suspicious inquiries to individual AFT Michigan staff, her presence at meetings and in conversations in which she was not a participant, and behavior consistent with Defendants' practice of secretly recording.

2.

Plaintiff alleged that Defendant Jorge recorded conversations that she was directly party to and conversations in which she was not. And even conversations in which Defendant Jorge was a party, Defendant PV clearly was not. Further, the sufficiency of one-party consent does not apply if the "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any state." 18 U.S.C. § 2511(2)(d). Consequently, the Federal Wiretap Act prohibits the use of the one-party consent rule if a defendant's "primary motivation" or a "determinative factor in the actor's motivation in intercepting the conversation was to commit a criminal or tortious act." *Council on Am. Islamic Relations Action Network v. Gaubatz,* 31 F. Supp. 3d 237, 256-57 (D.D.C. 2014) ("CAIR IV").

Plaintiff specifically alleged that Defendants' interception was for the purpose of committing criminal or tortious acts (2d Am. Compl. ¶ 87) and alleged various criminal and tortious acts including fraudulent misrepresentation, trespass, larceny by trick, violation of the MUTSA, and breach of fiduciary duties.

Defendants assert that Plaintiff has not alleged that the subjects of recording had a reasonable right of privacy. Plaintiff's allegations relate to private conversations about personal

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

matters, strategy, and confidential information about members. The conversations took place in Plaintiff's offices which are gated, locked, alarmed, and are open only to those authorized to enter. It is for these reasons that Defendant Jorge fraudulently misrepresented herself to gain access to Plaintiff's offices and private meetings. Thus, Plaintiff has alleged facts sufficient to support the conclusion that Plaintiffs had a reasonable right of privacy.

3.

Finally, Defendants asserts that a private cause of action is for an "aggrieved person" and that Plaintiff is not such a person. 18 U.S.C. § 2510(6) defines person as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation." Because AFT Michigan is an association it is such a "person."

Plaintiff has properly pled this claim.

**Ninth Cause of Action: Violation of the Electronic Communications Privacy Act**

1.

Plaintiff has adequately pleaded a claim under Title II of the Electronic Communications Privacy Act, or the Stored Communications Act, 18 U.S.C. §§ 2701–2712. Congress enacted these statutes with the aim of addressing what it perceived as the "growing problem" of unauthorized persons deliberately gaining access to wire or electronic communications not intended to be available to the public. *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d 311, 333 (D.D.C. 2011), citing S. Rep. No. 99–541, at 35 (1986), reprinted in 1986 U.S.C.C.A.N. 3555, 3589. To that end, Congress criminalized the act of obtaining wire or electronic communications by accessing without

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

17

authorization a facility through which an electronic communication service is provided. *Id.*

Section 2701(a) of Title 18 of the United States Code provides:

> [W]hoever—
>
> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or
>
> (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2701(a).

Thus, criminal liability under Section 2701(a) arises where a person (i) "intentionally accesses" (ii) "a facility through which an electronic communication service is provided" (iii) "without authorization" or by "exceed[ing] an authorization" given and (iv) thereby "obtains ... a wire or electronic communication" (v) while that wire or electronic communication is in "electronic storage." *Id.* Congress created a private cause of action for "any ... person aggrieved" by an intentional violation of Section 2701(a). *Id.* § 2707(a).

2.

AFT Michigan has alleged that Defendants violated Section 2701(a) when Marisa Jorge obtained e-mails, and other electronic documents electronically stored on their computers and computer servers, networks, and systems outside of her authorization to do so. See 2d Am. Compl. ¶¶ 19-24, 35, 91-94. Defendants do not contest that Jorge intentionally accessed Plaintiff's computers, that she did so without proper authorization, and that she thereby succeeded in obtaining access to electronic communications.

Instead, Defendants argue that Plaintiff did not plead that Defendants accessed "a facility" or that it was a "provider" under the Act. Defendants' Brief p.23.

> "[T]he term "facility" is not expressly defined in the SCA, but the legislative history and the term's usage elsewhere reveals that Congress intended the term

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

18

to include the physical equipment used to facilitate electronic communications. The legislative history indicates that Congress understood that an "electronic communication service" could be provided through the same facilities that are used for an "electronic communication system," see S.Rep. No. 99–541, at 14 (1986), reprinted in 1986 U.S.C.C.A.N. 3555, 3568, which is defined as "any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications," 18 U.S.C. § 2510(14). This reading also flows from the common definition of the term "facility" as "the physical means or equipment required for doing something." Oxford English Dictionary Online, http://www.oed.com/viewdictionary entry/Entry/67465 (last visited June 20, 2011). In this context, the "something" that a facility must do is to serve as the physical means or equipment "through which an electronic communication service is provided." 18 U.S.C. § 2701(a).

*Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d at 334-335.

And while there is some case law holding that unauthorized access to documents stored on a computer alone is not sufficient, Plaintiff alleged that Jorge accessed communications on its "computers or computer servers, networks, or systems." See 2d Am. Compl. ¶¶ 92.

3.

Here, Plaintiff alleges that Defendants infiltrated Plaintiff, made false representations causing Plaintiff to provide Defendant Jorge with one of Plaintiff's networked computers to use, and that Defendant Jorge spent over two months accessing files, internal and external networks, databases, and servers. Defendants do not deny these facts. Further, Plaintiff has already introduced preliminary evidence demonstrating that Defendants not only accessed networked computers that they were not authorized to access, but that these computers were used to access communications through the basecamp server used by AFT Michigan and the Future of Detroit Schoolchildren Coalition, and a gmail account being used as part of a scheme of fraudulent misrepresentation and misappropriation.

Further, Defendants are incorrect that that liability may arise under Section 2701(a) only where the electronic communication service is provided by "ISPs or email service providers,

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170
223

19

telephone companies, etc." Defendants' Br. at 24. Congress drafted Section 2701(a) broadly, and "providing an electronic communication service to the public" is not part of the statutory inquiry. *Devine v. Kapasi*, 729 F.Supp.2d 1024, 1027 (N.D.Ill.2010) (emphasis omitted). Consistent with this reading, several courts have concluded that an employer may provide an "electronic communication service" to its own employees. *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d at 334 (citing *Shefts v. Petrakis*, 758 F.Supp.2d 620, 635 (C.D.Ill.2010); *Bloomington–Normal Seating Co., Inc. v. Albritton*, 2009 WL 1329123, at *4 (C.D.Ill. May 13, 2009); *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, 2007 WL 4394447, at *6 (E.D.Pa. Dec. 13, 2007); *Bohach v. City of Reno*, 932 F.Supp. 1232, 1236 (D.Nev.1996)). See also, *Steve Jackson Games, Inc. v. United States Secret Serv.*, 36 F.3d 457, 462 (5th Cir.1994) (applying SCA to information stored on a secure website accessed by third-party users). Cf. *United Stales v. Steiger*, 318 F.3d 1039, 1049 (11th Cir.2003) (a hacker accessed an individual's computer and obtained information saved to his hard drive). Defendants' reliance on *Thule Towing Sys., LLC v. McNallie*, 2009 WL 2144273, *5 (E.D. Mich. July 15, 2009) is also in error because the court found that the plaintiff had not alleged that confidential information accessed on a computer was "a wire or electronic communication" stored on an electronic communication service.

Thus, where, as here, a plaintiff alleges that defendant intentionally and without authorization obtained stored communications by accessing electronic communications systems, the plaintiff states a claim under Section 2701(a). *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F. Supp. 2d at 336, citing *Expert Janitorial, LLC v. Williams*, 2010 WL 908740, at *5 (E.D.Tenn. Mar. 12, 2010).

Finally, the cases cited by Defendants regarding damages are not relevant to whether Plaintiff has stated a claim under the SCA. Under § 2707, a district court may award equitable

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

or declaratory relief, a reasonable attorney's fee and other costs, and "damages under subsection (c)." In *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 204 (4th Cir. 2009), the court specifically held that the plaintiff did not need to prove actual damages to recover punitive damages or attorney's fees.

### Conclusion

Plaintiff has properly pled its causes of action each of which is viable, recognized under Michigan and federal law and supported by the facts presently known. The Court should deny the motion to dismiss in its entirety. However, following "usual practice", the Court should permit Plaintiff to further amend its complaint to expand its pleading rather than dismiss any claim. See *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698–99 (6th Cir., 2004).

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

December 7, 2017

### Certificate of Service

I hereby certify that on December 7, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino.

/s/ Mark H. Cousens

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

21