United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
    Plaintiff,
v

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
    Defendants.

Hon. Linda V. Parker, District Judge

Case No.: 17-cv-13292

---

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
150 W Jefferson, Suite 100
Detroit, Michigan 48226
mersino@buztel.com
313-225-7000
P72179

---

### Response to Defendants' Supplemental Authority

The Court should disregard the supplemental authority submitted by Defendants as the order of the Michigan Court of Appeals is not relevant to the dispute pending before this Court. First, the ruling is an order and not an opinion. The order contains no details with respect to the order issued nor the basis on which it was issued. What is apparent from generally available sources shows that the dispute arises out of the Oakland County Michigan Probate Court and relates to the appointment of a guardian. A legitimate news organization had been reporting on the dispute. As best can be determined from the order of the Court of Appeals, the injunction related to publication of photographs or video recordings of individuals. But no party alleged

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

that the news organization had engaged in unlawful trespass or invasion of private spaces or that the photographs had been taken or video recorded through unlawful surveillance.

Second, the case is irrelevant to this dispute because it does not consider or relate to the theft of trade secrets or recordings obtained through unlawful eavesdropping. Rather, the situation appears to involve ordinary news reporting of a probate matter that has been underway for nearly a decade. The merits of the dispute are not explained in the records of the Probate Court (docket attached) or by the decision of the Court of Appeals.

Defendants have done no more than present the Court with a decision, barren of facts, which does not guide the Court or the parties. The Court has been provided with authority which is directly relevant to this dispute and the order of the Court of Appeals does not diminish the significance of these decisions *Ford Motor Co. v. Lane*, 67 F.Supp.2d 745 (E.D.Mich.,1999). ("...an injunction may issue against one who plans to reveal a trade secret in violation of an employment contract or in breach of a fiduciary duty."); *Chrysler Corp. v. Sheridan*, 2003 WL 327714, at *5 (2003) (Michigan's enactment of the Uniform Trade Secrets Act, M.C.L...provides that a court may enjoin an employee from disseminating trade secrets.").

The Court should disregard the supplemental authority as irrelevant.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

December 12, 2017

### Certificate of Service

I hereby certify that on December 12, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino.

/s/ Mark H. Cousens

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170