# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

**AFT MICHIGAN,**

        Plaintiff,                  Case No. 17-cv-13292

v.                                    Honorable Linda V. Parker

**PROJECT VERITAS, ET AL.**

## DEFENDANTS' REPLY
## IN SUPPORT OF THEIR
## MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(B)(6)

AFT has not pled facts sufficient to state a claim that is plausible on its face. Nor does its Response overcome that. Instead, AFT states bare assertions of legal conclusions and then states, *ipso facto*, that it has met its burden. It has not.

While it should not need to be stated, Defendants have not—as AFT repeatedly asserts in its response—conceded or admitted any facts or failed to rebut any facts. Such is not necessary, required, or proper in a 12(b)(6) Motion. Any assertions by AFT to the contrary are misplaced in a response to such a motion.

Rather than illustrate that it meets the *Iqbal* and *Twombly* standards—practically ignoring the standard altogether—AFT instead asks this Court to rely on "judicial experience" and "common sense" while alluding to "strange behavior" and "documented practice" in other cases. But the burden is on AFT to plead *actual and plausible facts* in *this case*. It has not. Instead, it pled what it "believes" may have happened or even may happen in the future, stating that it needs discovery in order to learn if any actual wrongdoing was carried out. Its claims should be dismissed.

I.   **Plaintiff's Fraudulent Misrepresentation Claim Should be Dismissed.**

AFT attempts to save its Fraudulent Misrepresentation claim by asserting tertiary effects of the alleged misrepresentation (stating that it has "had to act to protect its trade secrets, modify its security processes, change its personnel practices and revise its strategies."). These are not damages incurred, but rather changes in policy. AFT also argues that it was damaged because it brought this suit, which is

circular logic at best. AFT's new allegations in its response brief do not save its insufficient pleading in its Second Amended Complaint. *See, e.g.*, *Newman v. Encore Capital Grp.*, 2017 WL 3479510 (E.D. Mich. Aug. 14, 2017) ("Plaintiff cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendant's motion to dismiss.");[1] citing *Jocham v. Tuscola Cty.*, 239 F. Supp. 2d 714 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief."). AFT has not pled (in its actual pleadings) all of the elements of this cause of action.

## II.     Plaintiff's Claim of Trespass Should be Dismissed.

AFT unpersuasively attempts to distinguish its case from *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695 (2000). It wholly ignores, however, this Court's precedent in *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261 (E.D. Mich. Apr. 28, 2008), holding that under Michigan law there is no trespass where a defendant "did not reveal embarrassing private facts" and "did not disrupt the office business" or "interfere[] with the possession or ownership of the plaintiff's land, which, of course, is the interest protected by the law of trespass." AFT also ignores this Court's holding in *Ouderkirk v. PETA, Inc.*, 2007 WL 1035093 (E.D. Mich. Mar. 29, 2007), that "consent to enter one's property is not vitiated by fraud when the activity disclosed is of a commercial—as opposed

---

[1] All unpublished cases attached hereto as Exhibit 1.

2

to a personal or private—nature." AFT also does not plead any actual damages incurred from any alleged trespass. The claim should be dismissed.

### III. Plaintiff Has Not Pled the Elements of an Eavesdropping Claim.

AFT relies on argument by counsel while ignoring its own pleadings. A simple review of the Eavesdropping count in the Second Amended Complaint will quickly reveal that Plaintiff does not even allege the elements of the cause of action. Nor does it allege any expectation of privacy. Instead, AFT relies on hearsay statements from a YouTube clip unrelated to this case and taken out of context and conclusory statements that something unlawful "is believed" to have happened.

Nor has AFT established standing. The statute states that "any *parties to any conversation* upon which eavesdropping is practiced" is entitled to civil remedies. MCL 750.539h. AFT did not plead it was a party to any conversation allegedly recorded, or who was. AFT cannot cite one case in which an organization had standing to bring a claim under the Michigan statute. Its claim should be dismissed.

### IV. Larceny by Trick is a Not a Civil Cause of Action.

While Larceny by Trick is recognized in Michigan's Penal Code, it is not a civil cause of action. AFT's response cites only criminal cases and argues that "Michigan recognizes a cause of action for common law fraud," and cites a case regarding pleading a claim of fraud. But that is irrelevant to whether Larceny by Trick is a civil cause of action. It is not and the claim should be dismissed.

### V.     Civil Conspiracy.

As noted in Defendants' Motion to Dismiss, because all of AFT's other underlying causes of action fail, so too does its conspiracy claim.

### VI.    Violation of the Michigan Uniform Trade Secrets Act.

Plaintiff attempts to save its MUTSA claim by pointing not to its pleading, but to documents submitted to the Court. Although those documents are outside of the pleadings for 12(b)(6) purposes, the documents add nothing to AFT's claim. The documents are not trade secrets, but are documents available to the public that do not meet the definition of a trade secret. Defendants' Supp. Brief, EFC Docket # 40.

Aside from the lack of confidentiality agreements, non-disclosure agreements, or any directions as to confidentiality, the documents are widely available to the public and third-parties. And in its response AFT concedes that Ms. Jorge "was given access to information," was provided "one of Plaintiff's networked computers to use," and was "given a password which permitted her to review material stored electronically." AFT's Response, ECF Docket # 42, Page ID 1320, 1326.

AFT argues that it is a question of fact whether reasonable steps were taken to maintain secrecy or whether the documents have independent economic value. This Court disagrees, having granted 12(b)(6) motions on such grounds and holding that "if a company did not take reasonable steps to maintain the confidentiality of alleged trade secrets, a misappropriation claim properly fails." *See, e.g.*, *Fabreeka*

4

*Int. Holdings, Inc. v. Haley*, 2015 WL 7253019 (E.D. Mich. Nov. 17, 2015). In *Ukrainian Future Credit Union v. Seikaly*, 2017 WL 5665960 (E.D. Mich. Nov. 27, 2017), this Court recently granted a 12(b)(6) motion denying a plaintiff's request to amend, holding that any amendment as to its trade secret claim would not withstand a motion to dismiss. This was both because the plaintiff failed to allege reasonable steps to maintain secrecy of its alleged trade secrets *and* because the plaintiff failed to plead that there was "independent economic value" to its information. Notably, the Court relied on the lack of employment agreements and lack of confidentiality agreements in its finding. The Court also ruled that the plaintiff's alleged trade secrets did not retain "independent economic value" where it merely alleged that the information was valuable *to it*, but did not plead anything "about the economic value of the information to a competitor or anyone else." *Id*. "Because the [plaintiff] fails to allege that the information in question had 'independent economic value,' it has failed to plead the existence of a protected 'trade secret.' Therefore, its proposed amendment adding a [trade secret] claim is futile." *Id*. Contrary to AFT's argument, these questions are wholly appropriate for determination on a 12(b)(6) motion.

### VII. AFT's Breach of the Duty of Loyalty and Fiduciary Duty Claim Fails.

AFT's allegations in its Second Amended Complaint surrounding its breach of loyalty claim are the exact same acts comprising its MUTSA claim. Thus, this cause of action is displaced by Section 8 of MUTSA and must be dismissed.

5

AFT also cannot avoid the plethora of case law cited in Defendants' Motion regarding the lack of fiduciary duty for a mere employee. It is clear that even an employee/employer relationship does not give rise to such a claim. There is absolutely no authority under Michigan law that establishes that an internship could give rise to such a duty. Any such holding would be contradictory to Michigan, Eastern District of Michigan, and 6th Circuit case law cited by Defendants.[2]

**VIII. AFT Fails to Plead Unlawful Interception of Oral Communications.**

AFT has not pled that anything was recorded, that oral communications were intercepted, or that its employees were recorded discussing AFT business. Nor does it allege any alleged recording was made for unlawful purposes. It is not enough to simply allege other incidental torts or causes of action; this does not allege (let alone plausibly state) that any alleged recording was made for unlawful acts. AFT merely states that Jorge "wore pearls, large glasses, and clothing with buttons *capable of* hiding a camera," coupled that with ad hominem attacks. This does not state a claim.

**IX.    Violation of the Electronic Communications Privacy Act.**

---

[2] AFT's reliance on *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735 (E.D. Mich. 2014) is misplaced. That case dealt with an agent competing directly against its principal for sales and profits. "An agent authorized to buy or sell for his principal cannot buy or sell for himself, nor can an agent take advantage of the knowledge acquired of his principal's business to make profit for himself at his principal's expense. If an agent acquires any pecuniary advantage to himself from third parties by means of his fiduciary character, he is accountable to his employer for the profit made." This is inapplicable to the case at hand.

AFT ignores the case law squarely against it. It has not pled that a "facility" was accessed or that it is a "provider" under the Act. Its cause of action merely recites the conclusory labels of the cause of action. This does not suffice. AFT actually concedes that Ms. Jorge "was given access to information" and that "she was given a password which permitted her to review material stored electronically." AFT's Response, ECF Docket # 42, Page ID 1320. If she was given access and a password along with permission to review electronically stored material, then there was no violation of the Act. This cause of action should be dismissed.

## CONCLUSION

AFT rushed into Court not knowing the facts. It doubled down by claiming any cause of action it could, whether or not they fit the facts. AFT has not met the *Iqbal* and *Twombly* standards. Its conclusory and implausible allegations—along with its entire Second Amended Complaint—should be dismissed.

Respectfully submitted,  December 11, 2017

**BUTZEL LONG, P.C.**

By: /s/ Paul M. Mersin
    Paul M. Mersino (P72179)                Stephen R. Klein (P74687)
150 W. Jefferson, Ste. 100                  500 Madison Street #419
Detroit, Michigan 48226                    Alexandria, VA 22314
mersino@butzel.com                         734-233-1705
(313) 225-7015                              stephen.klein.esq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on **December 21, 2017**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

BUTZEL LONG, P.C.


s/ Paul M. Mersino_____
**Butzel Long, P.C.**
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015