United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,                                    Hon. Linda V. Parker, District Judge
          Plaintiff,

v                                                       Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
          Defendants.

---

MARK H. COUSENS                      PAUL M. MERSINO
Attorney for the Plaintiff              BUTZEL LONG
26261 Evergreen Road, Suite 110     150 W Jefferson, Suite 100
Southfield, Michigan  48076          Detroit, Michigan  48226
cousens@cousenslaw.com              mersino@buztel.com
248-355-2150                         313-225-7000
P12273                               P72179

---

**Plaintiff's Motion to Compel Discovery**

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,                                    Hon. Linda V. Parker, District Judge
        Plaintiff,

v                                                Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
        Defendants.

---

MARK H. COUSENS                    PAUL M. MERSINO
Attorney for the Plaintiff         BUTZEL LONG
26261 Evergreen Road, Suite 110    150 W Jefferson, Suite 100
Southfield, Michigan  48076        Detroit, Michigan  48226
cousens@cousenslaw.com             mersino@buztel.com
248-355-2150                       313-225-7000
P12273                             P72179

---

**Plaintiff's Motion to Compel Discovery**

Plaintiff moves for an order directing the Defendants to participate in the Rule 26(f)

conference and to commence discovery. The reasons this motion should be granted are set out

in the annexed brief.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

January 9, 2018

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Brief in Support of Motion to Compel Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

i

**Table of Authorities**

**Decisions of the U.S. District Court**

*Porter v. Five Star Quality Care-MI, LLC,*
 2014 WL 823418 (E.D.Mich.,2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Federal Rules of Civil Procedure**

Rule 26(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . in passim

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,                                    Hon. Linda V. Parker, District Judge
              Plaintiff,

v                                                Case No.: 17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
              Defendants.

---

MARK H. COUSENS                      PAUL M. MERSINO
Attorney for the Plaintiff           BUTZEL LONG
26261 Evergreen Road, Suite 110      150 W Jefferson, Suite 100
Southfield, Michigan  48076          Detroit, Michigan  48226
cousens@cousenslaw.com               mersino@buztel.com
248-355-2150                         313-225-7000
P12273                               P72179

---

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**Brief in Support of Motion to Compel Discovery**

The Court should direct the Defendants to participate in the Rule 26(f) conference forthwith and order each Defendant to submit to appropriate discovery.

Defendants have refused discovery. On December 27, 2017, Plaintiff's counsel wrote Defendant's counsel to request that the Rule 26(f) conference be convened and that the parties agree on a date for the deposition of Defendant Marissa Jorge. Defendants' counsel responded politely declining to do so. The Defendants' reasoning is that a motion to dismiss is pending and that discovery should be abated until the Court rules on that motion. See attached.

A motion to dismiss does not stay discovery. To the contrary, Rule 26 contemplates that the parties will engage in a discovery conference promptly. A moratorium on discovery exists

until the Rule 26(f) conference but nothing suggests that there is a moratorium on the conference, itself. To the contrary:

> "It is not the usual practice of this Court, however, to order a stay of discovery solely on the ground that a defendant has filed a motion to dismiss. See *Flagg v. City of Detroit,* No. 05–74253, 2008 WL 787039, at *3 (E.D.Mich. Mar.20, 2008). Other courts likewise have recognized that "[t]he mere filing of a dispositive motion ... does not warrant the issuance of a stay [of discovery] under Rule 26(c)." *Hayes v. Liberty Mutual Group Inc.*, No. 11–15520, 2012 WL 1564697, at *7 (E.D.Mich. May 2, 2012); see also *Morien v. Munich Reinsurance America, Inc.*, 270 F.R.D. 65, 67 (D.Conn.2010); *Spencer Trask Software & Information Services, LLC v. RPost International Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y.2002); *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y.1999)."

*Porter v. Five Star Quality Care-MI, LLC*, 2014 WL 823418, at *2 (E.D.Mich.,2014)

It is appropriate that discovery proceed promptly. This Court has vacated the injunction which prevented the Defendants from publishing information taken unlawfully from Plaintiff. Without the injunction, Defendants may now engage in conduct that will irreparably harm Plaintiff and so Plaintiff's interests in engaging in immediate discovery are now heightened. Therefore, Plaintiff is in a classic conundrum: it has every reason to believe that Defendant Jorge used her access to AFT Michigan premises to unlawfully obtain private and confidential information; that she engaged in surreptitious recording of conversations with AFT Michigan staff and leaders. *Her stealth has prevented the Plaintiff from learning the full extent of her misconduct*. Discovery is essential to permit Plaintiff to cut this proverbial Gordian knot and discover the information taken by Defendant Jorge on behalf of Defendant Project Veritas. And time is of the essence.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

The Court should direct Defendants to promptly participate in the Rule 26(f) conference and commence discovery.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
January 9, 2018                                              P12273


### Certificate of Service

I hereby certify that on January 9, 2018 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
January 9, 2018                                              P12273

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170
223

3

# BUTZEL LONG
### ATTORNEYS AND COUNSELORS

*a professional corporation*

Paul M. Mersino
313 225 7015
mersino@butzel.com

Suite 100    150 West Jefferson
Detroit, Michigan 48226
T: 313 225 7000  F: 313 225 7080
**butzel.com**

January 5, 2018

Mr. Mark H. Cousens, Esq.
26261 Evergreen Road, Suite 110
Southfield, MI 48076
unionlawyers@cousenslaw.com

Re:    *AFT Michigan v. Project Veritas, et al*
       Case No.: 2:17-cv-13292

Mark:

       I am writing in response to your email dated December 27, your letter dated January 2, and your letter and proposed motion dated January 4. You continue to assert that Project Veritas "must not publish, disseminate or make available any documents, recordings or other material . . . ." Judge Parker, however, disagrees, as does the First Amendment. While we thank you for your unsolicited advice, it is misplaced and we refer you back to Judge Parker's December 27 Order.

       You have also requested that we schedule a Rule 26(f) conference for the purpose of AFT Michigan to begin discovery in order to determine whether there are any facts that actually establish any of its claims. Notably, your proposed Motion to Compel and Brief in Support that you presented me admit that your client needs discovery in order to discover what, if any, facts might support AFT's claims. I remind you of every attorney's and party's obligations and responsibilities under Fed. R. Civ. P. 11 that *prior* to signing pleadings, attorneys' and/or parties are to conduct a reasonable inquiry into the facts and must be able to represent that any factual contentions have evidentiary support. Complaints without facts are not vehicles for free and unfettered discovery.

       As I noted to you on December 27, in response to your initial email in this string, Defendants currently have pending a 12(b)(6) Motion to Dismiss all of AFT's claims. At this point in time Judge Parker has not issued a Notice to Appear for Case Management Status and Scheduling Conference, and her published practice is to *not* hold such a conference while a dispositive motion is pending. We will await further direction from the Court (either in the form of a Notice or an Opinion and Order on our dispositive motion). Thus, we do not concur in your proposed Motion to Compel and we believe it untimely and unfounded at this juncture.

Ann Arbor    Bloomfield Hills    Detroit    Lansing    New York    Washington D.C.

*Alliance Offices*    Beijing    Shanghai    Mexico City    Monterrey    *Member Lex Mundi*    www.butzel.com

Project Veritas/AFT Michigan
January 5, 2018

Please also be on notice that all Defendants reserve their rights to seek all attorneys' fees and costs whenever permitted under relevant law. Should you file your Motion to Compel Discovery, without any authority substantiating it and when Defendants are not obligated to undertake what you are seeking to compel, all in contradiction to Judge Parker's standing orders to the contrary, we will seek our costs and fees in having to respond to that motion.

Also note that all Defendants reserve and retain their right to seek to recover *all* of their attorneys' fees incurred to date. Due to your client's unfounded and unconstitutional motion for injunctive relief, Defendants have incurred substantial attorneys' fees. That motion has now appropriately been denied on numerous grounds. The Court has also stated all of the reasons for which it is unlikely that your client could prevail on a number of your claims, including your Trade Secret claim. Under Michigan Comp. Laws § 445.1905, the Michigan Uniform Trade Secrets Act, "[i]f a claim of misappropriation is made in bad faith . . . the court may award reasonable attorneys' fees to the prevailing party." We point out that our federal courts have awarded such attorneys' fees to defendants under MUTSA when plaintiffs have wrongfully brought and maintained MUTSA claims that are not substantiated by the facts presented. *See, e.g.*, *Degussa Admixtures, Inc. v. Douglas Burnett & Sika Corp.*, 471 F. Supp. 2d. 848 (W.D. Mich. 2007); *aff'd* 277 Fed. Appx. 530 (6th Cir. 2008) (awarding defendant its attorneys' fees when the plaintiff's claims were objectively unsupported, factually and legally, at the time of filing).

Here, it is clear that your client does not have even a colorable trade secret claim and the documents you claim to have been taken are not even trade secrets. This was made clear by our legal papers and has now been confirmed by the Court's December 27, 2017 Order. If you continue to maintain this claim and refuse to dismiss it (along with the others currently pending), and continue your unnecessary demands for expedited discovery before the Court rules on the pending dispositive Motion to Dismiss, it will simply underscore the bad faith with which your client has brought all of its claims. If this happens, and when that claim is ultimately dismissed, Defendants reserve their rights to recover all of their attorneys' fees incurred to date.

Thank you,

Paul M. Mersino *(cks)*
**BUTZEL LONG, P.C.**

BUTZEL LONG