# EXHIBIT 2

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


AFT MICHIGAN,

        Plaintiff,

v.                                                     File No. 17-13292

PROJECT VERITAS, a foreign corporation,
and MARISA L. JORGE, a/k/a MARISSA JORGE,
a/k/a MARISSA PEREZ,

        Defendants.
_____/


MOTION TO PRODUCE



BEFORE THE HONORABLE ELIZABETH A. STAFFORD

United States Magistrate Judge

U.S. Courthouse & Federal Building

231 Lafayette Boulevard West

Detroit, Michigan

Wednesday, July 12, 2017



*TRANSCRIPT PRODUCED FROM DIGITAL VOICE RECORDING*

*TRANSCRIBER NOT PRESENT AT LIVE PROCEEDINGS*

2

APPEARANCES:

For the Plaintiff:       MARK H. COUSENS
                         Mark H. Cousens Associates
                         26261 Evergreen Road
                         Suite 110
                         Southfield, MI 48076
                         248-355-2150
                         Email: cousens@cousenslaw.com


For the Defendants:      PAUL M. MERSINO
                         Butzel Long
                         150 W Jefferson
                         Suite 100
                         Detroit, MI 48226
                         313-225-7000
                         Email: mersino@butzel.com




To Obtain a Certified Transcript:

PEG L. GOODRICH, CSR-0258, RMR
Federal Official Court Reporter
www.transcriptorders.com

3

# T A B L E   O F   C O N T E N T S

| | PAGE |
|---|---|
| PRELIMINARY STATEMENTS BY THE COURT: | 4 |
| MOTION TO PRODUCE: | 4 |
| RULING BY THE COURT: | 14 |
| CERTIFICATE OF COURT REPORTER: | 17 |

EXHIBITS:                                         IDENTIFIED   RECEIVED

    None marked.

                                                                    4

1                      Detroit, Michigan
2                      Wednesday, February 28, 2018
3                      At 10:06 a.m.
4                           * * * * * * *
5          (Court and counsel present)
6          THE CLERK:  The Court calls case No. 17-13292, AFT Michigan
7   versus Project Veritas, et al.
8          Counsel, please place your appearances on the record.
9          MR. COUSENS:  For the plaintiff, Mark Cousens.
10         THE COURT:  Good morning.
11         MR. MERSINO:  Your Honor, for the defendants, Paul Mersino.
12  Good morning.
13         THE COURT:  Good morning.  I have read your briefs and have
14  made sure I understand the law and the relevant facts.  So with that
15  in mind, I would ask Mr. Cousens -- this is your motion -- to proceed
16  with your argument with the understanding that I am very familiar
17  with what's going on.
18         MR. COUSENS:  There is a real motivation for me to be
19  brief.  As the Court can tell, I am battling laryngitis and unable to
20  speak.  I appreciate the fact that the Court has read the briefs.
21  Let me just highlight the key questions that I think are before your
22  Honor.
23         We are asking that defendants be required to participate in
24  a Rule 26(f) conference and any discovery thereafter because there is
25  no basis for them to refute.  Their pending Motion to Dismiss does

                                                                    5

1  not amount to an automatic stay of discovery.  And contrary to what
2  defendants assert, Judge Parker's practice guidelines do not stay
3  discovery pending any Motion to Dismiss.  To the contrary, what the
4  practice guidelines say is that any Rule 26(f) conference must be
5  completed by the time the Court has the scheduling conference but
6  nothing says the 26(f) conference cannot be conducted until that
7  notice is issued.
8           What defendants have done is to stand Judge Parker's
9  guidelines on its head.  They note that a Rule 26(f) conference must
10 be scheduled not later than four days before the Court's scheduling
11 conference.  You can then extract from that illogically, the
12 conclusion that a conference cannot be conducted.
13          THE COURT:  I'm not sure whether you said this or not but
14 just my -- the plain reading is that the plan, 26(f) plan must be
15 submitted at least four days prior to the conference and I don't see
16 any impact on Rule 26(f) saying that a conference has to be at least
17 21 days before the conference with Judge Parker.  So I'm not sure --
18 that might have been exactly what you said.  I thought that you said
19 that the -- that the 26(f) conference has to be at least four days
20 beforehand but --
21          MR. COUSENS:  Judge Parker's guidelines say that the
22 conference must be completed no later than four days before.
23          THE COURT:  Okay.
24          MR. COUSENS:  But that does not mean that it cannot be
25 conducted more than four days before.  Judge Parker has not issued an

6

order directing the parties to appear for a scheduling conference.

THE COURT: Mm-hmm.

MR. COUSENS: But we are free, indeed required, to engage in a 26(f) conference now and there is nothing which prevents discovery from proceeding. What defendants say is you can't have discovery until the 26(f) conference. True enough but they continue to refuse to participate in the 26(f) conference. What they have done is arbitrarily and unilaterally claim a stay of discovery when no such order is entered and there is no basis for a stay.

THE COURT: Okay. Mr. Cousens, I want you to save your voice because I can tell you that I -- I agree with you. So I'll hear from Mr. Mersino.

MR. COUSENS: Thank you, your Honor.

THE COURT: Thank you. Mr. Mersino, it seems like your -- your brief was a bit artful because it quoted a portion of Rule 26(f) but only a portion. It didn't include -- 26(f) says that the parties must confer as soon as practicable and in any event, at least 21 days before a scheduling conference. And so the 26(f) conference just with the parties is supposed to be conducted as soon as practicable, at least 21 days prior to the scheduling conference with Judge Parker. You didn't include that "as soon as practicable" language and don't you think that that portion of the rule means that you're supposed to meet as soon as practicable and not wait until you meet with Judge Parker?

MR. MERSINO: And I appreciate that, your Honor, by no means

7

1 was I attempting to be artful and not include that in the briefing at
2 all. "As soon as practicable," what is practicable under the
3 circumstances? Also, modifying these rules are the judge's standing
4 protocols which state that the parties must -- her protocols do say
5 have their conference and submit their plan no more than -- or no
6 later than four days prior.
7           THE COURT: No, it doesn't say that. It says: "The parties
8 are required to submit a Rule 26(f) plan as described in the notice
9 no later than four business days prior to the conference." It does
10 not say that the meeting and a submission of the plan are supposed to
11 take place four days before.
12           MR. MERSINO: And in my reading of what I have directly from
13 the judge's website states: "The parties are required to conduct the
14 Rule 26(f) discovery conference and submit a discovery plan and case
15 summary no later than four days prior." So given that --
16           THE COURT: Okay. Because I'm reading from a direct -- I'm
17 reading from the language but I will pull it up to see whether I'm
18 missing something that I'm not seeing here.
19           MR. MERSINO: And I will note there are two sections on
20 her -- of her protocol or her scheduling rules, one that's titled
21 Case Management and Scheduling Orders which I think you just read
22 from which was attached to our brief. The second page attached to
23 our brief is a section titled Discovery which has the language that I
24 just read, which has: "Required to conduct the Rule 26(f) discovery
25 conference and submit a plan no later than four business days."

8

1  THE COURT: I think that in terms of the reading of it,
2  the -- first of all, it says no later than four days beforehand.
3  MR. MERSINO: Right.
4  THE COURT: So it doesn't say that the Rule 26 conference
5  can't be held until four days before the scheduling conference and so
6  I think that that -- the way that you're reading it is that the four
7  business days prior applies to both the conference and to the
8  submission of the discovery plan which -- and the case summary, which
9  I don't think that actually makes sense. Because it makes sense to
10 me that the conference and the preparation of the discovery plan and
11 the case summary would not take place on the same date ordinarily.
12      First there would be a conference and a decision and then
13 the parties would have to work together to put together the discovery
14 plan and the case summary. But then -- and on top of that, if you
15 read that in conjunction with the other practice guideline, it makes
16 it clear that the "no later than four days prior" is referring to the
17 submission of a plan and not the conference.
18      I don't see anything that suggests that Judge Parker
19 intended to change the requirement under Rule 26(f), that the parties
20 meet as soon as practicable, at least 21 days before the discovery --
21 the scheduling conference and with your reading, what would happen,
22 if you take into consideration Rule 26(f), is that Judge Parker would
23 have to rule on the Motion to Dismiss and then she wouldn't even be
24 able to schedule her scheduling conference because Rule 26(f) says 21
25 days -- that she would have to delay her scheduling conference until

9

1  the parties have met and conferred as required by Rule 26(f), the
2  21 -- you know, the 21 days would have had to have passed before the
3  scheduling conference.
4       I don't see anything in any of her guidelines that suggest
5  that she intended for the Rule 26(f) conference, the meet and confer
6  between the parties and the discovery thereafter to be on hold until
7  she rules on the Motion to Dismiss.
8       MR. MERSINO: And I would state that nothing mandates that
9  it must be on hold. The question here and I want to point out one
10 thing for the record, if you look at the briefing from the plaintiff,
11 there is a lot of discussion that we are requesting a stay or the
12 reference Motion to Stay. We aren't seeking a stay. The question
13 is, are we obligated to meet and are they entitled to have a --
14      THE COURT: And the simple answer is yes.
15      MR. MERSINO: And our response would be -- and I respect
16 that wholeheartedly -- our response is that when you look at the rule
17 that says as soon as practicable, under the circumstances here, we
18 have a Motion to Dismiss the case fully, every cause of action as to
19 all defendants. If that motion is granted, then yet we had already
20 begun discovery, all that discovery would have been for naught.
21      THE COURT: I understand that the rules envision that
22 motions to dismiss are going to be filed and if there were a legal
23 requirement that no discovery should be had until after the
24 dispositive motion is decided, you haven't cited it.
25      MR. MERSINO: And I would point to the judge's standing

4:17-cv-13292-LVP-EAS   Doc # 59-3   Filed 03/09/18   Pg 11 of 18   Pg ID 1734
4:17-cv-13292-LVP-EAS   Doc # 57   Filed 03/06/18   Pg 10 of 17   Pg ID 1685

10

1  order in which --
2       THE COURT:  And again, the judge's standing order does not
3  say anything about either the Rule 26(f) conference having to await
4  her decision.  What her guidelines say is that she's not going to
5  have a scheduling conference with the parties until after the Motion
6  to Dismiss has been decided, at least as an ordinary case, but there
7  is nothing saying that the parties are not supposed to participate in
8  a Rule 26(f) conference or in discovery until she makes a decision.
9       I will also point out that one thing that the 2015
10 amendments to the rules -- the Federal Rules of Civil Procedure did
11 was to shorten the time period for an answer.  The Rule 1 was
12 amended to reflect that the parties are responsible, just as the
13 Court is, for having a case proceed without undue delay.  And what
14 you're saying is that your client is just not going to participate in
15 discovery until you have a decision by Judge Parker with no legal
16 authority.
17      MR. MERSINO:  And I agree, Rule 1 points out the parties
18 will conduct discovery as efficiently as practicable.  The judge's
19 own standing rules in our reading is that it recognizes there is a
20 different scenario when a Motion to Dismiss is filed.  And if you
21 look at the 2015 amendments as to proportionality, here, we are going
22 to have discovery potentially begin on ten claims against multiple
23 defendants when potentially all of those claims may be dismissed and
24 potentially, even if the case were to go forward, some of the
25 defendants would not be going forward.  So we are going to have

11

1  potentially extensive discovery going forward on those bases when
2  those matters may no longer be there which is not efficient.
3        THE COURT:  Well, the thing about it is that you could
4  actually have a discussion based upon what you think are the most
5  likely claims to not survive the Motion to Dismiss.  I will say that
6  Judge Parker did indicate in her motion for -- order on the Motion
7  for Preliminary Injunction, that she thought that the parties or the
8  plaintiff had demonstrated a likelihood of success on the merits of
9  its breach of duty of loyalty claim.  And I actually would encourage
10 the parties to consider -- I'm not saying that you have to -- but to
11 consider whether discovery should be staggered in order to wait on
12 claims that are likely not to survive.
13        Of course, that doesn't mean the defense unilaterally
14 deciding the claims that are not likely to survive and therefore,
15 refusing to participate in discovery but a cooperative discussion on
16 how discovery should proceed.  I think the way that this has started
17 has really stymied that cooperative effort because what the defense
18 has done is just said we are not going to participate in any
19 discovery.
20        So I hope that you can reset your conversation and try to
21 come up with a discovery plan in a manner that doesn't lead to
22 unnecessary discovery.  I do think that the issues of proportionality
23 should be addressed and again, I'm not saying that either party
24 should unilaterally make that decision but I think just putting
25 your -- putting your hands in and just saying, on top of that, we are

12

1 going to get -- you know, we want attorney fees from the plaintiff, I
2 don't think this is a good way to set the tone for a cooperative
3 discussion.
4     MR. MERSINO: And just so I can be clear on the record,
5 we've never stated that we refuse to participate in discovery, that
6 we won't participate in discovery. What we say is that in most every
7 case, the judge issues their order and it states conference should be
8 done by this date, plan submitted by this date and then the
9 scheduling conference is on a date certain.
10     Here, again, just our reading of the judge's orders, when
11 she differentiates between cases where a motion under 12(b)(6) has
12 been filed, we will not be having that until I rule on the motion.
13     THE COURT: Well, you know, I heard you say that. I do
14 think that that reading is based upon a selective reading of both the
15 order and the rules of -- the Federal Rules of Civil Procedure and
16 are a bit artful. And I don't agree that there is any basis to
17 believe that any of the judges would expect that the parties wouldn't
18 be complying with Rule 26(f) if they didn't send out a specific order
19 giving a deadline for that.
20     MR. MERSINO: And our basis, again, if --
21     THE COURT: I don't -- I know. If you're saying "again,"
22 you've said it and it's just not -- to me, it's not only not
23 persuasive, I just don't think that that's a legitimate reading
24 of her practice guidelines or of the Federal Rules of Civil
25 Procedure.

13

1  MR. MERSINO: And I understand your position, your Honor.
2  THE COURT: Okay.
3  MR. MERSINO: Being that the Court has, obviously, read the
4  briefs and knows our position, the last thing I just want to point
5  out is that much of the case law cited by plaintiff actually favored
6  our position where they quote judges and magistrates had granted a
7  stay. Again, no Motion for Stay has been filed here but --
8  THE COURT: So that's not really relevant, is it?
9  MR. MERSINO: Well, just that it's stated that it doesn't
10 make sense to begin discovery when there is a Motion to Dismiss on
11 the pleadings -- on a factual issue but on the pleadings -- that
12 would do away with the entire case.
13 THE COURT: That's not -- that's not a -- that's not the
14 rule. There are circumstances under which a Motion to Stay might be
15 warranted but that's not the general rule and on top of that, you
16 said that you didn't file a Motion to Stay.
17 MR. MERSINO: Correct.
18 THE COURT: Instead, you just essentially operated as if
19 there was a stay and so, you know, there can't be a stay unless the
20 Court orders one. If the Court has not ordered one, there is no
21 basis to operate as if a stay is in place.
22 MR. MERSINO: I understand, your Honor. And our position is
23 there isn't a stay, there isn't a need for a stay because discovery
24 has not yet been triggered.
25 THE COURT: All right. So I will -- you can have a seat if

14

1  you'd like.
2           MR. MERSINO:  Okay.
3           THE COURT:  I will go ahead and make my ruling.  The
4  plaintiff moves for an order directing the defendants to participate
5  in a 26(f) -- a Rule 26(f) conference as relates to discovery.  And
6  as I noted, even though it's true that Judge Parker found that some
7  of the claims in the complaint -- that a likelihood of success on the
8  merit was not demonstrated for some of the plaintiffs in the
9  complaint, she did indicate that the issue of whether the defendants
10 reached the duty of loyalty, that there was a likelihood of success
11 on the merits.
12          And on top of that, that's really a different question.  It
13 doesn't -- an evidentiary decision whether something is likely to
14 succeed on the merits, a Motion to Dismiss is not a decision on the
15 merits.  And so there might have been some claims where she did not
16 find that there was a likelihood of success on the merits but that
17 doesn't mean that a Motion to Dismiss should be granted.
18          We've already discussed Judge Parker's practice guidelines.
19 I interpret her practice guidelines as meaning that the discovery
20 plan has to be submitted at least four days prior to the conference
21 with her, to the case management status and scheduling conference.
22 That is distinct from the Rule 26(f) conference which is between the
23 parties.
24          Under Rule 26(f), the parties must confer as soon as
25 practicable and again, at least 21 days before a scheduling

                                                                    15

1   conference is to be held.  In other words, the Rule 26(f) does not
2   allow for a delay of the Rule 26(f) conference until a conference is
3   scheduled with the district judge.  To the contrary, it says it
4   should be scheduled as soon as practicable and at least 21 days
5   before.  It's just not, as I said, a basis for delaying that
6   conference.
7          Under Rule 26(d), it said the one -- the parties may not
8   seek discovery from any source before the parties have conducted a
9   26(f) conference.  So what has happened by the defense refusing to
10  participate in the 26(f) conference is that there is no discovery
11  plan that has been agreed to under Rule 26(f) and discovery hasn't
12  begun.
13         The case law is ample that the filing of a dispositive
14  motion does not automatically act as a stay.  And the defendant
15  hasn't moved for a stay even.  There is just no basis for refusing
16  to participate in the Rule 26(f) conference at this -- at this
17  juncture.  And therefore, I am going to order for the parties to have
18  a 26(f) conference within two weeks from today and for discovery to
19  commence under Rule 26(d) after the conference.
20         I do want to warn the defense of a couple of things.  First,
21  even if they object to my order, that doesn't act as a stay on the
22  parties' obligations under the order that I'm going to enter.  And
23  that's the Eastern District of Michigan Local Rule 72.2 and it says
24  when a -- an objection is filed to a magistrate judge's ruling on a
25  non-dispositive motion, the ruling remains in full force and effect

16

1  unless and until it is stayed by the magistrate judge or by a
2  district judge.  So I do want to emphasize that even if the defendant
3  objects, it does not stay your obligation to act in accordance with
4  the order.
5         I also will emphasize that there is plenty of case law to
6  the effect of, failure to object to discovery requests within the 30
7  days provided by Rules 33 and 34 constitute a waiver of any
8  objection.
9         So -- and I will cite the case that's easier for me to
10 pronounce, *Sobol v. Imprimis Pharmacy*, and that's 2017 Westlaw
11 5035837.  And that's Eastern District of Michigan, October, 2017.  If
12 you didn't get that citation, I will provide it in my order anyway.
13        So I am warning defendant that they can't just operate under
14 the position that the dispositive motions haven't been decided and/or
15 that objections to my order have been filed and refuse to attend a
16 26(f) conference and to respond to any discovery requests.
17        Mr. Cousens, is there anything else you need me to do today?
18        MR. COUSENS:  No.  Thank you, your Honor.
19        THE COURT:  Mr. Mersino, is there anything further you need
20 me to address today?
21        MR. MERSINO:  No, your Honor.  Thank you.
22        THE COURT:  All right.  Thank you.
23        THE CLERK:  All rise.  Court is in recess.
24        (At 10:32 a.m. - proceedings adjourned)
25                          ********

17

*CERTIFICATE OF TRANSCRIBER*

I, PEG L. GOODRICH, Official Court Reporter in and for the United States District Court, Eastern District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing proceedings held before the HONORABLE ELIZABETH A. STAFFORD, United States Magistrate Judge, is a true and correct transcription, to the best of my ability, of the digital sound recording taken in the matter of AFT MICHIGAN v. PROJECT VERITAS, et al., File No. 17-13292, held on Wednesday, February 28, 2018.

s/Peg L. Goodrich
Peg L. Goodrich, CSR, RMR
Federal Official Court Reporter
United States District Court
Eastern District of Michigan

Date:   March 5, 2018
        Detroit, Michigan