United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,                                    Hon. Linda V. Parker, District Judge
      Plaintiff,

v                                                Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
      Defendants.

---

MARK H. COUSENS                          PAUL M. MERSINO
Attorney for the Plaintiff               BUTZEL LONG
26261 Evergreen Road, Suite 110          150 W Jefferson, Suite 100
Southfield, Michigan  48076              Detroit, Michigan  48226
cousens@cousenslaw.com                   mersino@buztel.com
248-355-2150                             313-225-7000
P12273                                   P72179

---

**Brief in Support of
Plaintiff's Emergency Motion for Temporary Injunction**

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## Table of Contents

Table of Authorities ................................................................................................ ii

Introduction ...................................................................................................... 1

The Facts .......................................................................................................... 7

Argument ......................................................................................................... 10

      A.    AFT Michigan Has Standing ................................................ 10

      B.    The Court Should Enjoin Defendants .................................... 11

      C.    The Court Should Order Defendant to Destroy Illegally Obtained
            Material ............................................................................ 17

      D.    The Court Should Prohibit Continued Fraud ...................... 18

Conclusion ........................................................................................................ 19

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

i

# Table of Authorities

## Statutes of the United States of America

*CAIR v.Gaubatz*, 31 F.Supp.3d 237 (D.D.C. 2014) .................................. 13

*Democracy Partners v. Project Veritas Action Fund,*
285 F. Supp. 3d 109 (D.D.C. 2018) ...................................... 13

*Dietemann v. Time, 449* F.2d 245 (9th Cir. 1971) ...................................... 6

*Food Lion, Inc v. Capital Cities/ABC, Inc.,*
194 F.3d 505 (4th Cir. 1999) ...................................... 6

*Project Veritas et al. v. Gemini Insurance Company,*
1:17-07472 (NYSD) .......................................... 14

*Reinhart v. Cendrowski Selecky*, P.C., 2003 WL 23104222 (2003) ......................... 18

*Shulman v. Group W Prod.*, 955 P.2d 469 (Cal. 1998) .............................. 6

*Vera v. O'Keefe*, 791 F. Supp. 2d 959 (S.D. Cal. 2011) ............................. 6

*Wentz v. Project Veritas*, No. 6:17–cv–1164
(M.D. Fla. Jan. 31, 2018) .......................................... 13

## Cases Decided By the United States District Courts

*CAIR v.Gaubatz*, 31 F.Supp.3d 237 (D.D.C. 2014) .................................. 13

*Democracy Partners v. Project Veritas Action Fund,*
285 F. Supp. 3d 109 (D.D.C. 2018) ...................................... 13

*Dietemann v. Time, 449* F.2d 245 (9th Cir. 1971) ...................................... 6

*Food Lion, Inc v. Capital Cities/ABC, Inc.,*
194 F.3d 505 (4th Cir. 1999) ...................................... 6

*Project Veritas et al v Gemini Insurance Company,*
1:17-07472 (NYSD) ............................................... 14

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

ii

*Reinhart v. Cendrowski Selecky*, P.C., 2003 WL 23104222 (2003) .......................... 18

*Shulman v. Group W Prod.*, 955 P.2d 469 (Cal. 1998) ................................................ 6

*Vera v. O'Keefe*, 791 F. Supp. 2d 959 (S.D. Cal. 2011) ............................................ 6

*Wentz v. Project Veritas*, No. 6:17–cv–1164
(M.D. Fla. Jan. 31, 2018) ................................................................................ 13

**Statutes of the State of Michigan**

M.C.L. 750.539b ...................................................................................................... 12

M.C.L. 750.539c ................................................................................................ 10, 12

M.C.L. 750.539h ................................................................................................ 15, 16

**Cases Decided by the Michigan Court of Appeals**

*AFT Michigan v. State*, 825 N.W.2d 595,
297 Mich.App. 597 (2012) ..................................................................................... 11

*People ex rel. Oakland County Prosecuting Attorney v. Kevorkian*,
534 N.W.2d 172, 210 Mich.App. 601 (1995) ......................................................... 16

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

iii

## Introduction

In the last 48 hours, Defendant Project Veritas has posted YouTube videos broadcasting to the world its admission of illegal activity in Michigan and a promise to release the material it unlawfully obtained next week. These broadcasts follow a multi-state blitz by Defendant Project Veritas against AFT Michigan and other AFT affiliates over the last month—entering union offices and even disrupting teacher representatives in school. This activity is part of Project Veritas' pattern and practice of fraudulent misrepresentation and unlawful secret recording to attack and harm teachers and the students they serve. It is for these reasons, that we renew our efforts to seek relief from this Court. On Thursday, May 3, 2018, James O'Keefe, founder of Defendant Project Veritas, told the world that he intended to release unlawfully recorded video and documents stolen from AFT Michigan. He said:

> "In the next segment you'll see a video that Randi Weingarten herself did not
> want you to see.  And this time we not only have the videos, we have the
> documents."

In December, 2017, this Court lifted an injunction against Defendants, in part because of the Court's conclusion that there was no available evidence of the alleged unlawful recording. Defendants have now publicly admitted that they recorded and appropriated documents and have announced that they will release them next week. The Court is now faced with a party which has confirmed that it engaged in unlawful acts and which now seeks to benefit from them. The Court should conclude that Defendant Project Veritas has engaged in illegal eavesdropping and theft of private and confidential

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

1

documents. The Court should enjoin Defendant Project Veritas from future violations and should direct Defendant to destroy any material which was obtained in violation of Michigan law. Based on this new evidence, Plaintiff moves that the Court issue an order directing the Defendant to forthwith produce to the Court any material in its possession pertaining to AFT Michigan or any of its affiliates for the purpose of in camera review and further order the Defendant to refrain from publication or dissemination of that material until the further order of the Court.

1.

In the last 48 hours, Defendant has posted YouTube videos broadcasting to the world that it plans to release the unlawfully obtained video footage and documents at issue in this case. Based on this new evidence, Plaintiff moves that the Court issue an order directing the Defendant to forthwith produce to the Court any material in its possession pertaining to AFT Michigan or any of its affiliates for the purpose of in camera review and further order the Defendant to refrain from publication or dissemination of that material until the further order of the Court.

2.

Plaintiff AFT Michigan, acting for itself and its affiliated local Unions, requests that the Court issue an order enjoining Defendant Project Veritas from distributing or disclosing the contents of private conversations unlawfully recorded in secret by employees or agents of the Defendant; that in the alternative the Court engage in in camera review of material which the Defendant has threatened to release to the public in a video it posted on YouTube and order any material unlawfully obtained destroyed.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

Since the decision of the Court of December 27, 2017, Project Veritas has engaged in a wholesale effort to secretly record conversations between its agents and leaders of AFT affiliates. As the annexed declarations show, over the last two weeks, PV has sent its agents into after at least six different AFT Michigan affiliates and at least three affiliates of the Ohio Federation of Teachers for the purpose of secretly recording teachers and their representatives and to falsely represent these conversations.

The PV "blitz" was part of an organized effort to disparage and distort the mission and tasks of labor organizations representing public school teachers. On May 2, 2018 at about 9:00 a.m. EDT, Defendant released a "YouTube" video in which the Defendant broadcasted excerpts of a secretly recorded interview of the president of an affiliate of the National Education Association located in Hamilton Township, New Jersey. In a preface to the recording, James O'Keefe, Project Veritas founder, threatened that the very videos at issue in this case will be released "next week." ("We know AFT President Randi Weingarten is watching us. She actually tried, in the courts, to stop one of the videos we will be releasing next week.")[1]

Today, May 3, 2018, at about 7:30 a.m. EDT, Defendant released a second YouTube video in which Defendant broadcasted excerpts of a secretly recorded interview of the president of an affiliate of the National Education association located in Union City, New Jersey. In the postscript to the recording, O'Keefe again threatened that he would release the videos at issue in the case, and added that he had accompanying documents.[2] ("In the

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

---

[1] Project Veritas/Veritas Visuals, *BREAKING: NJ Teachers Union President Will "Bend the Truth," Cover Up Child Abuse in Schools*, YouTube (May 2, 2018), https://youtu.be/cGfa9pDYRPs at minute 1:26. Video is also available here: https://youtu.be/CsBVJxWx0E4.

[2] Project Veritas/Veritas Visuals, *HIDDEN CAM: Union City NJEA Protects "Teacher Who Had Sex" w/ Student*, YouTube (May 3, 2018), https://youtu.be/qCCIJ0tKpIw at minute 15:26. Video is also available here: https://youtu.be/WUuxBwTzsCE.

3

next segment you'll see a video that Randi Weingarten herself did not want you to see. And this time we not only have the videos, we have the documents.").

3.

Project Veritas has violated Michigan law in by its persistent eavesdropping and its false impersonations. In lifting the injunction against Project Veritas, this Court noted that "there was no evidence that Jorge had actually installed, placed or used, without its consent, any device for 'observing, recording, transmitting, photographing, or eavesdropping.'" Opinion at 17. However, the facts have changed. Project Veritas has now made clear that it has secretly recorded conversations and possesses stolen documents and that it intends to broadcast these communications and documents. In short, the Defendant has now admitted to unlawfully recording Plaintiff and now has brazenly announced that it will publish and distribute that footage next week . In short, the Defendant has now admitted to unlawfully recording Plaintiff and now has brazenly announced  – to 57,000 viewers in the last 24 hours, and counting -- that it will publish and distribute that footage next week. Project Veritas is a scofflaw with multiple lawsuits currently pending against it and an established pattern of unlawful conduct. Now that Project Veritas has clearly announced its intention to publish material it obtained unlawfully, Plaintiff urges the Court to consider injunctive relief, or at the minimum, an in camera review of the material to be able to make a more informed determination.

Project Veritas is a scofflaw with multiple lawsuits currently pending against it for its unlawful misrepresentations, infiltrations, and splicing and dicing of unlawfully obtained

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

material to distort itand an established pattern of unlawful conduct.[3] It has attacked not only teachers unions, but also community organizations, elected officials, news organizations, and other groups—all in the same pattern and practice of deceptive and unlawful tactics.[4] Now that Project Veritas has clearly announced its intention to publish material it obtained unlawfully, Plaintiff urges the Court to grant injunctive relief prohibiting future violations of Michigan law and to engage in an *in camera* review of the material and enjoin the distribution of information obtained illegally.

Michigan law is clear with regard to the surreptitious and unconsented recording of conversations. M.C.L. 750.539c. Further, the federal wiretap law prevents Defendant's actions because the recording was done for the purpose of committing a criminal or tortious act in violation of the laws of Michigan related to eavesdropping and the duty of loyalty. 18 U.S.C. § 2511(2)(d).

But Defendant has ignored the law and now seeks to inflict its harm through its unlawful invasions into the privacy and rights of those individuals and the organizations they belong to. Defendant is taunting its victims and dares flaunting its ability to get away its crimes. the Court to do something about it. The Court should not tolerate the repeated

---

[3] *See, e.g., Democracy Partners v. Project Veritas Action Fund,* 285 F. Supp. 3d 109 (D.D.C. 2018) (denying Project Veritas' motion to dismiss on multiple allegations deriving from an unlawful infiltration); *Wentz v. Project Veritas,* No. 6:17–cv–1164 (M.D. Fla. Jan. 31, 2018) (denying Project Veritas' motion to dismiss on allegations of federal wiretap and defamation).

[4] *See, e.g., Democracy Partners v. Project Veritas Action Fund,* 285 F. Supp. 3d 109 (D.D.C. 2018) (denying Project Veritas' motion to dismiss on multiple allegations deriving from an unlawful infiltration); *Wentz v. Project Veritas,* No. 6:17–cv–1164 (M.D. Fla. Jan. 31, 2018) (denying Project Veritas' motion to dismiss on allegations of federal wiretap and defamation). *See, also* Jane Mayer, *Sting of Myself,* New Yorker, May 30, 2016, available at https://www.newyorker.com/magazine/2016/05/30/james-okeefe-accidentally-stings-himself (detailing O'Keefe's sting against ACORN, involving a $100,000 settlement after a lawsuit alleging unlawful recording; O'Keefe's break-in to New Orleans office of Mary Landrieu, then a Democratic senator for Louisiana; attempts to scam the Open Society Foundations); Shawn Boburg, Aaron C. Davis and Alice Crites, *A woman approached The Post with dramatic — and false — tale about Roy Moore. She appears to be part of undercover sting operation,* Washington Post, Nov. 27, 2017, *available at* https://www.washingtonpost.com/investigations/a-woman-approached-the-post-with-dramatic--and-false--tale-about-roy-moore-sje-appears-to-be-part-of-undercover-sting-operation/2017/11/27/0c2e335a-cfb6-11e7-9d3a-bcbe2af58c3a_story.html?utm_term=.029e55d93c97.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

5

violations of statute by this Defendant. These new facts significantly change the landscape. As Defendant has now made clear its intention to engage in criminal conduct, any First Amendment interest that it had is severely diminished. *Food Lion, Inc v. Capital Cities/ABC, Inc.,* 194 F.3d 505, 516 (4th Cir. 1999) (rejecting the application of heightened First Amendment scrutiny to the breach of duty of loyalty and trespass claims because "the tort laws [ ] do not single out the press or have an incidental effect upon work.") *Dietemann v. Time, 449* F.2d 245, 249 (9th Cir. 1971) ("The First Amendment is not a license to trespass, to steal, or to intrude by electronic means into the precincts of another's home or office."); *Vera v. O'Keefe,* 791 F. Supp. 2d 959, 968 (S.D. Cal. 2011) (holding that persons engaging in news gathering are not permitted to violate criminal laws in the process); *Shulman v. Group W Prod.*, 955 P.2d 469, 495 (Cal. 1998) (finding privacy torts to be generally applicable and not protected by a First Amendment defense, noting "the press in its newsgathering activities enjoys no immunity or exemption from generally applicable laws." ).

The Court should recognize that it has the authority to enjoin perpetual violations of criminal statutes and should do so here. Defendant Project Veritas should be enjoined from future violations of the law and from disseminating or distributing of recordings of conversations with any person acting on behalf of AFT Michigan or its affiliated local Unions.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

6

## The Facts

1.

Starting in March, 2018, Project Veritas launched a nationwide assault on labor organizations representing public school teachers. Defendant sent agents to infiltrate teacher union offices and schools in in Michigan, Ohio, New York, New Jersey, Minnesota, and New Mexico. These agents obtained entry to the offices and schools of more than a dozen Unions.

In each instance, an agent of Project Veritas met with a representative of the local Union. In each instance, the agent told a variant of the same false story told was the same or nearly so: the visitor was a "partner" of, a relative of, or friend of a public school teacher who worked in the school district. Each time, the agent said that their partner, friend, or relative had engaged in some form of serious misconduct–striking a student and in some cases using a racial epithet. On each occasion, the agent sought to elicit a response from the Union representative regarding the teacher's misconduct, inducing shock, panic, and alarm in many situations.

None of the individuals identified themselves as agents of Defendant. To the contrary, the agent claimed the contrary, i.e. that they were just an interested person who was trying to help a friend or relative who was a member of the union, all of which was false.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170
®©⎯⎯⎯⎯223

7

2.

(a)

On May 2, 2018, Project Veritas released a "YouTube" video of a secretly recorded conversation between one of its operatives and the president of the Hamilton Township, Education Association in Hamilton Township, New Jersey. Attached is a transcript of the conversation as well as a link to the "YouTube" page where the video may be viewed. As a prelude to the video, James O'Keefe threatened that similar material pertaining to AFT Michigan would be released in a week. He stated:

> "We know AFT President Randi Weingarten is watching us. She actually
>
> tried, in the courts, to stop one of the videos we will be releasing next week."

(Ex 1. at 1:26)

The Defendant's threat makes clear that Plaintiff's allegations are in fact true; Defendants Project Video and Jorge unlawfully recorded private conversations and now intend to release and profit from them.

(b)

On Monday, April 23, 2018, Project Veritas sent its operatives into affiliates of AFT Michigan and AFT Michigan itself. As the attached declarations make clear, agents of the Defendant secured meetings with local leaders or representatives of these labor organizations. In each case, the Defendant's operatives told a similar story. A friend or relative of teacher, who was a member of the union, had harmed a child and was worried about what might happen. The agents visiting other AFT affiliates have been identified as Project Veritas associates in various places, including Marisa Jorge herself. Additionally, in Lordstown, the operative fled once asked for identification.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

8

(c)

  Yesterday, May 2, 2018, Project Veritas released a YouTube video of a secretly recorded conversation between one of its operatives and the president of the Hamilton Township Education Association in Hamilton Township, New Jersey. Attached is a transcript of the conversation. As a prelude to the video, James O'Keefe threatened that similar material pertaining to AFT Michigan would be released in a week. He stated:

> "We know AFT President Randi Weingarten is watching us. She actually
> tried, in the courts, to stop one of the videos we will be releasing next
> week."[5]

(Ex 1. at 1:26)

  The Defendant's threat makes clear that Plaintiff's allegations are in fact true; Defendants Project Video and Jorge unlawfully recorded private conversations and now intend to release and profit from them.

(d)

  Today, May 3, 2018, Project Veritas released a YouTube video of a secretly recorded conversation between one of its operatives and the president of the Union City Education Association in Union City, New Jersey. At the end of the video, James O'Keefe again threatened that he would release the footage at issue in this case next week. He stated:

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

---

[5] Project Veritas/Veritas Visuals, *BREAKING: NJ Teachers Union President Will "Bend the Truth," Cover Up Child Abuse in Schools*, YouTube (May 2, 2018), https://youtu.be/cGfa9pDYRPs at minute 1:26. Video is also available here: https://youtu.be/CsBVJxWx0E4.

9

"In the next segment you'll see a video that Randi Weingarten herself did

not want you to see. And this time we not only have the videos, we have the

documents."

(Ex X. at 15:26)[6]

## Argument

The Court should enjoin Defendants Project Veritas and Marissa Jorge from future violations of the law and from disclosing or disseminating any material obtained in violation of Michigan law. As demonstrated below, Project Veritas's recent announcement that next week it will release video recordings that were obtained in violation of Michigan and federal law, as well as its recent unlawful aggressions against teacher representatives in their schools and offices around the country changes the facts. M.C.L. 750.539c prohibits recording a private conversation without the full consent of all parties present. The Court has the authority to enjoin future violations of the statute. The Court has authority to prevent Project Veritas from benefitting from the commission of a crime. The Court should do so here. There are no First Amendment implications associated with the commission of crimes; a person does not have a constitutional right to benefit from their criminal activity.

A.     AFT Michigan Has Standing

AFT Michigan has standing to seek a remedy on behalf of any of its affiliated local Unions and does so here. The Federation is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Affiliated with AFT Michigan are numerous local

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

---

[6] Project Veritas/Veritas Visuals, *HIDDEN CAM: Union City NJEA Protects "Teacher Who Had Sex" w/ Student*, YouTube (May 3, 2018),  https://youtu.be/qCCIJ0tKpIw at minute 15:26. Video is also available here: https://youtu.be/WUuxBwTzsCE.

10

Unions representing tens of thousands of employees of schools, universities and colleges throughout the State of Michigan. As such, AFT Michigan may seek a remedy on behalf of both the organizations affiliated with it and their members:

> "It is not disputed that, under Michigan law, an organization has standing to advocate for the interests of its members if the members themselves have a sufficient interest." *Lansing Sch. Ed. Ass'n v. Lansing Bd. of Ed.*, 487 Mich. 349, 373 n. 21, 792 N.W.2d 686 (2010). Defendants concede that if the organizational plaintiffs represent public school employees, then they have standing. The organizational plaintiffs assert that they represent public school employees. Defendants complain that these plaintiffs have not produced evidence of their memberships. However, defendants do not provide any evidence to the contrary and it is plain that these plaintiffs represent public school employees. They have names such as "AFT Michigan" (American Federation of Teachers—Michigan) "Dearborn Federation of School Employees," and "Detroit Association of Educational Office Employees." Certainly defendants have not demonstrated that they are entitled to judgment on this point as a matter of law."

*AFT Michigan v. State*, 825 N.W.2d 595, 599, 297 Mich.App. 597, 607–08 (2012)

The Federation makes this motion on behalf of all of its local Unions but those represented by the annexed declarations in particular. The Court should act to prevent the harm which will be caused by the deliberate distortion of conversations recorded in violation of the law.

B.    The Court Should Enjoin Defendants

1.

The Court should enjoin the Defendants from benefitting from their own wrongdoing. Project Veritas' recent announcement fundamentally shifts the balancing of the injunctive factors. The Court must balance four criteria in deciding whether to issue a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3)

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

whether the issuance of the injunction would cause substantial harms to others; and (4) whether the public interest would be served by the issuance of the injunction. See Opinion at 5.

2.

Plaintiff now has the evidence to demonstrate a strong likelihood of success on criminal eavesdropping and federal wiretap law in addition to a duty of loyalty. It is a crime to secretly record private conversations. M.C.L. 750.539c states:

> "Any person who is present or who is not present during a private conversation and who willfully uses any device to eavesdrop upon the conversation without the consent of all parties thereto, or who knowingly aids, employs or procures another person to do the same in violation of this section, is guilty of a felony punishable by imprisonment in a state prison for not more than 2 years or by a fine of not more than $2,000.00, or both.

> "Further, it is a crime to trespass for the purpose of unlawful recording.

> "A person who trespasses on property owned or under the control of any other person, to subject that person to eavesdropping or surveillance is guilty of a misdemeanor."

M.C.L. 750.539b.

Here, Defendant has announced that it has secretly recorded conversations with AFT Michigan staff and staff of AFT Michigan affiliates. The recording violated Michigan law. Nevertheless, Defendant has made clear that it intends to distribute these illegally recorded conversations. Further, Defendant has now said that it intends to distribute documents stolen from AFT Michigan.

Further, Defendant has also violated the federal wiretap statute which makes it a violation when a person intentionally "intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

12

communication for a criminal or tortious purpose." 18 U.S.C. § 2511 (a), (d). To plausibly allege a criminal or tortious purpose requires " 'either (1) that the primary motivation, or (2) that a determinative factor in the actor's motivation in intercepting the conversation was to commit' a criminal or tortious act." *CAIR v.Gaubatz*, 31 F.Supp.3d 237, 256–57 (D.D.C. 2014) ("*CAIR 2014*") (quoting *United States v. Dale*, 991 F.2d 819, 841 (D.C. Cir. 1993)). Here, Defendant has a criminal purpose under the Michigan Eavesdropping Law and a tortious purpose under Michigan's duty of loyalty, among others. *See Democracy Partners v. Project Veritas Action Fund*, 285 F. Supp. 3d 109, 124 (D.D.C. 2018) (denying Project Veritas' motion to dismiss on federal wiretap violation because of allegation that its recording was made in breach of its fiduciary duties); *Wentz v. Project Veritas*, No. 6:17–cv–1164 (M.D. Fla. Jan. 31, 2018) (denying Project Veritas' motion to dismiss on allegation of federal wiretap based on defamation claim).

3.

The factors related to irreparable harm, harm to others and the public interest are significantly altered by Project Veritas' announcement and its recent unlawful aggressions towards Plaintiff. Defendants' method of operation intentionally ignores the law. Indeed, despite the law, Defendant's agents have continued to engage Union leaders through fraud; misrepresenting who they are and their purpose. And Defendant's agents use hidden devices to record these conversations. Indeed, it is clear that the conversations disclosed on May 2 and May 3 were as recorded without consent and via a hidden device. The attached declarations show a wholesale effort to continue to attack AFT Michigan affiliates. The April 23 efforts were part of a multi-state effort to attack teacher Unions through using false representations to gain access to teacher representatives in schools and offices. The

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

Defendant engaged in the same conduct in numerous locations. The story was the same–a student was somehow harmed and the agent wanted to know how the Union could help.

The Court should not overlook the degree to which Defendants' modus operandi is a serious attack on the public interest. Time after time, Defendants coax victims into situations to gain confidential information under false pretenses. Defendants claim to do so under the auspices of journalism, and as a result, attempt to use the First Amendment as a shield. However, Defendants' own admissions reveal that they are for-hire spies, not journalists. See *Project Veritas et al. v. Gemini Insurance Company*, 1:17-07472 (NYSD) (breach of contract lawsuit brought against insurer for refusal to cover legal expenses in connection with multiple lawsuits related to surreptitious reporting, selective editing, and defamation) (case subsequently voluntarily dismissed). Specifically, Defendants represented to their insurance company that their "business included or prospectively included earning fees or other compensation for investigative reporting services rendered to others . . . ." *Id.*, Exh. F at 5 (Doc 2-8) (insurance coverage denial letter) Additionally, a 2015 renewal application reveals that Defendants included a list of "'clients', for which 'expose' services were performed. Amounts for gross billings/fees are stated for each." *Id.* at 5). These admissions reveal that Defendants do not serve some larger public interest connected to the value of accurate, fair and thorough journalism for which the First Amendment offers a shield, but that they are for-hire operatives that profiteer off fear-mongering and fake news.

A preliminary injunction is necessary for at least one other reason in connection with the public interest. Defendants' history reveals that, to date, the judicial system has provided an incomplete solution to dissuading Defendants from committing stings and scams. See

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

14

supra, note 2. That is because Defendants can easily pay money to settle a case, or fund-raise to cover legal fees. However, injunctive relief may finally provide relief in furtherance of the public's interest to putting a stop to the release of confidential information, putting a stop to the release of defamatory information, and putting a stop to information garnered through illegal means. The provision of injunctive relief is the only way in which Defendants can truly be stopped, and the only way in which Plaintiffs' interests can truly be protected.

Defendants' conduct was always illegal; their efforts to unlawfully record private conversations and then release them is no longer speculation.

4.

The Court has statutory authority to enjoin continued violations of Michigan law. M.C.L. 750.539h. The Court previously vacated an injunction prohibiting the dissemination of unlawful recordings. In opposing Plaintiff's application, Defendants did not deny that they had engaged in unlawful conduct, only that Plaintiff could not yet prove it. In its brief opposing Plaintiff's motion for an injunction Defendant argued that:

> "Plaintiff lacks any actual evidence. Its papers are full of statements regarding what Defendants "likely" did, "appear certain" to have done, what it has "reason to believe" happened, and reference to facts that "strongly suggest" or "indicate" wrongdoing. Plaintiff consistently states that it 'does not have any evidence, but will find it through discovery.' It cites YouTube videos, relies on a "Snopes" article, and attaches documents pertaining to different matters, but no actual evidence."

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

15

Those statements are now belied by Defendant's actions and its announced threat. Specifically, Defendant has bragged that it has recordings of conversations and has now stated that it will release them in the next week. Plaintiff's concerns are no longer speculative. Harm is imminent. Defendants are therefore on the cusp of a criminal act. They intend to distribute material obtained in violation of Michigan law. And they dare the Court to stop them. The Court should do just that.

5.

The Court has equitable authority to enjoin the commission of a crime. Defendant has stated that it intends to videos that it produced in violation of Michigan eavesdropping law, federal wiretap law, and the duty of loyalty. The Court need not wait for Defendant to act before preventing the Defendant from violating the law. The Court has authority to stop the Defendant from committing a crime and should do so here.

The Court has authority to issue an injunction to stop these repeated violations of the law. First, the Court has authority as a matter of equity to prohibit repeated crimes. That is exactly what occurred in *People ex rel. Oakland County Prosecuting Attorney v. Kevorkian*, 534 N.W.2d 172, 174–75, 210 Mich.App. 601, 606–07 (1995). The Court issued an order directing the Defendant to stop engaging in criminal activity. The order was based on the criminal law; not on pure equity. The case was based on the Defendant's prior conduct not on the suggestion that Defendant was about to again engage in criminal activity. *Id.*

Second, M.C.L. 750.539h grants the Court express statutory authority to enjoin violations of the law:

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

16

"Any parties to any conversation upon which eavesdropping is practiced contrary to this act shall be entitled to the following civil remedies:

"(a) An injunction by a court of record prohibiting further eavesdropping."

The Court should prohibit the Defendant Project Veritas from committing future violations of the law. But the Court should do more and prevent the Defendant from benefitting from its own wrongdoing

C.    The Court Should Order Defendant to Destroy Illegally Obtained Material

1.

In addition to enjoining future violations of the law, the Court should direct the Defendant to destroy any recordings or documents which Defendant has obtained in violation of Michigan law. Defendant has promised to distribute recordings of illegally obtained conversations and documents stolen from AFT Michigan. The Court should preclude the Defendant from doing so because they were obtained in violation of Michigan law.

Defendants have shown complete contempt for their obligations under Michigan law. They have improperly hidden behind the First Amendment and challenged the Court to stop them. They say, in essence, that the Court is powerless to prevent Defendants from doing as they will. They appear to be unafraid of any consequences of their conduct whether civil or criminal.

This is not the ordinary case because Project Veritas is not an ordinary Defendant. It acts in secret and dares courts to respond. Already a Defendant in multiple litigations, Project Veritas is the prototype of a scofflaw. The Court should not see itself as helpless in light of Defendant's attitude.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

17

2.

Defendants are, in essence, guilty of common conversion. They have stolen documents and unlawfully recorded conversations. Documents were obtained in violation of Defendant Jorge's duty of loyalty to AFT Michigan. Actions for conversion are based on a person's duty of care and duty to return property. *See e.g. Reinhart v. Cendrowski Selecky*, P.C., 2003 WL 23104222, at *14 (2003). The Court has authority to direct that Defendant return to Plaintiff any material–including both documents and recordings–obtained unlawfully.

3.

The Court should engage in an *in camera* review of material Defendant intends to publish to determine the extent of Defendants' thefts and unlawful conduct. The Court should direct Defendant to present to the Court for such review any material which Defendant intends to release to the public. The Court will then have the opportunity to determine if Defendant violated the law in recording private conversations and possessing stolen documents. If, as Plaintiffs assert, Defendant engaged in a blatant disregard of Michigan and federal law, the Court can then prohibit the Defendant from distributing the material.

D.      The Court Should Prohibit Continued Fraud

Project Veritas acts through fraud and misrepresentation. The Court has already noted the falsehoods which were used by Defendant Jorge to gain access to AFT Michigan. As the annexed declarations show, Defendant continues its misrepresentations by having its agents misrepresent their identity and purpose.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

18

The Court should find that Defendant has engaged in a pattern of fraud and deceit in order to secure access to labor organizations. This conduct should not be tolerated. The Court should require that any agent, employee or associate of Defendant Project Veritas be required to truthfully identify themselves and their relationship to Defendant upon entry to any affiliate of AFT Michigan. The alternative is that Defendant will continue to engage in misrepresentation and fraud. The Court should also require the Defendant to cease trespassing on private premises for the purpose of engaging in eavesdropping.

### Conclusion

The Court should require the Defendant Project Veritas to produce, for *in camera* review, any recordings obtained through unlawful eavesdropping and any documents obtained from AFT Michigan without its consent. Pending such review, the Court should prohibit Defendant Project Veritas from using such materials for any purpose whatsoever. Further, on review, the Court should direct the Defendant to return to Plaintiff AFT Michigan any documents which were obtained in violation of Michigan law or Defendant Jorge's duty of loyalty and to destroy any recordings obtained in violation of Michigan and federal law.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

/s/ Mark H. Cousens
Attorney for Plaintiff
 26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

May 4, 2018

**Certificate of Service**

I hereby certify that on May 4, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

20