UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

       Plaintiff,

v.

PROJECT VERITAS, a foreign
corporation, and MARISA L. JORGE,
a/k/a MARISSA JORGE, a/k/a
MARISSA PEREZ,

       Defendants.

Civil Case No. 17-cv-13292
Honorable Linda V. Parker

---

| MARK H. COUSENS | PAUL M. MERSINO |
|---|---|
| Attorney for the Plaintiff | BUTZEL LONG |
| 26261 Evergreen Road, Suite 110 | 150 W. Jefferson, Suite 100 |
| Southfield, Michigan 48076 | Detroit, Michigan 48226 |
| cousens@cousenslaw.com | mersino@butzel.com |
| 248-355-2150 | 313-225-7000 |
| P12273 | P72179 |

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S (RENEWED) EMERGENCY MOTION
<u>FOR INJUNCTIVE RELIEF</u>**

## **CONCISE STATEMENT OF THE ISSUES PRESENTED**

Plaintiff has not shown any change in facts or law to justify filing a renewed Motion for Injunctive Relief, when the very relief that it seeks was previously denied by this Court. Plaintiff has not met its burden for obtaining such extraordinary relief. In fact, the relief sought is constitutionally impermissible as a prior restraint on speech, as previously held by this Court. Plaintiff's motion should be denied.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

U.S. Const., amend. I.

This Court's December 27, 2017 Opinion and Order Denying Plaintiff's Motion for Preliminary Injunction (ECF No. 46).

**I.     This Court Has Previously Denied the Very Relief Plaintiff Now Again Seeks.**

On or about September 28, 2017, Plaintiff AFT Michigan was able to obtain an *ex parte* Temporary Restraining Order from the state court where this matter was originally filed. The matter was promptly removed to this Court. Plaintiff thereafter sought a preliminary injunction, hoping to enjoin Defendants from producing any materials they may have (whether in video form or documents) and speaking about facts they knew.

On December 27, 2017, this Court issued an Opinion and Order Denying Plaintiff's Motion for Preliminary Injunction (ECF No. 46). The Court denied the Motion for Preliminary Injunction on numerous grounds, including the fact that it found that Plaintiff had not shown a likelihood of success on the merits of its Trade Secrets claim (holding that Plaintiff had not shown that the documents in question were indeed trade secrets or even confidential); that Plaintiff did not show a likelihood to succeed on the merits of its Michigan Eavesdropping Act claim (holding that Plaintiff's conclusory pleadings were not sufficient); and, most notably, holding that the injunctive relief sought would be a constitutionally impermissible prior restraint on speech under the First Amendment of the United States Constitution.

Specifically, this Court's sound reasoning based on the First Amendment is restated here in full:

1

The First Amendment, applicable to the States through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend I; *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1250 (6th Cir. 1997) (citing *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489 n.1 (1996)). In a long line of cases, the Supreme Court has recognized that First Amendment protection extends to corporations and other associations. *Citizens United v. Fed. Election Com'n*, 558 U.S. 310, 342 (2010); *see also Pacific Gas & Elec. Co. v. Public Util. Comm'n of Cal.*, 475 U.S. 1, 8 (1986) ("The identity of the speaker is not decisive in determining whether speech is protected. Corporations and other associations, like individuals, contribute to the discussion, debate, and the dissemination of information and ideas that the First Amendment seeks to foster.") (internal quotation marks and citation omitted).

Defendants argue that the injunction is effectively a prior restraint on speech. Plaintiff relies on case law from Michigan state courts that distinguish when injunctions are appropriate in a First Amendment context: an employee contract or breach of fiduciary duty. (ECF No. 7 at Pg ID 127-28.) Here, there is no evidence of any employee contract or any other agreement between Plaintiff and Defendant Jorge, and, as stated above, Plaintiff's breach of fiduciary duty claim fails under the facts.

For cases involving prior restraint, courts must consider if the publication "threaten[s] an interest more fundamental than the First Amendment itself and to forego the prerequisites from the realm of everyday resolution of civil disputes governed by the Federal Rules. Only if a plaintiff can meet this substantially higher standard can a court issue an injunction prohibiting publication of pure speech." *Ford Motor Co. v Lane*, 67 F. Supp. 2d 745, 749 (E.D. Mich. 1999) (internal quotations and citations omitted). Plaintiff has not persuaded the Court that its commercial interests are more fundamental than the Defendants' First Amendment right.

The United States Supreme Court noted:

> Although the prohibition against prior restraints is by no means absolute, the gagging of publication has been considered

2

> acceptable only in 'exceptional cases.' Even where questions of allegedly urgent national security, or competing constitutional interests, are concerned, we have imposed this 'most extraordinary remedy' only where the evil that would result from the reportage is both great and certain and cannot be militated by less intrusive measures.

*CBS v. Davis*, 510 U.S. 1315, 1317 (1994); *see also Proctor & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996) ("The private litigants' interest in protecting their vanity or their commercial self-interest simply does not qualify as grounds for imposing a prior restraint."); *Ford*, 67 F. Supp. 2d at 751; *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, No. 95-4078, 2006 U.S. Dist. LEXIS 77431, at *4 (E.D. Mich. Oct. 6, 2006).

Plaintiff contends that Defendants should not be able to benefit from the First Amendment protections on free speech because they unlawfully obtained Plaintiff's information. However, the Sixth Circuit 'has held that allegedly improper conduct in obtaining the information is insufficient to justify imposing a prior restraint.' *Murray Energy Holdings Co. v. Mergermarket USA, Inc.*, No. 2:15-cv-2844, 2016 U.S. Dist. LEXIS 79183, at *27-28 (S.D. Ohio June 7, 2016) (citing *Proctor & Gamble Co.*, 78 F.3d at 225 ("Weeks passed with the 'gag order' in effect, while the court inquired painstakingly into how *Business Week* obtained the documents and whether or not its personnel had been aware that they were sealed. While those might be appropriate lines of inquiry for a contempt proceeding or a criminal prosecution, they are not appropriate bases for issuing a prior restraint."). "Only when 'publication [would] threaten an interest more fundamental than the First Amendment itself' is such a restraint justified." *Proctor & Gamble Co.*, 78 F.3d at 225.

**Therefore, in light of the potential First Amendment issue, a preliminary injunction most certainly will infringe upon Defendants' First Amendment Right.**

Court's Dec. 27, 2017 Opinion and Order (ECF No. 46) at Pg ID 1536-1539 (emphasis added).

3

## II. Plaintiff Has Not Cited Any New Facts, Circumstances, or Law that Would Change this Court's Prior Ruling.

Absolutely nothing has changed that would alter this Court's prior analysis in any way. There is still no evidence of any employee contract or any other agreement between Plaintiff and any Defendants. Plaintiff still has not established any way in which its commercial interests are more fundamental than the Defendants' First Amendment rights. Plaintiff has not evidenced any urgent national security interests or any competing constitutional interests. The Plaintiff's "interest in protecting their vanity or their commercial self-interest" still does not qualify as grounds for imposing a prior restraint on speech.

Instead, before this Court is one statement voiced by a representative of Project Veritas on a YouTube video, mixed with frankly false and misleading allegations by Plaintiff, along with name-calling and yet another manufactured "emergency." But even if Plaintiff's allegations were true, they do not trump the First Amendment. *See Murray Energy Holdings Co. v. Mergermarket USA, Inc.*, No. 2:15-cv-2844, 2016 U.S. Dist. LEXIS 79183, at *27-28 (S.D. Ohio June 7, 2016) (citing *Proctor & Gamble Co.*, 78 F.3d at 225) ("the Sixth Circuit 'has held that allegedly improper conduct in obtaining the information is insufficient to justify imposing a prior restraint.").

4

Plaintiff would lead this Court to believe that its entire analysis from its December 27 Opinion and Order has changed due to one statement: "In the next segment you'll see a video that Randi Weingarten herself did not want you to see. And this time we not only have the videos, we have the documents." Plaintiff's Motion (ECF No. 61) at Pg ID 1814.

That's it. That one statement that generically refers to "the videos" and "the documents," without stating where those videos are from, where the documents were obtained, any time frame pertaining to either, or any other facts whatsoever. Nothing has actually changed in any way from the first time that the Plaintiff sought this same relief. They still have no evidence of illegality or wrongdoing, and they still wish to impose a prior restraint on speech in order to protect themselves from what may come. Because nothing has changed in the facts or the law, nothing should change in the outcome. This motion should be denied again.

And it is unfortunate that this must be stated, but Plaintiff's latest motion is replete with misstatements and misrepresentations. Contrary to Plaintiff's accusations in its newest motion and brief, there has been absolutely no "admission of illegal activity," Project Veritas has never "told the world that [it] intended to release unlawfully recorded video and documents," no party has "confirmed that it engaged in unlawful acts and now

5

seeks to benefit from them," there is zero evidence of "persistent eavesdropping," Defendants have not "admitted to unlawfully recording" anything, and Defendant Project Veritas has absolutely *not* "announced its intention to publish material it obtained unlawfully." Contrary to Plaintiff's bombast, absolutely nothing about the two sentences at issue "prove" that Defendants "unlawfully recorded private conversations." These are nothing more than misrepresentations by Plaintiff based on unsubstantiated wishful thinking. Plaintiff may be sincere in its desire for its requested relief, but that does not give it warrant to make up facts.

Nor is there anything "brazen" about anything alleged about Defendants. Contrary to Plaintiff's assertions, Defendants have not "shown complete contempt for their obligations under Michigan law" or "improperly hidden behind the First Amendment and challenged the Court to stop them." Plaintiff sought injunctive relief and this Court denied that request. Yet Plaintiff now speaks as though it was granted injunctive relief and Defendants have somehow violated such an order. But no such thing has occurred and this language is unnecessarily hostile.

This Court has already ruled as a matter of law that there is nothing enjoining Defendants in this matter. Nothing about what the Defendants have said or done has been brazen and Defendants have not "taunted" or "flaunted"

6

anything. While Plaintiff may wish it had secured an injunction, it did not. So there is nothing wrong about anything Defendants have said or done.

Instead of providing any facts or evidence, Plaintiff instead argues in conclusory form with no regard for whether its allegations are true or can be proven. Plaintiff also continues to engage in name-calling[1] and to provide this Court with red herrings regarding other lawsuits or actions in other states. Plaintiff then asks this court, *ipse dixit*, to "conclude that Defendant Project Veritas has engaged in illegal eavesdropping and theft of private and confidential documents." Plaintiff's Motion (ECF No. 61), Pg ID 1814. But it is Plaintiff's job to establish such matters, not this Court's job to conclude such based on Plaintiff's unsubstantiated statements.

Plaintiff has not set forth any new facts or evidence that change the Court's analysis in its original Opinion and Order. It seeks nothing more than another bite at the apple. Its motion should be denied.

### III. The First Amendment Still Precludes and Prohibits the Relief that Plaintiff Seeks.

Because nothing in the Plaintiff's latest motion changes the First Amendment analysis applied to its first motion, Defendants refer the Court to Defendants'

---

[1] Plaintiff, through its counsel, has called Defendants "outlaws" and "scofflaws," to name just a couple examples. Defendants and counsel for Defendants desire that this litigation can rise above these types of extracurricular statements. They do nothing for the administration of justice and do not reflect well upon the parties, their attorneys, or the courts. More importantly, however, we are a system that tries facts, not men. Such statements are unnecessary, and irrelevant.

7

original Brief in Opposition to Plaintiff's Request for a Preliminary Injunction (ECF No. 24) and incorporates by reference that brief in full as though set forth herein. Likewise, Defendants rely upon the Court's sound reasoning as to the First Amendment implications from its December 27, 2017 Order as set forth above. The First Amendment has not been amended nor narrowed since the last time Plaintiff sought this same relief.

Plaintiff states that because of the two sentences at issue, "any First Amendment interest that [Defendants] had is severely diminished." Plaintiff's Motion (ECF No 61) at Pg ID 1819. Yet none of the cases Plaintiff cited stand for that proposition and certainly do *not* permit the imposition of prior restraints. Indeed, not one of those cases even pertained to or analyzed a request for a prior restraint on speech.

The First Amendment still applies to this case, and it still precludes and prohibits the relief requested.[2]

### IV. Plaintiff Still Has Not Established any Likelihood of Success on its Merits.

Plaintiff still cannot even state—beyond conclusory fashion—the elements of the claims it asserts. Plaintiff puts much stock into the one sentence from the

---

[2] Continuing a theme from its prior motions and papers filed with this Court, Plaintiff again accuses Defendants of having "improperly hidden behind the First Amendment . . . ." But Defendants do not hide behind the First Amendment. They proudly stand upon it, cloak themselves with it, hold it in front of them as a shield, and bask in it. Even so, we should all be so lucky to have occasion to hide behind our most fundamental Constitutional rights.

YouTube video in which the speaker says "[a]nd this time we not only have the videos, we have the documents." Again, nowhere is it stated that these are documents taken from AFT, let alone unlawfully taken. Nothing about that statement indicates a cause of action, let alone a likelihood of success on the merits.

Simply saying that documents were taken is not enough, even if they were indeed taken. There is still no confidentiality agreement present, no non-disclosure agreement, and no reasonable steps to maintain secrecy of the information. Plaintiff previously alleged that Defendants took their documents and provided 221 examples to this Court prior to its earlier opinion and order. Of those documents, the Court found that they either had no actual or potential independent economic value, were already available to the public, or that the measures taken to guard the secrecy of the documents were insufficient. Nothing about the one sentence from the new YouTube video adds any facts that may lead this Court to determine that Plaintiff has any more likelihood of success on its trade secrets claim pertaining to the alleged documents.

Similarly, simply saying that Defendants "have video" does not state a cause of action, either. Again, there are no facts as to what any alleged videos contain, when or where they were taken, whether any party had an expectation of privacy, or any other facts. Simply saying that Defendants have videos and therefore they broke a law does not hold up to the slightest scrutiny.

9

Plaintiff either does not understand Michigan's eavesdropping statute or purposely obfuscates its parameters. Simply put, it is not illegal to videotape someone, let alone to have videos of someone. Under Michigan law and this Court's precedent, a participant to a conversation may secretly record that conversation. *See Dickerson v. Raphael*, 222 Mich. App. 185 (1999) (differentiating between a participant to a conversation recording that conversation, which is not actionable, and a third-party recording a conversation or listening in, which is actionable); *Carrier v. LJ Ross & Assocs.*, 2008 WL 544550 (E.D. Mich. Feb. 26, 2008) (holding that MCL § 750.539c "is not applicable here because the recordings were neither made by a third-party eavesdropper nor secretly published."); *Dearborn Tree Servs., Inc. v. Gray's Outdoorservices, LLC*, 2014 WL 6886330 (E.D. Mich. Dec. 4, 2014) (Michigan law "permit[s] a party to the conversation to record a private conversation without the consent of the other parties . . . .").

Plaintiff does not allege whether the videos referenced in this recent quote were recorded surreptitiously. Plaintiff does not allege whether any videos were recorded by third-parties or by participants to the conversation.[3] Plaintiff does not allege that anyone in any alleged videos had an expectation of privacy. Instead, it

---

[3] Notably, those videos to which Plaintiff links in its Motion all appear to have been recorded by a participant to the conversation and none would, on their face, violate the statutes upon which the Plaintiff relies.

10

merely repeats a marketing statement on a YouTube video stating that there are videos and seeks the extraordinary relief of a prior restraint on speech.

Plaintiff has failed to allege any new facts that could possibly give rise to the extraordinary relief that it seeks. Repeated motions with this Court cannot change that. Its Emergency Motion should be denied.

## V. Having Had Its Request for Injunctive Relief Denied, Plaintiff Now Seeks Even Broader, More Far Reaching, and More Extraordinary Relief.

Not content with seeking such extraordinary relief as a prior restraint on speech against the named defendants, Plaintiff goes farther. Much farther. Plaintiff now seeks to restrain *anyone* who works with or even "associates" with Project Veritas from committing "*future* violations" of the law, against any of its "affiliated" unions. And not content with seeking to censor Defendants' speech, Plaintiff also wishes for this Court to issue an order *compelling* Defendants to speak as well. These requests are all accompanied by little legal substantiation or precedent.

Plaintiff states that it is seeking relief "for itself and its affiliated local unions." This includes unknown and untold numbers of unions and all of their members, including unions in the state of Ohio.[4] Plaintiff also relies heavily on facts regarding videos taken of unrelated unions in New Jersey. It appears that AFT-Michigan wants a universal injunction effecting non-parties throughout the country.

---

[4] Four of the Affidavits attached to Plaintiff's latest motion are from unions in the State of Ohio.

11

And AFT does not only ask for an injunction regarding past wrongs, but seeks for this Court to enjoin *future* alleged wrongs. Plaintiff argues that "[t]he Court need not wait for Defendant to act before preventing the Defendant from violating the law. The Court has authority to stop the Defendant from committing a crime and should do so here." Plaintiff's Motion (ECF 61, Pg ID 1829). Plaintiff further asks that the "Court should prohibit the Defendant Project Veritas from committing future violations of the law." *Id.* at Pg ID 1830. But this is simply *not* how our justice system works. Nor does Plaintiff cite any authority for such a broad injunction.

The most interesting twist in Plaintiff's renewed motion for injunctive relief is its request that this Court issue an order *compelling* the speech of not only Defendants, but also "any agent, employee or associate of Defendant Project Veritas." Plaintiff requests that any such person be "required to truthfully identify themselves and their relationship to Defendant upon entry to any affiliate of AFT Michigan." Thus, in the same motion that Plaintiff requests a broad prior restraint on speech, it also asks that this Court compel speech by private actors.[5]

"The Supreme Court has long held that the government cannot compel the speech of private actors." *Ward v. Members of Bd. Of Control of E. Michigan Univ.*,

---

[5] The Plaintiff does not address the question of what constitutes an "associate" of Project Veritas, or who would be bound by such an order.

12

700 F. Supp. 2d 803, 817 (E.D. Mich. 2010); citing *W. Va. State Bd. Of Educ. v. Barnette*, 319 U.S. 624, 642 (1943). "[T]he right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all. . . . The right to speak and the right to refrain from speaking are complementary components . . . ." *Barnette*, 319 U.S. at 633-34. Such compelled speech is constitutionally improper whether or not it is content-based. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 188 (3d Cir. 2005).

Plaintiff has overreached. Its original request for injunctive relief was properly denied. It should not now be granted broader and even more constitutionally dubious injunctive relief.

## VI. Plaintiff Relies Upon Facts Not Pled.

A motion for injunctive relief must be based on the facts pled in a case. Here, however, Plaintiff does not even refer to its pleadings, but would rather request injunctive relief on facts and accusations that have nothing to do with this case. Plaintiff cites to YouTube videos that discuss an unrelated New Jersey teachers' union. Plaintiff attaches affidavits from non-parties (many in Ohio) regarding a "blitz" that allegedly took place in the past weeks, many months after the Complaint and the Amended Complaints in this case were filed. And Plaintiff relies on a quotation about something that may or may not happen next week.

13

These "facts" and accusations have no bearing on the Complaint (or several amended complaints) filed in the instant case and what relief should be granted in the instant case. These are all diversions.

## CONCLUSION

For the reasons stated herein, as well as those in the Court's original Opinion and Order denying Plaintiff's request for injunctive relief, Defendants respectfully request that the Court also deny this motion. This motion is nothing more than an attempt to circumvent this Court's prior order. Plaintiff should also be given direction against filing future motions on this issue that has already been ruled upon, which prejudice and harm Defendants and improperly increase and escalate attorneys' fees and costs for the parties. Such "lawfare"[6] should not be permitted.

Defendants respectfully request that this Court deny Plaintiff's motion (again).

    Respectfully submitted,

    **Butzel Long, P.C.**

    By: /s/ Paul M. Mersino
        Paul M. Mersino (P72179)
    150 West Jefferson Ave., Suite 100
    Detroit, MI 48226
    313-225-7000
    mersino@butzel.com

---

[6] "Legal warfare" in which one party purposefully increases the costs of litigation in attempt to inflict pain on the other party.

Stephen Klein (P74687)
Statecraft PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
734-233-1705
steve@statecraftlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 7, 2018**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

**Butzel Long, P.C.**

By: /s/ Paul M. Mersino
   Paul M. Mersino (P72179)
150 West Jefferson Ave., Suite 100
Detroit, MI 48226
313-225-7000
mersino@butzel.com

Stephen Klein (P74687)
Statecraft PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
734-233-1705
steve@statecraftlaw.com