UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

       Plaintiff,

v.

PROJECT VERITAS, a foreign
corporation, and MARISA L. JORGE,
a/k/a MARISSA JORGE, a/k/a
MARISSA PEREZ,

       Defendants.
_____/

Civil Case No. 17-cv-13292
Honorable Linda V. Parker

# OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 61)

Plaintiff, AFT Michigan ("Plaintiff"), initiated this lawsuit against Defendants Project Veritas ("Defendant PV") and Marisa L. Jorge, a/k/a Marissa Jorge, a/k/a Marissa Perez ("Defendant Jorge") in state court on or about September 28, 2017. (ECF No. 1 at Pg ID 1.) On October 6, 2017, Defendants removed this case to federal court. (*Id.*) Presently before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order, filed May 4, 2018. (ECF No. 61.) Defendants filed a response on May 7, 2018. On May 7, 2018, this Court held a telephone conference. For the reasons stated below, the Court finds that Plaintiff has not met its burden to warrant a temporary restraining order.

A court must balance four criteria in deciding whether to issue a temporary restraining order:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harms to others; and (4) whether the public interest would be served by the issuance of the injunction.

*Bailey v. Callaghan*, 715 F.3d 956, 958 (6th Cir. 2013) (quoting *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011)) (brackets omitted). Plaintiff has not presented any new evidence to permit the Court to issue an injunction prohibiting Defendants from publishing any documents or videos it has in their possession. Plaintiff refers the Court to statements Defendant PV founder James O'Keefe made where he states he is in possession of videos and documents relating to AFT that will be released this week. However, these recent statements are no different than the statement Mr. O'Keefe previously made that was the subject of the prior motion for injunctive relief. (*See* ECF No. 7 at Pg ID 121.) Strikingly, Plaintiff's focus is on video or documents Defendant Jorge may have taken while she was an intern with Plaintiff. However, Plaintiff terminated Defendant Jorge's internship almost a year ago, and no video or documents have been published relating to Plaintiff, even after the Court denied Plaintiff's first motion for injunctive relief, which was almost five months ago. Nothing in

Plaintiff's recently filed motion for injunctive relief changes the Court's analysis on Plaintiff's claims. (*See* ECF No. 46.)

Furthermore, Plaintiff cannot show that its commercial interests are more fundamental than Defendants' First Amendment right[1]. As the Court stated in its Order dated December 27, 2017:

> The United States Supreme Court noted:
>
>> Although the prohibition against prior restraints is by no means absolute, the gagging of publication has been considered acceptable only in 'exceptional cases.' Even where questions of allegedly urgent national security, or competing constitutional interests, are concerned, we have imposed this 'most extraordinary remedy' only where the evil that would result from the reportage is both great and certain and cannot be mitigated by less intrusive measures.
>
> *CBS v. Davis*, 510 U.S. 1315, 1317 (1994); *see also Proctor & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996) ("The

---

[1] During the telephone conference, Plaintiff referred the Court to *Doe v. Boland*, 698 F.3d 877 (6th Cir. Nov. 9, 2012) to support its claim that when defendant commits a crime, there is no protection under the First Amendment. In *Doe*, the parents of children whose images were downloaded from a stock photography website and used as images for child pornography sued under two child pornography statutes. In rendering their decision, the Sixth Circuit stated, "[n]ot all speech, whether verbal or visual, receives First Amendment protection. Obscenity, defamation, fraud, incitement and solicitation of crime are all examples of communication for which the speaker must take responsibility and from which the First Amendment offers no sanctuary." *Id*. at 883. An important distinction is that the Sixth Circuit found that child pornography overwhelmingly outweighs any expressive interest. In this case, Plaintiff has not made a showing that their commercial interest outweighs Defendants' First Amendment right, even assuming Defendants engaged in illegal conduct.

3

private litigants' interest in protecting their vanity or their commercial self-interest simply does not qualify as grounds for imposing a prior restraint."); [*Ford Motor Co. v. Lane*, 67 F. Supp. 2d 745, 751 (E.D. Mich. 1999)]; *LL NJ, Inc.* v. *NBC-Subsidiary (WCAU-TV), L.P.*, No. 95-4078, 2006 U.S. Dist. LEXIS 77431, at *4 (E.D. Mich. Oct. 6, 2006).

(ECF No. 46 at Pg ID 1538.) Further, the Sixth Circuit "has held that allegedly improper conduct in obtaining the information is insufficient to justify imposing a prior restraint." *See e.g.*, *Murray Energy Holdings Co. v. Mergermarket USA, Inc.*, No. 2:15-cv-2844, 2016 U.S. Dist. LEXIS 79183, at *27-28 (S.D. Ohio June 7, 2016) (citing *Proctor & Gamble Co.*, 78 F.3d at 225 ("Weeks passed with the 'gag order' in effect, while the court inquired painstakingly into how *Business Week* obtained the documents and whether or not its personnel had been aware that they were sealed. While these might be appropriate lines of inquiry for a contempt proceeding or a criminal prosecution, they are not appropriate bases for issuing a prior restraint.")). "Only when 'publication [would] threaten an interest more fundamental than the First Amendment itself' is such a restraint justified." *Proctor & Gamble Co.*, 78 F.3d at 225. Therefore, the Court denies Plaintiff's emergency motion for temporary restraining order. (ECF No. 61.)

Accordingly,

**IT IS ORDERED**, that Plaintiff's emergency motion for temporary restraining order (ECF No. 61) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 8, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 8, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager