UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

        Plaintiff,

v.                            Civil Case No. 17-cv-13292
                                    Honorable Linda V. Parker

PROJECT VERITAS, a foreign
corporation, and MARISA L. JORGE,
a/k/a MARISSA JORGE, a/k/a
MARISSA PEREZ,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT A SUPPLEMENTAL OR AMENDED PLEADING (ECF NO. 65)

## I.    Introduction

Plaintiff, AFT Michigan, initiated this lawsuit on or about September 28, 2017 in the Third Circuit Court for the County of Wayne, Michigan. (ECF No. 1 at Pg ID 1.) On October 6, 2017, Defendants Project Veritas ("Defendant PV") and Marisa L. Jorge, a/k/a Marissa Jorge, a/k/a Marissa Perez ("Defendant Jorge") filed a Notice of Removal to this Court. (*Id.*) Plaintiff filed an Amended Complaint in state court on October 5, 2017 and, with Defendants' consent, a Second Amended Complaint in this Court on October 17, 2017. (ECF No. 1 at Pg ID 2; ECF No. 6.)

Plaintiff alleges Defendant Jorge is a political actor for Defendant PV and gained access to AFT Michigan by fraudulently misrepresenting herself as a student at the University of Michigan. Plaintiff believes Defendant Jorge unlawfully accessed and transmitted proprietary and confidential information and engaged in unlawful and unauthorized surveillance of Plaintiff's employees. (ECF No. 6 at Pg ID 91.)

Presently before the Court is Plaintiff's Motion for Leave to Submit a Supplemental or Amended Pleading, filed June 13, 2018. (ECF No. 65.) Defendants filed a response on June 27, 2018. (ECF No. 69.) Plaintiff filed a reply on July 3, 2018. (ECF No. 70.)

## II.    Background

According to Plaintiff, Defendant PV is an organization that uses its employees to infiltrate organizations for the purpose of securing proprietary information, which it distorts and publishes in the media. (ECF No. 6 at Pg ID 95.) Plaintiff believes Defendant Jorge is a political operative for Defendant PV and gained access to AFT Michigan to advance Defendant PV's political agenda. (*Id.* at Pg ID 96.)

In the spring of 2017, Defendant Jorge expressed interest to Plaintiff for a possible internship. (*Id.* at Pg ID 93.) Defendant Jorge identified herself as Marissa Perez, represented that she was a student at the University of Michigan

and interested in teaching the second grade. (*Id.*) Plaintiff interviewed Defendant

Jorge, and she began her internship in May 2017. (*Id.*) Defendant Jorge was

assigned to projects that were aligned with her interests in charter schools. (*Id.*)

Sometime after the start of Defendant Jorge's internship, she began to seek

information unrelated to her assignments, including employee grievances. (*Id.* at

Pg ID 94.)

Several of Plaintiff's employees witnessed Defendant Jorge sitting, without

permission, at the computer terminals of other employees, accessing files and

records without authorization, and working late in the office without supervision.

(*Id.*) In addition, Defendant Jorge would often ask the staff questions regarding

information not available to the public. (*Id.* at Pg ID 96.) Plaintiff's employees

noticed Defendant Jorge would often carry her cellular phone wherever she went

and believed she was recording meetings and Plaintiff's employees. (*Id.*) Due to

inconsistent statements Defendant Jorge made to various employees, Plaintiff soon

discovered that Defendant Jorge was never a student at the University of Michigan,

and Marissa Perez was not her real name. (ECF No. 7 at Pg ID 120.)

Plaintiff initiated this lawsuit on September 28, 2017 in the Third Circuit

Court for the County of Wayne, Michigan. (ECF No. 1.) On September 29, 2017,

Third Circuit Court Judge Brian R. Sullivan issued a Temporary Restraining Order

enjoining Defendants from publishing or disclosing confidential and/or proprietary

information relating to Plaintiff, its employees, officers, or affiliates that were taken from Plaintiff without consent. (ECF No. 23). Defendants filed a Notice of Removal to this Court, and the case was assigned to Judge Paul D. Borman. On October 20, 2017, this matter was reassigned to the undersigned. (ECF No. 10.)

On December 12, 2017, this Court denied Plaintiff's motion for preliminary injunction, and, again, on May 8, 2018. (ECF Nos. 46 & 64.) On June 13, 2018, Plaintiff filed a motion to supplement or amend its complaint based on Defendant PV's May 9, 2018 YouTube video. (ECF No. 65.) According to Plaintiff, Defendant Jorge secretly recorded conversations between herself and one of Plaintiff's employees. (*Id.* at Pg ID 1905.) Defendant PV uploaded the recording to its YouTube page, as well as published private and confidential documents without Plaintiff's permission. (*Id.*)

## III.    **Applicable Law & Analysis**

Because Defendants' recent conduct has shed light on Defendant Jorge's alleged activities while she was an intern for Plaintiff, the Court will analyze Plaintiff's motion under Rule 15(a). Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371

U.S. 178, 182 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

There is no evidence that the amendment was brought in bad faith or for a dilatory purpose. Although this Court has twice denied Plaintiff's motions for injunctive relief, the Court finds no basis upon which to find that Plaintiff's request to amend or supplement its complaint has been brought in bad faith or for a dilatory purpose. Further, while Defendants contend that Plaintiff had ample time to cure its pleadings, the video Plaintiff relies upon for proof of Defendant Jorge's conduct was not available until May 9, 2018.

The amendment will not result in undue delay or prejudice. This is Plaintiff's first request of the Court to amend its pleadings. Further, this matter has been pending for less than a year and there is currently no scheduling order entered for this case. Moreover, this Court has not ruled on the pending motion to dismiss. Defendants' request that this Court rule on the pending motion to dismiss prior to addressing Plaintiff's motion to amend would be prejudicial to Plaintiff, particularly if the Court were to find some of Plaintiff's allegations deficient. It is

not uncommon for a Court to grant a motion to amend the complaint while a motion to dismiss is pending.

Furthermore, the amendment would not be futile. According to Plaintiff, Defendant Jorge recorded a private conversation between herself and one of Plaintiff's employees. (ECF No. 65-1 at Pg ID 1917.) Plaintiff asserts that Defendant PV's May 9, 2018 YouTube video supports its allegations. Plaintiff also alleges that Defendant Jorge distributed copies of private and confidential documents that she unlawfully accessed and photographed without Plaintiff's consent. (ECF No. 65 at Pg ID 1905.)

## IV.    Conclusion

For the above reasons, the Court grants Plaintiff's motion to amend its complaint. As such, Defendants' motion to dismiss is moot, as well as Defendants' objections to Magistrate Judge Elizabeth A. Stafford's February 28, 2018 Opinion and Order[1] granting Plaintiff's motion to compel. Plaintiff shall file its Third Amended Complaint, no later than ten days from the entry of this Order.

---

[1] The parties contend that the Court has held Plaintiff's motion to compel in abeyance. However, Magistrate Judge Stafford resolved the motion to compel on February 28, 2018. (ECF No. 55.) Although Defendants filed an objection, Magistrate Judge Stafford stated in her Opinion and Order that "Defendants are **WARNED** that the filing of objections to this order would not stay their obligations under the order. *See* E.D. Mich. LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a nondispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district (Cont'd . . .)

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend its complaint (ECF No.65) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff shall file its Third Amended Complaint, no later than ten (10) days from the entry of this Order.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 28) is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Defendants' objections to Magistrate Judge Elizabeth A. Stafford's February 28, 2018 Opinion and Order (ECF No. 59) are **DENIED**, **as moot**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 19, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 19, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager

---

judge.")." (*Id.*)  Therefore, the parties should have commenced discovery after March 14, 2018, as ordered by Magistrate Judge Stafford, until further order of this Court.