## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**AFT MICHIGAN,**

                  **Plaintiff,**

**v.**

**PROJECT VERITAS AND**
**MARISA L. JORGE.**

                **Defendants.**

**Case No. 17-cv-13292**

**Hon. Linda V. Parker**

**Magistrate Judge Elizabeth A. Stafford**

**(Claim of Unconstitutionality)**

## DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(B)(6)

Defendants, by and through undersigned counsel, hereby move this Court pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of Plaintiff's Second Amended Complaint (Supplemental Pleading) [ECF No. 72] in its entirety and with prejudice because it fails to state any claim upon which relief can be granted and fails to properly or sufficiently plead any claim. Counsel for Defendants has conferred with counsel for Plaintiff and explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought. In support of this Motion, Defendants rely upon the accompanying brief.

Respectfully submitted,

/s/ Paul M. Mersino
**Butzel Long, P.C.**
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015

and

Stephen R. Klein (P74687)
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676
steve@statecraftlaw.com

Attorneys for Defendants

Dated: August 2, 2018

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**AFT MICHIGAN,**

              **Plaintiff,**

**v.**

**PROJECT VERITAS AND**
**MARISA L. JORGE.**

              **Defendants.**

**Case No. 17-cv-13292**

**Hon. Linda V. Parker**

**Magistrate Judge Elizabeth A. Stafford**

**(Claim of Unconstitutionality)**

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

## TABLE OF CONTENTS

**INDEX OF AUTHORITIES**................................................................. ii

**STATEMENT OF QUESTIONS INVOLVED**................................. viii

**CONTROLLING AND MOST APPROPRIATE AUTHORITY**....................ix

    I.     Standard of Review. ...........................................................1
    II.    Plaintiff Fails to Plead an Eavesdropping Claim. .................................2
    III.   Plaintiff Fails to Plead its Trade Secret Claim......................................5
       a.   The Information in Question Is Not a "Trade Secret" .........................5
       b.   Plaintiff Has Not Properly Identified Trade Secrets with Specificity ..7
       c.   The Information Has No Independent Economic Value......................8
       d.   Plaintiff Did Not Employ Reasonable Efforts to Maintain Secrecy.....9
    IV.   There is No Claim for Breach of Duty of Loyalty.............................12
    V.    Plaintiff's Fraudulent Misrepresentation Claim Should be
         Dismissed .............................................................................16
    VI.   Plaintiff Fails to Plead a Trespass Claim. ...........................................17
    VII.  Plaintiff Fails to State a Claim for "Larceny by Trick."....................20
    VIII. Plaintiff's Conspiracy Claim Should be Dismissed...........................20
    IX.   The Unlawful Interception of Oral Communications Claim Fails. ....21
    X.    The Electronic Communications Privacy Act Claim Fails.................23

**CONCLUSION** ...........................................................................25

# INDEX OF AUTHORITIES

**Cases**

*Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*,
   239 Mich. App. 695 (2000) ..................................................................17, 18, 19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .....................................................................................vi, 1, 2

*Bailey v. Bailey*,
   2008 WL 324156 (E.D. Mich. 2008) ...................................................................25

*Baugh v. CBS, Inc.*,
   828 F.Supp. 745 (N.D. Cal 1993) ........................................................................17

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .....................................................................................vi, 1, 2

*Bero Motors v. GMC*,
   2001 WL 1167533 (Mich. App. Oct. 2, 2001)......................................................15

*Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*,
   270 F. Supp. 2d 943 (W.D. Mich. 2003)..............................................................13

*Boddie v. ABC*,
   731 F.2d 333 (6th Cir. 1984)................................................................................22

*Bomis v. Metro. Life Ins. Co.*,
   970 F.Supp. 584 (E.D. Mich. 1997) ......................................................................1

*Bowen v. Aftermath Ent.*,
   254 F.Supp.2d 629 (E.D. Mich. 2003)..................................................................22

*Carrier v. LJ Ross & Assocs.*,
   2008 WL 544550 (E.D. Mich. Feb. 26, 2008) .......................................................4

*Cent. Bank & Trust v. Smith*,
   215 F.Supp.3d 1226 (D. Wyom. 2016)..................................................................24

*Central Cartage Co. v. Fewless*,
   232 Mich. App. 517 (1998)..................................................................................14

*Cleary Trust v. Edward-Mariah Muzyl Trust*,
   262 Mich. App. 485 (2004) ...................................................................20

*CMI Intern'l, Inc. v. Intermet Intern'l Corp.*,
   251 Mich. App. 125 (2002) ...................................................................13

*Cornerstone Consultants v. Prod. Input Solutions*,
   789 F.Supp.2d 1029 (N.D. Iowa 2001) .................................................25

*Dearborn Tree Serv., Inc. v. Gray's Outdoorservices, LLC*,
   2014 WL 6886330 (E.D. Mich. Dec. 4, 2014) .......................................3

*Delphi Auto. PLC v. Absmeir*,
   167 F. Supp. 3d 868 (E.D. Mich. 2016) ...............................................16

*Dickerson v. Raphael*,
   222 Mich. App. 185 (1999) .....................................................................4

*Dura Global Techs., Inc. v. Magna Donnelly Corp.*,
   662 F. Supp. 2d 855 (E.D. Mich. 2009) .................................................7

*Early Detection Ctr., PC v. NY Life Ins. Co.*,
   157 Mich. App. 618 (1986) ...................................................................20

*Electronic Planroom, Inc. v. Mcgraw-Hills Cos., Inc.*,
   135 F. Supp. 2d 805 (E.D. Mich. 2001) ...............................................11

*Fabreeka Int. Holdings, Inc. v. Haley*,
   2015 WL 7253019 (E.D. Mich. Nov. 17, 2015) ...................................11

*Fenestra Inc. v. Gulf Am. Land Corp.*,
   377 Mich. 565 (1966) ...........................................................................21

*Ferrara v. Detroit Free Press, Inc.*,
   52 Fed. Appx. 229 (6th Cir. 2002) .......................................................21

*First Pub. Corp. v. Parfet*,
   246 Mich. App. 182 (2001) ...................................................................21

*Ford Motor Co. v. Lane*,
   67 F. Supp. 2d 745 (E.D. Mich. 1999) ...................................................6

*Grayned v. City of Rockford*,
   408 U.S. 104 (1972) ..............................................................................23

*Hayes-Albion v. Kuberski*,
   421 Mich. 170 (1985) ..............................................................................6

*Hilderman v. Enea Teksci, Inc.*,
   551 F.Supp.2d 1183 (S.D. Cal. 2008) ..................................................23

*Horizon Painting, Inc. v. Adams*,
   2007 WL 600686 (Mich. App. Feb. 27, 2007)......................................15

*Huff v. Spaw*,
   794 F.3d 543 (6th Cir. 2015) ................................................................21

*Innovation Ventures, LLC v. Aspen Fitness Prods, Inc.*,
   2015 WL 11071470 (E.D. Mich. Mar. 31, 2015) ..................................9

*J.H. Desnick, M.D. v. ABC, Inc.*,
   44 F.3d 1345 (7th Cir. 1995).................................................................18

*Knight v. Wheeler*,
   1995 WL 871124 (E.D. Mich. Mar. 8, 1995) .......................................20

*Kubik, Inc. v. Hull*,
   56 Mich. App. 335 (1974).......................................................................9

*Lewis v. LeGrow*,
   258 Mich. App. 175 (2003) .....................................................................4

*LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*,
   2008 WL 1923261 (E.D. Mich. Apr. 28, 2008).....................................19

*Martin v. Fidelity & Cas. Co. of N.Y.*,
   421 So.2d 109 (Ala. 1982) .....................................................................18

*McKesson Medical-Surgical, Inc. v. Micro Bio-Medics, Inc.*,
   266 F. Supp. 2d 590 (E.D. Mich. 2003)................................................20

*McLaren Reg'l Med. Ctr v. CompleteRX, Ltd.*,
   2017 WL 3034615 (E.D. Mich. 2017) ..................................................16

iv

*Mike Vaughn Customer Sports, Inc. v. Piku*,
    15 F. Supp. 3d 735 (E.D. Mich. 2014) ..................................................14

*Muglia v. Kaumagraph Corp.*,
    64 F.3d 663 (6th Cir. 1995) ................................................................16

*Nieves v. Bell Indus.*,
    204 Mich. App. 459 (1994) ................................................................17

*Nikolao v. Lyon*,
    238 F.Supp.3d 964 (E.D. Mich. 2017) ..................................................1

*Novak v. Nationwide Mutual Ins. Co.*,
    235 Mich. App. 675 (1999) ................................................................17

*Ouderkirk v. PETA, Inc.*,
    2007 WL 1035093 (E.D. Mich. Mar. 29, 2007) ...................................19

*People v. Stone*,
    463 Mich. 558 (2001) ..........................................................................3

*People v. Warner*,
    401 Mich. 186 (1977) ..........................................................................5

*Percival v. Girard*,
    692 F. Supp. 2d 712 (E.D. Mich. 2010) ...............................................1

*Raymond James & Assocs. v. Leonard & Co.*,
    411 F. Supp. 2d 689 (E.D. Mich. 2006) ...........................................6, 8

*Roberts v. Saffell*,
    280 Mich. App. 397 (2008) ................................................................16

*Rockwell Med., Inc. v. Yocum*,
    2014 WL 2965307 (E.D. Mich. June 26, 2014) ...................................15

*Ruth v. Sup. Consultant Holdings Corp.*,
    2000 WL 1769576 (E.D. Mich. Oct. 16, 2000) ...................................21

*Skilling v. United States*,
    561 U.S. 358 (2010) ...........................................................................22

*Smith v. Cinci. Post & Times-Star*,
475 F.2d 740 (6th Cir. 1984) .................................................................22

*Sullivan v. Gray*,
117 Mich. App. 476 (1982) ....................................................................3

*Sweeney & Moore v. Chapman*,
295 Mich. 360 (1940) ...........................................................................14

*Theofel v. Farey-Jones*,
359 F.3d 1066 (9th Cir. 2004) ...............................................................23

*Thule Towing Sys. v. McNallie*,
2009 WL 2144273 (E.D. Mich. July 15, 2009) ....................................23

*U.S. v. Steiger*,
318 F.3d 1039 (11th Cir. 2003) .............................................................24

*Ukranian Future Credit Union v. Seikaly*,
2017 WL 5665960 (E.D. Mich. Nov. 27, 2017) ...............................9, 12

*United Rentals (N. Am.) Inc. v. Keizer*,
202 F. Supp. 2d 727, 743 (W.D. Mich. 2002).......................................14

*Utilase, Inc. v. Williamson*,
1999 WL 717969 (6th Cir. Sept. 10, 1999)............................................8

*Van Alstyne v. Elec. Scriptorium, Ltd.*,
560 F.3d 199 (4th Cir. 2013) .................................................................25

*Wysong Corp. v. M.I. Ind.*,
412 F. Supp. 2d 612 (E.D. Mich. 2005) ..................................................9

**Statutes**

18 U.S.C. § 2511(2)(d) ..............................................................................21

**Rules**

FED. R. CIV. P. 12(B)(6) ......................................................................... i, vi

MCL § 750.539c .........................................................................................4

MCL 750.539 ....................................................................................................2

## <u>STATEMENT OF QUESTIONS INVOLVED</u>

Whether Plaintiff's Second Amended Complaint (Supplemental Pleading) [ECF No. 72] should be dismissed for failing to state any claim upon which relief could be granted and for not sufficiently or properly pleading its claims.

**Defendants' Answer:    Yes**

## <u>CONTROLLING AND MOST APPROPRIATE AUTHORITY</u>

FED. R. CIV. P. 12(B)(6)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

Plaintiff filed a third Amended Pleading,[1] yet still fails to even allege all of the elements to several of its causes of action and has not alleged any damages. Even taking the allegations in the light most favorable to it, Plaintiff fails to state any claim upon which relief can be granted. Its allegations are no more than conclusory labels, which should not open the doors to discovery. The claims should be dismissed.

## I.    Standard of Review.

A 12(b)(6) motion "tests the legal sufficiency of the plaintiff's complaint." *Bomis v. Metro. Life Ins. Co.*, 970 F.Supp. 584 (E.D. Mich. 1997). Generally, courts construe complaints in a light most favorable to the plaintiff and accept factual allegations as true. *Percival v. Girard*, 692 F. Supp. 2d 712, 717 (E.D. Mich. 2010). "This presumption, however, is not applicable to legal conclusions." *Nikolao v. Lyon*, 238 F.Supp.3d 964, 970 (E.D. Mich. 2017) (Parker, J.); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, at 679. "Nor does a complaint suffice if it tenders naked assertions

---

[1] Having already filed a Second Amended Complaint, Plaintiff termed its latest pleading its "Second Amended Complaint (Supplemental Pleading)." [ECF No. 72.]

1

devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.  Plaintiff cannot

offer allegations "merely consistent with" causes of action it alleged.  *Id.* at 678.

If a complaint insufficiently pleads plausible factual allegations, a motion to

dismiss should be granted *before* parties are allowed to proceed to discovery.

*Twombly*, U.S. at 559.  Filing a complaint "does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions. . . . ." *Iqbal*, *supra* at 678.

Additionally, Plaintiff does not allege any damages (a requisite element to

each of its claims).  Because it cannot plead damages, its suit should be dismissed.

## II.    Plaintiff Fails to Plead an Eavesdropping Claim.

Plaintiff fails to even allege the elements of a violation of Michigan's

Eavesdropping statute.  *See* ECF No. 72, ¶¶ 71-75.  Plaintiff alleges Ms. Jorge

"engaged in interrogating persons," "entered private offices without authorization

and reviewed files," "accessed electronic records of the Plaintiff," and "did not have

authorization to review" the information, records, or other information.  *Id.*  None of

which is applicable to the eavesdropping statute.

*Not* present is any allegation that Defendants eavesdropped, recorded *private*

*conversations*, transmitted *private discourse* of others without permission, or

engaged in surveillance by secretly observing others for the purpose of spying.  *See*

MCL 750.539.  Nor has Plaintiff pled that anyone recorded had an expectation of

privacy, a necessary element. *Dearborn Tree Serv., Inc. v. Gray's Outdoorservices,*

2

*LLC*, 2014 WL 6886330 (E.D. Mich. Dec. 4, 2014); quoting *People v. Stone*, 463 Mich. 558, 621 (2001) (under Michigan's Eavesdropping Statute, "'private conversation' means a conversation that a person reasonably expects to be free from casual or hostile intrusion of surveillance."). Where a party asserts it "had an expectation that their conversation would be private, but fails to provide any facts, legal authority, or analysis to support their conclusion," then such statements are "underdeveloped" and "sounds in speculation." *Dearborn Tree*, *supra* at *7.

Fatally, there is no evidence or allegation that conversations of *others* were recorded. Michigan is a "one-party consent" state and it is not illegal to record conversations to which one is a party. Plaintiff alleges that Ms. Jorge's "*interaction with staff included repeated searching questions, questions pertaining to public policy issues and queries designed to produce a comment on matters of public policy*," and that its "staff was recorded without their knowledge or consent." Compl., ¶ 55-56. Meaning Jorge was a participant and party to such conversations. Plaintiff has even removed allegations from its prior pleading that suggested that conversations of others may have been recorded. And the videos that Plaintiff relies upon in its latest pleading show Defendant Jorge as a participant to the conversation.

In *Sullivan v. Gray*, 117 Mich. App. 476, 482 (1982), the Michigan Court of Appeals held that "a participant may tape-record the participant's own

3

conversation."[2]  The eavesdropping statute only makes it illegal to "permit unilaterally a third party to listen in upon a conversation."  *Id.*  Plaintiff has not alleged that any Defendant recorded any conversation to which it was not a party or that any Defendant permitted anyone else to listen in on any conversation.  In *Dickerson v. Raphael*, 222 Mich. App. 185 (1999), the Michigan Court of Appeals made clear that "there are significant differences between recording a conversation and simultaneously transmitting it to a third party."  *Id.* at 201.  The latter may be actionable, but the former is not.  *Id.*

This Court has followed and applied this holding in *Carrier v. LJ Ross & Assocs.*, 2008 WL 544550 (E.D. Mich. Feb. 26, 2008), holding that MCL § 750.539c "is not applicable here because the recordings were neither made by a third-party eavesdropper nor secretly published."  In *Dearborn Tree Servs.*, *supra*, it held that "[t]he Michigan Court of Appeals has interpreted MCL 750.539c to permit a party to the conversation to record a private conversation without the consent of the other parties, but prohibits a party from allowing or employing a third party to do so."

Plaintiff does not allege that a person recording any conversation was not a participant to such conversation.  And nowhere is there any allegation that any third

---

[2] "Participant[s] in a private conversation may record it without 'eavesdropping' because the conversation is not the 'discourse of others.'"  *Lewis v. LeGrow*, 258 Mich. App. 175, 185 (2003).

party was permitted to simultaneously listen to a conversation, unknown to others. And because the recording was not improper or illegal, neither was its disclosure or production. The Sixth Circuit has held—applying both Michigan and federal law—that not only is a participant to a conversation not liable for recording a conversation, third-party disclosure of a conversation recorded by a participant is not illegal. *Ferrara v. Det. Free Press, Inc.*, 52 Fed. Appx. 229 (6th Cir. 2002).

Plaintiff also does not have standing to bring a claim on its employees' behalf. *People v. Warner*, 401 Mich. 186 (1977) ("defendant had no standing to request the suppression of the message" intercepted "because there was no evidence that he was a party to that call and his rights to privacy therefore were not shown to be violated."). MCL 750.539h states that "*any parties to any conversation* upon which eavesdropping is practiced" has a cause of action. But no party to a recorded conversation has brought this claim. Moreover, Plaintiff has not been damaged by any recordings. For all of these reasons, this claim fails and should be dismissed.

### III. Plaintiff Fails to Plead its Trade Secret Claim.

#### a. The Information in Question Is Not a "Trade Secret"

A "trade secret" is defined as information, including a formula, pattern, compilation, program, device, method, technique, or process, that (1) derives independent economic value from not being generally known, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. MCL

§ 445.1902(d).  Plaintiff's information does not meet this definition.

Simply because a plaintiff would like others not to know certain information does not make it a trade secret.  *Raymond James v. Leonard & Co.*, 411 F. Supp. 2d 689, 696 (E.D. Mich. 2006).  The purpose of trade secret laws is to "assist in product development" and "encourage research and development by supplementing the patent system and supporting innovators."  *Ford Motor Co. v. Lane*, 67 F. Supp. 2d 745, 749 (E.D. Mich. 1999).  Trade secrets are those "used in one's business, and which gives him an opportunity to obtain an advantage over competitors . . . . It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers."  *Hayes-Albion v. Kuberski*, 421 Mich. 170, 181 (1985).

Plaintiff references information pertaining to grievances, [ECF No. 72, ¶ 20]; bargaining sessions, *id.* at ¶ 21; unnamed and ambiguous "data bases, confidential conferences and the status of grievances," *id.* at ¶ 22; and non-descript "files and records." *Id.* at ¶ 25.  Plaintiff states in conclusory fashion that it "maintains private, confidential and proprietary information to permit Plaintiff to be able to engage in its efforts to champion education, protect students and advance their right to a quality education, advocate for public employees and take positions on matters of public concern." *Id.* at ¶ 61.  But none of that meets the definition of a trade secret.

As to the ten documents referenced in Plaintiff's latest pleading, none of those

documents constitute trade secrets.  The documents are clearly written by a non-party and addressed to a different non-party.  They are not Plaintiff's documents, are not confidential or proprietary, and are from several years ago.  Nothing about the documents provide any independent economic benefit.  They are not trade secrets.

Plaintiff previously produced numerous other documents that it alleged to be trade secrets, and this Court has already ruled as a matter of law that "[n]one of the documents Plaintiff produced fall within the meaning of a 'trade secret' as defined by MUTSA."  [ECF No. 46].  Of the documents alleged to be trade secrets (the ten in the latest pleading and those previously produced), none actually are.

### b.  Plaintiff Has Not Properly Identified Trade Secrets with Specificity

Beyond those documents that are clearly *not* trade secrets, it is unclear what (if anything else) Plaintiff alleges was misappropriated.  Plaintiff claims that its information "involved confidential information about members, politics, and new organizing campaigns."  But it does not state with any particularly what information it keeps, what was allegedly taken, how it was confidential, or why it is valuable.  Plaintiff only claims to have information that would be embarrassing if made public.

"A party alleging trade secret misappropriation must particularize and identify the purported misappropriated trade secrets with specificity."  *Dura Global Techs., Inc. v. Magna Donnelly Corp.*, 662 F. Supp. 2d 855, 859 (E.D. Mich. 2009).  "Thus, the claimed trade secret must be specifically identified, and its unique economic

value explained." *PrimePay, LLC*, *supra* at *22; *Utilase, Inc. v. Williamson*, 1999 WL 717969, *6 (6th Cir. Sept. 10, 1999).

### c.  The Information Has No Independent Economic Value

Only information that derives "independent economic value" from not being known is protected as a trade secret.  Plaintiff pleads in rote fashion that "access to this information has an economic benefit to the Defendants and exposure will have an economic impact on Plaintiffs."  [ECF No. 72, ¶ 87].  But this does not establish that the information itself derives any economic value from being secret.

In *PrimePay, LLC*, *supra*, the Court dismissed a trade secret claim where it was claimed that the defendant took confidential information, but "[v]ery little evidence was presented . . . to establish that any of this information derives independent economic value from not being generally known or readily ascertainable by a competitor."  *Id.* at *24 ("while it may or may not have violated other laws or contractual obligations, [this] does not, standing alone, amount to misappropriation of trade secrets."); *Raymond James*, 411 F. Supp. 2d at 695 ("An interest in maintaining confidentiality may not, in itself, necessarily elevate information to the status of a trade secret.").

Information does not retain "independent economic value" where a plaintiff merely alleges that the information is valuable *to it*, but does not plead anything "about the economic value of the information to a competitor or anyone else."

*Ukranian Future Credit Union v. Seikaly*, 2017 WL 5665960 (E.D. Mich. Nov. 27, 2017). Where a plaintiff "fails to allege that the information in question had 'independent economic value,' it has failed to plead the existence of a protected 'trade secret.'" *Id.*

As to the ten (10) documents referenced in the latest pleading, none have any independent economic value. And this Court has already ruled that the documents previously produced to the Court as alleged trade secrets did not meet this requirement either. [ECF No. 46, p. 9.] Plaintiff has not pled that any of its information has independent economic value. Thus, its claim should be dismissed.

### d. Plaintiff Did Not Employ Reasonable Efforts to Maintain Secrecy

"To obtain protection as a trade secret, information must, of necessity, be a secret." *Innovation Ventures, LLC v. Aspen Fitness Prods, Inc.*, 2015 WL 11071470 (E.D. Mich. Mar. 31, 2015); quoting *Kubik, Inc. v. Hull*, 56 Mich. App. 335, 347 (1974). A plaintiff must show that the information in question has "been subject to reasonable efforts to maintain its secrecy." MCL § 445.1902(d). Sufficient measures include express agreements restricting or prohibiting disclosure; disclosure made in confidence with an understating that it is confidential; or security precautions utilized to ensure that only a limited number of authorized individuals have access to the information. *PrimePay, LLC*, *supra* at *22; citing *Wysong Corp. v. M.I. Ind.*, 412 F. Supp. 2d 612, 626 (E.D. Mich. 2005); *Kubik*, at 347.

9

Plaintiff has not pled that Jorge was subject to noncompete, nonsolicit, nondisclosure, or confidentiality agreements; bound by any employee handbook or policy; that any contract, employment agreement, or internship agreement existed; or that any directions pertaining to confidentiality were given.  Plaintiff has admitted that Jorge "**had access to a large amount of information because the Federation was not strict with regard to password control**."  [ECF No. 1, p. 25.]  It alleges that Jorge obtained access to "meetings and conferences," where presumably others were present.  [ECF No. 72, ¶ 83.]  It alleges that Jorge "was seen to photograph posters," without pleading whether the posters were private or public or if she was asked to stop taking photos or to delete or return them.  It notes that "Defendant secured access to the computer passwords of persons employed at the Plaintiff," but does not plead that she improperly did so.  *Id.* at ¶ 27.

Plaintiff pleads that "Jorge was observed fingering through files in the staff person's office," but never alleges that she was asked to stop doing so, and that she "was <u>repeatedly</u> seen alone in offices sitting at the computer terminal of other employees," "was <u>repeatedly</u> seen alone in offices of other employees accessing files and records;" and she "was <u>repeatedly</u> seen in the Plaintiff's offices late in the evening well after customary business hours."  (ECF No. 72 ¶ 24-26.)  But those allegations are not tortious, and Plaintiff did nothing to stop her or to direct her not to do so.  To the contrary, Plaintiff's pleadings indicate the Plaintiff at all times

10

consented to Jorge's behavior or at the least failed to stop it.[3]

This Court has held that even an employer/employee relationship, alone, does not give rise to obligations of confidentiality. "To be sure, the case law speaks of an additional requirement that there be an explicit, at least verbal, warning that the information disclosed is confidential and/or not to be disclosed and/or used without authorization." *Electronic Planroom, Inc. v. Mcgraw-Hills Cos., Inc.*, 135 F. Supp. 2d 805 (E.D. Mich. 2001). No such "additional requirement" was pled or is present.

This Court routinely grants 12(b)(6) motions on the grounds that there were not adequate steps to maintain the secrecy of trade secrets or that the documents did not contain independent economic value.[4] In *Ukranian Future Credit Union v.*

---

[3] This Court already held, during the preliminary injunction phase, that "the measures taken to guard the secrecy of the documents [previously produced] are insufficient." [ECF No. 46, p. 9.] After reviewing 221 documents previously produced, the Court noted that "[a]lthough Plaintiff asserts that AFT's building is secured and not open to the public, Plaintiff gave Defendant Jorge unfettered access to its building and its alleged trade secrets without verifying her identity. Plaintiff allowed Defendant Jorge to work late without supervision. Also, as supported by a number of the documents provided to the Court, Plaintiff's employees regularly forwarded alleged trade secrets and confidential information to Defendant Jorge's personal email account." *Id.* Additionally, "there is no allegation that when Defendant Jorge was seen sitting, without permission, at another employee's computer terminal, she was either removed or asked to remove herself." *Id.* at p. 10. "Plaintiff's conduct does not support a conclusion that it exercised extensive measures to guard the secrecy of its information." *Id.*

[4] "[I]f a company did not take reasonable steps to maintain the confidentiality of alleged trade secrets, a misappropriation claim properly fails." *See, e.g., Fabreeka Int. Holdings, Inc. v. Haley*, 2015 WL 7253019 (E.D. Mich. Nov. 17, 2015).

*Seikaly*, 2017 WL 5665960 (E.D. Mich. Nov. 27, 2017), this Court granted a 12(b)(6) motion and denied a plaintiff's request to amend, holding that an amendment of its trade secret claim would not withstand a motion to dismiss.  This was both because the plaintiff failed to allege reasonable steps to maintain the secrecy of its alleged trade secrets *and* because it failed to plead that there was "independent economic value" to its information.  Notably, the Court relied on the lack of employment agreements and lack of confidentiality agreements in its finding.

Likewise, Plaintiff's claims here should be dismissed with prejudice.

## IV.   There is No Claim for Breach of Duty of Loyalty.

Ms. Jorge was a temporary intern.  Plaintiff does not allege that she was paid, signed any agreement, placed in a high position of trust, or subject to an employee handbook.  Plaintiff's only allegations are that she violated both a "fiduciary duty" and a "duty of loyalty" with regard to "matters and information to which she was exposed and to which she was given access," by "accessing information outside her authorization," "accessing information unrelated to her assignment," and by "securing and copying information not generally available to the public for the purpose of sharing that information with Defendant PV."  [ECF No. 72, ¶ 93(a)-(c).]

Section 8 of MUTSA, however, specifically displaces conflicting tort or other state laws providing civil remedies for misappropriating trade secrets. MCL § 445.1908 ("this act displaces conflicting tort, restitutionary, and other law of this

state providing civil remedies for misappropriation of a trade secret."). In *CMI Intern'l, Inc. v. Intermet Intern'l Corp.*, 251 Mich. App. 125, 129, 132 (2002), the Michigan Court of Appeals upheld dismissal of a breach of fiduciary duty claim because MUTSA "displaced conflicting tort remedies for misappropriation of a trade secret." In *Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*, 270 F. Supp. 2d 943, 946 (W.D. Mich. 2003), it was held that "[i]n determining whether a claim is displaced, courts generally examine whether the claim is based solely upon the misappropriation of a trade secret," and "if so, the claim ***must*** be dismissed."[5] Where a claim is "premised on the same acts alleged to constitute misappropriation of trade secrets, such claims are displaced by the MUTSA." *Primepay*, supra at *34.[6]

Plaintiff's only allegations of breach of duty of loyalty and fiduciary duty, *see* ECF No. 72, ¶ 93(a)-(c), are premised on the exact same acts alleged to constitute the misappropriation. Its only other complaint is that Defendant Jorge did not keep what she learned confidential, but she had no duty to do so. Its claim is displaced by MUTSA and should be dismissed.

---

[5] The disputed status of information as a trade secret does not preclude a court from determining whether a claim is displaced by MUTSA. *Bliss*, *supra* at 946.
[6] As noted in a prior filing with this Court [ECF No. 51], it is the "majority opinion" of courts throughout the nation (including this Court) that common law tort claims should be displaced even if the information at issue is not in fact a trade secret. *Id.*; *Bliss*, *supra* ("the disputed status of information as a trade secret does not preclude a court from determining whether a claim or claims are displaced by MUTSA.")

Even if not displaced, Plaintiff still fails to state a claim. As to the alleged breach of duty of loyalty, Plaintiff does not allege that Defendant Jorge competed against the Plaintiff, failed to perform her duties or provide her services, failed to respond to direction, or otherwise breached any duty of loyalty owed to Plaintiff.

An illustrative case of when a breach of duty of loyalty claim will be found is *Mike Vaughn Customer Sports, Inc. v. Piku*, 15 F. Supp. 3d 735 (E.D. Mich. 2014). This court noted that "Michigan courts have held that an agent of a principal owes a fiduciary obligation to the principal not to appropriate the opportunity of the principal for his own benefit." *Id.* at 752; quoting *United Rentals (N. Am.) Inc. v. Keizer*, 202 F. Supp. 2d 727, 743 (W.D. Mich. 2002) ("an agent who competes with the principal by using confidential information obtained in the course of employment must account to the principal for the profits generated through the use of that confidential information."); *Central Cartage Co. v. Fewless*, 232 Mich. App. 517 (1998). "The law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal." *Id.*; *Sweeney & Moore v. Chapman*, 295 Mich. 360, 363 (1940).

This Court even held that planning and preparing to engage in a competing business during the scope of an agency does not state a claim for a breach of the duty of loyalty. It is only where the agent directly competes against its principal's products that a breach of loyalty may be found. In *Vaughn*, the agent offered the

14

same products to the same customers in competition with its principal, usurping business that otherwise would have gone to it.  In *United Rentals*, the Court held that there was no breach of loyalty where there was no evidence that the agent "diverted any opportunity belonging to" the principal.

Nothing similar has been alleged in this case.  Plaintiff has not alleged that Jorge competed against it, took advantage of any knowledge acquired from Plaintiff to make a profit for herself at its expense, or acquired any pecuniary advantage over Plaintiff to its detriment.  As with all of its claims, Plaintiff does not even allege damages. And Jorge cannot be held to have breached a duty of loyalty for actions post-dating her internship, as she had no confidentiality agreement or non-compete.

In its prior ruling in this case, the Court has already held that "Jorge's relationship with Plaintiff does not meet the definition of the conduct that would give rise to a fiduciary duty." [ECF No. 46, p. 20.]  AFT cannot show that an unpaid intern with no NDA or confidentiality agreement and no direction or control is subject to a fiduciary standard never before imposed.[7]  This claim fails.

---

[7] As noted in the first 12(b)(6) motion [ECF No. 28], Michigan does not recognize a fiduciary duty for interns, *Rockwell Med., Inc. v. Yocum*, 2014 WL 2965307, *6 (E.D. Mich. June 26, 2014); *Bero Motors v. GMC*, 2001 WL 1167533 (Mich. App. Oct. 2, 2001), even if there is a contract. *Horizon Paint., Inc. v. Adams*, 2007 WL 600686 (Mich. App. Feb. 27, 2007). This Court refused to find a fiduciary duty even when there was a confidentiality agreement and non-compete, *Rockwell*, *supra*. "[U]nless circumstances indicate otherwise, the employer/employee relationship is generally not a fiduciary one." *Id.*, quoting *Muglia v. Kaumagraph Corp.*, 64 F.3d

### V.    Plaintiff's Fraudulent Misrepresentation Claim Should be Dismissed.

Plaintiff does not allege it was damaged by any alleged misrepresentation, meaning it has failed to state a claim upon which relief could be granted. Damages, of course, are an essential element to that claim. *Roberts v. Saffell*, 280 Mich. App. 397, 403 (2008) (an essential element is that "plaintiff thereby suffered injury.")

Plaintiff states that "Defendant's conduct was for the purpose of commercial gain; an effort to disparage Plaintiff for the purpose of generating economic contributions to Defendant PV." ECF No. 72, ¶ 66. But the Defendant's potential commercial gain is irrelevant; the question is whether Plaintiff was damaged.

Plaintiff admits that it has not been damaged and that any harm is theoretical at best. *Id.* at ¶ 60 ("disclosure of this information ***would*** cause irreparable harm"). And it does not plead damages that would actually stem from the misrepresentations themselves. Plaintiff recently amended its pleadings, but still has not alleged that it has in any way been damaged, despite all of the time that has elapsed.

Nor was Plaintiff's reliance on any alleged misrepresentation reasonable. Under Michigan law, where a plaintiff's reliance "was not reasonable," "the

---

663 (6th Cir. 1995); *Delphi Auto. PLC v. Absmeir*, 167 F. Supp. 3d 868, 884 (E.D. Mich. 2016) ("the general rule is that the employer-employee relationship does not give rise to a fiduciary relationship unless the employee is a high-level employee, or if there is a specific agency relationship."). "[C]onclusory allegations that [plaintiff] 'reposed trust, faith and confidence' in the defendant" does not suffice. *McLaren Reg'l Med. Ctr v. CompleteRX, Ltd.*, 2017 WL 3034615 (E.D. Mich. 2017).

statements, as a matter of law, did not support a misrepresentation claim." *Novak v. Nationwide Mutual Ins. Co.*, 235 Mich. App. 675, 691 (1999). "[A] plaintiff cannot claim to have been defrauded where he had information available to him that he chose to ignore." *Nieves v. Bell Indus.*, 204 Mich. App. 459, 465 (1994).

Plaintiff alleges that it interviewed Jorge once, hired her as an intern, and began giving her access to materials. It has admitted, however, that eventually "a cursory background check was performed" and "[i]t was quickly discovered that Jorge was not a student at the University of Michigan." [ECF No. 17, Page ID 305.] "A rapid search disclosed that [Defendant] used several aliases." *Id.* If a cursory background check and a rapid search could quickly discover that the representations should not be relied upon, then Plaintiff cannot establish any reasonable reliance.

## VI.   Plaintiff Fails to Plead a Trespass Claim.

"A trespass is an *unauthorized* invasion upon the private property of another. Thus, consent is an affirmative defense to a claim of trespass." *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695, 705 (2000). Even if a party obtains consent through misrepresentation, it does not invalidate the consent given. *Id.*; *Baugh v. CBS, Inc.*, 828 F.Supp. 745, 757 (N.D. Cal 1993) (dismissing a trespass claim because "[w]here consent was fraudulently induced, but consent was nonetheless given, plaintiff has no claim for trespass"); *Martin v. Fidelity & Cas. Co. of N.Y.*, 421 So.2d 109, 111 (Ala. 1982) (consent to enter is valid "even though

17

consent may have been given under a mistake of facts, or procured by fraud.").

In *Am. Transmission*, it was held that a trespass claim based on misrepresentation was properly dismissed where a non-journalist went into a place of business with a hidden camera, on false pretenses, in order to collect information about that business to disseminate. It was alleged that because the defendant gained entry by concealing her identity and misrepresenting her employment by Channel 7 and her purpose for being there, that consent was void. *Id.* The court disagreed, reasoning that though she misrepresented her purpose, consent was still valid because she did not invade any specific interests to the peaceable possession of land that the tort of trespass seeks to protect, did not disrupt the shop, did not invade private space, and did not reveal intimate details of anybody's life. *Id.* at 708-09.

That court relied on *J.H. Desnick, M.D. v. ABC, Inc.*, 44 F.3d 1345 (7th Cir. 1995). There, agents of ABC were equipped with a concealed camera and sent to places of business. The court had to determine whether a claim of trespass could be maintained when defendants had consent to enter the premises, but the consent was gained through misrepresentations. The court noted that "consent to entry is often given legal effect even though the entrant has intentions that if known to the owner of the property would cause him . . . to revoke his consent." *Id.* at 1351. Despite the misrepresentations, it was held that there was no trespass because there was no invasion of the specific interests that trespass seeks to protect; the information

18

videotaped was professional in nature, not personal; the activities of the offices were not disrupted; there was no invasion of a person's private space; no embarrassingly intimate details of anybody's life were publicized; and there was no interference with plaintiff's ownership or possession of land. *Id.* at 1352. The same applies here.

This Court has recognized the holding in *Desnick* and *American Transmissions* in analyzing whether "fraud can vitiate a landowner's consent" in a trespass claim. In *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261 (E.D. Mich. Apr. 28, 2008), this Court noted that *Desnick* found no trespass where the defendant "did not reveal embarrassing private facts, and they did not disrupt the office business," and that as a result there was no "interference with the possession or ownership of the plaintiff's land, which, of course, is the interest protected by the law of trespass." *Id.* at *15. The Court noted that the "Michigan Court of Appeals adopted the rational of *Desnick in Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*," and that this "implies that the plaintiff's actions would likely fail if Michigan law applied." *Id.*; *see also Ouderkirk v. PETA, Inc.*, 2007 WL 1035093 (E.D. Mich. Mar. 29, 2007) (noting that the Michigan Court of Appeals adopted *Desnick*'s reasoning "for the proposition that consent to enter one's property is not vitiated by fraud when the activity disclosed is of a commercial—as opposed to a personal or private—nature."). This claim should be dismissed.

Lastly, Plaintiff does not plead any damages, but alleges that Ms. Jorge

19

trespassed "for the purpose of gaining access to Plaintiff's facility, computers, files, and records."  ECF No. 72, ¶ 67.  Because Plaintiff's alleged harm is that its files or records were accessed, then this claim is also displaced by the MUTSA claim.

## VII.  Plaintiff Fails to State a Claim for "Larceny by Trick."

"Larceny by Trick" is recognized under the Michigan Penal Code, but there is no private cause of action.  The moving party cannot find one case applying Michigan law in which a private, civil cause of action for "Larceny by Trick" exists. Moreover, nothing has even been alleged to have been stolen other than "private and proprietary information."  Thus, even if such a cause of action existed it would be displaced by the Uniform Trade Secret Act claim.  This claim should be dismissed.

## VIII.  Plaintiff's Conspiracy Claim Should be Dismissed.

A conspiracy must be based upon an underlying actionable tort.  *Cleary Trust v. Edward-Mariah Muzyl Trust*, 262 Mich. App. 485, 507 (2004). When the underlying claims are dismissed, so too must the conspiracy claim. *McKesson Medical-Surgical, Inc. v. Micro Bio-Medics, Inc.*, 266 F. Supp. 2d 590 (E.D. Mich. 2003); *Knight v. Wheeler*, 1995 WL 871124 (E.D. Mich. Mar. 8, 1995); *Early Detection Ctr., PC v. NY Life Ins. Co.*, 157 Mich. App. 618, 632 (1986).  Because all other claims fail, so too must this claim.

And again, Plaintiff has not alleged any damages.  A conspiracy claim is one for *damages* due to acts committed.  *Fenestra Inc. v. Gulf Am. Land Corp.*, 377

Mich. 565, 593 (1966) ("the foundation of the action is the damage and not the conspiracy."). Plaintiff has not pled any damages were actually incurred, so this claim must fail. *First Pub. Corp. v. Parfet*, 246 Mich. App. 182, 192-93 (2001).

### IX.    The Unlawful Interception of Oral Communications Claim Fails.

"Both Michigan and federal law provide that it is not unlawful for a person that is a participant in a conversation to intercept that conversation." *Ruth v. Superior Consultant Holdings Corp.*, 2000 WL 1769576 (E.D. Mich. Oct. 16, 2000); 18 U.S.C. § 2511(2)(d) ("it shall not be unlawful under this chapter for a person not acting under color of law to intercept a . . . communication where such person is a party to the communication."). Plaintiff does not plead that Jorge recorded conversations to which she was not a party, but rather pleads that she recorded her "interactions" with staff. Plaintiff's prior pleadings even alleged that Jorge may have recorded conversations to which she was not a party, but it omitted that allegation in its latest amended pleading because it has no evidence of such. And Plaintiff does not allege that any subject of any recording had a reasonable right to privacy as necessary for this claim. *See Huff v. Spaw*, 794 F.3d 543 (6th Cir. 2015).

Not only is a participant to a conversation not liable, third-party disclosure of such a conversation recorded by a participant is not illegal. *Ferrara v. Detroit Free Press, Inc.*, 52 Fed. Appx. 229 (6th Cir. 2002); *Smith v. Cinci. Post & Times-Star*, 475 F.2d 740, 741 (6th Cir. 1984) (disclosure does not violate § 2511 where the

recording was privileged under § 2511(2)(d));[8] *Boddie v. ABC*, 731 F.2d 333 (6th Cir. 1984).  Meaning that neither the recording nor the publishing of it are actionable.

Fatally, Plaintiff states these acts were done for the purpose of committing criminal or tortious acts, but does not state *what* criminal or tortious acts.  Plaintiff must plead *some* unlawful act other than the alleged recording itself.  *Bowen v. Aftermath Ent.*, 254 F.Supp.2d 629 (E.D. Mich. 2003).  Plaintiff attempts to satisfy this requirement by alleging that Jorge "violated Michigan law in that she obtained access to the private offices of Plaintiff by fraud; she committed the tort of trespass; [and] she unlawfully secured and photographed documents all for economic gain." [ECF No. 72, ¶ 97.]  Plaintiff then states in conclusory fashion that "Defendants acted for the purpose of committing criminal or tortuous [*sic*] acts in violation of the Constitution and laws of the United States and Michigan."  *Id.* at ¶ 99.

These "criminal" acts, however, *preceded* the recording.  Plaintiff has the elements of its attempted cause of action reversed.  Instead of alleging that secret recordings were made for the purpose of committing tortious acts, it alleges that tortious acts were carried out for the purpose of making the recordings.  Since no

---

[8] "The appellant's contention that the recording and subsequent newspaper publication of this conversation violated his right of privacy is not well taken.  Since there is no 'interception' or 'eavesdropping' when a party to a conversation . . . records that conversation, . . . it follows that it could not in any way be wrongful for that person to later disclose the contents of that conversation."

other illegal or tortious purpose was alleged, Plaintiff's bare conclusions cannot survive.  If such pleadings did fit the meaning of the statute, then the law is unconstitutionally vague. *See Skilling v. United States*, 561 U.S. 358, 402-03 (2010); *Grayned v. City of Rockford*, 408 U.S. 104, 109 (1972) ("where a vague statute 'abut(s) upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of (those) freedoms.'  Uncertain meanings inevitably lead citizens to 'steer far wider of the unlawful zone . . . then if the boundaries of the forbidden areas were clearly marked.'") (internal citations omitted).

Lastly, Plaintiff does not have standing.  The Act gives a private cause of action to an "aggrieved person," defined as a "person who was a party to any intercepted" communication.  AFT is not such a person.

## X.   The Electronic Communications Privacy Act Claim Fails.

"[F]ormulaic recitation of the elements set forth in § 2710 is insufficient to allege plausible claims." *Thule Towing Sys. v. McNallie*, 2009 WL 2144273 (E.D. Mich. July 15, 2009).  Plaintiff alleges Defendant accessed confidential information, data bases, computers, and computer passwords.  ECF No. 72, ¶ 22-27.  But Plaintiff fails to plead that a "facility" was accessed or that it is a "provider" under the Act. § 2701 applies to access of a "*facility* through which an electronic communication service is *provided*."  A computer, however, is not a "facility through which an electronic communication service is provided." *Hilderman v. Enea Teksci, Inc.*, 551

23

F.Supp.2d 1183 (S.D. Cal. 2008); *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004) (computers are not "facilities" under the Act). Storing emails or documents on a computer does not constitute an "electronic storage." *Id.* The Act applies to messages stored on an ISP's server, but not those stored on a computer. *Hilderman*, at 1205; *Theofel*, at 1075. Documents on a computer are not in "temporary, intermediate storage," nor are they stored "by an electronic communication service."

The Act applies to "electronic communication service *providers*" such as ISPs or email service providers, telephone companies, etc. "Courts have interpreted the statute to apply to providers of a communication service such as telephone companies, Internet or e-mail service providers, [] bulletin board services [and] internet service providers." *Cent. Bank*, *supra* at 1234; *In re U.S.*, 665 F.Supp.2d 1210 (D. Ore. 2009). Plaintiff is not such a provider, but rather is a *user*, so the Act does not apply. *Cent. Bank & Trust v. Smith*, 215 F.Supp.3d 1226 (D. Wyom. 2016); *U.S. v. Steiger*, 318 F.3d 1039 (11th Cir. 2003) (act does not apply to simply accessing a computer and obtaining information from it).

Because there is no allegation that anyone accessed a "facility" through which an "electronic communication service is provided," the Act does not apply.

This Court dismissed a similar claim, holding that "allegations that [defendant] accessed 'confidential information and other electronic information stored on [plaintiff's] laptop computers and computer systems' does not allege that

24

the accessed information was 'a wire or electronic communication' stored on [an] electronic communication service." *Thule*, *supra* at \* 5. Because there was no claim of access of a facility through which "an electronic communication service is provided," there could be no claim.  *Id.*  The Court held that allegations that a computer was accessed and plaintiff's confidential information or trade secrets were accessed without authority "do not allege above speculation actionable [] claims." *Id.* at \*6; *see Bailey v. Bailey*, 2008 WL 324156 (E.D. Mich. 2008) (this Act "does not extend to emails and messages stored only on Plaintiff's personal computer").

Lastly, an essential element of this claim is that damages incurred. *Cornerstone Consultants v. Prod. Input Solutions*, 789 F.Supp.2d 1029 (N.D. Iowa 2001); *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199 (4th Cir. 2013).  No damages have even been pled.  Thus, this cause of action must also fail.

## <u>CONCLUSION</u>

Plaintiff's pleading should be dismissed for failing to sufficiently and plausibly plead any claims upon which relief can be granted.

Respectfully submitted,

/s/ Paul M. Mersino      Stephen R. Klein (P74687)
**Butzel Long, P.C.**        1629 K St NW Ste. 300
Paul M. Mersino (P72179)     Washington, DC 20006
150 W. Jefferson, Suite 100     (202) 804-6676
Detroit, MI 48226       steve@statecraftlaw.com
mersino@butzel.com
313-225-7015
Dated: August 2, 2018

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 2, 2018**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

BUTZEL LONG, P.C.


<u>s/ Paul M. Mersino</u>
**Butzel Long, P.C.**
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015