UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

PROJECT VERITAS, a foreign
corporation, and MARISA L. JORGE,
a/k/a MARISSA JORGE, a/k/a
MARISSA PEREZ,

    Defendants.
_____/

Civil Case No. 17-cv-13292
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 73)

This matter is before the Court on Defendants' Motion for Reconsideration, filed July 30, 2018. (ECF No. 73.) On July 19, 2018, this Court granted Plaintiff's request for leave to amend its complaint. (ECF No. 71.) In doing so, the Court denied, as moot, Defendants' motion to dismiss and objections to Magistrate Judge Stafford's February 28, 2018 Opinion and Order. Defendants request that the Court reconsider its ruling on Defendants' objections to Magistrate Judge Stafford's decision and correct the procedural history of the case.

Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those that are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked. . . .' It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Therefore, a motion that merely presents the same

issues already ruled upon by the Court shall not be granted. *See Smith ex rel. Smith*, 298 F. Supp. 2d at 637.

The Court grants Defendants' request to correct the procedural history. Defendants are correct that during a telephone conference on March 8, 2018, the Court stayed discovery and entered an Order stating the same. (ECF No. 58.) Therefore, the footnote in the Court's July 19, 2018 Opinion and Order is stricken.

However, the Court denies Defendants' request to reconsider its ruling on the objections to Magistrate Judge Stafford's decision. The basis of Defendants' objections/motion to stay was because of the pending motion to dismiss. (*See* ECF No. 59 at Pg ID 1696.) Because the Court permitted Plaintiff to amend its complaint, the motion to dismiss became moot, and therefore, the objections/motion to stay discovery became moot. Although Defendants state in the instant motion that they will be filing a motion to dismiss, there was no motion to dismiss pending before the Court at the time of its July 19, 2018 ruling that would warrant a different result.

Accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration (ECF No. 73) is **GRANTED, IN PART, AND DENIED, IN PART**.

**IT IS FURTHER ORDERED** that the motion is granted to the extent that footnote 1 of the Court's July 19, 2018 Opinion and Order is **STRICKEN**.

**IT IS SO ORDERED.**

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: August 14, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 14, 2018, by electronic and/or U.S. First Class mail.

                                            s/ R. Loury
                                            Case Manager