United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
     Plaintiff,

Hon. Linda V. Parker, District Judge

v

Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
     Defendants.

---

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
150 W Jefferson, Suite 100
Detroit, Michigan  48226
mersino@buztel.com
313-225-7000
P72179

---

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

TABLE OF CONTENTS

Table of Controlling Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

The Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    AFT Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    Project Veritas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      C.    Marisa Jorge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

The Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Jorge is Engaged as an Intern by AFT Michigan . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Jorge Covertly Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      I.    The Limited Purpose of A 12(b)(6) Motion . . . . . . . . . . . . . . . . . . . . . . . 8

          A.    Plead Sufficient Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          B.    Damages Alleged Generally . . . . . . . . . . . . . . . . . . . . . . . . . . 11

          C.    Claims Are supported by the Release of Stolen Documents and Covert

               Recordings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      II.    Plaintiff's Complaint States Claims . . . . . . . . . . . . . . . . . . . . . . . . 12

          A.    Fraudulent Misrepresentation . . . . . . . . . . . . . . . . . . . . . . . . . . 12

          B.    Trespass . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

          C.    Eavesdropping . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

               1.    The Recordings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

               2.    Liability of Project Veritas . . . . . . . . . . . . . . . . . . . . . . . 19

               3.    Liability of Marisa Jorge . . . . . . . . . . . . . . . . . . . . . . . . . 20

          D.    Larceny by Trick . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

          E.    Civil Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

          F.    Michigan Uniform Trade Secrets Act . . . . . . . . . . . . . . . . . . . . . . 26

               1.    Pleading with Specificity . . . . . . . . . . . . . . . . . . . . . . . . . 27

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

|   |   | 2. | Independent Economic Value | 28 |
|   |   | 3. | Reasonable Efforts to Maintain Secrecy | 29 |
|   |   | 4. | Material Generally Known | 31 |
|   | G. | Duty of Loyalty | | 32 |
|   |   | 1. | Jorge's Conduct | 32 |
|   |   | 2. | The Duty of Loyalty | 33 |
|   |   | 3. | Not Preempted | 34 |
|   | H. | Interception of Oral Communications | | 35 |
|   | I. | Stored Communications Act | | 37 |
| Conclusion | | | | 39 |

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

iii

# TABLE OF CONTROLLING AUTHORITY

*Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*,
 239 Mich. App. 695; 609 N.W.2d 607 (2000)

*Dalley v. Dykema Gossett*, 287 Mich.App. 296;  788 N.W.2d 679 (2010)

*Democracy Partners v. Project Veritas Action Fund*, No. 1:17-cv-1047 (D. D.C.)

*Dickerson v. Raphael*,  222 Mich.App. 185, 564 N.W.2d 85 (1997)

*Havard v. Wayne County*, 436 Fed.Appx. 451, 2011 WL 3648226 (6th Cir., 2011)

*Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398 (6th Cir., 2006)

*Nedschroef Detroit Corp. v. Bemas Enterprises* LLC,
 106 F.Supp.3d 874, 882 (E.D.Mich.,2015)

*Sullivan v. Gray*, 117 Mich.App. 476, 324 N.W.2d 58, (1982)

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

# TABLE OF AUTHORITIES

**Federal Statutes**

18 U.S.C. 2701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   37

18 U.S.C. §§ 2511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   36, 37


**Decisions Made By the U. S. District Courts**

*Bassett v. Nat'l Collegiate Athletic Ass'n,*
  528 F.3d 426 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Brown Jordan International, Inc. v. Carmicle,*
  846 F.3d 1167 (C.A.11 (Fla.), 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   38

*Carrier v. LJ Ross and Associates,*
  2008 WL 544550 (E.D.Mich.,2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

*Claybrook v. Birchwell,* 199 F.3d 350 (6ᵗʰ Cir., 2000) . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Democracy Partners v. Project Veritas Action Fund,*
  285 F.Supp.3d 109 (D.D.C., 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   36

*Desnick v. American Broadcasting Companies, Inc.,*
  44 F.3d 1345 (C.A.7 (Ill.),1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Fabian v. Fulmer Helmets, Inc.,* 628 F.3d 278 (6ᵗʰ Cir., 2010) . . . . . . . . . . . . . . . . . . . .   11

*Food Lion, Inc..v. Capital Cities,* 194 F.3d 505 (4th Cir. 1999) . . . . . . . . . . . . . . . . . .   16

*Giasson Aerospace Science, Inc. v. RCO Engineering, Inc.,*
  680 F.Supp.2d 830 (E.D.Mich.,2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   31

*Havard v. Wayne County,* 436 Fed.Appx. 451,
  2011 WL 3648226 (6ᵗʰ Cir., 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Henson v. Bank of Am., N.A.,* 979 F. Supp. 2d 763 (E.D. Mich. 2013) . . . . . . . . . . . . .   10

*Kiley v. Chase Manhattan Mortg. Co.,*
  No. 277783, 2008 WL 2744590 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

*McKesson Medical-Surgical Inc. v. Micro Bio-Medics, Inc.,*
266 F.Supp.2d 590 (E.D.Mich.,2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*MHT Housing, Inc. v. Colony Insurance Company,*
2014 WL 12659918 (E.D.Mich., 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mike Vaughn Custom Sports, Inc. v. Piku,*
15 F.Supp.3d 735 (E.D.Mich.,2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34, 35

*Mike's Train House, Inc. v. Lionel, L.L.C.,*
472 F.3d 398 (6ᵗʰ Cir., 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Nedschroef Detroit Corp. v. Bemas Enterprises* LLC,
106 F.Supp.3d 874 (E.D.Mich.,2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 34

*Planned Parenthood Federation of America, Inc. v.*
*Center for Medical Progress,* 214 F.Supp.3d 808 (N.D.Cal., 2016) . . . . . . . . . . . . . . . 15

*Roberts v. Saffell,* 280 Mich. App. 397,  760 N.W.2d 715 (2008),
aff'd, 483 Mich. 1089, 766 N.W.2d 288 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Wal-Mart Real Estate Business Trust v. Eastwood, LLC,*
2015 WL 12910670 (W.D.Mich., 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wentz v Project Veritas, et al.,* 6:17-cv-0116 (M.D. Fla. Jan 31, 2018) . . . . . . . . . . . . . 37

**Michigan Statutes**

M.C.L. 750.539c . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

M.C.L. 750.539d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Michigan Penal Code. M.C.L. 750.356 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Michigan Uniform Trade Secrets Act, M.C.L. 445.1901 et seq. . . . . . . . . . . . . . . . 17, 26

**Decisions Made By the Michigan Supreme Court**

*Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.,*
487 Mich. 349, 792 N.W.2d 686 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*People v. Long,* 409 Mich. 346, 294 N.W.2d 197 (1980) . . . . . . . . . . . . . . . . . . . . . . . 24

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

*Advocacy Organization for Patients & Providers v.*
 *Auto Club Ins. Ass'n,,*  257 Mich.App. 365, 670 N.W.2d 569 (2003) . . . . . . . . . . . . . . .  25

*Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695,
 609 N.W.2d 607 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

*Dalley v. Dykema Gossett*,
 287 Mich.App. 296, 788 N.W.2d 679, (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15, 16

*Dickerson v. Raphael,,* 222 Mich.App. 185, 564 N.W.2d 85 (1997)
 *(rev'd on other grounds, Dickerson v. Raphael*, 461 Mich. 851 (Mich. 1999)] . . . . . . . .  19

*First Pub. Corp. v. Parfet*, 246 Mich. App. 182 (2001) . . . . . . . . . . . . . . . . . . . . . . . . .  25

*First Public Corp. v. Parfet*, 631 N.W.2d 785,
 246 Mich. App. 182 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  26

*People v. Wilkens*, 267 Mich. App. 728, 705 N.W.2d 728 (2005) . . . . . . . . . . . . . . . . . .  20

*People v. Wilson*,
 122 Mich.App. 270, 332 N.W.2d 465 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

*Sullivan v. Gray*, 117 Mich.App. 476,  324 N.W.2d 58 (1982) . . . . . . . . . . . . . . . . . . . . .  22

*Yudashkin v. Linzmeyer*,
 247 Mich. App. 642, 637 N.W.2d 257 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

**Other Authorities**

Wright & Miller, § 1356Motions to Dismiss—Purpose of the Rule 12(b)(6) Motion, 5B Fed.
Prac. & Proc. Civ. § 1356 (3d ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## Introduction

The Defendants' motion to dismiss should be denied because Plaintiff has sufficiently pleaded facts regarding the Defendants' infiltration of AFT Michigan, secret recording of private conversations with AFT Michigan staff and theft of private documents from AFT Michigan. Project Veritas' infiltration of AFT Michigan relied on a carefully crafted scheme of misrepresentations. These misrepresentations exploited the nature of AFT Michigan as an organization committed to bringing people into the labor movement. But AFT Michigan also has an obligation to maintain the confidence of its members' information. Project Veritas knew that it could not access this information if it knocked on AFT Michigan's door and asked. It therefore engaged in the unlawful infiltration at the heart of AFT Michigan's allegations in order to secure this access. The complaint shows that Defendants conspired to infiltrate an organization they oppose for the purpose of causing harm to AFT Michigan (Federation) and similar labor organizations.

A product of the infiltration was published on May 9, 2018. Then, Defendant Project Veritas published to YouTube a covertly recorded and selectively edited video of a conversation with an AFT Michigan Staff Representative in which Project Veritas claimed that AFT Michigan had been complicit in a matter in which an "alleged child molester" was "paid off." See https://www.projectveritas.com/2018/05/09/aft-michigan/. Included in the publication were copies of documents stolen from AFT Michigan by Defendant Jorge. Following Project Veritas' global publication of confidential AFT Michigan documents and conversations with AFT Michigan staff, that were surreptitiously recorded as alleged, there can be no question of the nature of that infiltration

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

1

Because the complaint pleads sufficient facts to state a claim for relief, Defendants' motion should be denied.

**The Parties**

A.     AFT Michigan

AFT Michigan (the Federation) is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Affiliated with the Federation are more than 90 local Unions representing more than 35,000 persons most of whom work in public education for school districts, colleges and universities. The Federation maintains a headquarters building in the City of Detroit where its officers and staff work. Access to the building is limited to those granted permission. Visitors must be individually admitted. AFT Michigan is part of a large and growing labor movement representing public employees in nearly every municipality in the State of Michigan.

B.     Project Veritas

(1)

Project Veritas (PV) is a right-wing organization infamous for targeting and surreptitiously infiltrating progressive organizations. Supported by secret contributions, PV has engaged in a practice of faux journalism aimed at various progressive groups and organizations in an effort to disparage them or cast them in a false light. PV and its founder, James O'Keefe, have a history of secretly recording employees working for penetrated organizations with the hope that the employee would make a harmful admission. PV then edits these recordings to present an entirely misleading version of the truth.

"The practices in which Project Veritas engages are "uncommon and generally considered unethical" by real journalists. Paul Farhi, *What the Latest James O'Keefe video*

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2

*Leaves Out*, Washington Post, (June 28, 2017) "Their work has been repeatedly criticized for intentionally deceptive editing... and O'Keefe has a criminal record in an effort to illegally infiltrate a Democratic Senator's office." https://www.washingtonpost.com/lifestyle/style/what-you-dont-see-in-okeefe-video-may-be-as-important-as-what-you-do/2017/06/28/dcb67446-5b7c-11e7-a9f6-7c3296387341_story.html

The chair of the Society of Professional Journalists' ethics committee stated that "although mainstream news organizations sometimes cross ethical boundaries, O'Keefe regularly does so. James O'Keefe is not an ethical journalist. .. he obviously has an agenda... and has a history of distorting facts or context." Paul Farhi, *Is it Okay for James O'Keefe's 'Investigative Journalism' to Rely on Deception*?, Washington Post (Oct. 19, 2016) https://www.washingtonpost.com/lifestyle/style/is-it-okay-for-james-okeefes-investigative-reporting-to-rely-on-deception/2016/10/19/f32fd46a-962e-11e6-9b7c-57290af48a49_story.html

O'Keefe has pled guilty to a misdemeanor following his unlawful entry into the offices of a United States Senator. And O'Keefe has settled at least one suit for a substantial sum. https://www.politico.com/story/2013/03/james-okeefe-agrees-to-pay-100000-settlement-088620

Both O'Keefe and PV are currently defendants in numerous separate civil actions pending in several states and the District of Columbia. See e.g. *Democracy Partners v. Project Veritas Action Fund*, No. 1:17-cv-1047 (D. D.C. filed June 23, 2017); *Wentz v Project Veritas, et al.*, 6:17-cv-0116 (M.D. Fla. filed June 1, 2017).

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

3

(2)

     The Project Veritas playbook is now well known. A PV agent obtains a position of trust in a targeted organization through deceit, lies and the misrepresentation of their identity and purpose. Having infiltrated the entity, the agent will engage employees of the organization in conversation and secretly video record the interaction. The conversation will then be selectively edited and published on the internet, usually on YouTube. The Project Veritas website includes links to several such publications.

C.     Marisa Jorge

     Marisa Jorge is an agent of Project Veritas. She has been identified as a participant in numerous Project Veritas operations including most recently an approach to an affiliate of the American Federation of Teachers in Cincinnati, Ohio. See declarations appended to Plaintiff's motion for temporary injunction, DKT 61.

### The Facts

### Jorge is Engaged as an Intern by AFT Michigan

(i)

     In the Spring of 2017, Marisa Jorge interacted with the leader of a local union affiliated with AFT Michigan and misled him into believing that she was a student at the University of Michigan and was interested in the labor movement and in public education. She was referred to AFT Michigan for possible service as an intern

     The Federation has a practice of engaging individuals as summer interns. These persons have included people who have demonstrated an interest in the labor movement and in public education and who want to learn about both. The persons who have served in the past were

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

4

recommended by trusted organizations or colleagues. The program, while informal, has been a success as many interns have gone on to work with organized labor or in education.

Jorge was invited to interview with the Federation. During the interview Jorge repeatedly lied about her identity and her purpose. She identified herself as "Marissa Perez." She said she was a student at the University of Michigan. She claimed to live in Michigan. She said she wanted to be a teacher of second grade. She said that she was interested in the labor movement. She claimed to think that charter schools were bad ideas. None of these statements were true. Each was an intentional lie offered for the purpose of gaining access to the Federation and its building.

(ii)

Based on these lies, the Federation engaged Jorge as a summer intern. It was expected that she would work for the Federation during June, July and part of August, 2017. She was given a variety of assignments and was invited to attend meetings and conferences. She was given first one and then another computer to use and was provided limited access to electronic files maintained by the Federation.

Although Jorge had no authority to view, record or copy electronic records maintained by AFT Michigan, forensic review of computers maintained by the Federation shows an extensive electronic "trail" which makes clear that Jorge routinely accessed electronic files which she had been told she could not see and which were unrelated to her area of assignment. Further, it is clear that Jorge used the private password of a Federation staff person to review purely personal material including the person's mortgage application and private correspondence.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

5

### Jorge Covertly Records

(i)

Despite a relatively limited portfolio, Jorge began to probe Federation staff about matters which were unrelated to her tasks. She often inquired about cases of teacher discipline, asking "what is the worst case you've seen" or similar queries. She repeatedly asked to see grievance files and teacher records.

Sometime over the summer, Jorge met with a Federation staff person who explained that he had once assisted a teacher in a misconduct claim. The staff person discussed the matter generally as an example of some of the work he performed for Federation affiliates and members. Jorge became particularly curious about the case although it had occurred years prior and was based on an unfounded accusation which the teacher vigorously denied had occurred. Moreover, the conduct was said to have taken place nearly a decade prior to the making of the charge.

The situation was unrelated to anything that Jorge was engaged to do and Federation staff were uncertain as to why she was interested in the matter. But Jorge persisted. She claimed that she wanted to learn how the Federation worked with teachers accused of misconduct. Jorge asked to see documents pertaining to the teacher. She was told she could not review them; that they were confidential.

(ii)

Unknown to the Federation staff person, Jorge was equipped with a recording device attached to her person or her clothing. Her conversation with the Federation staff person was video recorded by Jorge without the consent of the staff person and without his knowledge that

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

6

he was being recorded. Moreover, some time after the interview, Jorge returned to the staff person's office when he was not present, gained access to closed file cabinets, found the relevant material and photographed the documents relating to the teacher although she had been told they were confidential. The documents included the teacher's name and the specifics of the unsupported accusations against him.

(iii)

Jorge transmitted the video recording and the photographs of the documents to Project Veritas. On May 9, 2018, Project Veritas published a heavily edited version of the video recording on its website and on YouTube.

(https://www.projectveritas.com/2018/05/09/aft-michigan/); (https://youtu.be/mQJpIvbLrd0). They also published copies of the stolen documents on their website. See https://s3.amazonaws.com/pv-wordpress-media/wp-content/uploads/2018/05/REDACTED+ L a k e + C i t y + S c h o o l s + C a s e . c o m p r e s s e d . p d f   l i n k e d   h e r e : https://www.projectveritas.com/2018/05/09/aft-michigan/

PV cast the Federation assistance to the teacher as evidence that AFT Michigan had aided a teacher who was an "alleged child molester." The Project Veritas publication included copies of material Jorge stole from AFT Michigan.

The broadcast produced some hate mail addressed to both the Federation and its counsel. And the public employer involved received considerable adverse publicity although the employer had acted entirely properly.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

7

## The Complaint

Plaintiff's complaint asserts nine causes of action based on the Defendants' conduct.

Each contention is supported by facts; each states a claim under either Michigan or federal law.

- Count one asserts that Jorge is guilty of fraudulent misrepresentations by lying about her identity and her purpose.

- Count two asserts that Jorge trespassed by gaining access to AFT Michigan through deceit.

- Count three asserts that Jorge unlawfully recorded private conversations through the use of an eavesdropping device.

- Count four asserts that Jorge and Project Veritas secured material of value by trick.

- Count five asserts that Jorge and Project Veritas engaged in a conspiracy to commit torts.

- Count six asserts that Jorge and Project Veritas secured material protected by the Michigan Uniform Trade Secrets Act.

- Count seven asserts that Jorge breached a duty of loyalty to AFT Michigan.

- Count eight asserts that Project Veritas and Jorge violated the federal Wiretap Act, 18 USCA § 2511(d)

- Count nine asserts that Project Veritas and Jorge violated the Unlawful Access to Stored Communications Act, 18 U.S.C. § 2701 (a)( 1) and (2),

Each of these claims is supported by sufficient facts to state a claim on which relief may

be granted. Each is addressed in the order they appear in the complaint.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

8

**Argument**

**I.      The Limited Purpose of A 12(b)(6) Motion**

A.      Plead Sufficient Facts

1.

A Rule 12(b)(6) motion is designed for a limited purpose: to test whether a complaint presents sufficient facts to states a claim. It is not to be used for a generalized attack on Plaintiff's theories or the propriety of the statement of the claims:

> "The motion under Rule 12(b)(6) should be distinguished from a number of other motions that may be made under Rule 12. The Rule 12(b)(6) motion addresses itself solely to the question of whether the complaint fails to state a claim and is not designed to correct inartistic pleadings or to force compliance with the requirements of Rule 10 as to the form of the pleadings. If the complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a motion under Rule 12(b)(6) is not appropriate; the proper remedy is a motion for a more definite statement under Rule 12(e)."

Wright & Miller, § 1356Motions to Dismiss—Purpose of the Rule 12(b)(6) Motion, 5B Fed. Prac. & Proc. Civ. § 1356 (3d ed.).

A motion under F.R.C.P. 12(b)(6) is not designed to test the viability of a party's claims; it is limited to the sufficiency of the complaint:

> "As the numerous illustrative cases from throughout the federal judicial system cited in the note below make clear, the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case. Thus, the provision must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Only when the plaintiff's complaint fails to meet this liberal pleading standard is it subject to dismissal under Rule 12(b)(6)."

Wright & Miller, *Id.*

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

9

And:

> "To survive a motion to dismiss, the plaintiff must plead "enough factual
> matter" that, when taken as true, "state [s] a claim to relief that is plausible on
> its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955,
> 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged." [Citing *Ashcroft v. Iqbal*,
> 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)].
> Plausibility requires showing more than the "sheer possibility" of relief but less
> than a "probab[le]" entitlement to relief. *Id.* "Determining whether a complaint
> states a plausible claim for relief will ... be a context-specific task that requires
> the reviewing court to draw on its judicial experience and common sense." *Id.*
> at 1950. However, if "the well-pleaded facts do not permit the court to infer
> more than the mere possibility of misconduct," the complaint has not shown
> that the pleader is entitled to relief. *Id.* (citing Fed.R.Civ.P. 8(a)(2)).

*Havard v. Wayne County*, 436 Fed.Appx. 451, 456–57, 2011 WL 3648226, at \*6–7 (6th Cir.,

2011)

2.

> A complaint is viewed in the light most favorable to the Plaintiff:

> Upon *de novo* review of a trial court's dismissal of a complaint under Rule
> 12(b)(6), the allegations of the complaint should be construed liberally in the
> plaintiffs' favor. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405 (6th
> Cir.1998). "[A] complaint should not be dismissed for failure to state a claim
> unless it appears beyond doubt that the plaintiff can prove no set of facts in
> support of his claim which would entitle him to relief." *Conley v. Gibson*, 355
> U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)

*Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir., 2000)

And:

> "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a
> matter of law, the plaintiff is entitled to legal relief if all the facts and
> allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*,
> 270 F.3d 416, 419 (6th Cir.2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638
> (6th Cir.1993)). In order to state a viable claim, the plaintiff must state facts in
> the complaint that include all the elements of her cause of action. The complaint
> is viewed in the light most favorable to the plaintiff, the allegations in the
> complaint are accepted as true, and all reasonable inferences are drawn in favor

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008). But as the Sixth Circuit explained,

> "'[t]o survive a motion to dismiss, [a plaintiff] must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility requires showing more than the "sheer possibility" of relief but less than a "probab[le]" entitlement to relief. *Ashcroft v. Iqbal,* [556 U.S. 662, 678], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).'"

*Henson v. Bank of Am., N.A.*, 979 F. Supp. 2d 763, 764–65 (E.D. Mich. 2013)

3.

(a)

In evaluating a motion under F.R.C.P. 12(b)(6), the Court is entitled to rely on "judicial experience" and "common sense."

> "In the absence of further development of the facts, we have no basis for crediting one set of reasonable inferences over the other. Because either assessment is plausible, the Rules of Civil Procedure entitle Fabian to pursue his claim (at least with respect to this theory) to the next stage—to summary judgment or, if appropriate, a trial after the parties have engaged in any relevant discovery to support one or the other interpretation. So long as we can "draw the reasonable inference that the defendant is liable for the misconduct alleged," (citation omitted) a plaintiff's claims must survive a motion to dismiss. That inference is reasonable here because "common sense," (citation omitted), tells us that a mass-manufactured consumer product, whether it is shoes, pants or helmets, may utilize the same design (and carry the same flaw) regardless of its size."

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 281 (6th Cir., 2010)

(b)

A Court considering a 12(b)(6) motion is not limited to the four corners of the complaint.

> "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

11

contained therein. See *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001)."

*Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added) The Court may consider the entire record presented to it including testimony and declarations offered in support of Plaintiff's requests for a temporary injunction. This information supports Plaintiff's complaint by providing a clear factual basis for Plaintiff's claims.

B.     Damages Alleged Generally

Defendants argue that Plaintiff is required to plead damages with specificity and that Plaintiff has not done so. Defendants are incorrect. First, Plaintiff's claims sound in tort not contract. The amount of damages will be a jury question. Second, Rule 12(b)(6) does not require that damages be plead specifically. See *Wal-Mart Real Estate Business Trust v. Eastwood, LLC,* 2015 WL 12910670, at *6 (W.D.Mich., 2015) (generalized claim of damages to be suffered sufficient to satisfy notice pleading standards). And *MHT Housing, Inc. v. Colony Insurance Company,* 2014 WL 12659918, at *3–4 (E.D.Mich., 2014) (damages must be plead in contract but not tort claims).

Defendants' torts have harmed Plaintiff and it is entitled to damages and the complaint says so. Plaintiff has plead damages adequately.

C.     Claims Are supported by the Release of Stolen Documents and Covert Recordings

On May 9, 2018 the Defendants provided sufficient evidentiary support for Plaintiff's allegations. Defendants secretly recorded conversations with employees of AFT Michigan and stole documents which contain restricted information; information which Defendant Jorge was expressly told she could not view. But the May 9 release is likely only the tip of the iceberg. Plaintiff has evidence (part of which was presented to the Court previously) which shows that

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

Defendants viewed material which is secret, proprietary and which Defendant Jorge was told she could not view or which she viewed despite limits on her authority.

Marisa Jorge was planted within AFT Michigan for the sole purpose of gaining access to information which Defendants hoped would enable them to disparage the Federation. Plaintiff has adequately pleaded all of its causes of action. The Defendants' motion to dismiss should be denied.

## II.    Plaintiff's Complaint States Claims

Plaintiff will address Defendants' motion with regard to each cause of action presented by the complaint in the order in which it appears in the complaint.

## A.    Fraudulent Misrepresentation

First Cause of Action: Fraudulent Misrepresentation

Plaintiff has adequately plead a claim for fraudulent misrepresentation. Beginning at complaint ¶ 52 Plaintiff explains its cause of action: Marisa Jorge, claiming to be "Marisa Perez" made a material misrepresentation which was false, which she knew to be false and on which it was intended that Plaintiff AFT Michigan rely. This is the legal standard for the claim:

> "To prove a claim of fraudulent misrepresentation, or common-law fraud, a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury."

*Roberts v. Saffell*, 280 Mich. App. 397, 403, 760 N.W.2d 715, 719 (2008), aff'd, 483 Mich. 1089, 766 N.W.2d 288 (2009)

Defendants do not deny the Plaintiff's allegation nor could they. Jorge lied about who she was and the Federation believed her. Instead, Defendants claim that the Federation has

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

13

suffered no damage as a result of the lies. The contention is completely false. AFT Michigan has been harmed to a substantial extent. It has had to act to protect its trade secrets, modify its security processes, change its personnel practices and revise its strategies. The Federation had to bring this action to protect disclosure of its plans and strategies. The harm caused by Jorge's lies was significant because the Defendants' goal was to bring down AFT Michigan.

Defendants make a shameful argument which says, in essence, that the Federation was indeed defrauded but that it was the Union's own fault; that it should have anticipated that someone would attempt to infiltrate it and take measures to prevent it ("To the contrary, Plaintiff's pleadings indicate the Plaintiff at all times consented to Jorge's behavior or at the least failed to stop it." Defendants' brief at 11.). The Federation should not have relied on what it was told, Defendants claim, and therefore the Federation's reliance was not reasonable. This contention should not be credited. First, the argument concedes that Jorge intentionally misrepresented the truth. Second, it asserts that any employer assumes the risk of engaging a person without doing a full background check. The Federation should not have believed what it was told, Defendants say. The contention is outrageous. The Federation has properly plead a cause of action for fraudulent misrepresentation.

**B.    Trespass**

1.

Defendant Jorge obtained entry to AFT Michigan through deliberate misrepresentation. She would never have been admitted to the building, much less entrusted with confidential information, had she been truthful. Under Michigan law, consent to access is vitiated if it was gained through fraud.

Consent may be a defense to trespass:

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

14

> "Because a cause of action for trespass requires an unauthorized entry, consent to enter upon the private property of another is an affirmative and absolute defense to a trespass claim. *American Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich.App. 695, 705–706, 609 N.W.2d 607 (2000)."

*Kiley v. Chase Manhattan Mortg. Co.*, No. 277783, 2008 WL 2744590, at *1 (2008)

But consent may not be obtained through fraud. Defendants cite to *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695; 609 N.W.2d 607 (2000) to contend that consent obtained through fraud is still consent. The claim vastly overstates the holding. In *American Transmission* a reporter gained access to a business after misrepresenting his identity. The business sued following a televised news story claiming, among other matters, that the reporter was guilty of trespass. In affirming dismissal of the charge, the court carefully noted that the reporter entered only into the *public areas* of the transmission shop and did not did not "...disrupt the shop or invade anyone's private space, and the videotape she made did not reveal the intimate details of anybody's life." The case is not relevant here.

Cases construing *American Transmission* emphasize that the decision turned on the key fact that the reporters *only entered public areas* of the building:

> "Defendants cite a number of cases that have rejected trespass claims where defendants misrepresented their identities in order to conduct surreptitious filming on business properties. Defs. MTD at 25. In each of those cases, however, the trespass claim failed because the defendants recorded in publicly accessible places. See, e.g., *Desnick v. Am. Broad. Companies, Inc.*, 44 F.3d 1345, 1352 (7th Cir. 1995) ("The test patients entered offices that were open to anyone" (emphasis in original); *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich.App. 695, 708–09, 609 N.W.2d 607 (2000) ( "Stern entered only those areas of plaintiffs' shop that were open to anyone seeking transmission repair services and videotaped plaintiffs' employee engaging in a professional discussion with her.")"

*Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 214 F.Supp.3d 808, 834 (N.D.Cal., 2016)

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

The Michigan Court of Appeals noted the limitations of *American Transmission* in

*Dalley v. Dykema Gossett*, 287 Mich.App. 296, 315;  788 N.W.2d 679, 691,(2010). The Court

stated that:

> "In *American Transmission*, this Court considered a somewhat similar issue.
> The American Transmission plaintiffs sued a television station that had
> recorded the interactions between a decoy customer and the plaintiffs'
> transmission repair personnel. The plaintiffs' complaint asserted that the
> defendants had committed a trespass when they "gained entry by concealing
> their true identity and misrepresenting their agent's relationship to them...."
> *American Transmission*, 239 Mich.App. at 699–700, 609 N.W.2d 607. This
> Court upheld the order granting summary disposition of the plaintiffs' trespass
> claim in favor of the defendants, finding that although the decoy customer
> "misrepresented her purpose, plaintiffs' consent was still valid because she did
> not invade any of the specific interests relating to the peaceable possession of
> land that the tort of trespass seeks to protect." *Id.* at 708, 609 N.W.2d 607. The
> Court emphasized that the decoy customer had entered only public areas of the
> plaintiffs' transmission shop and videotaped a "professional discussion...." *Id.*
> at 709, 609 N.W.2d 607. The decoy customer "did not disrupt the shop or
> invade anyone's private space, and the videotape she made did not reveal the
> intimate details of anybody's life." *Id.*

*Dalley v. Dykema Gossett, supra,* 316

The Court also noted that *American Transmission* adopted, in large measure, *Desnick*

*v. American Broadcasting Companies, Inc.*, 44 F.3d 1345 (C.A.7 (Ill.),1995). But in  *Desnick*,

the Court noted, drew a careful distinction between entry into *public* as opposed to *private*

spaces:

> "In *American Transmission*, 239 Mich.App. at 708, 609 N.W.2d 607, this court cited
> favorably a case decided by the United States Court of Appeals for the Seventh Circuit,
> *Desnick v. American Broadcasting Cos., Inc.*, 44 F.3d 1345 (C.A.7, 1995). In *Desnick,*
> the Seventh Circuit, in an opinion authored by Chief Judge Richard Posner, rejected the
> contention that journalists posing as test patients at an eye surgery center had committed
> a trespass, reasoning that the test patients' entry did not invade any of the specific
> interests that the tort of trespass seeks to protect. The test patients entered offices that
> were open to anyone expressing a desire for ophthalmic services and videotaped
> physicians engaged in professional, not personal, communications with strangers (the
> testers themselves). The activities of the offices were not disrupted.... Nor was there any
> inva[sion of] a person's private space, ... as in the famous case of *De May v. Roberts*,

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

16

46 Mich. 160, 9 N.W. 146 (1881) (where a doctor, called to the plaintiff's home to deliver her baby, brought along with him a friend who was curious to see a birth but was not a medical doctor, and represented the friend to be his medical assistant).... [Id. at 1352 (quotation marks omitted).]"

*Dalley v. Dykema Gossett, id.*, at 316–17

Further, "The Seventh Circuit acknowledged that in a true trespass case, "there can be no implied consent in any nonfictitious sense of the term when express consent is procured by a misrepresentation or a misleading omission." *Id.*, 692.

Defendant Jorge was admitted to the Federation's building based on her falsehoods, outright lies and intentional misrepresentations. She was not in public areas because *there are no public areas*. The building is not open to the public and entry is by permission, only. Jorge was admitted to work spaces, private offices and conference rooms only because she engaged in outright fraud to obtain entry. As such the Federation's consent to enter was procured through fraud and is void. Marisa Jorge is guilty of trespass and the complaint properly pleads the same. See *Food Lion, Inc..v. Capital Cities*, 194 F.3d 505, 519 (4th Cir. 1999) (finding trespass where reporters went into areas of the store that were not open to the public and secretly videotaped an act that was directly averse to the interest of their second employer, Food Lion.).

2.

Defendant asserts, without authority, that Plaintiff's trespass claim is preempted by the Michigan Uniform Trade Secrets Act, M.C.L. 445.1901 et seq. (MUSTA). It is not. M.C.L. 445.1908 limits the preemptive effect of the Act. The statute says:

Sec. 8. (1)   Except as provided in subsection (2), this act displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

17

(2)     *This act does not affect any of the following*:

    (a)    Contractual remedies, whether or not based upon misappropriation of a trade secret.

    (b)    *Other civil remedies that are not based upon misappropriation of a trade secret.*

    (c)    Criminal remedies, whether or not based upon misappropriation of a trade secret.

Plaintiff's claim of trespass is "another civil remedy" which is not based on misappropriation of a trade secret. See *McKesson Medical-Surgical Inc. v. Micro Bio-Medics, Inc.*, 266 F.Supp.2d 590, 600 (E.D.Mich.,2003) (" In this Court's opinion, MUTSA only preempts other civil remedies that involve trade secrets.").

Defendant Jorge committed a trespass by lying about her identity and purpose and is liable for her tort. The claim is not preempted because it is not based on the existence of trade secrets. Instead the action seeks damages for trespass an action based in common law and not in MUSTA.

C.     Eavesdropping

Plaintiff states a cause of action against both Defendants for violation of Michigan law regarding the covert recording of private conversations. However, the liability of each Defendant is unique and the analysis required different.

1.     The Recordings

(a)

It is now clear that Defendants conspired to covertly record private conversations with staff persons employed by AFT Michigan. One of those conversations–heavily edited–was publically broadcast on May 9, 2018. Consent to record was not sought nor provided. As noted,

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

Defendant Jorge secretly carried a recording device on her person and video recorded a conversation between herself and a staff person. However, there is substantial circumstantial evidence that Jorge recorded many other conversations including those to which she was just a bystander.

Jorge attended many meetings with staff at AFT Michigan. These meetings often had numerous persons in attendance. Further, while the device was on, it is likely that Jorge recorded conversations to which she was not a party. There is more than enough evidence available to support Plaintiff's claim that Jorge routinely eavesdropped on the conversations of others.

(b)

Jorge transmitted her electronic recordings to Project Veritas. It is presently unknown how she did so. But there is substantial circumstantial evidence to conclude that Jorge was transmitting the information contemporaneously. Numerous AFT Michigan staff report that Jorge would disappear into the restroom for extended periods without explanation. She was not pressed on the matter out of respect for her privacy. But it is highly likely that Jorge was sending electronic files to Project Veritas. There is, therefore, more than enough evidence to support Plaintiff's claim that Project Veritas was functionally listening in on private conversations of others contemporaneously by obtaining a recording of the conversation.

2.      Liability of Project Veritas

Project Veritas engaged Defendant Jorge as an agent and provided her the direction and resources to covertly record conversations with staff persons employed by AFT Michigan. It is clear that Project Veritas assigned Jorge to record the conversations of others and there is

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

19

substantial evidence that Project Veritas obtained these recordings contemporaneously. In doing so, Project Veritas engaged in eavesdropping.

In *Dickerson v. Raphael*, 222 Mich.App. 185, 192, 564 N.W.2d 85, 88–89 (1997) *(rev'd on other grounds, Dickerson v. Raphael*, 461 Mich. 851 (Mich. 1999)] a party to a conversation recorded it and simultaneously transmitted the recording to a third party. The Michigan Court of Appeals held that this was unlawful eavesdropping because all parties to the conversation had not consented to the recording:

> "Under statute, "eavesdropping" is defined as "to overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse." M.C.L. § 750.539a(2)"

*Id.*, 191.

Defendant Jorge recorded conversations and transmitted them to Project Veritas. In doing so, Project Veritas eavesdropped on the conversation of others via its agent. The facts here are sufficiently plead to support Plaintiff's claim.

3.      Liability of Marisa Jorge

(a)

Defendant Jorge violated M.C.L. 750.539d by using a recording device to secretly record a conversation with an AFT Michigan staff representative. The Defendant cannot deny the truth of this allegation because Defendant posted the unlawful recording to YouTube.

Michigan law forbids the use of a recording device to record private conversations without consent. The statute reads:

> "Except as otherwise provided in this section, a person shall not do either of the following:
>
> "(a) Install, place, or use in any private place, without the consent of the person or persons entitled to privacy in that place, any device for observing, recording,

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

transmitting, photographing, or eavesdropping upon the sounds or events in that place."

M.C.L. 750.539d.

Defendant Jorge violated this statute by using a recording device concealed on her person for the purpose of recording "sounds or events" in a private office. The office in which Jorge used the recording device was private and the conversation was intended to be private. The office is not open to the public. It has a door and the occupants may exclude others from entering or overhearing conversations taking place.

Jorge's use of a recording device violated the law. [A camera is an eavesdropping device. *People v. Wilkens*, 267 Mich. App. 728, 705 N.W.2d 728 (2005).] Based on Defendants' admissions, there is sufficient evidence that Defendants have violated Michigan law. Jorge used a camera for the purpose of recording private conversations. And the use of a recording device violates Michigan law.

(b)

Jorge was a participant to numerous meetings and conferences which included several other people. It is highly likely that Jorge recorded these interactions which included the conversation of others.

(c)

The Defendant cites to *Carrier v. LJ Ross and Associates*, 2008 WL 544550 (E.D.Mich.,2008) for the proposition that this Court has recognized that M.C.L. 750.539c would not apply when a conversation was recorded. Defendants misstates the ruling. There the Court emphasized that the recording was not "made by a third-party eavesdropper nor secretly

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

published." *Id.*, at *3. That is far from the situation here where the recorded conversation was broadcast and involved third-party eavesdroppers (Jorge and PV).

(d)

The Defendants claim that the conversation with the AFT staff representative was somehow not private. This assertion belies logic. The interaction occurred in a private office; others were excluded. Further, Jorge was expressly told that information related to the matter being discussed was private and could not be reviewed. The conversation was clearly intended to be private and not to be disseminated to others.

Defendants further confound logic when they say that "Not present is any allegation that Defendants eavesdropped, recorded private conversations, transmitted private discourse of others without permission, or engaged in surveillance by secretly observing others for the purpose of spying." Defendant's brief at 2. That is precisely what Plaintiff has plead and exactly what occurred here. Defendant Jorge lied her way into AFT Michigan for the purpose of spying on the Federation, its employees and its activities. The method she used to spy was the use of a recording device, a clear violation of Michigan law.

(e)

Defendants argue that Jorge was a party to the conversation and therefore had *carte blanche* to record it and disseminate it to whomever she chose. But Defendants fail to note the distinction between Jorge, as a participant to the conversation, and Project Veritas as the recipient of the recording.

Even assuming that a participant to a conversation may record it without the consent of the other party, Project Veritas intercepted the recording which Jorge created. That is a violation of law:

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

22

"While a participant may record a conversation with apparent impunity, his sole consent is insufficient to make permissible the eavesdropping of a third party. Thus, while a participant may record a conversation, he apparently may not employ third parties to do so for him. However, this result, although incongruous on its face, is not necessarily an inconsistency. An individual may not expect those he converses with to record their discourses. Still, absent a request that discussions be held "off the record", it is only reasonable to expect that a conversation may be repeated, perhaps from memory or from the handwritten notes of a party to the conversation. A recording made by a participant is nothing more than a more accurate record of what was said. Whether an individual should reasonably expect that an ostensibly private conversation will be related by a participant to third parties depends on that individual's relation to the other participant. The individual may gauge his expectations according to his own evaluation of the person to whom he speaks. He has the ability to limit what he says based upon that expectation. When a third party is unilaterally given permission to listen in upon a conversation, unknown to other participants, those other participants are no longer able to evaluate and form accurate expectations since they are without knowledge of the third party. Therefore, it is not inconsistent to permit a person to record and utilize conversations he participates in yet deny him the right to unilaterally grant that ability to third parties."

*Sullivan v. Gray*, 117 Mich.App. 476, 482, 324 N.W.2d 58, 60–61 (1982).

Jorge did not record the conversations here for her own use; she recorded them for Project Veritas. She did not disclose that she was recording the interaction or that her intention was to disseminate the recording to Project Veritas. No one at AFT Michigan had an opportunity to "...evaluate and form accurate expectations" because "...they are without knowledge of the third party." The AFT Michigan staff person who was recorded could not know that his words were being transmitted to Project Veritas. That is the essence of eavesdropping and thus Defendant Jorge violated the law.

3.

The Federation of Teachers has standing to bring this action because its premises were violated and its staff recorded without their consent. Labor organizations have standing to bring

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

23

actions where they have a "a substantial and distinct interest" at stake. *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 374, 792 N.W.2d 686, 700 (2010)

And:

> "Under this approach, a litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of M.C.R. 2.605, it is sufficient to establish standing to seek a declaratory judgment.20 Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant."

*Lansing Sch. Educ. Ass'n, id.*, at 372,

The Federation has standing to protect its premises, its staff and its members. It has a substantial interest in protecting the confidential nature of conversations among its staff and the sanctity of its offices.

D.      Larceny by Trick

Larceny by trick is a form of common law fraud. See *People v. Long*, 409 Mich. 346, 294 N.W.2d 197 (1980). The common law offense has been codified in the Michigan Penal Code. M.C.L. 750.356. The offense is committed when a person secures possession of property through fraud or false pretenses although the owner does not intend to surrender it:

> "The trial court and the parties apparently believed that, while an element of the crime of obtaining property by false pretenses, reliance is not necessary to the offense of larceny by trick. Although these two offenses are distinct, both require that the victim part with his property in reliance on the defendant's misrepresentations. See *People v. Long*, 409 Mich. 346, 350-351, 294 N.W.2d 197 (1980). The distinction between the two offenses is stated in *People v. Martin*, 116 Mich. 446, 450, 74 N.W. 653 (1898):
>
> > "If, by trick or artifice, the owner of property is induced to part with the possession to one who receives the property with felonious intent, the owner still meaning to retain the right of property, the taking will be

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

larceny; but if the owner part with not only the possession, but right of property also, the offense of the party obtaining the thing will not be larceny, but that of obtaining the goods by false pretenses."

*People v. Wilson*, 122 Mich.App. 270, 272–73; 332 N.W.2d 465, 466 (1982)

That is what occurred here. Defendants gained entry to the Federation through fraud and misrepresentation. Defendant Jorge then secured Plaintiff's property by making copies of files and documents which she had been told she could not review.

Michigan recognizes a cause of action for common law fraud. *Yudashkin v. Linzmeyer,* 247 Mich. App. 642, 651, 637 N.W.2d 257, 262 (2001) ("Here, plaintiff's amendment is not facially futile. His amendment does not merely restate previous allegations: he alleged a new theory of common-law fraud. Further, the trial court held that plaintiff's amended complaint sufficiently alleged a claim of fraud; therefore, plaintiff's amended complaint is not futile.".)

Plaintiffs claim of larceny by trick is an action for common law fraud. The nomenclature notwithstanding, the complaint states a cause of action and alleges sufficient facts to support it.

E.     Civil Conspiracy

Plaintiff states a claim for civil conspiracy because it has rightly asserted that the Defendants conspired with each other to infiltrate AFT Michigan through lies and deceit. The underlying torts here are clear; Jorge trespassed, stole documents, covertly recorded private conversations by installing a recording device for that purpose. These claims are supported by evidence sufficient to meet Rule 12(b)(6) standards.

"A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich.App. 300, 313, 486 N.W.2d 351 (1992)....However, "a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

25

separate, actionable tort." *Early Detection Center, PC v. New York Life Ins. Co.*, 157 Mich.App. 618, 632, 403 N.W.2d 830 (1986)."

*Advocacy Organization for Patients & Providers v. Auto Club Ins. Ass'n*,, 257 Mich.App. 365, 384 670 N.W.2d 569 (2003)

Marisa Jorge did not act spontaneously or alone. She was sent to Michigan by Project Veritas for the express purpose of trespassing, covertly recording conversations and stealing documents.

Plaintiff has plead a cause of action in tort and is entitled to tort damages. Defendants cite to *First Pub. Corp. v. Parfet*, 246 Mich. App. 182, 192-93 (2001) and claim the case requires that damages be plead specifically in claims involving civil conspiracy. Defendants are incorrect. *First Public* turned on whether a joint venture existed between the parties. The Trial Court held that there was sufficient evidence to find that there was such an agreement and the Court of Appeals affirmed. ("In sum, while the trial court's ruling was too broad, we uphold its denial of the second motion for summary disposition brought by Caledonia, Inc., under M.C.R. 2.116(C)(10) to the extent the ruling encompasses a "joint enterprise. " *First Public Corp. v. Parfet*, 631 N.W.2d 785, 789, 246 Mich.App. 182, 188 (2001). The Court of Appeals did not focus on whether damages had been plead but on whether Plaintiff had a viable claim for lost investment opportunity: " With regard to the measure of damages attributable to a lost investment opportunity, we conclude that First Public failed to establish a genuine issue of material fact for trial regarding the fact of damages." *Id.*, 192. The case does not hold that damages must be plead as an element of a claim of civil conspiracy.

MARK H. COUSENS
ATTORNEY

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

26

Plaintiff's complaint rightly asserts that the Defendants conspired to commit a tort, i.e. trespass, theft and covert recording. Plaintiff has properly plead a cause of action for civil conspiracy.

F.    Michigan Uniform Trade Secrets Act

Plaintiff has adequately plead a claim under the Michigan Uniform Trade Secrets Act, (MUSTA) M.C.L. 445.1901 et seq. by identifying to the extent it is presently known the scope of Defendant Jorge's thefts of information which is unique to AFT Michigan and which has significant economic value with respect to the organizing of membership and bargaining of contracts which protect those members. Plaintiff has alleged that Jorge reviewed and photographed confidential files relating to an AFT Michigan member; engaged in unauthorized electronic searches of strategy and planning materials; forwarded to herself copies of certain electronic files and therefore violated MUSTA. These allegations are sufficient to inform the Defendants of the action being pursued and the nature of the action they will have to defend. Given that, the Defendants' motion should be denied.

1.    Pleading with Specificity

(a)

MUSTA defines a "trade secret" to be:

"information, including a formula, pattern, compilation, program, device, method, technique, or process, that is both of the following:

> "(I) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

> "(ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

27

The Court, then, is asked to consider Plaintiff's pleading against this definition. Plaintiff has plead sufficiently.

(b)

General statements regarding trade secrets are sufficient to state claim:

"In *3M v. Pribyl*, 259 F.3d 587 (7th Cir.2001), the Seventh Circuit held that a plaintiff may prevail in a trade-secrets case without identifying a specific item of information that is not publicly known or readily accessible. There, the plaintiff had a valid trade secret in its operations-and-procedures manual, despite that most of the information it contained was publicly available:

> "In order to be considered a trade secret, a pattern, technique, or process need not reach the level of invention necessary to warrant patent protection. A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a *411 competitive advantage and is a protectable secret."

"*Id.* at 595–96. The Seventh Circuit explicitly rejected the argument that Lionel advances before this Court: "[D]efendants seem to suggest that if 3M cannot point to specific items within its manuals that are not known by the industry, then 3M cannot claim a trade secret in the combined product. We disagree." *Id.* at 595. Several courts have followed the Seventh Circuit's decision in *3M*. See *Catalyst & Chem. Servs., Inc. v. Global Ground Support*, 350 F.Supp.2d 1, 9 (D.D.C.2004), aff'd 173 Fed.Appx. 825 (Fed Cir.2006) ( "[I]t is widely accepted that a trade secret can exist in a combination of characteristics each of which, by itself, is in the public domain.") (citation omitted); *Norbrook Lab. Ltd. v. G.C. Hanford Mfg. Co.*, 297 F.Supp.2d 463, 483 (N.D.N.Y.2003) (citing 3M, 259 F.3d at 595–96), aff'd 126 Fed.Appx. 507 (2d Cir.2005); *PRG–Schultz Intern., Inc. v. Kirix Corp.*, No. 03–C–1867, 2003 WL 22232771, at *6 (N.D.Ill. Sept.22, 2003) (same). This line of cases is consistent with *Arco Industries Corp. v. Chemcast Corp.*, 633 F.2d 435, 442 (6th Cir.1980), in which this Court held that under Michigan law a new combination of known steps or processes can be entitled to trade-secret protection.

"As in *3M*, the design drawings here are properly considered trade secrets even though they contain a mixture of secret information (e.g., dimensions, tolerances, and data-reference points) and non-secret information. The Seventh Circuit's reasoning is persuasive: When material such as design drawings or manuals are trade secrets based on a unique combination of both protected and unprotected material, a plaintiff should not be obligated to identify which

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

28

components of the protected material is secret. Thus, the district court did not abuse its discretion in denying Lionel's motion for a new trial on this ground."

*Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 410–11 (6th Cir., 2006)

(c)

Defendants' motion is bottomed on the lack of specific pleading. Defendants seek to benefit from their own wrongdoing. They acted in secret and hid the extent of their thefts from Plaintiff. But the May 9, 2018 release made clear that Defendants stole confidential documents from AFT Michigan. And discovery will almost certainly reveal that Defendants stole considerably more material. Plaintiff's pleading is sufficient.

2.      Independent Economic Value

The material Jorge stole has economic value to the Federation. This is not the ordinary claim under MUSTA because AFT Michigan is not the ordinary Plaintiff. The Federation is a labor organization whose "business" is the organization of individual employees into bargaining units and the assistance of those units in collective bargaining, contract administration and legislation. While applying MUSTA to this unique situation may be unusual, it is not impossible.

Labor organizations do maintain trade secrets. The phrase "economic value," however, takes on a unique meaning under the circumstances. AFT Michigan does not sell products; rather it is dependent on maintaining its status as an entity on which employees can rely to help make their lives better. This task has been made more complicated by Michigan's adoption of 2012 PA 349 which precluded the adoption of union security or "agency fee" clauses in collective bargaining agreements [the statute remains applicable despite *Janus v. American*

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

29

*Federation of State, County, and Municipal Employees, Council 31*, No. 16-1466, 585 U.S. ___
(2018)].

The file photographed by Jorge related to discipline of an employee. The matter was resolved through a negotiation with the public employer involved. The file was a trade secret because it contained the personal confidential information of an AFT Michigan member and because it revealed how the Federation considers the resolution of complicated disputes and how it works to resolve those disputes with employers. Revealing the contents of the file will make it more difficult for the Federation to work to resolve other, similar, employee discipline matters.

3.      Reasonable Efforts to Maintain Secrecy

The Federation maintained reasonable efforts to maintain the secrecy of its documents and files. The parking lot is secured. The building is secured and visitors must be admitted individually. There are no "public spaces," i.e. rooms where the public may gather at will. Offices have doors. Access to offices and files is restricted to authorized persons.

Defendant Jorge was given instructions on what she could see and what she could not see. Her requests to review material–in particular the file she stole–were denied. Jorge intentionally disobeyed the restrictions placed on her by her supervisor and engaged in unfettered searches of electronic files maintained by AFT Michigan. Jorge also ignored specific directives by obtaining the contents of a confidential grievance file and sending it to Project Veritas for the purpose of publishing the file to the world.

If Jorge was not placed on too tight a restraint, it was because the Federation believed what she said. There was, at least initially, no reason to be suspicious of her since she was apparently doing what she had been engaged to do. It was only after she began asking probing

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

30

questions about irrelevant matters that the Federation became concerned. Once Federation staff

confirmed that Jorge was not, indeed, a student at the University of Michigan, it acted promptly

to terminate her access to electronic files and to exclude her from the Federation premises. That

was reasonable under the circumstances:

> " In order to survive summary judgment, Plaintiffs must demonstrate that the evidence, viewed in the light most favorable to Plaintiffs, would allow a jury to conclude that the Plaintiffs took reasonable precautions to maintain their trade secrets' secrecy. *Niemi v. Am. Axle Mfg. & Holding, Inc.*, No. 269155, 2007 WL 29383, *5 (2007).
>
> > "*The Act requires the trade secret owner to take actions that are "reasonable under the circumstances to maintain [the] secrecy or confidentiality" of its trade secret; it does not require perfection.* Whether the measures taken by a trade secret owner are sufficient to satisfy the Act's reasonableness standard ordinarily is a question of fact for the jury. Indeed, we previously have recognized that "only in an extreme case can what is a 'reasonable' precaution be determined [as a matter of law], because the answer depends on a balancing of costs and benefits that will vary from case to case. *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 725 (7th Cir.2003), cited in *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294 (6th Cir.2008) and *Niemi*, No. 269155."

*Giasson Aerospace Science, Inc. v. RCO Engineering, Inc.*, 680 F.Supp.2d 830, 839–40

(E.D.Mich.,2010) (emphasis added)

4.      Material Generally Known

AFT Michigan created strategies and approaches to collective bargaining in some cases

based on information which is available to the public. However, such strategies may be trade

secrets even if incorporating public information:

> "There can be no trade secret where the "secret" is readily ascertainable from the public domain. But Plaintiffs need not show that each component of their trade secrets are secret, or even nonobvious over what exists in the public domain. In holding that "based on a unique combination of both protected and unprotected material, a plaintiff should not be obligated to identify which components of the protected material is secret," the Sixth Circuit relied on a

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

31

string of cases that stand for the proposition that a trade secret can exist in a combination of characteristics each of which, by itself, is in the public domain. *Mike's Train House, Inc.* ("*MTC*") *v. Lionel, L.L.C.*, 472 F.3d 398, 411 (6th Cir.2006). The MTC court relied on, in particular, the Seventh Circuit's reasoning:

> "In order to be considered a trade secret, a pattern, technique, or process need not reach the level of invention necessary to warrant patent protection. A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectable secret. *3M v. Pribyl*, 259 F.3d 587, 596–97 (7th Cir.2001). The Sixth Circuit found this reasoning consistent with Michigan law: "under Michigan law a new combination of known steps or processes can be entitled to trade-secret protection." MTC, 472 F.3d at 411."

*Giasson Aerospace Science, Inc. v. RCO Engineering, Inc.*, 680 F.Supp.2d 830, 841–42 (E.D.Mich.,2010)

The Federation created information in anticipation of organizing campaigns and collective bargaining. Even if based on public information the amalgamation of this information is properly recognized as a trade secret.

Plaintiff has adequately plead a claim under MUSTA. Defendants' motion should be denied.

G.      Duty of Loyalty

1.      Jorge's Conduct

Defendant Jorge, acting in concert with Project Veritas, assumed, and then breached, a duty of loyalty to AFT Michigan. Proof of her breach became available for the world to see on May 9, 2018. Project Veritas bragged about it; claimed credit for it. The Defendants' conduct is, indeed, indefensible.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

32

Defendant Jorge sought a position of trust with AFT Michigan. She claimed that she was interested in public education and the labor movement. She said she wanted to work at AFT Michigan so she could learn how teacher Unions functioned. She was engaged by the Federation based on these representations. She lied during her interview. She lied while working as an intern. She lied when questioned about her objectives with AFT Michigan.

Jorge assumed a duty of loyalty to AFT Michigan when she voluntarily sought service as an intern and said that she wanted to help, not hurt, the Federation. Yet she acted at cross purposes to the Federation every moment she engaged in this capacity.

Jorge sought the internship with AFT Michigan for the purposes of engaging in surveillance and interrogation of Federation staff. Her objective was to discover information which Project Veritas would then selectively edit and broadcast. The purpose of these publications was to cast the Federation in a false light; to suggest that it supported teacher misconduct. Jorge had no interest in aiding the Federation; her goal was to harm it.

2.      The Duty of Loyalty

(a)

As this Court noted in *Nedschroef Detroit Corp. v. Bemas Enterprises* LLC, 106 F.Supp.3d 874, 882 (E.D.Mich.,2015), employees are agents of their employer and owe their principal a duty of loyalty:

> "During their employment, Rigole and LePage were agents of Nedschroef Detroit. See *Credit Acceptance Corp. v. Dep't of Treasury*, 236 Mich.App. 478, 601 N.W.2d 109, 112 (1999) (quoting *Stephenson v. Golden*, 279 Mich. 710, 276 N.W. 849, 857 (1937) (defining an "agent" in part as "one who acts for or in the place of another by authority from him; one who undertakes to transact some business or manage some affairs for another by authority and on account of the latter, and to render an account to it....")). "Under principles of agency, an agent owes his principal a duty of good faith, loyalty, and fair dealing." *H.J. Tucker & Assoc., Inc. v. Allied Chucker & Eng'g Co.*, 234 Mich.App. 550, 595

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

33

N.W.2d 176, 188 (1999) (citing *Burton v. Burton*, 332 Mich. 326, 51 N.W.2d 297, 303 (1952)). The Michigan Courts have held that these duties prohibit an agent from "act[ing] for himself at his principal's expense during the course of his agency." *Central Cartage Co. v. Fewless*, 232 Mich.App. 517, 591 N.W.2d 422, 426 (1998) (citing *Prod. Finishing Corp. v. Shields*, 158 Mich.App. 479, 405 N.W.2d 171, 174 (1987)). The Michigan Supreme Court has explained:

> "[A]s to engaging in other business, it is an elemental rule of agency that his duties required his efforts and activities in the line of his employment should be for the benefit of his principal, and he was not at liberty to deal in the business of his agency for his own benefit. It was his duty to communicate to his principal facts relating to the business which ought in good faith be made known to the latter....

> "The well settled and salutary principle that a person who undertakes to act for another shall not, in the same matter, act for himself, results also in the other rule, that all profits made and advantage gained by the agent in the execution of the agency belong to the principal. And it matters not whether such profit or advantage be the result of the performance or of the violation of the duty of the agent if it be the fruit of the agency." *Prod. Finishing*, 405 N.W.2d at 174 (quoting *Mich. Crown Fender Co. v. Welch*, 211 Mich. 148, 178 N.W. 684, 688 (1920)) (internal quotation marks omitted). The Court subsequently stated: "[T]he law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal." *Sweeney & Moore v. Chapman*, 295 Mich. 360, 294 N.W. 711, 712–713 (1940). "Although the parameters of this duty are not well-defined, some general rules exist. For example, an employee may take steps to establish a competing business while still employed without breaching the duty of loyalty, but the employee may not actually commence competition." *In re Sullivan*, 305 B.R. 809, 819 (Bankr.W.D.Mich.2004)."

*Nedschroef Detroit Corp. v. Bemas Enterprises LLC*, 106 F.Supp.3d 874, 882–83

(E.D.Mich.,2015)

(b)

The duty applies without regard to a formalized employment relationship:

> "The Piku defendants contend that a prerequisite to liability under Michigan common law for breach of the duty of loyalty is an employment relationship. The premise of that argument is flawed. "Under principles of agency, an agent owes his principal a duty of good faith, loyalty, and fair dealing." *H.J. Tucker*

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

*& Associates, Inc. v. Allied Chucker & Eng'g Co.,* 234 Mich.App. 550, 574, 595 N.W.2d 176, 188 (1999) (citing *Burton v. Burton,* 332 Mich. 326, 337, 51 N.W.2d 297 (1952)). "The Michigan courts have held that an agent of a principal owes a fiduciary obligation to the principal not to appropriate the opportunity of the principal for his own benefit." *United Rentals (N. Am.), Inc. v. Keizer,* 202 F.Supp.2d 727, 743 (W.D.Mich.2002) (citing *Central Cartage Co. v. Fewless,* 232 Mich.App. 517, 591 N.W.2d 422, 426 (1998)). "[T]he law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal." *Sweeney & Moore v. Chapman,* 295 Mich. 360, 363, 294 N.W. 711, 712–713 (1940). "Although the parameters of this duty are not well-defined, some general rules exist. For example, an employee may take steps to establish a competing business while still employed without breaching the duty of loyalty, but the employee may not actually commence competition." *In re Sullivan,* 305 B.R. 809, 819 (Bankr.W.D.Mich.2004)."

*Mike Vaughn Custom Sports, Inc. v. Piku,* 15 F.Supp.3d 735, 751–52 (E.D.Mich.,2014)

3.      Not Preempted

Defendants argue that the Michigan Uniform Trade Secrets Act, M.C.L. 445.1901 et

seq., ("MUTSA") preempts Plaintiff's claim regarding Defendant Jorge's breach of her duty

of loyalty. The contention is incorrect. This Court has held otherwise:

"The defendants also argue that a claim for breach of the duty of loyalty is preempted by the Michigan Uniform Trade Secret Act (MUTSA). Section 8 of the Act says that the law 'displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.' Mich. Comp. Laws § 445.1908(1). But that preemption does not extend to "[o]ther civil remedies that are not based upon misappropriation of a trade secret.' Id. § .1908(2). 'The MUTSA does not displace contractual remedies, other civil remedies that are not based upon misappropriation of a trade secret, or criminal remedies.' *Lube USA Inc. v. Michigan Mfrs. Serv. Inc.,* 2009 WL 2777332, at *8 (E.D.Mich. Aug. 27, 2009).

"The allegations in count IX have little to do with trade secrets. 'A claim for breach of fiduciary duty and breach of duty of loyalty is really the opposite of a misappropriation claim in that it is the agent or employee that withholds information or conceals activity of his own when the relationship gives rise to a duty to disclose, whereas the essence of a misappropriation claim is the theft of the employer's information.' *Wysong Corp. v. M.I. Indus.,* 412 F.Supp.2d 612, 623–24 (E.D.Mich.2005). The gravamen of count IX is that the Piku defendants were competing against the plaintiff without disclosing their activities as they should. The plaintiff's claim in this count is not based principally

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

on the misappropriation of trade secrets. Count IX therefore is not preempted by the MUTSA."

*Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 753 (E.D. Mich. 2014) (emphasis added)

Plaintiffs have a viable claim against Defendant Jorge for her wholesale disregard of her duty of loyalty. The action is based upon her fraud, misrepresentations and trespass. These actions are not displaced by MUTSA. This claim is adequately plead and is not preempted.

H.      Interception of Oral Communications

Defendants violated federal law by intercepting oral communications for the purpose of committing a tort. Under the Federal Wiretap Act a person may be liable if he or she:

> "(a)     intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

> "(c)     intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

> "(d)     intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection"

18 U.S.C. §§ 2511(1)

The statute contains various exceptions including section 2(d), 18 U.S.C. 2511(2)(d) which states that:

> "It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

tortious act in violation of the Constitution or laws of the United States or of any State."

Defendants rely on this subsection exclusively. Defendant's brief. At 21. However, Defendants ignore the exclusion in the exception; *a party may not intercept or record oral communications for the purpose of committing a tort.*

This question was reviewed by the District Court for the District of Columbia in a case involving Project Veritas and considering a virtually identical situation. In *Democracy Partners v. Project Veritas Action Fund*, 285 F.Supp.3d 109 (D.D.C., 2018) the Court held that the tort exception precluded dismissal of a nearly identical claim against Project Veritas. The Court noted that the exception would not apply if the recording was a "determinative factor" in the commission of a tort. In *Democracy Partners*, the tort committed was an intern's breach of fiduciary duty, exactly what Plaintiff has asserted against Defendant Jorge (as a breach of duty of loyalty). There, as here, Project Veritas sought to defend its unconsented recording of an employee of Democracy Partners by contending that the Federal Wiretap Act created a "one party" consent rule. However, the District Court rejected the claim because the exemption created by the statute does not apply where "....such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." Citing 18 U.S.C. § 2511(2)(d). The Court concluded that Project Veritas had engaged in unconsented recording in furtherance of the tort of trespass and the tort of breach of fiduciary duty and the "one party" consent rule did not apply.

Here, Defendant Jorge breached her duty of loyalty to AFT Michigan by covertly recording conversations she had been told were private and by the theft of documents she was told were confidential and that she could not review much less photograph. The recording was

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

an integral part of Jorge's tort just as it was part of the tort committed by the intern in *Democracy Partners*. Defendants cannot rely on the statutory exception because their conduct was "...for the purpose of committing any criminal or tortious act..." ..." See also *Wentz v Project Veritas, et al.*, 6:17-cv-0116 (M.D. Fla. Jan 31, 2018)

I.     Stored Communications Act

Defendant Jorge, acting in concert with Defendant Project Veritas, violated 18 U.S.C. 2701 by accessing information stored electronically and by exceeding her authority to review electronically stored information. Plaintiff's complaint alleges sufficient facts to support the claim. And the Court has been presented with substantial evidence that Jorge engaged in unauthorized searching through electronic records. The existing record presents substantial evidence that Defendant Jorge searched electronic files.

The Act states that:

"(a) Offense.--Except as provided in subsection (c) of this section whoever–

"(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or

"(2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section."

18 USCA § 2701

The stature forbids the unauthorized review of information stored in an electronic form. A person who exceeds their authority in the review of such material violates the statute. Similarly, a person who uses the password of another person to view electronic material violates the statute. See e.g. *Brown Jordan International, Inc. v. Carmicle*, 846 F.3d 1167, 1175 (C.A.11 (Fla.), 2017) (Anyone who "intentionally accesses without authorization a facility

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

through which an electronic communication service is provided; or ... intentionally exceeds an authorization to access that facility; and thereby obtains ... access to a wire or electronic communication while it is in electronic storage in such system" is liable pursuant to the SCA").

Defendant Jorge violated this statute by engaging in the review of material stored electronically in excess of her authority. Plaintiff has plead sufficient facts to support a claim. But the Court may also take notice of the testimony received before the Court on November 15, 2017 when Plaintiff's expert made clear that Jorge reviewed material which was wholly unrelated to anything she was assigned to do.

Plaintiff has plead sufficient facts to support this claim. The motion to dismiss should be denied.

### Conclusion

The Court should conclude that Plaintiff's claims are plead with sufficient facts to permit each to move forward. The Defendants' motion should be denied.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
September 6, 2018                    P12273

### Certificate of Service

I hereby certify that on September 6, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
September 6, 2018                    P12273

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170