UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

       Plaintiff,

v.

PROJECT VERITAS,
and MARISA L. JORGE,
a/k/a MARISSA JORGE, a/k/a
MARISSA PEREZ,

       Defendants.

Civil Case No. 17-cv-13292
Honorable Linda V. Parker
Honorable Elizabeth A. Stafford

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
<u>MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

STATEMENT OF QUESTIONS INVOLVED ....................................................... 0

I.  Introduction ................................................................................................... 1

II.  Plaintiff Has Not Pled The Existence of Any Damages ........................... 1

III.  Each of Plaintiff's Claims Should be Dismissed .................................... 2

        a.  Fraudulent Misrepresentation ................................................. 2

        b.  Trespass ................................................................................... 2

        c.  Eavesdropping ......................................................................... 3

        d.  Larceny by Trick ..................................................................... 6

        e.  Civil Conspiracy ...................................................................... 7

        f.  Michigan Uniform Trade Secrets Act ...................................... 7

        g.  Duty of Loyalty ....................................................................... 8

        h.  Interception of Oral Communications ..................................... 8

        i.  Stored Communication Act ..................................................... 9

CONCLUSION ...................................................................................................... 10

# **INDEX OF AUTHORITIES**

**Cases**

*Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*,
   239 Mich. App. 695, 705-706 (2000) ................................................................. 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................ 4

*Bailey v. Bailey*,
   2008 WL 324156 (E.D. Mich. 2008) ................................................................. 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 556 (2007) .................................................................................... 4

*Dickerson v. Raphael*, 222 Mich. App. 185 (1999) .................................................. 5

*Ferrara v. Detroit Free Press, Inc.*,
   52 Fed. Appx. 229 (6th Cir. 2002) ...................................................................... 6

*Jocham v. Tuscola Cty.*,
   239 F. Supp. 2d 714 (E.D. Mich. 2003) .............................................................. 1

*Kasper v. Rupprecht*,
   2014 WL 265542 (Mich. App. Jan. 23, 2014) ..................................................... 6

*Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*,
   487 Mich. 349, 374 (2010) ................................................................................. 7

*LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*,
   2008 WL 1923261 (E.D. Mich. Apr. 28, 2008) .................................................. 3

*Newman v. Encore Capital Grp.*,
   2017 WL 3479510 (E.D. Mich. Aug. 14, 2017) .................................................. 1

*Ouderkirk v. PETA, Inc.*,
   2007 WL 1035093 (E.D. Mich. Mar. 29, 2007) .................................................. 3

*Thule Towing Sys. v. McNallie*,
   2009 WL 2144273 (E.D. Mich. July 15, 2009) ................................................. 10

*Ukrainian Future Credit Union v. Seikaly*,
    2017 WL 5665960 (E.D. Mich. Nov. 27, 2017) ....................................................... 8

**Rules**
M.C.L. 750.539d ................................................................................................................ 5
MCL 750.539h .................................................................................................................. 5

# STATEMENT OF QUESTIONS INVOLVED

Whether Plaintiff's Second Amended Complaint (Supplemental Pleading) [ECF No. 72] should be dismissed for failing to state any claim upon which relief could be granted and for not sufficiently or properly pleading its claims.

**Defendants' Answer:    Yes**

## I. Introduction

AFT's Response raises arguments and facts not contained in its pleadings. But new allegations raised in a response brief cannot save insufficient pleadings. *Newman v. Encore Capital Grp.*, 2017 WL 3479510 (E.D. Mich. Aug. 14, 2017) ("Plaintiff cannot cure deficiencies in their Amended Complaint through new allegations in their response to Defendant's motion to dismiss); *Jocham v. Tuscola Cty.*, 239 F. Supp. 2d 714 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief."). Even viewed in a light most favorable to AFT, its pleadings fail to state a claim upon which relief can be granted.

## II. Plaintiff Has Not Pled The Existence of Any Damages

All of AFT's claims fail because it has not pled that it has incurred damages. It has alleged that the Project Veritas "broadcast produced some hate mail addressed to both the Federation and its counsel" and that a third-party school received "adverse publicity." But this is not relevant. The only relevant question is whether AFT incurred damages, and it has not alleged that it has.

AFT argues that it need not plead damages with specificity at this time. But it is not that AFT cannot name damages with specificity, it is that it has not pled that it incurred any damages at all. It argues that "Defendants' torts have harmed Plaintiff and it is entitled to damages and the complaint says so." AFT's Brief, p. 12. But it

1

is not a question of whether it is *entitled* to damages; it is whether it has *incurred* damages. Without this required element each of its claims should be dismissed.

### III. Each of Plaintiff's Claims Should be Dismissed

#### a. Fraudulent Misrepresentation

AFT did not reasonably rely on the alleged misrepresentations. It admits that a "cursory background check" and "rapid search" "quickly discovered" that which it could have known all along. And as to damages, it argues that "[t]he harm caused by Jorge's lies was significant because the Defendants' goal was to bring down AFT Michigan." AFT's Brief, p. 14. But this was not pled, and its damages are not calculated based on what Defendants' "goals" were. Again, the question is what damages AFT has incurred, and it has not pled any. This claim should be dismissed.

#### b. Trespass

Consent is a defense to trespass. If consent is given—even due to fraud—it is not trespass to go onto premises so long as one does not "disrupt the shop or invade anyone's private space" or "reveal the intimate details of anybody's life." *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695, 705-06 (2000). Contrary to AFT's attempt to reinterpret *American Transmission* and similar cases, the focal point has been on whether the alleged trespasser invaded anyone's "private space" or "reveal[ed] the intimate details of anybody's life." *Id.* Neither happened in this matter, nor was either alleged.

Indeed, the only case that AFT can point to as an instance of trespass based on consent vitiated by fraud was an 1881 case in which a doctor went into a plaintiff's home to deliver a baby, brought along a friend who was curious to see a birth but was not a doctor, and represented the friend to be his medical assistant. AFT Brief, p. 16-17. Clearly, that is the type of "private space" and "intimate details of anybody's life" that courts have in mind, not an intern being permitted into an office and discussing labor negotiations, recruiting strategies, and other topics.

AFT ignores the precedent from this Court in *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261 (E.D. Mich. Apr. 28, 2008), holding that under Michigan law there is no trespass where a defendant "did not reveal embarrassing private facts" and "did not disrupt the office business" or "interfere[] with the possession or ownership of the plaintiff's land, which, of course, is the interest protected by the law of trespass." It also ignores *Ouderkirk v. PETA, Inc.*, 2007 WL 1035093 (E.D. Mich. Mar. 29, 2007), holding that "consent to enter one's property is not vitiated by fraud when the activity disclosed is of a commercial—as opposed to a personal or private—nature." AFT has not addressed those cases, and any arguments against them are now waived. This claim should be dismissed.

### c. Eavesdropping

Plaintiff still argues that "consent to record was not sought nor provided," ignoring Michigan's one-party consent rule. It attempts to circumvent this by

3

arguing that "there is substantial circumstantial evidence that Jorge recorded many other conversations including those to which she was just a bystander."

First, *Iqbal* and *Twombly* demand that a plaintiff plead "enough factual matter" that, when taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This demands more than arguments in briefs without citation or substantiation that "circumstantial evidence" may exist as to an element. Worse than merely making conclusory statements that the elements are met, AFT simply alludes to "circumstantial evidence" that an element may have been met.

But AFT's **pleadings** say nothing of the sort. The pleadings only allege one conversation recorded (to which it is conceded that Jorge was a participant) and otherwise alleges that Jorge "covertly recorded private conversations with persons associated with or employed by plaintiff." Compl., ¶ 75. Nowhere is it alleged that any conversation was recorded to which Jorge was not a party.

Similarly, AFT now argues that "there is substantial circumstantial evidence to conclude that Jorge was transmitting the information contemporaneously" and that "[t]here is more than enough evidence to support Plaintiff's claim that Project Veritas was functionally listening in on private conversations contemporaneously by obtaining a recording of the conversation." AFT's Brief, p. 19. It alleges that "Project Veritas intercepted the recording which Jorge created." AFT Brief, p. 22.

4

Again, no such allegations are contained in the Complaint. Even if it were, Plaintiff blurs the difference between "contemporaneous" and "simultaneous."[1] Regardless, AFT never pled (nor is there basis for doing so) that Project Veritas intercepted any recordings. There is no evidence that Jorge or Project Veritas "overhear[d], record[ed], amplif[ied], or transmit[ted] any part of the private discourse of others without the permission of all persons engaged in that discourse." The only allegations are that Jorge recorded conversations to which she was a party. Months later, the recordings were published. This does not violate the statute.

AFT argues that Jorge violated M.C.L. 750.539d by "secretly record[ing] a conversation with an AFT Michigan staff representative." AFT Brief, p. 20. But, again, Michigan law is clear that a party may "secretly" record a conversation to which it is a party. MCL 750.539h—the section of the statute that provides a civil cause of action—only provides remedies for "eavesdropping," which is defined as overhearing or recording the "private discourse of others," which definitively excludes one-party consent. AFT cannot ignore that fact by citing to a different part of the statute that does not provide a private cause of action. *See, e.g. Kasper v. Rupprecht*, 2014 WL 265542 (Mich. App. Jan. 23, 2014) (analyzing § 750.539d and holding that "a participant in a private conversation may record it without 'eavesdropping' because the conversation is not the 'discourse of others,'" and that

---

[1] *See Dickerson v. Raphael*, 222 Mich. App. 185 (1999).

5

it does not provide a cause of action; "MCL 750.539h . . . restricts civil remedies to situations 'upon which *eavesdropping* is practiced . . . .") (emphasis added).[2]

AFT attempts to equate Project Veritas's publication of the recording with "interception" of it. But there is no plausible allegation in the pleadings of any interception of communications. As noted in Defendants' prior brief, publication of legally recorded communications is legal. *See Ferrara v. Detroit Free Press, Inc.*, 52 Fed. Appx. 229 (6th Cir. 2002). AFT's claims fail.

Lastly, AFT does not have standing because the Act provides a remedy only for **parties** to a conversation upon which eavesdropping occurred. And AFT does not have organizational standing because it does not have a "substantial and distinct interest at stake" in this matter. *See* AFT Brief, p. 24; citing *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 374 (2010). AFT's stake is no different than any individual's interests. The claim should be dismissed.

### d. Larceny by Trick

AFT does not cite one case in which Larceny by Trick was sustained as a private cause of action, citing only criminal cases. AFT Brief, p. 25. It also admits that dispossessing an owner of "possession" is an element of larceny, *id.*, yet in its

---

[2] AFT states that none of the precedent on point applies "where the recorded conversation was broadcast and involved third-party eavesdroppers (Jorge and PV)." AFT Brief, p. 22. There is no allegation that either Jorge or Project Veritas recorded conversations to which they were not parties. AFT is simply including conclusory statements that do not comport with its pleadings or the law.

Complaint notes that Ms. Jorge only took *copies* of documents and "*images* of valuable material." Thus, there was no dispossession of property.

AFT blames its failure to state a claim on misplaced "nomenclature," and states that it is actually pursuing common law fraud, even though this is its third amended complaint and the flaws in its Larceny by Trick claim have been raised previously. Regardless, the claim is preempted by UTSA, as it is a repackaging of the exact allegations that make up the UTSA claim. The claim should be dismissed.

### e. Civil Conspiracy

This is a derivative claim. As the other claims are dismissed, so too must this claim. Additionally, AFT has failed to plead that it has sustained any damages.

### f. Michigan Uniform Trade Secrets Act

AFT fails to establish that its information meets the definition of a trade secret, contains independent economic value, or that reasonable efforts were used to maintain secrecy. Its information is made up of documents received by others.[3] AFT argues that the material "has economic value to the Federation," but what is relevant is whether the information has independent economic value *to others*. *Ukrainian Future Credit Union v. Seikaly*, 2017 WL 5665960 (E.D. Mich. Nov. 27, 2017).

AFT argues that "it is dependent on maintaining its status as an entity on which employees can rely to help make their lives better." *Id.* It then veers into a

---

[3] The documents it cites were published by a school; they were not AFT documents.

discussion on "agency fees" and forced participation in public unions. It concludes by stating that "[r]evealing the contents of the file will make it more difficult for the Federation to work to resolve other, similar, employee discipline matters." *Id.* at 30. But none of that is relevant to the Michigan Uniform Trade Secret Act, nor does it establish that the information in question has any economic value to *others*.

Nor has AFT shown reasonable efforts to maintain secrecy. It instead relies on facts or arguments not actually pled. Even still, it does not have confidentiality agreements, non-disclosure agreements, or written instructions of any kind. For all of these reasons, AFT's MUTSA claim should be dismissed with prejudice.

### g. Duty of Loyalty

Ms. Jorge was an unpaid intern who did not sign any agreement, was not placed in a position of trust, and owed no fiduciary duty to AFT. The only allegations of breach of any duty are premised on the exact same acts alleged to constitute misappropriation of trade secrets. Ms. Jorge never competed against AFT, never failed to perform her duties or provide her services, and always fulfilled her duties as an intern. She did not appropriate any opportunities that would have otherwise gone to AFT and did not breach any employment agreement or NDA. In short, she breached no duty of loyalty. This claim should be dismissed.

### h. Interception of Oral Communications

There is no violation of the federal eavesdropping statute where a party records a conversation to which it was a party. AFT argues that the statute applies because Defendants recorded the conversations "for the purpose of committing any criminal or tortious acts." AFT argues that Defendants recorded conversations for the purpose of breaching Jorge's duty of loyalty and for trespassing.

But this flips the elements on their head. Jorge did not record conversations *for the purpose of breaching her duty of loyalty*. It is circular to say that she breached her duty of loyalty by recording, and therefore she recorded for the purpose of breaching her duty. Nor did Defendants make the recordings *for the purpose* of committing trespass. At best, Plaintiff alleges that Defendants trespassed to record; it cannot plausibly argue that Defendants recorded for the purpose of trespassing.

Permitting such a reverse-engineered argument would swallow any exception for first-party recording. It also has extensive constitutional ramifications on speech that are clearly not intended by the statute. And to the extent the opinion upon which AFT relies upon from the District of D.C. holds otherwise, that opinion is not binding precedent on this Court and should not be adopted or followed.[4]

### i. Stored Communication Act

---

[4] Even that case is distinguishable and cuts against AFT. That case (although, respectfully, based on erroneous reasoning) only refrained from dismissing the claim because the plaintiff "plausibly alleged at least one tortious purpose that occurred **after the interception** . . . ." AFT has not plausibly alleged any tortious purpose that has occurred after the recording.

Plaintiff is not a "facility" or "provider" as defined in the Act. The statute simply does not apply. AFT ignores this Court's precedent on point that cuts squarely against its claims and mandates a dismissal. *See Thule Towing Sys. v. McNallie*, 2009 WL 2144273 (E.D. Mich. July 15, 2009); *Bailey v. Bailey*, 2008 WL 324156 (E.D. Mich. 2008). Thus, any arguments to the contrary have been waived. This claim, too, should be dismissed.

## CONCLUSION

AFT has not met the *Iqbal* and *Twombly* standards. Its conclusory and implausible allegations—along with its entire Second Amended Complaint (Supplemental Pleading)—should be dismissed.

Respectfully submitted,

/s/ Paul M. Mersino
**Butzel Long, P.C.**
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015

and

Stephen R. Klein (P74687)
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676
steve@statecraftlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on **September 20, 2018**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

BUTZEL LONG, P.C.


s/ Paul M. Mersino_____
**Butzel Long, P.C.**
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015