## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AFT MICHIGAN,

   Plaintiff,

              Civil Case No. 17-13292
v.             Honorable Linda V. Parker
             Mag. Judge Elizabeth A. Stafford

PROJECT VERITAS, and
MARISA L. JORGE,

   Defendants.
_____/

### OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS (ECF NO. 74)

  This action involves allegations of political espionage and an important, unresolved question of Michigan law concerning the protections afforded participants in a private conversation under the Michigan Eavesdropping statute (Mich. Comp. Laws § 750.539a *et seq.*).  Plaintiff AFT Michigan ("AFT Michigan" or "AFT") seeks injunctive relief, compensatory damages, and punitive damages against Defendants Project Veritas and Marisa L. Jorge (respectively, "PV" and "Jorge") for their alleged acts of fraud, trespass, eavesdropping, misappropriation of trade secrets, and other violations of Michigan law. (*See* Sec. Am. Compl., ECF No. 72, PageID 2034.)  Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to

Federal Rule of Procedure 12(b)(6). (Mot. Dismiss, ECF No. 74, PageID 2071.)

The matter being fully briefed, (ECF Nos. 74, 77, 80), the Court is dispensing with

oral argument pursuant to Local Rule 7.1(f)(2).

## I.    Background

Plaintiff, the Michigan affiliate of the American Federation of Teachers, is a

labor organization that, along with its affiliates, represents more than 35,000 public

school employees. (*See* Sec. Am. Compl. ¶ 1, ECF No. 72 at 2, PageID 2036.)

AFT Michigan alleges that Defendant Project Veritas implanted Defendant Jorge

in its organization to covertly record its staff members' conversations, distort and

manipulate them, then release them to the public for the purpose of disparaging

AFT. (*See id.* at 2–3.)

AFT Michigan alleges that Defendant Jorge sought an internship with AFT,

*see id.* at 4, and at the outset, Jorge misrepresented herself as, Marisa Perez, a

student at the University of Michigan with the desire to teach in public schools.

(*See id.* at 5.)  AFT accepted Jorge and assigned her to projects related to her

expressed interest in charter schools. (*See id.*)  Over the course of three months,

however, Jorge regularly sought information beyond her assignment: seeking

"detailed information regarding grievances relating to employee discipline",

attending "bargaining sessions", accessing without permission Plaintiff's staff

members' offices, computers, files, and records, and accessing without

authorization Plaintiff's private and confidential databases, documents, and information. (*Id.* at 5–6, 8–9, 13.)

Furthermore, AFT alleges that Jorge "employed a hidden camera [in a private office] to covertly record a private conversation with an AFT Michigan staff representative" during which they discussed the resolution of a matter related to teacher discipline with the goal of teaching Jorge how staff members provide assistance in those matters. (Sec. Am. Comp. ¶¶ 28–29, 32, ECF No. 72 at 7, PageID 2041.)  Defendant Project Veritas later published portions of the recorded conversation (along with some of AFT's confidential documents) on YouTube, editing the conversation to provide a false narrative as to AFT's staff member's role for the specific purpose of disparaging AFT Michigan. (*See id.* at 7–8.) Finally, Plaintiff's staff members noticed Jorge carrying her cellular phone wherever she went and believed she recorded AFT staff members' conversations and AFT's meetings without permission. (*See id.* at 11, 13, 17; *see also* Dobbie Aff. ¶ 10, ECF No. 1-1 at 3, PageID 38.)

AFT Michigan initiated this lawsuit, believing Defendants to be in possession of its proprietary and confidential information, in the Third Circuit Court for the County of Wayne, Michigan (Case No. 17-014348-CZ). (*See* Not. Removal, ECF No. 1, PageID 1.)  Defendants removed the lawsuit to the Eastern District of Michigan based upon diversity jurisdiction. (*See id.*)  Presently before

3

the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, ECF No. 74, PageID 2071.)  The matter has been fully briefed, (ECF Nos. 74, 77, 80), and the Court has dispensed with oral argument pursuant to Local Rule 7.1(f)(2).

Defendants' Motion to Dismiss does little to refute the alleged conduct against them but repudiates Plaintiff's claims as "no more than conclusory labels". (Mot. Dismiss 1, ECF No. 74 at 1, PageID 2083.)

## II.    Michigan's Eavesdropping Statute

Defendants contend that they are not liable under Michigan's eavesdropping statute because Jorge was a participant to the private conversations she allegedly recorded.  Defendants note that two past Michigan Court of Appeals decisions—*Sullivan v. Gray*, 117 Mich. App. 476, 324 N.W.2d 58 (1982) (2-1 decision) (per curiam) and *Lewis v. LeGrow*, 258 Mich. App. 175, 670 N.W.2d 675, 683–84 (2003) (citing *Sullivan*'s holding that "a participant in a private conversation may record it without 'eavesdropping' " but also noting "that eavesdropping is not at issue in this case.")—provide some support to their claim that a participant in a private conversation who records it absent the consent of all other participants is not liable under Michigan's eavesdropping statute (Mich. Comp. Laws § 750.539a *et seq.*).

4

Given that the Court's subject matter jurisdiction over this action is based on diversity, *see* 28 U.S.C. 1332(a)(1), the Court must apply Michigan law as determined by the Michigan Supreme Court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("[T]he law of the state shall be declared by its Legislature in a statute or by its highest court in a decision").  That court, however, has not specifically addressed the question presented here[1].  Accordingly, the Court "must predict how the [Michigan Supreme Court] would rule by looking to all the available data." *Stryker Corp. v. XL Ins. Am.*, 735 F.3d 349, 360 (6th Cir. 2012) (quoting *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)).  The court may be guided by analogous decisions or dicta of the Michigan Supreme Court, decisions and dicta of other Michigan courts, restatements of law, law commentaries, and decisions from other jurisdictions. *See, e.g.*, *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601, 604 (6th Cir. 1985).  In the absence of a decision by Michigan's Supreme Court, the Michigan Court of

---

[1] *Dickerson v. Raphael*, 461 Mich. 851, 601 N.W.2d 108 (1999) (unpublished table decision) (holding that a private conversation depends on an individual's reasonable expectation of privacy, but also refusing to address whether the Michigan Court of Appeals properly construed other portions of the state's eavesdropping statute); *People v. Stone*, 463 Mich. 558, 563, 621 N.W.2d 702 (2001) (holding only that a conversation held on a cordless phone may be considered "private" because a participant could "reasonably expect[] to be free from casual or hostile intrusion or surveillance"); *Bowens v. Ary, Inc.*, 489 Mich. 851, 794 N.W.2d 842, 843 (2011) (memorandum) (finding only that " 'no reasonable juror could conclude that [the] plaintiffs had a reasonable expectation of privacy in the recorded conversation' at issue").

5

Appeals decisions, although the starting point, are not controlling and may be disregarded by the Court if convinced that the Michigan Supreme Court would decide otherwise. *See Grantham & Mann, Inc. v. Am. Safety Prod., Inc.*, 831 F.2d 596, 608–09 (6th Cir. 1987) (citations omitted); *see also West v. AT&T*, 311 U.S. 223, 237 (1940) (holding federal courts may disregard state appellate court decisions if convinced highest state court would decide otherwise).  Therefore, *Sullivan* and *Lewis*, although instructive, are neither binding on the Court nor dispositive of the issue presented here.

### A.

Michigan Comp. Laws ("MCL") § 750.539c provides:

> Any person who is present or who is not present during a *private conversation* and who willfully uses any device to *eavesdrop* upon the conversation without the consent of all parties thereto, or who knowingly aids, employs or procures another person to do the same in violation of this section, is guilty of a felony punishable by imprisonment in a state prison for not more than 2 years or by a fine of not more than $2,000.00, or both.

MCL § 750.539a(2) defines "eavesdropping" as meaning "to overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse."

6

The only three instances in which the Michigan Supreme Court has addressed the application of Michigan's eavesdropping statute—*Dickerson v. Raphael*, 461 Mich. 851, 601 N.W.2d 108 (1999) (unpublished table decision); *People v. Stone*, 463 Mich. 558, 563, 621 N.W.2d 702 (2001); *Bowens v. Ary, Inc.*, 489 Mich. 851, 794 N.W.2d 842, 843 (2011) (memorandum)—merely reinforce that the statutory prohibition against eavesdropping extends to "private conversations" in which "a person reasonably expects to be free from casual or hostile intrusion or surveillance."[2]  Significantly, only one of the cases—*Stone*—is a published decision with any precedential value.  Still, none have construed the portions of the statute that the Michigan Court of Appeals held as removing participants in a private conversation from the ambit of the statute's eavesdropping prohibitions.  Each, in applying the statute to the particular circumstances of its case, focused exclusively on the factual issue of whether the conversation had an expectation of privacy. *See Dickerson*, 601 N.W.2d at 108; *Stone*, 621 N.W.2d at 704–06; *Bowens,* 794 N.W.2d at 843–44.  With this foundation, the Court considers how the Michigan Supreme Court would construe the eavesdropping statute.

When interpreting a statute, the Michigan Supreme Court's primary goal is to give effect to the Michigan's Legislature's intent, which is primarily ascertained

---

[2] *Supra* note 1.

through the statute's plain language. *See Stone*, 621 N.W.2d at 704 (citing *People v. Money*, 461 Mich. 325, 330, 603 N.W.2d 250 (1999)). "When that language is unambiguous, no further judicial construction is required *or permitted*, because the Legislature is presumed to have intended the meaning it plainly expressed." *Id.* (emphasis added); *see also Renown Stove Co. v. Unemployment Compensation Comm.*, 328 Mich. 436, 44 N.W.2d 1, 3 (1950) (holding referring to resources outside of the text, like dictionaries, is unnecessary when the Legislature's intent can be determined from reading the statute itself). In construing the definition of "private conversation", the Michigan Supreme Court recognized the Legislature's intent, gleaned from the plain meaning of the defined terms in MCL § 750.539a, to protect "private" places and conversations, *i.e.*, a place or conversation "reasonably expect[ed] to be free from casual or hostile intrusion or surveillance." *Stone*, 621 N.W.2d at 704–05.

The majority in *Sullivan*, the Michigan appellate court that first construed the reach of the state's prohibition against eavesdropping, believed that "the statutory language, on its face, unambiguously exclude[d] participant recording from the definition of eavesdropping by limiting the subject conversation to 'the private discourse of others' ". 324 N.W.2d at 60. This Court is convinced, however, that *Sullivan*'s construction contravenes the Legislature's intent made clear by the plain, unambiguous language of the statute.

8

This Court is also convinced that the Michigan Supreme Court would decide in the same manner and apply the same construction advanced by Judge Brennan in his dissenting opinion in *Sullivan*. This Court unequivocally concurs with Judge Brennan's dissenting opinion and adopts its rationale, which reasoned:

> On its face, the statute does not state that a person who is a party to the conversation cannot violate the statute. Rather, if the Legislature had intended that the statute not apply to participants, I think that it would have stated that intention in clear language. As a matter of fact, the very first phrase of the statute indicates that participants to the conversation can violate the statute: '***Any*** person who is present . . .' (emphasis added). If the Legislature intended to exclude participants, I think that it would have stated any person not a party to the conversation. Moreover, the statute also states that ***all*** participants in the conversation must consent to the overhearing, recording, amplifying or transmitting of the conversation. (emphasis added). To me, this plainly prohibits participants, as well as third parties, from the activities designated in the statute without disclosure to the other persons to the conversation that the conversation is being overheard, recorded, amplified or transmitted.

9

Moreover, I think the fact that the Legislature even defined the word "eavesdropping" is significant. . . . [T]he Legislature did define eavesdropping, using the disjunctive "or", as not only overhearing but also recording, amplifying or transmitting the conversation. Thus, to violate the statute, one needs only to overhear or record or transmit or amplify. This clearly indicates to me that the Legislature specifically prohibits conduct beyond the ordinary meaning of the word eavesdropping, by prohibiting conduct that not only could be accomplished by a third party but also by a participant.

Further, the majority seems to focus on the phrase "private discourse of others", contained in the definition, as supporting their conclusion that the statute does not apply to participants. By reading the phrase in context, with the definition substituted for the word eavesdrop in the statute, the majority's interpretation is not supported . . . .

Moreover, the phrase is followed by the words "*without the permission of all persons engaged in the discourse*" (emphasis added), indicating that the unilateral recording of a conversation, unbeknownst to the others involved, is not permitted. Thus, reading the statute as a whole, I would find that a participant is prohibited from recording the private

10

discourse of any other person involved in the conversation *unless all*

*persons consent*. (emphasis added).

*Sullivan*, 324 N.W.2d at 61–62 (Brennan, J., dissenting).

Therefore, the "available data" leads this Court to conclude that the

Michigan Supreme Court would not permit a participant or "*any person present*"

or not present during a conversation, to which a participant has a reasonable

expectation of privacy, to willfully use any device to overhear, record, transmit or

amplify that conversation without the consent of "*all parties thereto*". MCL §§

750.539a, 750.539c (emphasis added).  Accordingly, the Court will examine

AFT's eavesdropping claim in accordance with this opinion and conclusion.

### III.    Standard of Review

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6),

tests the legal sufficiency of the complaint. *See RMI Titanium Co. v. Westinghouse*

*Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil

Procedure 8(a)(2), a pleading must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief".  To survive a motion to

dismiss, a complaint need not contain "detailed factual allegations," but it must

contain more than "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of

11

'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *See Iqbal*, 556 U.S. at 678. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## IV.   Applicable Law & Analysis

## Count III: Eavesdropping[3]

---

[3] The Court addresses the claims in the order addressed in Defendants' motion.

Although Michigan's eavesdropping statute is criminal and punishable by imprisonment for up to two years and/or by a fine of up to $2,000.00, § 750.539h entitles a party upon which eavesdropping is practiced to three potential civil remedies: (1) an injunction prohibiting further eavesdropping, (2) actual damages, and (3) punitive damages as determined by the court or by a jury.

Defendants argue that Plaintiff fails to allege all the requisite elements of the statute and fails to allege that Defendant Jorge eavesdropped on private conversations to which she was not a participant—as required by the Michigan Court of Appeals.  This Court disagrees with the former argument and declines to apply the statutory construction that supports the latter.

Accepting Plaintiff's allegations as true, the Court finds that AFT has sufficiently demonstrated a violation of the eavesdropping statute, as predicted to be construed by the Michigan Supreme Court.  The Court can reasonably infer from the alleged recording of her conversation with an AFT staff representative that Jorge violated the statute.  If true, there is little doubt that Jorge willfully used some device to record a conversation reasonably expected to be free from intrusion or surveillance (having taken place in a private office concerning nonpublic information) without the consent of all other parties.  Additionally, Defendant PV is found in violation of the statute as a party that "employ[ed] or procure[d] another person" to violate it. MCL § 750.539c.

13

Furthermore, given that Jorge allegedly carried her cellular phone wherever she went, it is reasonable to infer that she also recorded conversations to which she was present but not a participant.  The Defendants' argument to the contrary rests solely on a presumption that Jorge was a participant in all conversations that she possibly recorded.  These facts, however, are either wholly unknown or in dispute at this stage.  Because the Court must examine claims in a light most favorable to Plaintiff and must draw all reasonable inferences in its favor, the Court concludes that Plaintiff has sufficiently alleged facts demonstrating a plausible claim against Defendants for eavesdropping under this theory as well.  Therefore, the Court denies Defendants' motion as to Count III of Plaintiff's Second Amended Complaint.

## Count VI: Misappropriation of Trade Secrets

The actual or threatened misappropriation of trade secrets may be enjoined or affirmative acts may be compelled by court order to protect such secrets. Michigan's Uniform Trade Secrets Act ("MUTSA"), MCL § 445.1901 *et seq.* (1998).  A trade secret means information that both: (1) derives independent economic value, and (2) is the subject of efforts to maintain its secrecy. *Id.* § 445.1902(d).

Defendants contend that none of the private, confidential documents that Plaintiff has alleged to be removed from its offices and/or photographed by Jorge

constitute trade secrets.  Although Plaintiff has alleged that these documents were

private, confidential, and kept in private storage, the Court agrees that they do not

constitute trade secrets under Michigan law, and Plaintiff has not provided the

Court authority demonstrating otherwise.  Disclosure of Plaintiff's confidential

information and documents likely would cause harm to Plaintiff and its

organization's efforts; and Plaintiff has alleged a potential economic impact from

the information's disclosure.  Still, Plaintiff has failed to demonstrate that any

information has independent economic value and thereby failed to allege facts

sufficient to support its misappropriation claim.  Therefore, the Court grants

Defendants' motion as to Count VI of Plaintiff's Second Amended Complaint.

### Count VII: Breach of Fiduciary Duty and Duty of Loyalty

In Plaintiff's Second Amended Complaint, Plaintiff alleges Defendant Jorge

breached her fiduciary duty and duty of loyalty when she engaged in the following:

   a) accessing information outside her authorization;
   b) accessing information unrelated to her assignment; and
   c) securing and copying information not generally available to the
      public for the purpose of sharing that information with Defendant
      PV.

(Sec. Am. Compl. ¶ 93, ECF No. 72.)  However, the Court does not find Plaintiff's

fiduciary duty claim applies and declines to recognize a fiduciary duty in the

context Plaintiff would like.  *Moross Ltd. P'ship v. Fleckenstein Capital, Inc.*, 466

F.3d 508, 516 (6th Cir. 2006) (" 'A breach of fiduciary duty claim requires that the

plaintiff reasonably reposed faith, confidence, and trust in the fiduciary.' " (citation omitted)).  Jorge's relationship with Plaintiff as an intern does not place Jorge in a position of sufficiently invested faith, confidence, and trust on behalf of Plaintiff. *See, e.g.*, *Dana Ltd. v. Am. Axle & Mfg. Holdings*, No. 1:10-CV-450, 2012 U.S. Dist. LEXIS 90064, at *36 (W.D. Mich. June 29, 2012) (holding general rule that employer-employee relationship does not give rise to fiduciary relationship unless employee is high-level).

On the other hand, the Court will recognize a duty of loyalty in this context. *See,e.g.*, *Wysong Corp. v. M.I. Indus.*, 412 F. Supp. 2d 612, 624 (E.D. Mich. 2005) (holding "[a]n employee breaches a duty of loyalty . . . by competing against his employer without fully disclosing the (sic) his interest in the competing enterprise"); *see also Nedschroef Detroit Corp. v. Bemas Enters. LLC*, 106 F. Supp. 3d 874, 883 (E.D. Mich. 2015) (holding Michigan " 'law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal' " (citation omitted)).

Defendants argue that both claims are in tort, which should be displaced by MUTSA because they arise from the same alleged acts that constitute misappropriation.  However, MUTSA does not displace claims based on wrongful conduct independent of the misappropriation of trade secrets, and this has been recognized in relation to a breach of fiduciary duty and of the duty of loyalty. *See*

16

*Wysong*, 412 F. Supp. 2d at 624.  Given Plaintiff's allegations that Jorge

misrepresented herself, misused and mishandled confidential information, and

failed to disclose that she worked with an organization whose interest conflicted

with Plaintiff's, the Court finds Jorge engaged in independent acts that serve to

substantiate Plaintiff's breach of duty of loyalty claim.[4]  Hence, the Court finds

that Plaintiff has sufficiently alleged a plausible claim for breach of the duty of

loyalty.  Therefore, the Court denies Defendants' motion as to Count VII of

Plaintiff's Second Amended Complaint.

### Count I: Fraudulent Misrepresentation

A claim of fraudulent misrepresentation requires Plaintiff to demonstrate:

(1)    the defendant made a material representation;
(2)    the representation was false;
(3)    when the representation was made, the defendant knew that it
        was false, or made it recklessly, without knowledge of its truth,
        and as a positive assertion;
(4)    the defendant made it with the intention that the plaintiff should
        act upon it; and
(5)     the plaintiff acted in reliance upon the representation;
(6)    the plaintiff thereby suffered injury.

*Roberts v. Saffell*, 280 Mich. App. 397, 760 N.W.2d 715, 719 (2008).  Plaintiff has

alleged that: (1) Defendant Jorge misrepresented herself as Marisa Perez, (2) the

---

[4] The same conclusion applies to Plaintiff's additional tort claims under Michigan
law: the Court finds Jorge engaged in independent acts that serve to substantiate
Plaintiff's fraudulent misrepresentation, trespass, eavesdropping, and civil
conspiracy claims.

representation was false, (3) it was made with knowledge of its falsehood, (4) with the intention that Plaintiff would rely on it, (5) Plaintiff relied upon the representation in hiring Jorge, and (6) Plaintiff suffered injury in terms of the negative economic and organizational impact caused by Jorge's conduct. Thus, the Court finds that Plaintiff has sufficiently alleged a plausible claim for fraudulent misrepresentation. Therefore, the Court denies Defendants' motion to dismiss Count I of Plaintiff's Second Amended Complaint.

## Count II: Trespass

"A trespass is an unauthorized invasion upon the private property of another." *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695, 609 N.W.2d 607, 613 (2000). Acknowledging that consent is a complete defense to trespass, the parties argue over whether Plaintiff's consent is invalidated by Jorge's misrepresentations. The Court agrees with Plaintiff's interpretation of *Am. Transmission* in that, under the circumstances of that case, consent was not invalidated because the defendant only accessed areas that were open to the public. Here, Plaintiff has alleged that Jorge accessed Plaintiff's private offices, computers, and files that were not readily accessible or readily available to either her or the public, and she did so under the guise of her fraudulent misrepresentations. For this reason, the Court finds that Plaintiff has sufficiently

alleged a plausible claim of trespass.  Therefore, the Court denies Defendants'

motion as to Count II of Plaintiff's Second Amended Complaint.

## Count IV: Larceny by Trick

Larceny by trick is a criminal offense codified in the Michigan Penal Code.

*See* MCL § 750.356.  Plaintiff has failed to provide the Court with authority

demonstrating that this offense has a private right of action with a civil remedy.

As such, the Court does not find this offense applicable under the present

circumstances.  Plaintiff argues that the offense is recognized as actionable under

the doctrine of common law fraud.  However, Plaintiff has already pled fraud as an

independent cause of action.  Plaintiff is free to argue this theory of fraud under

that claim.  Consequently, the Court grants Defendants' motion to dismiss Count

IV of Plaintiff's Second Amended Complaint.

## Count V: Civil Conspiracy

As Defendants' stated in their motion, an action for civil conspiracy must be

supported by an underlying actionable tort. *Cleary Tr. v. Muzyl Tr.*, 262 Mich.

App. 485, 686 N.W.2d 770, 786 (2004), *overruled on other grounds by Titan Ins.*

*Co. v. Hyten*, 491 Mich. 547, 817 N.W.2d 562 (2012).  Given that the Court has

permitted several of Plaintiff's tort claims to survive dismissal in addition to

Plaintiff's allegation that both Defendants agreed and planned to commit the

alleged torts, the Court finds that Plaintiff has sufficiently alleged a plausible claim

19

of civil conspiracy.  Therefore, the Court denies Defendants' motion as to Count V

of Plaintiff's Second Amended Complaint.

### Count VIII: Unlawful Interception of Oral Communications

"[A]ny person whose wire, oral, or electronic communication is intercepted,

disclosed, or intentionally used in violation of [the Wire and Electronic

Communications Interception and Inception of Oral Communications Act] . . . may

in a civil action recover from the person or entity . . . which engaged in that

violation." 18 U.S.C. § 2520.  Because Plaintiff has alleged that Jorge recorded

private conversations, accessed Plaintiff's staff members' computers, and stole

and/or photographed confidential documents, the Court finds that Plaintiff has

sufficiently alleged a plausible claim for violations of the Communications Act.

*See* 18 U.S.C. § 2511 ("any person who . . . intercepts . . . any wire, oral, or

electronic communication . . . [or] discloses . . . to any other person the contents of

any wire, oral or electronic communication . . . shall be punished").  Therefore, the

Court denies Defendants' motion as to Count VIII of Plaintiff's Second Amended

Complaint.

### Count IX: Electronic Communications Privacy Act

The Electronic Communications Privacy Act ("ECPA") applies to electronic

communication service providers. 18 U.S.C. § 2701 (makes unlawful access

without authorization to a "facility through which an electronic communication

service is provided").  Defendants provided persuasive authority demonstrating that a "facility" is not a computer and stored emails or documents on a computer do not constitute "electronic storage". *Theofel v. Farey-Jones*, 359 F.3d 1066, 1075 (9th Cir. 2004).  The Act applies more specifically to Internet Service Providers. *Id.*  Concluding the Act inapplicable, the Court finds that Plaintiff has failed to sufficiently allege a plausible ECPA claim.  Therefore, the Court grants Defendants' motion to dismiss Count IX of Plaintiff's Second Amended Complaint.

## Standing and Damages

To have Article III standing, a plaintiff must suffer an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S. Ct. 2743, 2752 (2010).  The Court recognizes that Plaintiff has standing to bring this action because of its substantial interest in protecting the private and confidential nature of its work, offices, and staff as a labor union. *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 792 N.W.2d 686, 700 (2010) (holding labor organizations have standing to bring actions where they have "a substantial and distinct interest").  Furthermore, Defendants' alleged conduct was aimed at AFT Michigan as an organization.  Although its staff members may be personally affected and/or susceptible to injury

21

caused by Defendants' alleged conduct, the primary injury is to AFT Michigan as an organization.  Thus, the Court recognizes Plaintiff's claimed injuries caused by Defendants' alleged conduct, and therefore concludes Plaintiff has standing to bring this action.

Given that the Court recognizes Plaintiff's claimed injuries, it finds that Plaintiff has sufficiently alleged damages. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307–11 (1986) (generally in tort "compensatory damages may include not only . . . monetary harms, but also . . . 'impairment of reputation . . . personal humiliation, and mental anguish and suffering.' " and "[w]hen a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish, some form of presumed damages may possibly be appropriate."); *see also In re Bradley Estate*, 494 Mich. 367, 835 N.W.2d 545, 562 (2013) (" 'tort liability' . . . encompasses all legal responsibility arising from noncontractual civil wrongs for which a remedy may be obtained in the form of compensatory damages.").

## V.    Conclusion

For the reasons stated, the Court grants, in part, and denies, in part, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion to Dismiss (ECF No. 74) is

**GRANTED, IN PART, AND DENIED, IN PART** in accordance with this

opinion and order;

**IT IS FURTHER ORDERED**, that Counts IV, VI, and IX of Plaintiff's

Second Amended Complaint are **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED**, that Counts I, II, III, V, VII, and VIII of

Plaintiff's Second Amended Complaint survive dismissal.

**IT IS SO ORDERED.**

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 28, 2019, by electronic and/or U.S. First Class mail.

s/R. Loury
Case Manager
