UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

       Plaintiff,

                           Civil Case No. 17-cv-13292

v.                            Honorable Linda V. Parker
                                 Honorable Elizabeth A. Stafford

PROJECT VERITAS,
*et al.*                          (Claim of Unconstitutionality)

       Defendants.

**DEFENDANTS' ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COME NOW, Defendants Project Veritas and Marisa L. Jorge, by and through undersigned counsel, and state the following in answer to the numbered paragraphs in Plaintiff's Second Amended Complaint:[1]

**Parties**

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

---

[1] On October 17, 2017, Plaintiff filed a Second Amended Complaint [ECF No. 6]. Subsequently, this Court granted leave for Plaintiff to amend that Pleading, and on July 19, 2018, Plaintiff filed what it captioned as its Second Amended Complaint and Demand for Trial by Jury (Supplemental Pleading) [ECF No. 72].  It is to this latter document to which Defendants now answer and respond.  Where referenced herein, that document [ECF No. 72] will be referred to for convenience simply as "Plaintiff's Second Amended Complaint."

2.      Defendants admit the allegations in this paragraph.

3.      Defendants deny the allegations in this paragraph.

4.      Defendants deny the allegations in this paragraph.

5.      Defendants deny the allegations in this paragraph.

6.      Defendants deny the allegations in this paragraph.

7.      Paragraph 7 does not make any statements or allegations to which any response is necessary or possible.  To the extent this paragraph attempts to re-allege the Plaintiff's allegations in paragraph 6 or makes any other allegation, it is denied.

8.      Defendants admit Marisa L. Jorge is an individual.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

9.      Defendants admit Jorge has been identified as an agent of Project Veritas.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge has "publically [sic] identified with a variety of causes which are in line with the stated agenda of PV," and therefore neither admit nor deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Jorge has been identified by "facial recognition efforts," and therefore neither admit nor deny the allegations.  The remaining allegations in this paragraph are denied.

## Jurisdiction

10.    This paragraph consists exclusively of legal conclusions, and accordingly no response is required.   To the extent that any allegations in this paragraph require a response, they are denied.

11.    This paragraph consists exclusively of legal conclusions, and accordingly no response is required.   To the extent that any allegations in this paragraph require a response, they are denied.

## Venue

12.    This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.

## FACTUAL ALLEGATIONS

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

14.    Defendants admit the allegations in this paragraph.

15.    Defendants admit the allegations in this paragraph.

16.    Defendants admit the allegation in this paragraph and its sub-paragraphs.

17.    Defendants admit the allegations in this paragraph.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to Plaintiff, and therefore neither admit nor deny the allegations therein.

19.    Defendants admit that Defendant Jorge engaged Plaintiff's staff and regularly sought information.  Defendant denies that any such engagement was beyond her assignment.

20.    Defendants admit that Defendant Jorge sought information regarding grievances relating to employee discipline.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to Plaintiff, and therefore neither admit nor deny the allegations therein.

21.    Defendants admit the allegations in this paragraph.

22.    Defendants admit Jorge sought and was granted access to information. Defendants deny this information was confidential and proprietary.  The remainder of the allegations in this paragraph are denied.

23.    Defendants admit Jorge was granted access to computers of staff employed by AFT Michigan.  The remaining allegations in this paragraph are denied.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

25.    Defendants lack knowledge or information sufficient to form a belief as to whether Jorge was repeatedly seen alone in offices of other employees accessing files and records, and therefore neither admit nor deny the allegations. The remaining allegations of this paragraph are denied.

26.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

27.    Defendants admit that persons employed at the Plaintiff freely and knowingly gave Jorge the passwords to their computers and gave her permission to access them. The remaining allegations in this paragraph are denied.

28.    Defendants admit Jorge employed a hidden camera to record a conversation with an AFT Michigan representative "during which she solicited information pertaining to the resolution of a matter pertaining to teacher discipline." The remaining allegations in this paragraph are denied.

29.    Defendants admit a conversation occurred in the representative's office. Defendants deny the remaining allegations in this paragraph.

30.    Defendants admit the allegations in this paragraph.

31.    Defendants admit that the staff representative in question had not expressly given Defendant Jorge permission to record the conversation. Defendants lack knowledge or information sufficient to form a belief as to the remaining

allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

32.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

33.   Defendants admit that permission was not expressly given to Defendant Jorge to record the conversation.   Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

34.   Defendants admit that Project Veritas published portions of a conversation between Jorge and an AFT Michigan staff representative on YouTube on May 9, 2018.  Defendants deny this was a recording of a private conversation. The remainder of the allegations in this paragraph are denied.

35.   Defendants admit the video in paragraph 34 can be viewed at the first web address listed but lack knowledge or information sufficient to form a belief as to whether the video at the second web address listed is the video in question.

36.   Defendants deny the allegations contained in this paragraph.

37.   Defendants deny the allegations in this paragraph.

38.   This paragraph consists exclusively of legal conclusions, and accordingly no response is required.   To the extent that any allegations in this paragraph require a response, they are denied.

39.   Defendants deny the allegations in this paragraph.

40.   Defendants deny the allegations in this paragraph.

41.   Defendants admit the May 9, 2018 publication was accompanied by links to copies of documents that Jorge photographed.   The remainder of the allegations in this paragraph are denied.

     a.   Defendants admit the allegations in this sub-paragraph.

     b.   Defendants deny the allegations in this sub-paragraph.

     c.   Defendants deny the allegations in this sub-paragraph.

     d.   Defendants admit the allegations in this sub-paragraph.

     e.   Defendants deny the allegations in this sub-paragraph.

42.   Defendants deny the allegations in this paragraph.

43.   Defendants deny the allegations in this paragraph.

44.   Defendants admit a lawsuit against Project Veritas is pending in the United States District Court for the District of Columbia.   Defendants deny a lawsuit is pending against Project Veritas in state court in Florida.

45.   The allegations in Paragraph 45 pertain to a non-party to this lawsuit and to events not related or relevant to the instant lawsuit, and therefore should need

no response.  Nonetheless, Defendants admit that non-party James O'Keefe pled guilty to a misdemeanor in 2010 unrelated to the instant case, but that it was expressly noted that "investigation did not uncover evidence that the defendants intended to commit any felony . . . ."

46.    Defendants admit that non-party James O'Keefe settled an unrelated suit filed by an employee of ACORN for $100,000.  The remainder of the allegations in this paragraph are denied.

47.    Defendants deny the allegations in this paragraph.

48.    Defendants lack knowledge or information as to whether any representations were "material," as that calls for a legal conclusion.  Defendants admit the remainder of the allegations in this paragraph.

49.    Defendants admit the allegations in this paragraph.

50.    Defendants admit Jorge "solicited information from employees of the Plaintiff."  Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

51.    Defendants deny the allegations in this paragraph.

52.    Defendants admit Jorge accessed information that was stored electronically on computers presumably owned by Plaintiff.  The remaining allegations in this paragraph are denied.

53.     Defendants admit the allegations in this paragraph.

54.     Defendants deny the allegations in this paragraph.

55.     Defendants admit the allegations in this paragraph.

56.     Defendants admit the allegations in this paragraph.

57.     Defendants deny the allegations in this paragraph. Answering further, this paragraph calls for a legal conclusion to which no response is needed at this time.

58.     Defendants deny the allegations in this paragraph.

59.     Defendants deny the allegations in this paragraph.

60.     Defendants deny the allegations in this paragraph.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent this paragraph makes allegations pertaining to Defendants or this case, Defendants deny the allegations in this paragraph.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

63.     Defendants deny the allegations in this paragraph.

**First Cause of Action**

64.    Defendants lack knowledge or information as to whether any representations were "material," as that calls for a legal conclusion.  Defendants admit the remainder of the allegations in this paragraph.

65.    Despite reasonable efforts, Defendants cannot understand the allegations in this paragraph alleging that "Defendant's conduct incorporated statements."  Defendants lack knowledge or information as to what Plaintiff did or did not rely upon.  The remaining allegations in this paragraph are thus denied.

66.    Defendants deny the allegations in this paragraph.

**Second Cause of Action**

67.    Defendants lack knowledge or information as to whether any representations were "materially false," as that calls for a legal conclusion. Defendants lack knowledge or information as to what Plaintiff means as to "facility," as that is an undefined or unknown term in this context.  Defendants, therefore, must deny the allegations as written.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

69.     This paragraph consists exclusively of legal conclusions, and accordingly no response is required.   To the extent that any allegations in this paragraph require a response, they are denied.

70.     This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.   To the extent that any allegations in this paragraph require a response, they are denied.

### Third Cause of Action

71.     Defendants deny the allegations in this paragraph.

72.     Defendants deny the allegations in this paragraph.

73.     Defendants deny the allegations in this paragraph.

74.     Defendants deny the allegations in this paragraph.

75.     Defendants deny the allegations of this paragraph.

### Fourth Cause of Action

76.     No answer is required because Count IV of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

77.     No answer is required because Count IV of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

78.     No answer is required because Count IV of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

## Fifth Cause of Action

79.     This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.  To the extent that any allegations in this paragraph require a response, they are denied.

80.     Defendants admit that Defendant Jorge is, for particular purposes and in a limited scope, an agent for Defendant Project Veritas.  Defendants admit that for the time period applicable to this Second Amended Complaint, Defendant Jorge is an employee of Defendant Project Veritas.

81.     Defendants deny the allegations in this paragraph.

82.     This allegation consists of a legal conclusion, and accordingly no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph and all of its subparts.

## Sixth Cause of Action

83.     No answer is required because Count VI of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

84.    No answer is required because Count VI of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

85.    No answer is required because Count VI of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

86.    No answer is required because Count VI of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

87.    No answer is required because Count VI of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

88.    No answer is required because Count VI of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

## Seventh Cause of Action

89.    Defendants admit the allegations in this paragraph.

90.    Defendants admit the allegations in this paragraph.

91.    Defendants deny the allegations that Jorge had a duty of loyalty to the Plaintiff.  No answer is required to the allegation that Jorge had a fiduciary duty to

the Plaintiff because that count of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendant's Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].  The remainder of any allegations in this paragraph are denied.

92.    Defendants deny the allegations in this paragraph.

93.    This paragraph and its sub-paragraphs consist exclusively of legal conclusions, and accordingly no response is required.  No answer is required to the allegation that Jorge had a fiduciary duty to the Plaintiff because that count of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendant's Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].  To the extent that any allegations in this paragraph and its sub-paragraphs require a response, they are denied.

94.    This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.  To the extent that any allegation in this paragraph requires a response, it is denied.

**Eighth Cause of Action**

95.    This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.  Moreover, the proper citation for the statute quoted is, upon information and belief, 18 U.S.C. § 2511(2)(d).  Defendants admit that the language quoted accurately reflects the language of 18 U.S.C. § 2511(2)(d).

14

96.     This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.   To the extent that any allegation in this paragraph requires a response, it is denied.

97.     This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.   To the extent that any allegation in this paragraph requires a response, it is denied.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore neither admit nor deny the allegations therein.

99.     Defendants deny the allegations in this paragraph.

100.    This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.   To the extent that any allegation in this paragraph requires a response, it is denied.

101.    This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.   To the extent that any allegation in this paragraph requires a response, it is denied.

102.    This paragraph consists exclusively of a legal conclusion, and accordingly no response is required.   To the extent that any allegation in this paragraph requires a response, it is denied.

## Ninth Cause of Action

103.   No answer is required because Count IX of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

104.   No answer is required because Count IX of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

105.   No answer is required because Count IX of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

106.   No answer is required because Count IX of Plaintiff's Second Amended Complaint was dismissed when this Court granted Defendants' Motion to Dismiss in part in its order dated March 28, 2019 [ECF No. 93].

## Relief Sought by Plaintiff

Paragraphs 107-121 do not require any response by Defendants.  To the extent Paragraphs 107-121 assert any allegations to which a response is required, Defendants deny those paragraphs in their entirety.

## Affirmative Defenses

Wherefore, having answered Plaintiff's Second Amended Complaint, the Defendants raise the following affirmative and other defenses.  By identifying these affirmative and other defenses, Defendants do not concede that they bear the burden of proving any or all of these affirmative and other defenses.  Additionally, Defendants make no admission by virtue of asserting these affirmative and other defenses.  Defendants' burden will be determined as a matter of law.

Defendants state that they lack sufficient knowledge or information as to the truth of numerous allegations in Plaintiff's Second Amended Complaint, and until they avail themselves to further investigation and discovery, they cannot determine whether any or all of these Affirmative Defenses will be asserted before or at trial. Defendants reserve their right to assert additional affirmative or other defenses that may become known through further investigation and discovery.  Otherwise, Defendants state as follows:

1.     The Plaintiff's Second Amended Complaint states no claim upon which relief can be granted.

2.     Plaintiff has failed to plead its allegations with sufficient specificity or particularity.

3.     The Plaintiff has suffered no recoverable damages.

4.     The Plaintiff has failed to mitigate its damages.

5.     The Plaintiff's claims are unconstitutional as applied to the Defendants.

6.     The eavesdropping provisions of the Michigan Eavesdropping Statute, Mich. Comp. Laws §§ 750.539a, 750.539c, are facially unconstitutional under the vagueness doctrines of the Due Process Clause of the Fifth Amendment and the First Amendment, respectively.

7.     The exception to single-party consent under the Wire and Electronic Communications Interception and Interception of Oral Communications Act, 18 U.S.C. § 2511(2)(d), is facially unconstitutional under the vagueness doctrines of the Due Process Clause of the Fifth Amendment and the First Amendment, respectively.

8.     Plaintiff's claims are barred to the extent it or its agents, employees, or representatives were negligent, contributorily negligent, or comparatively negligent.

9.     Plaintiff's claims are barred to the extent that either Defendant owed no duty to Plaintiff.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or both.

11.     Defendants reserve the right to add to, modify, supplement, change, amend, or assert additional Affirmative Defenses that become warranted as facts develop during discovery.

## Defendants' Prayer for Relief

For the foregoing reasons, Defendants respectfully request that this case be dismissed and they be awarded their reasonable attorney's fees and costs incurred in this litigation.

## Reliance Upon Plaintiff's Jury Demand

Defendants rely upon Plaintiff's Demand for Trial by Jury for all such claims or causes of action so triable.  To the extent that Plaintiff failed to properly demand or preserve its right to trial by jury, Defendants hereby demand a trial by jury for all such claims or causes of action so triable.

Respectfully submitted,

/s/ Paul M. Mersino
**Butzel Long, P.C.**
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015

Stephen R. Klein (P74687)
Statecraft PLLC
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676
steve@statecraftlaw.com

Attorneys for Defendants

Dated: April 11, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

/s/ Paul M. Mersino
**Butzel Long, P.C.**
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015

and

Stephen R. Klein (P74687)
Statecraft PLLC
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676
steve@statecraftlaw.com

Attorneys for Defendants