UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

     Plaintiff,

No. 17-13292

v

HON. LINDA V. PARKER

PROJECT VERITAS, MARISA L.
JORGE,

MAG. ELIZABETH A. STAFFORD

     Defendants.

---

| | |
|---|---|
| Mark H. Cousens | Ann M. Sherman |
| Attorney for Plaintiff | Deputy Solicitor General |
| 26261 Evergreen Rd, Ste 110 | Attorney for Proposed Intervening |
| Southfield, MI 48076 | Party State of Michigan |
| 248-335-2150 | Michigan Department of Attorney |
| cousens@cousenslaw.com | General |
| | P.O. Box 30212 |
| | Lansing, MI 48909 |
| | 517-335-7628 |
| | ShermanA@michigan.gov |

---

| | |
|---|---|
| Stephen R. Klein | Paul M. Mersino |
| Attorney for Defendants | Attorney for Defendants |
| Statecraft PLLC | Butzel Long |
| 1629 K St NW, Ste 300 | 150 W Jefferson, Ste 100 |
| Washington, DC 20006 | Detroit, MI 48226 |
| 202-804-6676 | 313-225-7000 |
| steve@statecraftlaw.com | mersino@butzel.com |

---

## MICHIGAN ATTORNEY GENERAL DANA NESSEL'S MOTION TO INTERVENE

Michigan Attorney General Dana Nessel moves for leave to intervene under Federal Rules of Civil Procedure 24(a) and 5.1(a)(2), and states as follows:

1.      Rule 24(a) of the Federal Rules of Civil Procedure provides that the court must permit intervention by anyone who has been given an unconditional right to intervene by a federal statute.

2.      Congress has given states an unconditional right to intervene by 28 U.S.C. § 2403, which provides that federal courts "shall permit" a state to intervene in any suit "wherein the constitutionality of any statute of that State affecting the public interest is drawn in question."

3.      One of the issues in this litigation challenges the constitutionality of a Michigan statute, Michigan Eavesdropping Statute, Mich. Comp. Laws §§ 750.539a, 750.539(c), as facially unconstitutional under the vagueness doctrines of the Due Process Clause of the Fifth Amendment and First Amendment, respectively.

4.      Federal Rule of Civil Procedure 5.1(a) requires that a party who files a pleading, written motion, or other paper that draws into question the constitutionality of a state statute must promptly file a

notice of constitutional question and serve that notice and paper on the state attorney general.

5.     The Advisory Committee notes to Rule 5.1 reflect that the state attorney general has "a statutory right to intervene at the earliest possible point in the litigation."  Advisory Committee Notes to 2006 adoption, Fed. R. Civ. P. 5.

6.     On April 18, 2019, pursuant to Fed. R. Civ. P. 5.1(a)(2), counsel for Defendants delivered a notification to the Department of Attorney General stating that Project Veritas and Marisa Jorge are questioning the constitutionality of the eavesdropping provisions of the Michigan Eavesdropping Statute, Mich. Comp. Laws §§ 750.539a, 750.539(c), as facially unconstitutional under the vagueness doctrines of the Due Process Clause of the Fifth Amendment and First Amendment, respectively.

7.     Defendants' vagueness argument is part of its defense in this lawsuit.

8.     On May 14, 2019, Defendants notified this Court of service pursuant to Fed. R. Civ. P. 5.1(a)(2).  (ECF 100, Notice of Service.)

9.     The Michigan Attorney General seeks to intervene to defend state law and to weigh in on the appropriate reading of the Michigan Eavesdropping Statute.

10.     This motion is timely because it is filed, as Rule 5.1(c) provides, within 60 days of Defendants' notice that it was challenging the statute's constitutionality.

11.     On June 14, prior to the expiration of the 60-day period for attorney general intervention, this Court ruled on Plaintiffs' motion issuing an opinion and order granting in part and denying in part Defendants' motion to dismiss, and granting in part and denying in part Defendants' emergency motion requesting authorization for an interlocutory appeal.  (ECF No. 104.)

12.     On Count III, involving the Eavesdropping statute, this Court held that AFT has "sufficiently alleged facts demonstrating a violation of the eavesdropping statute, as predicted to be construed by the Michigan Supreme Court."  (ECF No. 104, p. 13, PageID. 2537.)

13.     This Court granted Defendants' request to certify for interlocutory review under 28 U.S.C. § 1292(b) only one question: "whether Michigan's eavesdropping statute, Mich. Comp. Laws §

750.539a *et seq.,* may prohibit a person from recording, without the consent of all parties thereto, private conversations to which she is a party." (ECF No. 104, pp. 25–26, PageID. 2549.)

14.   Assuming this Court grants this motion to intervene and the Sixth Circuit grants interlocutory appeal, the Attorney General would file a brief in support of the constitutionality of the Michigan Eavesdropping Statute and its proper reading in the Sixth Circuit Court of Appeals.

15.   In compliance with L.R. 7.1(d)(1), the Attorney General has attached a brief in support of this motion to intervene.

16.   As required by Local Rule 7.1(a)(2)(A), undersigned counsel has conferred with counsel for the existing parties concerning the nature of this Motion and its legal basis.  There was a conference between attorneys in which undersigned counsel explained the nature of the motion or request and its legal basis. Counsel for Project Veritas and Marisa Jorge concurred in the filing of this motion.  As to AFT Michigan, despite reasonable efforts, the movant was unable to conduct the necessary conference with AFT's counsel.

WHEREFORE, for the reasons stated in this motion and the accompanying brief in support, proposed Intervenor Michigan Attorney General Dana Nessel respectfully requests that this Court grant her motion to intervene and allow her to intervene as a party and exercise all of the rights of a party in this action.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Ann M. Sherman*
Ann M. Sherman P67762
Deputy Solicitor General
Attorneys for Proposed Intervening
Party State of Michigan
Michigan Department of Attorney
General
P.O. Box 30212, Lansing, MI 48909
517-335-7628
ShermanA@michigan.gov

Dated: June 17, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Ann M. Sherman*
Ann M. Sherman P67762
Deputy Solicitor General

Attorneys for Proposed Intervening
Party State of Michigan
Michigan Department of Attorney
General
P.O. Box 30212, Lansing, MI 48909
517-335-7628
ShermanA@michigan.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

      Plaintiff,

                              No. 17-13292

v

                              HON. LINDA V. PARKER

PROJECT VERITAS, MARISA
L. JORGE,                         MAG. ELIZABETH A. STAFFORD

      Defendants.

_____/

**BRIEF IN SUPPORT OF MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL'S MOTION TO INTERVENE**

                            Dana Nessel
                            Attorney General


                            */s/ Ann M. Sherman*
                            Ann M. Sherman P67762
                            Deputy Solicitor General
                            Attorneys for Proposed
                            Intervening Party State of
                            Michigan
                            Michigan Department of
                            Attorney General
                            P.O. Box 30212
                            Lansing, MI 48909
                            517-335-7628
                            ShermanA@michigan.gov

Dated:  June 17, 2019

# TABLE OF CONTENTS

<u>Page</u>

Certificate of Service ...................................................................... 6

Table of Contents ...........................................................................i

Index of Authorities........................................................................ii

Concise Statement of Issues Presented .................................... iii

Controlling or Most Appropriate Authority............................iv

Statement of Facts .......................................................................... 1

Argument........................................................................................ 1

I.    This Court must grant the Attorney General's motion to intervene because the requirements of Rule 24(a) and Rule 5.1 are satisfied. ................................................................ 1

Conclusion and Relief Requested............................................... 4

Certificate of Service ..................................................................... 5

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Chernin v. Welchans,*
   110 F.R.D. 260 (N.D. Ohio 1986) ...........................................................2

*City of Pontiac Retired Employees Ass'n v. Schimmel,*
   751 F.3d 427 (6th Cir. 2014) ...................................................................4

*In re Certified Question from U.S. Dist. Court for E. Dist. of*
   *Michigan,*
   638 N.W.2d 409 (Mich. 2002) .................................................................3

## Statutes

28 U.S.C. § 2403(b) .......................................................................... 2, 3

Mich. Comp. Laws § 14.28 ........................................................................3

## Rules

Fed. R. Civ. P. 24(a).............................................................................iii, 1, 4

Fed. R. Civ. P. 24(a)(1) ......................................................................iv, 2, 3

Fed. R. Civ. P. 5.1.........................................................................iii, 1, 2, 4

Fed. R. Civ. P. 5.1(c) .............................................................................iv

## Constitutional Provisions

Mich. Const. art. V, § 21............................................................................3

Mich. Const. art. V, § 3..............................................................................3

## CONCISE STATEMENT OF ISSUES PRESENTED

1.   Should this Court grant the Michigan Attorney General's motion to intervene because the requirements of Federal Rule of Civil Procedures 24(a) and 5.1 are satisfied?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: Federal Rule of Civil Procedure 24(a)(1)
Federal Rule of Civil Procedure 5.1(c)

## STATEMENT OF FACTS

This issue arises out of this suit by American Federation of Teachers against Project Veritas and Marisa Jorge. There are only two facts that are relevant to the Department of Attorney General's intervention.  The first is that Defendants in this matter have represented their intent to challenge Michigan statutes on vagueness grounds, as made clear in Defendants' notice to the Department of Attorney General.  (ECF 100, Notice of Service.)

The second is that this motion to intervene is timely.  The Defendants delivered their Rule 5.1 notice on April 18 (ECF 100, PageID. 2505), making the deadline for intervention July 17.

## ARGUMENT

**I.**   **This Court must grant the Attorney General's motion to intervene because the requirements of Rule 24(a) and Rule 5.1 are satisfied.**

The Department of Attorney General seeks to intervene in this case, under Federal Rules of Civil Procedure 24(a) and 5.1.

Federal Rule of Civil Procedure 24(a) covers intervention of right and provides that "[o]n timely motion, the court *must* permit anyone to intervene who . . . is given an unconditional right to intervene by a

federal statute." Fed. R. Civ. P. 24(a)(1) (emphasis added). All of those requirements are met here.

First, the motion is timely. Rule 5.1 allows a state attorney general to intervene within 60 days after a notice is filed informing the attorney general that a statute has been called into question. Here, the notice was filed 60 days ago, on April 18, 2019.

Second, a federal statute gives Michigan the unconditional right to intervene. In 28 U.S.C. § 2403(b), Congress provided that "[i]n any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene . . .."

Each of the conditions of § 2403(b) is also met. Michigan is not a party. AFT Michigan sued Project Veritas and Marisa Jorge, not the State of Michigan. See, e.g., *Chernin v. Welchans*, 110 F.R.D. 260 (N.D. Ohio 1986) (holding under § 2403(b) that the clerk of a municipal court

was an employee or officer of the city, not of the state).  And the action challenges the constitutionality of a Michigan statute.

That is the reason § 2403(b) exists.  As Congress has recognized, in our system of federalism, the state must be given the opportunity to defend its democratically enacted laws.  Accordingly, Michigan, acting through its designated legal representative, the Michigan Attorney General is entitled to intervene.  Fed. R. Civ. P. 24(a)(1); 28 U.S.C. § 2403(b).

Additionally, the Attorney General, as a state governmental officer and Michigan's chief law enforcement officer, has constitutional and statutory responsibility to "intervene in and appear for the people of this state in any other court or tribunal, in any cause or matter, civil or criminal, in which the people of this state may be a party or interested." Mich. Comp. Laws § 14.28.  Michigan Complied Laws § 14.28 has been broadly construed to provide authority for the Attorney General to litigate on behalf of the people of the state.  *In re Certified Question from U.S. Dist. Court for E. Dist. of Michigan*, 638 N.W.2d 409, 413 (Mich. 2002); *see also* Mich. Const. art. V, §§ 3 & 21.  The Sixth Circuit has permitted the Attorney General to intervene when the

constitutionality of a state statute is at issue. *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014).

Attorney General Nessel seeks to participate in this case. This Court has now certified this issue for interlocutory appeal. Assuming the Sixth Circuit grants interlocutory review, the Attorney General is uniquely positioned to file a brief in the Sixth Circuit to defend the constitutionality of the Michigan Eavesdropping statute and to weigh in on the proper reading of that statute. This is important in the Attorney General's ability to protect the People of Michigan's substantial and unique interests.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Michigan Attorney General Dana Nessel respectfully requests that the Court grant her motion to intervene under Federal Rule of Civil Procedures 24 and 5.1.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Ann M. Sherman*
Ann M. Sherman P67762
Deputy Solicitor General

4

Attorneys for Proposed Intervening
Party State of Michigan
P.O. Box 30212, Lansing, MI 48909
517-335-7628
ShermanA@michigan.gov

Dated:  June 17, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which

will provide electronic copies to counsel of record.

*/s/ Ann M. Sherman*
Ann M. Sherman P67762
Deputy Solicitor General
Michigan Dep't of Attorney General
P.O. Box 30212, Lansing, MI 48909
517-335-7628
ShermanA@michigan.gov