# Exhibit J

**Joshua Rosenthal**

| | |
|---|---|
| **From:** | Abigail Carter |
| **Sent:** | Thursday, February 20, 2020 8:14 AM |
| **To:** | Stephen Klein |
| **Cc:** | Joshua Rosenthal |
| **Subject:** | Re: AFT MI v. Project Veritas - electronic copy of Weingarten subpoena |

Steve,

I am still working to find a date the works for both me and Ms Weingarten.

As to the deposition, am I correct that you will not agree (1) to limit the deposition to questions related to the claims and defenses currently in the case (e.g., no questions related only to the dismissed trade secrets claims, to the motivations or financing of the litigation, or to other activities/actions related to Project Veritas) and (2) to limit the use of the videotape only for trial? We would like to avoid unnecessary judicial intervention either before or during the deposition if possible, but your refusal to compromise given my previously expressed concerns may require otherwise.

Thanks,
 Abigail


Sent from my iPhone


> On Feb 10, 2020, at 2:42 PM, Stephen Klein <steve@barrklein.com> wrote:
>
> Abigail,
>
>   (1) No.
>   (2) Yes.
>   (3) We will abide by FRCP 26.
>
> --
> Steve Klein
> **Barr & Klein PLLC**
> 1629 K St NW Ste. 300
> Washington, DC 20006
> (202) 804-6676
>
> This transmission may be protected by the attorney-client privilege or the attorney work product doctrine. If you are not the intended recipient, please delete all copies of the transmission and advise the sender immediately.
>
> **From:** Abigail Carter <acarter@bredhoff.com>
> **Date:** Monday, February 10, 2020 at 9:58 AM
> **To:** Stephen Klein <steve@barrklein.com>

1

**Cc:** "Mersino, Paul" <mersino@butzel.com>, Joshua Rosenthal <jrosenthal@bredhoff.com>
**Subject:** RE: AFT MI v. Project Veritas - electronic copy of Weingarten subpoena

Steve,

Will you (and your client) agree as follows: (1) you will agree not to use the videotape of Ms. Weingarten's deposition except at trial in this case, assuming its admission is otherwise permitted by the Court, (2) that the deposition transcript will be subject to the existing protective order (thereby allowing Ms. Weingarten to designate appropriate portions as confidential), and (3) that the questions will be limited to those related to the existing claims and defenses in the case?

Thanks,
Abigail

---

**From:** Stephen Klein <steve@barrklein.com>
**Sent:** Wednesday, February 5, 2020 5:02 PM
**To:** Abigail Carter <acarter@bredhoff.com>
**Cc:** Mersino, Paul <mersino@butzel.com>; Joshua Rosenthal <jrosenthal@bredhoff.com>
**Subject:** Re: AFT MI v. Project Veritas - electronic copy of Weingarten subpoena

Abigail,

Thanks for the follow-up.

We cannot agree to forgo videotaping the deposition. AFT National and Ms. Weingarten may use the existing protective order in the case, as we agreed with AFT National's document production.

We respect that Ms. Weingarten cannot make February 18, and if we can agree upon a date in March we can reschedule accordingly.

--
Steve Klein
**Barr & Klein PLLC**
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676

This transmission may be protected by the attorney-client privilege or the attorney work product doctrine. If you are not the intended recipient, please delete all copies of the transmission and advise the sender immediately.

---

**From:** Abigail Carter <acarter@bredhoff.com>
**Date:** Tuesday, February 4, 2020 at 10:33 AM
**To:** Stephen Klein <steve@barrklein.com>
**Cc:** "Mersino, Paul" <mersino@butzel.com>, Joshua Rosenthal <jrosenthal@bredhoff.com>
**Subject:** RE: AFT MI v. Project Veritas - electronic copy of Weingarten subpoena

Steve,

2

We are willing to produce Ms. Weingarten for a deposition, but we remain concerned both about the scope of the deposition and the uses to which it would be put.

You mention that you're interested in the objectives of the lawsuit and motivations behind it, including communications between AFT staff and third parties prior to AFT Michigan bringing the lawsuit, and that this information is relevant to your defenses. Having reviewed the Complaint and Answer, I don't see anything that would make the objectives and the motivations behind the filing of this lawsuit relevant to any of the claims or defenses in this case. And although you mention that this information might have been relevant to AFT-Michigan's trade secrets claim, that claim was dismissed last March and I am unaware of any authority entitling a party to discover on a previously dismissed claim.

We also remain concerned about the uses to which this deposition will be put. As my previous email noted, prior deposition excerpts in this case have been used by your client for purposes decidedly beyond litigating this case. Because of this, we ask that any deposition of Ms. Weingarten not be videotaped and that you agree to confidentiality designations that would limit the use of the deposition to the litigation itself.

Again, while we are willing to get you the information you are entitled to under law, we will need additional assurances and protections to ensure this deposition is not a vehicle simply to harass Ms. Weingarten or to obtain information for purposes beyond the existing case.

That said, we are in the process of obtaining possible dates, assuming we can reach an agreement as to scope and usage.

Thanks,

Abigail

---

**From:** Stephen Klein <steve@barrklein.com>
**Sent:** Friday, January 31, 2020 3:10 PM
**To:** Abigail Carter <acarter@bredhoff.com>
**Cc:** Mersino, Paul <mersino@butzel.com>; Joshua Rosenthal <jrosenthal@bredhoff.com>
**Subject:** Re: AFT MI v. Project Veritas - electronic copy of Weingarten subpoena

Abigail,

Thank you for your e-mail. We're glad to work with you to ensure a deposition is not unduly burdensome, but we believe a deposition of Ms. Weingarten is necessary. For purposes of our correspondence I'll refer to "AFT National" as distinct from AFT Michigan.

Jessica Rutter has been present at most of the depositions in this case, along with Bradford Murray, both of AFT National. In third party communications regarding the litigation, such as with the Michigan Attorney General's Office, Mark Cousens has included other attorneys from AFT National, including David Strom.

In his deposition, AFT Michigan president David Hecker testified that Ms. Weingarten was consulted prior to the filing of the lawsuit. Documents and other discovery also indicate that the operative facts asserted in AFT Michigan's various complaints were determined by both AFT Michigan and AFT National. We also understand that AFT National spoke with, engaged, and/or coordinated with other third parties prior to the lawsuit being filed (that is,

3

during the operative facts of the complaint). The facts behind these are all relevant to defenses by both Project Veritas and Marisa Jorge, and thus discoverable.

Finally, the objectives of the lawsuit and motivations behind it—in AFT National's case, the reasons behind its hands-on role—are relevant in this case, particularly due to the trade secret claim asserted by AFT Michigan. *See generally* Mich. Comp. Laws § 445.1905. In his deposition, Mr. Hecker also testified that the lawsuit was a "joint decision" between AFT Michigan and AFT National. It is apparent from Ms. Weingarten's statements in AFT press releases that, indeed, her other activities may be the impetus behind this lawsuit, and that the suit was commenced for the purpose of harassing, embarrassing, or increasing Project Veritas's litigation costs.

A scheduling order entered in the case last week puts the close of discovery on April 22. I currently have a fairly flexible schedule other than the weeks of March 2 and 9 for further depositions of AFT Michigan that have not yet been specifically scheduled. We respect Ms. Weingarten's busy schedule, but I expect that with an early start a weekday deposition would be completed by early afternoon.

If you could please provide a range of available dates, we can reschedule accordingly.

--
Steve Klein
**Barr & Klein PLLC**
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676

This transmission may be protected by the attorney-client privilege or the attorney work product doctrine. If you are not the intended recipient, please delete all copies of the transmission and advise the sender immediately.

**From:** Abigail Carter <acarter@bredhoff.com>
**Date:** Thursday, January 30, 2020 at 3:24 PM
**To:** Stephen Klein <steve@barrklein.com>
**Cc:** "Mersino, Paul" <mersino@butzel.com>, Joshua Rosenthal <jrosenthal@bredhoff.com>
**Subject:** RE: AFT MI v. Project Veritas - electronic copy of Weingarten subpoena

Steve,

Thank you for sending a copy of the subpoena. I am continuing to represent AFT and President Weingarten in connection with this subpoena. Ms. Weingarten is not available on February 18. She will be out of town all that week in connection with Executive Council meetings.

More generally, however, it does not appear likely that Ms. Weingarten will have much information relevant to this particular case. She became aware of the facts underlying the case only after AFT Michigan discovered that Jorge was not who she purported to be. She received information about Jorge's activities at AFT Michigan only indirectly. Ms. Weingarten's name is not on many documents, and I understand that she has not been frequently mentioned in the depositions that have occurred. This reflects her degree of connection to this matter: one of many affiliate-related matters that she becomes aware of or comments on as leader of a 1.7-million member organization.

Moreover, it appears from your client's recent Twitter announcement, which includes footage from a previous videotaped deposition in this case, that your intention for this deposition is for a far different purpose than obtaining information relevant to this case. Given this, I am concerned that the motivation

4

for this deposition is not to obtain information relevant to the claims and defenses in this case, but rather to seek out unrelated information and interfere with Ms. Weingarten's other activities.

Accordingly, in lieu of a deposition, we are offering to have Ms. Weingarten provide a declaration under oath that answers written questions of your choice (subject to our ability to object to such questions of course).  In this way, we can be responsive to your subpoena and at the same time not impair Ms. Weingarten's other activities. Ms. Weingarten has an extremely active travel schedule to support AFT leaders and members around the country. When she is in the Washington, D.C. office, she has many demands on her time to support the staff at AFT in carrying out their mission.

Please let me know if this is acceptable.

Abigail


Abigail V. Carter
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W.
Suite 1000
Washington, D.C. 20005
Tel: (202) 842-2600
Fax: (202) 842-1888


**From:** Stephen Klein <steve@barrklein.com>
**Sent:** Saturday, January 25, 2020 12:11 PM
**To:** Abigail Carter <acarter@bredhoff.com>; jrutter@aft.org
**Cc:** Mersino, Paul <mersino@butzel.com>
**Subject:** AFT MI v. Project Veritas - electronic copy of Weingarten subpoena

Abigail,

I write to confirm my new e-mail address and to provide you an electronic copy of the subpoena for deposition we served to Randi Weingarten yesterday in *AFT Michigan v. Project Veritas* in the event that you continue to represent AFT as a third party in this matter. If that is not the case, I have also included Jessica Rutter at AFT.

We're happy to work with you if the date of the deposition does not work and address any other questions or concerns. I'd appreciate electronic correspondence.

Regards,

--
Steve Klein
**Barr & Klein PLLC**
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676

This transmission may be protected by the attorney-client privilege or the attorney work product doctrine.  If you are not the intended recipient, please delete all copies of the transmission and advise the sender immediately.