## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AFT MICHIGAN,

      Plaintiff,

v.

PROJECT VERITAS, et al,

      Defendants.

Case No. 17-13292
Hon. Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

---

Mark H. Cousens (P12273)
Attorney for Plaintiff
26261 Evergreen Rd Ste 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com


Ann M. Sherman
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Dept. of Attorney General
P.O. Box. 30212
Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov

Paul M. Mersino (P72179)
Butzel Long, P.C.
Attorneys for Defendants
150 W. Jefferson Ave., Suite 100
Detroit, MI 48226
(313) 225-7015
mersino@butzel.com


Stephen R. Klein (P74687)
Barr & Klein PLLC
Attorneys for Defendants
1629 K St. NW Ste 300
Washington, DC 20006
(202) 804-667
steve@barrklein.com

---

## DEFENDANTS' MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS

Now come Defendants, Project Veritas and Marisa Jorge (the "Project Veritas Parties"), seeking an Order Compelling Plaintiff AFT Michigan to Produce certain documents inappropriately withheld under the guise of attorney-client privilege. Specifically, the Project Veritas Parties seek an Order compelling AFT Michigan to produce the following documents listed on Plaintiff's privilege log that Plaintiff previously withheld:

- AFTMI0001062
- AFTMI0001064
- AFTMI0001072
- AFTMI0001074
- AFTMI0001148
- AFTMI0001177
- AFTMI0001438
- AFTMI0001440
- AFTMI0002021
- AFTMI0002026
- AFTMI0002047
- AFTMI0002051
- AFTMI0002054
- AFTMI0002290
- AFTMI0002291

These documents are not subject to the attorney-client privilege. If and to the extent they were, that privilege has been waived. The Project Veritas Parties request that AFT Michigan be compelled to produce these documents.

Written correspondence via emails and letters between the attorneys in this matter took place between Friday, April 24 and Monday, April 27, in which the Project Veritas Parties explained the nature of this motion and its legal basis and

requested but did not obtain concurrence in the relief sought.  Counsel for Plaintiff, in fact, informed counsel for the Project Veritas Parties that they "are free to file such motions as they deem appropriate."  The Project Veritas Parties now seek relief from this Court.

Respectfully submitted,

**BUTZEL LONG, P.C.**

By: /s/ Paul M. Mersino
Paul M. Mersino (P72179)
Attorneys for Defendants
150 W. Jefferson Ave.
Suite 100
Detroit, MI 48226
313-225-7015
mersino@butzel.com

and

Stephen R. Klein (P74687)
Barr & Klein PLLC
Co-Counsel for Defendants
1629 K St. NW Ste 300
Washington, DC 20006
(202) 804-667
steve@barrklein.com

Dated:  April 29, 2020

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AFT MICHIGAN,

      Plaintiff,

v.

PROJECT VERITAS, et al,

      Defendants.

Case No. 17-13292
Hon. Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

---

Mark H. Cousens (P12273)
Attorney for Plaintiff
26261 Evergreen Rd Ste 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com

Paul M. Mersino (P72179)
Butzel Long, P.C.
Attorneys for Defendants
150 W. Jefferson Ave., Suite 100
Detroit, MI 48226
(313) 225-7015
mersino@butzel.com


Ann M. Sherman
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Dept. of Attorney General
P.O. Box. 30212
Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov

Stephen R. Klein (P74687)
Barr & Klein PLLC
Attorneys for Defendants
1629 K St. NW Ste 300
Washington, DC 20006
(202) 804-667
steve@barrklein.com

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR
## MOTION TO COMPEL

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES ......................................................................... iii

ISSUE PRESENTED .................................................................................v

MOST APPROPRIATE AND CONTROLLING AUTHORITY ........................... vi

   I.  Background and Procedural History ................................................1

   II.  Standard of Review ......................................................................5

   III. The Documents are Not Privileged and Should be Produced .......................9

CONCLUSION .......................................................................................13

# INDEX OF AUTHORITIES

## Cases

*Croskey v. BMW of North America, Inc.*,
   2004 WL 7340317 (E.D. Mich. Oct. 26, 2004) ..................................................11

*Duplan Corp. v. Deering Milliken, Inc.*,
   397 F. Supp. 1146 (D.S.C. 1974) .......................................................................11

*In re Grand Jury Proceedings Oct. 12, 1995*,
   78 F.3d 251 (6th Cir. 1996) ......................................................................... 6, 7, 8

*John Labatt Ltd. v. Molson Breweries*,
   898 F. Supp. 471 (E.D. Mich. 1995) ....................................................................6

*Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.*,
   263 F.R.D. 478 (E.D. Mich. 2009)....................................................................6, 7

*People v. Compeau*,
   244 Mich. App. 595, 625 N.W.2d 120 (2001) ....................................... v, 8, 9, 11

*Reed v. Baxter*,
   134 F.3d 351 (6th Cir. 1998) ............................................................ v, 6, 7, 9, 11

*Taylor v. Blue Cross & Blue Shield*,
   205 Mich. App. 644, 517 N.W.2d 864 (1994) ....................................................8

*U.S. Fire Ins. Co. v. Citizens Ins. Co.*,
   156 Mich. App. 588, 402 N.W.2d 11 (1986) .......................................................8

*U.S. v Evans*,
   113 F.3d 1457 (7th Cir. 1997) .............................................................................7

*U.S. v. Collis*,
   128 F.3d 313 (6th Cir 1997) ................................................................................6

*Upjohn Co v. United States*,
   449 U.S. 383 (1981) .............................................................................................6

*Westinghouse Elec. Corp. v. Republic of the Philippines*,
    951 F.2d 1414 (3rd Cir. 1991)................................................................8

*Yates v. Keane*,
    184 Mich. App. 80 N.W.2d 693 (1990) ..............................................8

## Rules

Fed. R. Civ. P. 26 ..............................................................................v, 1

Fed. R. Civ. P. 26(5)(A)........................................................................5

Fed. R. Civ. P. 26(b)(5)..........................................................................1

## <u>ISSUE PRESENTED</u>

*Should Plaintiff be compelled to produce documents withheld—ostensibly based on the attorney-client privilege—when the communications contained in those documents were not confidential, were shared with third-parties and non-parties, and were not for purposes of seeking or giving legal advice?*

## <u>MOST APPROPRIATE AND CONTROLLING AUTHORITY</u>

Fed. R. Civ. P. 26

*Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1998)

*People v. Compeau*, 244 Mich. App. 595, 625 N.W.2d 120 (2001)

Defendants Project Veritas and Marisa Jorge (the "Project Veritas Parties"), by and through undersigned counsel, assert as follows for their Brief in Support of their Motion to Compel. Plaintiff AFT Michigan has improperly withheld certain documents under the guise of the attorney-client privilege that are not protected by that privilege because they were shared with, sent to, or sent by non-parties and third-parties and were not for the purpose of seeking legal advice. To the extent any argument could have been made that such documents were subject to that privilege, such privilege has been waived for the same reason. Because these documents are not privileged, AFT Michigan should be compelled to produce them.

## I.      Background and Procedural History

Despite this case pending for nearly two-and-one-half years, discovery is still ongoing and Plaintiff has only recently provided an updated privilege log. Plaintiff first provided a privilege log on or about August 29th, 2019. Defendants, however, pointed out to Plaintiff that Plaintiff's privilege log was defective. Specifically, the Project Veritas Parties noted that under Fed. R. Civ. P. 26(b)(5), "when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and to do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

1

On or about April 20, 2020, Plaintiff produced an updated and amended privilege log. That privilege log is attached hereto as **Exhibit 1**. While including slightly more information than the first version of the privilege log did, this privilege log is still lacking particularity. Although the privilege log lists more recipients of certain emails, it does not give any detail as to the "nature of the documents" or "communications," let alone do so in a manner that enables the Project Veritas Parties to assess the claim.

But even with the information that was provided, it is evident that many of the documents withheld as allegedly "Attorney-Client" are not protected by that privilege. These documents contain communications that were not strictly between attorney and client, and it does not appear they were made for the purpose of seeking legal advice. All of the communications put into question in this motion lack the requisite confidentiality needed to be protected by the attorney-client privilege because they were shared with or made in the presence of third-parties.

As will be made clear in more detail in Section III below, all of the documents that the Project Veritas Parties seek to have compelled by this motion were either sent to or were sent by non-parties to this lawsuit, and parties not related to the parties in this lawsuit. For purposes of the attorney-client privilege in this matter, the "client" is Plaintiff AFT Michigan. Yet with all of the documents in question, third-parties unrelated to AFT Michigan were copied on the emails withheld.

These non-parties include the American Federation of Teachers (hereinafter referred to as "AFT National"). Although they share a similar name and similar political ideologies, these organizations are not related. Indeed, AFT Michigan has admitted in sworn answers that it is an "autonomous entity" separate from AFT National. **Exhibit 2, Plaintiff's Answers to Defendant Project Veritas' Interrogatories, Request for Production of Documents and Requests for Admission, Response to Interrogatory No. 3**. When asked under oath about the relationship between AFT Michigan and AFT National, the President of AFT Michigan testified that while "we all work, you know, pull together, support each other, etcetera, etcetera," the state and national organizations are "separate entities." **Exhibit 3, Deposition Testimony of David Hecker, p. 16:8-24**.

The President of AFT National has gone to great lengths to instruct this Court, in signed statements, that AFT National is ***not*** related to AFT Michigan. On February 27, 2020, the President of AFT National, Ms. Randi Weingarten, filed a motion with this Court, seeking a protective order limiting the Project Veritas Parties' right to depose her for this lawsuit. In the Brief in Support of her motion, Ms. Weingarten and AFT National made the following judicial admissions:

- "Neither Ms. Weingarten, nor the AFT [National], are parties to this litigation." ECF No. 122, PageID.2812.

- Referring to Ms. Weingarten and AFT as "third parties." *Id.*

3

- Ms. Weingarten accused Project Veritas of "attempt[ing] to blur the distinction in its public statements regarding this case between AFT Michigan, the plaintiff, and Ms. Weingarten, the President of *a separate, non-party legal entity* . . . ." *Id.* at 2813 (emphasis added).

- Ms. Weingarten concedes that she "is not, and has never been, an officer or employee of AFT Michigan." *Id.* at 2814.

- Ms. Weingarten refers to herself as "a third party witness," a "non party," and a "third-party Movant." *Id.* at 2821, 2822, 2824, 2825, 2826.

- Ms. Weingarten went to great lengths to note that AFT National and AFT Michigan are separate entities, accusing Project Veritas of "continu[ing] to confuse AFT and AFT Michigan . . . ." *Id.* at 2825.

- Ms. Weingarten notes that she is "a high-ranking officer of a *non-party organization*." *Id.* at 2830 (emphasis added).

Thus, in asserting that AFT National is a non-party and a party unrelated to AFT Michigan, the Project Veritas Parties say so not on their own basis or in an unsubstantiated fashion. Rather, these are express admissions of AFT Michigan and the express judicial admissions of AFT National.

Many documents withheld were also shared with, sent to, or even sent by a third-party Public Relations firm called Camino Public Relations ("Camino"), owned by Elizabeth Toledo. Several such emails were sent between Camino and

4

AFT National's communications staff.  Clearly, these emails were not sent for legal advice or to provide legal advice.  Moreover, Camino was not retained by AFT Michigan, but by AFT National.  These withheld documents should be produced.

The Project Veritas Parties sought concurrence from AFT Michigan to produce these non-privileged documents.  AFT Michigan refused.  The Project Veritas Parties now respectfully move this Court to order those documents improperly withheld to be produced.

## II.    Standard of Review

Federal Rule of Civil Procedure 26 provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Thus, when documents are properly requested and are responsive, relevant, and proportional to the needs of the case, those documents should be produced absent a claim of privilege.  If such documents fall within the attorney-client privilege, a party may assert that privilege and withhold those documents from production.

Rule 26(5)(A) states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a

manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

The purpose of the attorney-client privilege is to encourage clients to communicate freely with their attorneys. *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251 (6th Cir. 1996); citing *Upjohn Co v. United States*, 449 U.S. 383, 389 (1981). But because the privilege operates to reduce the amount of information discoverable during the course of a lawsuit, it is narrowly construed. *Id.*; *see also Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.*, 263 F.R.D. 478 (E.D. Mich. 2009) ("In general, the attorney-client privilege is narrowly construed, because it 'reduces the amount of information discoverable during the course of the lawsuit.'"); quoting *U.S. v. Collis*, 128 F.3d 313, 320 (6th Cir 1997).

The burden of establishing the existence of the privilege rests with the person asserting it. *John Labatt Ltd. v. Molson Breweries*, 898 F. Supp. 471, 473 (E.D. Mich. 1995); *Mainstay High Yield Corp. Bond Fund*, 263 F.R.D. at 480. The elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998).

Because it is a requisite element that communications be "made in confidence" in order to fall within the privilege, "[i]t is clear that the attorney-client privilege will not shield from disclosure statements made by a client to his or her attorney in the presence of a third party." *Reed*, 134 F.3d at 357; citing 8 John Henry Wigmore, *Wigmore on Evidence* § 2311 (3d ed. 1940). Similarly, as a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties. *Mainstay High Yield Corp. Bond Fund*, 263 F.R.D. at 480; *In re Grand Jury Proceedings*, 78 F.3d at 254. The burden of showing that the privilege has not been waived also falls upon the person claiming the privilege. *Id.*; citing *U.S. v Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997).

Questions of privilege are to be determined by federal common law in federal question cases. *Reed*, 134 F.3d at 355; citing Fed. R. Evid. 501. In the instant case, there is a mix of federal question and state law matters.[1] The decision related to privilege with regard to the relief requested in this motion, however, should be identical under either federal law or under Michigan state law.

Under Michigan law, for example, the attorney-client privilege applies to confidential communications made between a client (or prospective client) and his

---

[1] This matter was originally removed to this Court from state court based on diversity. Subsequently, Plaintiff amended its Complaint to add a claim based on a federal statute. *See* ECF No. 6, PageID 104.

or her attorney for the purpose of obtaining or rendering legal advice. *Taylor v. Blue Cross & Blue Shield*, 205 Mich. App. 644, 517 N.W.2d 864 (1994); *U.S. Fire Ins. Co. v. Citizens Ins. Co.*, 156 Mich. App. 588, 402 N.W.2d 11 (1986).   The communication must have been intended as confidential and the presence of nonessential third persons, except those associated with the attorney, renders the communication nonprivileged.   *People v. Compeau*, 244 Mich. App. 595, 625 N.W.2d 120 (2001).   Moreover, the privilege may not be invoked to exclude evidence of communications between an attorney and client where the communications were intended to be related to a third party. *Yates v. Keane*, 184 Mich. App. 80, 457 N.W.2d 693 (1990).

By voluntarily disclosing her attorney's advice to a third party, moreover, a client is held to have waived the privilege because the disclosure runs counter to the notion of confidentiality.  *In re Grand Jury Proceedings*, 78 F.3d at 254; citing *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3rd Cir. 1991) ("Voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege.").  Thus, even where communications or documents may have otherwise been privileged, disclosing them to third parties would cause that privilege to be waived.

Under any applicable law, documents may not be withheld as privileged if they were shared with or intended to be shared with non-parties and third parties.

### III.    The Documents are Not Privileged and Should be Produced

The withheld documents are not privileged.  It is clear that they were shared with non-parties and were never intended to be kept confidential between the client (AFT Michigan) and its attorney (Mr. Cousens or his firm).  Even a quick perusal of the privilege log makes this clear.  Plaintiff's privilege log is attached as Exhibit 1, with those documents in question highlighted.

Many documents that Plaintiff is withholding based on the Attorney-Client Privilege were between members of AFT Michigan and AFT National.  *See* Exhibit 1 (listing AFTMI0001062; AFTMI0001064; AFTMI0001072; AFTMI0002054). But as AFT National has made abundantly clear in this very lawsuit, AFT Michigan and AFT National are not related companies and AFT National is not a party to this suit.  *See* Section I, *supra*.   And documents shared with third parties or intended to be shared with third parties are not "confidential," and therefore not protected by the attorney client privilege.  *Reed*, 134 F.3d at 357; *Compeau*, 244 Mich at 597-98.

Similarly, counsel for AFT Michigan has made clear that he does not represent AFT National.[2]

Moreover, it does not appear that these emails were being sent for purposes of seeking legal advice. As can be seen in the email addresses of the recipients of many of these documents, several of the recipients work in AFT National's "Research and Strategic Initiatives" department and the "Communications" department. Indeed, some were sent *by* third-parties, clearly indicating that they were not sent for the purpose of seeking or giving legal advice. *See, e.g.*, Exhibit 1 (AFTMI0001072 (sent by Camino); AFTMI0001074 (same); AFTMI0001438 (email sent by AFT National's Communication department); AFTMI0001440 (same); AFTMI0002026 (email sent by Camino to AFT National's Communications department)). These documents are not privileged.

One email being withheld was written by Randi Weingarten, President of AFT National. *See* Exhibit 1, AFTMI0002054. But it was Ms. Weingarten's motion that made abundantly clear that neither she nor AFT Michigan are related to AFT Michigan and that she works for a non-party. Ms. Weingarten and AFT National cannot have it both ways, admitting and conceding that they are separate parties and

---

[2] AFT National and Ms. Weingarten have been represented in this matter by the law firm Bredhoff & Kaiser. At other times, such as when discussing scheduling Ms. Weingarten's deposition, Mr. Cousens (counsel for AFT Michigan) has instructed counsel for Project Veritas, "I defer the scheduling of the deposition to you <u>and counsel for President Weingarten</u>."

entities but then attempting to shield their communications based on attorney-client privilege.  As this Court has stated, "[i]f a corporation with a legal interest in an attorney-client communication relays it to another related corporation, the attorney-client privilege is not thereby waived.  If the communication were relayed to an unrelated third-party corporation, the privilege would be waived." *Croskey v. BMW of North America, Inc.*, 2004 WL 7340317 (E.D. Mich. Oct. 26, 2004); quoting *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146 (D.S.C. 1974).

Other documents were between a mix of AFT Michigan and AFT National representatives, along with other third-parties.  *See* Exhibit 1, AFTMI0001074 ("Camino re strategy and planning"); AFTMI0001438 (elizabeth@caminopr.com copied); AFTMI0001440 (Camino again copied); AFTMI0002021 (Camino copied; AFT "Communications" copied); AFTMI0002026 (Pablo Toledo of Camino copied); AFTMI0002047 (Elizabeth Toledo copied); AFTMI0002051 (Camino copied); AFTMI0002290 (Elizabeth Camino copied); AFTMI0002291 (Camino copied).  Again, documents shared with non-parties and intended to be seen by non-parties are not subject to the attorney-client privilege.  *Reed*, 134 F.3d at 357; *Compeau*, 244 Mich at 597-98.  And if there ever was a privilege attached to any of these communications, they were waived by sharing them with non-parties.

Another document does not even purport to be from someone within AFT Michigan or AFT National, and indeed it is unclear who it is from.  The document

11

labeled on Exhibit 1 as AFTMI0001148 simply says "email Curtiss to Dobbie; Rutter to Hecker & Dobbie." But nowhere does it state who "Curtiss" is, it does not state "Curtiss's" email address, and it is unclear how such a document is subject to the attorney-client privilege. Similarly, the document labeled AFTMI1064 on Exhibit 1 simply states "email Strom to <u>several</u> including Dobbie & Hecker." But it does not even attempt to state who the "several" other recipients are, or how it is those recipients would not destroy any attorney-client privilege (even if there were one to begin with, which there is not for this particular correspondence).

The party asserting the privilege has the duty to provide a proper privilege log with sufficient specificity to determine whether or not the privilege actually applies. And the party asserting the privilege has the burden of proving that the privilege indeed exists. Here, Plaintiff did neither and these documents should also be produced.[3]

Only communications between the client and the attorney, made in confidence, for the purpose of seeking legal advice can be claimed under the attorney-client privilege. Making such communications to or in the company of non-parties and third-parties destroys the privilege (or, rather, mandates that the privilege

---

[3] Counsel for Defendants sought clarification from counsel for AFT Michigan as to these documents withheld as purportedly Attorney-Client Privilege. Counsel for AFT Michigan did not give any clarification, instead simply stating that AFT Michigan "decline[s] to make any further modifications to the [Privilege] log."

never existed).  And the party asserting the privilege has the burden of proving the privilege.

Here, myriad documents were withheld that were shared with non-parties and third-parties.  Moreover, many appear to have been shared for purposes of communications and public relations, not for legal advice.  And due to the insufficient detail in the privilege log, it is not clear (let alone established) how several of the documents are even alleged to be privileged.

The documents highlighted in Exhibit 1 are not privileged, nor has Plaintiff established how they are.  These documents should be produced.  The Project Veritas Parties respectfully request an Order compelling their disclosure.

## CONCLUSION

The attorney-client privilege is a very important—if not the single most important—judicially recognized privilege.  It is one, though, that must be narrowly construed so as to not permit abuse or to frustrate the purposes of discovery in litigation.  This is all the more important when a plaintiff brings a suit, forces a defendant to defend against charges levied against it, and then that plaintiff refuses to properly participate in discovery.

The Project Veritas Parties have not requested that every single document withheld be produced.  Instead, they only request that those that are clearly not privileged be compelled.  Respectfully, the Project Veritas Parties request that this

Court issue an order compelling AFT Michigan to produce all documents highlighted on Exhibit 1 and listed in the Motion to which this brief was attached.

Respectfully submitted,

**BUTZEL LONG, P.C.**

By: /s/ Paul M. Mersino
Paul M. Mersino (P72179)
Attorneys for Defendants
150 W. Jefferson Ave.
Suite 100
Detroit, MI 48226
313-225-7015
mersino@butzel.com

and

Stephen R. Klein (P74687)
Barr & Klein PLLC
1629 K St. NW Ste 300
Washington, DC 20006
(202) 804-667
steve@barrklein.com

Dated:  April 29, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

**BUTZEL LONG, P.C.**

By: /s/  Paul M. Mersino
Paul M. Mersino (P72179)
Attorneys for Defendants
150 W. Jefferson Ave.
Suite 100
Detroit, MI 48226
313-225-7015
mersino@butzel.com

15