# EXHIBIT 2

United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
     Plaintiff,

Hon. Linda V. Parker, District Judge
Hon. Elizabeth A. Stafford

v

Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
     Defendants.

---

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
150 W Jefferson, Suite 100
Detroit, Michigan  48226
mersino@buztel.com
313-225-7000
P72179

---

## PLAINTIFF'S ANSWERS TO
## DEFENDANT PROJECT VERITAS' INTERROGATORIES, REQUEST
## FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION

### Responses to Requests for Documents

1.     Produce all documents, data, compilations, and tangible things listed or identified in Plaintiffs December 11, 2018 Initial Disclosures (and any amendments thereto).

**RESPONSE:**

Documents that have been secured to date will be provided in the immediate future.

Review is continuing and additional documents will be provided as soon as possible.

Emails are voluminous and review is ongoing.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2.      Produce all documents, data, compilations, and tangible things in the possession, custody, or control of AFT Michigan that AFT Michigan may use to support its claims.

**RESPONSE:**

Documents that have been secured to date will be provided in the immediate future. Review is continuing and additional documents will be provided as soon as possible. Emails are voluminous and review is ongoing.

3.      Produce all communications sent by AFT Michigan to Defendant Jorge at any time from January 1, 2017 to present.

**RESPONSE:**

See documents provided and response above.

4.      Produce all communications sent by AFT Michigan referencing or mentioning Defendant Jorge (by any known name or alias or spelling) at any time since January 1, 2017 to present.

**RESPONSE:**

Objection to this request to the extent that it seeks disclosure of correspondence subject to the attorney-client privilege and because it is overbroad. Without waiving objections, certain correspondence and communications are provided and a privilege log is forthcoming.

5.      Produce the entire personnel file for Defendant Jorge for her time as an intern for AFT Michigan or subsequent to such internship.

**RESPONSE:**

AFT Michigan did not maintain a personnel file for Marisa Jorge.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

6.      Produce any and all confidentiality agreements or nondisclosure agreements that Plaintiff has had since January 1, 2017 with its Employees; its interns; any teachers that it represents; any members or member-affiliates of AFT Michigan; with AFT (national); with any consultants for AFT Michigan; signed by any attendees at any conferences that AFT Michigan conducts; with any opposing parties in any collective bargaining sessions; with any legislators or other groups with whom AFT Michigan shares views on legislation; or any other non-competes or non-disclosure agreements that AFT Michigan enters with or demands to be signed by any other parties or entities.

**RESPONSE:**

AFT Michigan does not utilize written non disclosure agreements.

7.      Produce all emails, memoranda, texts, or other communications from January 1, 2017 to present between AFT Michigan and Ian Robinson or any other person who recommended Defendant Jorge to AFT Michigan as a potential intern.

**RESPONSE:**

Objection. The request is overbroad as it is not limited to matters relevant to this litigation. Without waiving that objection, certain E-mail will be provided.

8.      Produce all emails, memoranda, texts, or other communications from January 1, 2017 to present between AFT Michigan and the American Federation of Teachers, AFL-CIO (AFT) mentioning, referring to, referencing, or discussing Project Veritas or Defendant Jorge, including but not limited to those sent by or received by Randi Weingarten or David Hecker.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**RESPONSE:**

Objection. This request includes correspondence which is subject to the attorney-client privilege or the attorney work product privilege and the request is over broad and not designed to produce information relevant to any claim or defense presented in this litigation.

9.    Produce all emails, memoranda, texts, or other communications from January 1, 2017 to present between AFT Michigan and any of its local unions, local union affiliates, affiliates, teachers and support personnel, university professors and graduate employees, community college instructors and administrative employees, credit Union employees, or any individuals or parties referenced in Plaintiffs December 11, 2018 Initial Disclosures as individuals who may have information pertaining to this matter mentioning, referring to, referencing, or discussing Project Veritas or Defendant Jorge.

**RESPONSE:**

Objection as the request is over broad. Without waiving the objection certain documents will be provided.

10.    Produce any guidelines, restrictions, directions, prohibitions, instructions, agreements, policies, procedures, or anything else that governed Defendant Jorge's work, hours, access to information, confidentiality, conduct in the office, etc.

**RESPONSE:**

There were no written guidelines, restrictions, directions, prohibitions, instructions, agreements, policies, procedures that governed defendant Jorge's work, hours, access to information.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

11.     Produce any employee handbook that Defendant Jorge was asked  to sign or was otherwise provided.

**RESPONSE:**

Jorge was not asked to sign and was not provided a written employee handbook.

12.     Produce a copy of every employee handbook (if there are different versions or iterations or types for different employees or agents) that AFT Michigan has used since 2016 through present.

**RESPONSE:**

AFT Michigan does not utilize employee handbooks.

13.     Produce all training materials provided by Plaintiff to Defendant Jorge at any time.

**RESPONSE:**

Objection to the form of the question. Without waiving the objection certain materials will be provided.

14.     Produce any and all letters, write-ups, comments, citations, reprimands, or any other communications pertaining to Defendant Jorge's work, asking her to cease or stop any certain actions, reprimanding or writing her up for any conduct, or otherwise pertaining to communications to Defendant Jorge pertaining to her conduct as an intern.

**RESPONSE:**

There were no written disciplinary communications.

15.     Produce any and all documents pertaining to any background checks performed on Defendant Jorge, whether at the time of her interviewing with AFT Michigan, before she was brought on as an intern, or any time thereafter, including but not limited to

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

correspondence pertaining to same, communications discussing same, and the actual results of any such background check.

**RESPONSE:**

AFT Michigan did not engage a third party vendor to perform a background check on Marissa Perez or Marisa Jorge.

16.    Produce all correspondence, letters, writings, agreements, offers, or notices either inviting Defendant Jorge to interview with AFT Michigan, offering Defendant Jorge a position with AFT Michigan, or terminating her from or otherwise revoking her offer for any position with AFT Michigan.

**RESPONSE:**

Relevant email will be provided.

17.    Produce all written or recorded (video or audio) witness statements pertaining to this matter or any allegations alleged in this matter

**RESPONSE:**

Objection. Any statements are either subject to the attorney client privilege or are attorney work product.

18.    Produce all written agreements with or correspondence to or from any expert or potential expert retained by AFT Michigan or otherwise contacted by AFT Michigan for this case.

**RESPONSE:**

There is no written agreement between AFT Michigan and an expert witness as of this date however terms and conditions of his engagement have been approved.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

19.     Produce all forensic reports and findings from any and all forensic experts retained for this matter, including but not limited to those by or from Mr. Kevin Smith of Atlantic Data Forensics.

**RESPONSE:**

There is no written report as of this date. Certain findings will be provided.

20.     Produce any and all evidence of any kind substantiating or evidencing that either Defendant eavesdropped, recorded private conversations, transmitted private discourse of others without permission, or engaged in surveillance  by  secretly observing activities of others for the purpose of spying.

**RESPONSE:**

Defendant Project Veritas released covertly recorded video of a conversation with an AFT Michigan staff person and released copies of documents stolen from AFT Michigan. Plaintiff has ample anecdotal evidence that defendant Jorge routinely engaged staff to discuss various topics and covertly recorded these conversations.

21.     Produce any and all nondisclosure agreements, confidentiality agreements, or other agreements pertaining to confidential information that AFT Michigan has signed in the past two years or that AFT Michigan has asked any other party or person to sign in the past two years.

**RESPONSE:**

AFT Michigan does not utilize written nondisclosure agreements.

22.     Produce any computations, calculations, recordings, identifications, or other memorialization of any and all damages incurred by Plaintiff for any of Defendants' alleged actions, including actual dollar figures or amounts of damages,  if any.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170
223

**RESPONSE:**

This process is ongoing and not completed.

23.     Produce any and all documents identified in or referenced m any Answers to Interrogatories or Responses to Requests for Admission below.

**RESPONSE:**

Documents and electronic mail will be provided as soon as possible.

24.     Produce copies of each and every "Trade Secret" that Plaintiff alleges that either Defendant misappropriated or used.

**RESPONSE:**

See documents subject to seal previously provided to Defendants.

25.     Produce any and all correspondence-including but not limited to letters, memoranda, emails, texts, etc., to or from Plaintiff or its lawyer(s)- with, or documents exchanged with, Lauren Windsor, Yael Bromberg, Georgetown Law students, Aderson Francois, Robert Creamer, Joseph Sandler, Dara Lindenbaum, Democracy Partners, Mike Lux Media (MKM), Lady Libertine, The Undercurrent, Ken Nowak, Maria Blistan, Sean M. Spiller, Steve Beatty, the New Jersey Education Association, or the National Education Association regarding, referencing, or pertaining to Project Veritas, Defendant Jorge, or this lawsuit.

**RESPONSE:**

Objection:

Any correspondence between AFT Michigan or its counsel with the named individual persons is privileged as part of attorney work product.

Requests for correspondence with the National Education Association, the New Jersey Education Association are unrelated to this litigation and will not

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

disclose relevant information. In addition the request is overbroad, not limited in time or scope.

Requests for correspondence with any media outlet  are unrelated to this litigation and will not disclose relevant information. In addition the request is overbroad, not limited in time or scope.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**Responses to Interrogatories**

1.      Identify each person who assisted in, provided answers for, or was consulted in drafting the Second Amended Complaint.

**RESPONSE:**

Counsel for the Plaintiff; David Hecker, Dave Dobbie, Nate Walker.

2.      Identify each person who assisted in, provided answers for, or was consulted in drafting the responses to these Interrogatories, Requests for Admission, and Requests for Documents.

**RESPONSE:**

Counsel for the Plaintiff; David Hecker, Dave Dobbie, Nate Walker, Dan Kukuk.

3.      Identify or explain the relationship between American Federation of Teachers, AFL-CIO and Plaintiff (i.e., provide  an entity chart, explain whether  one is the parent or subsidiary of the other, whether one owns shares in the other, whether one gives or receives direction to or from the other, whether any Directors of one of the organizations is also a Director of the other, etc.).

**RESPONSE:**

The American Federation of Teachers, AFL-CIO is a national labor organization with affiliates in every state and several territories of the United States. AFT Michigan is the Michigan affiliate of the American Federation of Teachers. American Federation of Teachers affiliates are autonomous entities which are subject to the provisions of the constitution of the American Federation of Teachers.

4.      Identify every piece of confidential information or trade secret that AFT Michigan alleges was taken by either Defendant.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**RESPONSE:**

Defendants released documents to the public as part of their release on May 9, 2018 YouTube video. Those confidential documents were obtained from AFT Michigan without consent,

5.      Identify all steps that AFT Michigan takes to maintain the confidentiality of any and all of its alleged confidential information or trade secrets.

**RESPONSE:**

AFT Michigan staff are told that they are to keep confidential information to which they are exposed to insure that the private or personal concerns of individual members of affiliates are not exposed to the public. Information is to be kept private unless disclosure is authorized.

Staff are notified that documents (both paper and electronic) and the contents of conversations and meetings are confidential and that materials should not be distributed or made available to unauthorized persons.

6.      For all information or documents contained in Plaintiffs Response to Interrogatory 4, state for each alleged trade secret what independent economic value that such alleged trade secret has to any party other than AFT Michigan

**RESPONSE:**

Documents previously identified are relevant to the mission of AFT Michigan and as a whole have economic value.

7.      Identify specifically how and in what amount AFT Michigan was damaged by Defendant Jorge's alleged misrepresentations.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**RESPONSE:**

AFT Michigan had to dedicate substantial resources to determining the extent of the theft of confidential material by Defendant Jorge; the extent to which she reviewed confidential information; the persons with whom she spoke; what confidences may have been shared with her. Staff time was diverted from other projects. An expert had to be engaged to review computers and servers in order to establish the extent of Jorge's access to information. The total cost of staff time and expert assistance is being computed and will be provided.

8.      Identify specifically how and in what amount AFT Michigan was damaged by Ms. Jorge's alleged trespass.

**RESPONSE:**

See response to Question 7.

9.      Identify specifically how and in what amount AFT Michigan was damaged by an unconsented recording of private conversations or any other alleged eavesdropping.

**RESPONSE:**

See response to question 7. In addition activities of AFT Michigan and an affiliate were portrayed in a false light.

10.      Identify specifically how and in what amount AFT Michigan was damaged by Ms. Jorge's alleged "Larceny by Trick."

**RESPONSE:**

See response to question 7.

11.      Identify specifically how and in what amount AFT Michigan was damaged by either Defendants' alleged civil conspiracy

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**RESPONSE:**

See response to question 7.

12.    Identify specifically how and in what amount AFT Michigan was damaged by Defendant Jorge's alleged Breach of Duty of Loyalty.

**RESPONSE:**

See response to question 7.

13.    Identify specifically how and in what amount AFT Michigan was damaged by the alleged violation of the electronic communications privacy act.

**RESPONSE:**

See response to question 7.

14.    Identify whether or not teachers, schools, or administrators that AFT Michigan represents; those who file a grievance against any such person; those against whom a grievance has been filed; or witnesses pertaining to any such grievances sign any agreements restricting what they may say or disclose regarding their interactions with AFT Michigan, and if so, identify all such documents or agreements.

**RESPONSE:**

AFT Michigan does not utilize written non disclosure agreements.

15.    Identify any and all wire or electronic communications that AFT Michigan alleges were intercepted or improperly accessed.

**RESPONSE:**

Communications will be identified by Plaintiff's expert. in addition refer to material provided in Plaintiff's initial disclosures.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170
223

16.     Identify each and every criminal or tortious act for which either Defendant is alleged to have intercepted any oral communications.

**RESPONSE:**

Defendants conspired to infiltrate AFT Michigan through fraud and trespass.

17.     For each and every Request to Admit that was not unequivocally admitted in full, identify the basis for which such admission was not given,  what facts AFT Michigan relies upon to not give such an admission, or the reason for not admitting each.

**RESPONSE:**

See responses provided.

18.     Identify every instance in which any representative from Plaintiff met with, spoke on the phone with, or communicated with Lauren Windsor, Yael Bromberg, Georgetown Law students, Aderson Francois, Robert Creamer, Joseph Sandler, Dara Lindenbaum, Democracy Partners, Mike Lux Media (MKM), Lady  Libertine, The Undercurrent, Ken Nowak, Maria Blistan, Sean M. Spiller, Steve Beatty, the New Jersey Education Association, or the  National  Education Association regarding, referencing, or pertaining to Project  Veritas,  Defendant Jorge, or this lawsuit.

**RESPONSE:**

Objection. Any such communication would be subject to the attorney work product privilege. The question is overbroad and unlimited in time or scope. The question is not intended to obtain information relevant to any claim presented by this litigation.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**Plaintiff's Responses to Defendant Project Veritas' Requests for Admission**

1.      Admit that Defendant Jorge was not paid a salary, wages, or any benefits by or from AFT Michigan.

    **RESPONSE:**

    Plaintiff admits that Jorge was not paid a salary or given a wage. however, Jorge (as Perez) sought the opportunity to gain information and experience in both public education and the labor movement and was given an opportunity to learn about both.

2.      Admit that Defendant Jorge did not have an employment agreement or intern agreement with AFT Michigan.

    **RESPONSE:**

    Deny in the form and manner alleged; there was an unwritten agreement with clear terms.

3.      Admit that Defendant Jorge was not asked by AFT Michigan to sign an employee handbook or any other guidelines addressing her actions as an intern.

    **RESPONSE:**

    The request is admitted.

4.      Admit that Defendant Jorge was never asked by AFT Michigan to sign-and did not sign-a confidentiality agreement.

    **RESPONSE:**

    The request is admitted.

5.      Admit that Defendant Jorge was never asked by AFT Michigan to sign-and did not sign a Non-Disclosure Agreement.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**RESPONSE:**

The request is admitted.

6.     Admit that Defendant Jorge was never asked by AFT Michigan to sign-and did not sign-a Non-Compete agreement or any other restrictive covenant.

**RESPONSE:**

The request is admitted.

7.     Admit that Defendant Jorge was never asked by AFT Michigan to sign-and did not sign-any agreement that prohibited her from working for other entities or companies, holding other employment, or otherwise "moonlighting" in any way.

**RESPONSE:**

The request is admitted.

8.     Admit that Defendant Jorge was never instructed or directed by AFT Michigan that she could not have other employment while serving as an intern for AFT Michigan and was never asked to sign-and did not sign-any agreement prohibiting her from having other employment while working for AFT Michigan.

**RESPONSE:**

The request is admitted.

9.     Admit that Defendant Jorge was never instructed or directed by AFT Michigan that she could not audio record, video record, photocopy, or photograph anything within AFT Michigan's premises and that she never signed any agreement prohibiting her from doing such.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170
223

**RESPONSE:**

Deny in form and manner alleged. Defendant Jorge did not seek authorization to record or photograph anything and any such request would have been refused. Jorge acted in secret.

10.     Admit that during the time (or at least some of the time) while Defendant Jorge was an intern for AFT Michigan, Mr. Nate Walker's password for his computer or computer terminal was "Password."

**RESPONSE:**

The request is admitted.

11.     Admit that during the time (or at least some of the time) while Defendant Jorge was an intern for AFT Michigan, Ms. Taylor Monday's password for her computer or computer terminal was "Password"

**RESPONSE:**

The request is admitted.

12.     Admit that there was no prohibition on Defendant Jorge being in Plaintiffs offices late in the evening after customary business hours, and that she was never directed not to be there.

**RESPONSE:**

Deny in the form and manner alleged. For further answer Jorge was not authorized to remain in the building without other staff present. Jorge did not disclose that she remained in the building without supervision.

13.     Admit that Defendant Jorge was invited onto AFT Michigan's premises or property or otherwise had AFT Michigan's consent to be on its premises or property.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**RESPONSE:**

Deny in the form and manner alleged. "Jorge" was not invited onto the premises. "Marissa Perez" was authorized to visit the office. AFT Michigan never consented and would not have consented to the presence of Marisa Jorge.

14.    Admit that AFT Michigan has no evidence that Defendant Jorge invaded any individual's private space or revealed the intimate details of anybody's life.

**RESPONSE:**

Deny as untrue. Jorge invaded private offices of AFT Michigan staff persons. She stole documents which related to the intimate details of support provided to a Michigan teacher.

15.    Admit that neither Defendant dispossessed AFT Michigan of its property or precluded it from the peaceable possession of its property.

**RESPONSE:**

Deny in the form and manner alleged. She obtained entry through fraud and would never have been granted permission to enter if she had told the truth.

16.    Admit that neither Defendant interfered with AFT Michigan's ownership or possession of land.

**RESPONSE:**

Deny in form and manner alleged; she accessed the building which is on land owned by federation and in the building accessed information and offices without authorization.

17.    Admit that Defendant Jorge, while present at AFT Michigan premises, did not disrupt anyone else's work or keep them from conducting their work.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**RESPONSE:**

Deny as untrue. She repeatedly questioned staff about matters unrelated to her internship and sought information about grievances and discipline none of which was relevant to her assignments disrupting staff and interfering with their work.

18.   Admit that Project Veritas does not compete against AFT Michigan or provide any of the same services as AFT Michigan.

**RESPONSE:**

Deny in form and manner alleged. Project Veritas seeks to disrupt the Federation's operations and objectives and seeks its destruction as an institution.

19.   Admit that Defendant Jorge did, in fact, provide services to AFT Michigan.

**RESPONSE:**

Deny in form and manner alleged; her services were without value. while Jorge did perform certain work nothing she did had any value.

20.   Admit that Defendant Jorge was never directed or instructed that she could not use other AFT Michigan agent's computers, computer terminals, or work stations, and was never asked or directed to cease doing so.

**RESPONSE:**

Deny in form and manner alleged. Her use of others' computers was surreptitious; she would have been ordered to stop. The Federation never consented.

21.   Admit that AFT Michigan was not strict with regard to password control.

**RESPONSE:**

Deny in the form and manner alleged. Plaintiff cannot respond to this question as it is uncertain what "not strict" means.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

22.    Admit that a cursory background check quickly permitted AFT Michigan to discover that Defendant Jorge was not a student at the University of Michigan and that Jorge had used several aliases in the past.

**RESPONSE:**

Deny in form and manner alleged. Plaintiff cannot respond to this as it is uncertain what defendants mean by "cursory."

23.    Admit that Plaintiff did not, prior to Jorge's internship, have adequate secure storage of electronic material and did not have an adequate system for vetting persons attending meetings.

**RESPONSE:**

Deny in the form and manner alleged. Plaintiff cannot respond without clear definition of "adequate secure storage." For further answer Plaintiff did not admit to any meeting persons who were unknown to plaintiff or who did not have a valid reason for being present.

24.    Admit that Defendant Jorge did not contact AFT Michigan about a possible internship, but rather the assistant to the President of AFT Michigan contacted Defendant Jorge and invited her to an interview to discuss whether she was interested in working in an intern capacity during the Summer of 2017.

**RESPONSE:**

The request is admitted but she asked to be invited.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

25.     Admit that Defendant Jorge never provided AFT Michigan with a resume.

**RESPONSE:**

Deny in form and manner alleged. Jorge was questioned about her background; she lied.

26.     Admit that AFT Michigan never requested that Defendant Jorge provide them with a resume.

**RESPONSE:**

The request is admitted. For further answer Jorge was carefully questioned about her background and provided false and misleading responses.

27.     Admit that AFT Michigan did not conduct any background check on Defendant Jorge at the time of her initial interview with AFT Michigan or prior to bringing her on as an intern.

**RESPONSE:**

Deny in form and manner alleged. Jorge was asked to provide information and provided false and intentionally misleading information.

28.     Admit that Defendant Jorge does not, to AFT Michigan's knowledge, compete with AFT Michigan in the line of business or provision of services that AFT Michigan provides.

**RESPONSE:**

The request is denied. For further answer see response 18 above.

29.     Admit that Project Veritas does not, to AFT Michigan's knowledge, compete with AFT Michigan in the line of business or provision of services that AFT Michigan provides.

**RESPONSE:**

The request is denied. For further answer see response 18 above.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

30.    Admit that neither Defendant competes with AFT Michigan in attempt to take, represent, counsel, or advise any of its members or affiliates.

**RESPONSE:**

Deny in the form and manner alleged. Project Veritas and Jorge may communicate with members and affiliates without the knowledge of Plaintiff.

31.    Admit that Defendant Jorge was not, at any time, a high-level employee of AFT Michigan.

**RESPONSE:**

Plaintiff admits that defendant Jorge was not a supervisor or a manager.

32.    Admit that Defendant Jorge did not owe a Fiduciary Duty to AFT Michigan.

**RESPONSE:**

The request is denied as untrue.

33.    Admit that AFT Michigan had not incurred any economic, financial, or monetary damages from any of the claims alleged in its Second Amended Complaint

**RESPONSE:**

The request is denied as untrue. AFT Michigan entrusted Jorge with access to its work spaces, permitted her to attend meetings and conferences and expected that she would act in the interest of the Federation.

34.    Admit that AFT Michigan is not an Internet Service Provider, email service provider, or telephone company, or bulletin board service provider.

**RESPONSE:**

AFT Michigan provides email service and telephone service to its staff and to volunteers.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

35.    Admit that AFT Michigan or its representatives gave Defendant Jorge access to information on AFT Michigan computers, or those computers used by AFT Michigan agents or representatives.

**RESPONSE:**

Admit based on her falsehoods.

36.    Admit that AFT Michigan or its representatives gave Defendant Jorge a password or passwords that permitted her to review material stored electronically on AFT Michigan computers or those computers used by AFT Michigan agents or representatives.

**RESPONSE:**

Admit based on her falsehoods.

MARK H. COUSENS (P12273)
Attorney for the Plaintiff
26261 Evergreen Road, Ste. 110
Southfield, MI 48076
(248) 355-2150

April 3, 2019

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170