UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

  Plaintiff,

                Case No. 17-13292
          Honorable Linda V. Parker, District Court Judge
v.                   Hon. Elizabeth A. Stafford

PROJECT VERITAS, et al,
  Defendants.
    -I

---

Mark H. Cousens (P12273)
Attorney for Plaintiff
26261 Evergreen Rd Ste 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com
P12273

Stephen R. Klein
Attorney for Defendants
Barr & Klein PLLC
1629 K St NW Ste 300
Washington, DC 20006-1631
 (202) 804-6676
steve@barrklein.com
P74687

Paul M. Mersino
Butzel Long PC
Attorney for Defendants
150 W Jefferson Ave Ste 100
Detroit, MI 48226-4452
(313) 225-7015
mersino@butzel.com
P72179

Ann M. Sherman
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Dept of Attorney General
POB 30212
Lansing, Michigan 48909
(517) 335-7628
ShermanA@michigan.gov

---

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY**

## TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

The Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    The Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    The Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

The Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      I.    The Documents Are Subject to the Attorney Client Privilege . . . . . . . . . . . . . . . 6

           A.    Michigan Law Regarding the Attorney-Client Privilege Governs . . . . . . . 6

           B.    Plaintiff Did Not Waive its Privilege by Communicating with AFT

                Attorneys. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           C.    The Privilege Extends to Communications from AFT MI Staff. . . . . . . . 9

           D.    The Common Interest Doctrine Applies. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

  II.    The Documents Are Subject to the Work Product Privilege . . . . . . . . . . . . . . . . . . . 12

      A.    F.R.C.P. 26(b)(3) Applies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      B.    Documents Prepared In Anticipation of Litigation Are Privileged. . . . . . . . . . . 12

The Contested Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

i

# TABLE OF AUTHORITIES

**Decisions Made by the United States Court of Appeals**

*In re Powerhouse Licensing, LLC,* 441 F.3d 467 (6th Cir., 2006) . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Professionals Direct Ins. Co.*, 578 F.3d 432 (6th Cir., 2009) . . . . . . . . . . . . . . . . . . . . . . . 12

*Toledo Edison Co. v. G A Technologies, Inc.,*
 *Torrey Pines Technology Div.*, 847 F.2d 335 (6th Cir., 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Decisions Made by the United States District Court**

*AFT Michigan v. Project Veritas,* 397 F.Supp.3d 981 (E.D.Mich., 2019) . . . . . . . . . . . . . . . . . 4

*Democracy Partners v. Project Veritas Action Fund*,
 2020 WL 1536217 (D.D.C., 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Decisions Made by the Michigan Supreme Court**

*Macomb County Taxpayers Ass'n v. L'Anse Creuse Public Schools*,
 455 Mich. 1; 564 N.W.2d 457 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Decisions Made by the Michigan Court of Appeals**

*Andrews v. Fixel Law Offices, PLLC,* 2015 WL 1739957 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*D'Alessandro Contracting Group, LLC v. Wright*, 308 Mich.App. 71;
 862 N.W.2d 466 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Estate of Nash by Nash v. City of Grand Haven*, 321 Mich. App. 587,
 909 N.W.2d 862 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Leibel v. General Motors Corp.*, 250 Mich.App. 229;
 646 N.W.2d 179 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mohamed v. Mostafa*, 2016 WL 6584560. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reed Dairy Farm v. Consumers Power Co.*,
 227 Mich.App. 614; 576 N.W.2d 709 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Court Rules**

F.R.Civ.P. 26(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 12

F.R.E. 501  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

M.R.E. 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## INDEX OF MOST APPROPRIATE AUTHORITY

F.R.Civ.P. 26(b)(3)

F.R.E. 501

M.R.E. 501

## Introduction

The Court should reject Defendants' demand that Plaintiff disclose the contents of fifteen documents which have been rightly designated as subject to the attorney-client or the work product privilege pursuant to F.R.C.P. 26(b)(3). Defendants' objections are without merit and are apparently driven by their failure to understand that documents are subject to the attorney-client privilege because the privilege was never waived.

Defendants' motion devotes the majority of their brief to the unremarkable general rule that if one sends an otherwise privileged communication to a third party, the privilege is waived and that therefore, because AFT and AFT Ml are separate legal entities, any communication between representatives or employees of those entities automatically results in waiver. This premise is incorrect for two reasons.

First, AFT Ml communicated with attorneys at AFT for the purpose of obtaining legal advice and AFT provided that advice. As the law recognizes, the question is not whether AFT and AFT Ml are separate entities, but whether AFT Ml communicated with attorneys at AFT for the purpose of obtaining legal advice and whether those attorneys responded by providing legal advice. Indeed, it is clear that a law firm is a separate legal entity from most of its clients and courts regularly recognize that an attorney-client communication exists between a client and its outside counsel.

Attorneys employed by the American Federation of Teachers are not "third parties" as they were consulted in a professional capacity. Moreover, AFT MI and the American Federation of Teachers share a common interest. The attorney-client privilege is not waived when communications were exchanged between and among them, their staff and agents.

1

Second, even aside from the attorney-client relationship between AFT-Ml and AFT's legal department, there is a common interest privilege here that applies for the reasons that follow.

Plaintiff rightly sequestered certain documents which contain legal advice or other information which was obtained in anticipation of litigation; these documents are subject to the work-product privilege under F.R.C.P. 26(b)(3). Defendants' motion should be rejected.

## The Facts

A.      The Parties

(1)

Plaintiff is AFT Michigan (AFT MI) the Michigan affiliate of the American Federation of Teachers (AFT), AFT MI is a federation of labor organizations representing educators and support staff in Michigan schools and universities. The American Federation of Teachers is a federation of labor organizations representing some 1.7 million professionals and paraprofessionals throughout the United States and its territories and commonwealths.

AFT and AFT MI are affiliated. The organizations share a common purpose and interest. While each is legally independent of the other, they are joined by acceptance of a constitution and work jointly to improve working conditions for member employees throughout the State of Michigan.

(2)

The American Federation of Teachers maintains a very capable legal department. Affiliates, including AFT MI, have access to the attorneys working in that department as needed. As will be shown, AFT MI rightly sought legal advice and guidance following the unlawful conduct of

2

Defendants. Legal advice secured from AFT counsel is entitled to protection under the attorney-client privilege. Despite this, Defendants contend that Plaintiff somehow waived its privilege by communicating with AFT counsel and others at AFT.

Plaintiff did not waive the attorney-client or work product privilege by communicating with attorneys and staff at AFT. Communications with counsel for AFT are subject to the attorney-client privilege because AFT MI sought legal advice and guidance from those attorneys. And, as is explained ahead, AFT MI and AFT have common interest with respect to this litigation.

B.      The Litigation

(1)

This action relates to events which began in the Spring of 2017. In May of that year, Defendant Marissa Jorge obtained an interview with AFT MI in which she repeatedly lied about her identity and purpose. She said that her name was Marisa Perez; said that she was a student at the University of Michigan; said that she wanted to be a second grade teacher; said that she was interested in labor organizations representing teachers; said that she wanted to serve as a volunteer intern for AFT MI for the purpose of learning what she could about how AFT MI functioned. Each of these statements was a knowing and deliberate falsehood.

The truth was that "Marisa Perez" was Defendant Marissa Jorge. She was not a student at the University of Michigan but was instead an employee of Defendant Project Veritas. She was not interested in learning about AFT MI; she wanted to infiltrate it for the purpose of securing confidential documents and covertly recording conversations with AFT MI staff.

3

Project Veritas is a vigilante organization which styles itself as presenting journalism when, in fact, it is a political entity whose goals are to harm organizations whose policies it opposes. Teacher organizations are a favorite target.

Project Veritas' method of operation is clear. It employs a cadre of persons whom it styles as "journalists" and attempts to covertly insert them into various entities. These individuals then obtain documents and covertly record conversations with employees of the targeted entity. This conduct has resulted in a spate of lawsuits against Project Veritas. Most recently, the District Court for the District of Columbia refused to grant summary judgment and dismiss an action against Project Veritas that is remarkably similar to this one. See *Democracy Partners v. Project Veritas Action Fund*, 2020 WL 1536217 (D.D.C., 2020).

Acting under her false identity, Defendant Jorge began work with AFT MI in June, 2017. While so engaged, she covertly recorded conversations with several employees of the Federation; rummaged through private offices and photographed myriad documents relating to confidential employment matters. She sent all of this material to Project Veritas which ultimately selectively edited it and produced a misleading description of an employment matter and released it on YouTube.

The Court has rejected Defendants' motion to dismiss finding that there is substantial evidence of Defendants' conspiracy and breach of duty of loyalty. *AFT Michigan v. Project Veritas,* 397 F.Supp.3d 981 (E.D.Mich., 2019); DKT 93 (principal opinion); 104 (amended opinion). And in her opinion Judge Parker has found that the covert recording of private conversations violated the Michigan Eavesdropping statute. *Id.*, at 989. As a result. Plaintiff has a substantial likelihood of

4

prevailing on its claims. That probability makes Defendants' complaints about the sequestered documents all the more specious.

## The Documents

The 15 documents here include communications between AFT MI staff and attorneys for the American Federation of Teachers, David Strom and Jessica Rutter. Mr. Strom and Ms. Rutter were consulted in their professional capacities when AFT MI discovered the infiltration by Defendant Jorge. Their advice was critical in determining how AFT MI should respond and how it should investigate the extent of the infiltration. These lawyers are not strangers to AFT MI. They routinely provide legal advice to affiliates of AFT and did so here. An attorney-client relationship exists between AFT Michigan and its staff and Mr. Strom and Ms. Rutter. The documents in dispute reflect advice given to AFT MI regarding the infiltration and how to proceed with this litigation.

The documents also include several which were circulated to agents of AFT's attorneys. Those materials were prepared either in anticipation of litigation or as part of this litigation. Those are the work product of both counsel for AFT and for AFT MI. The background presented assisted Plaintiff in determining how to present the facts in this litigation and how to proceed against Defendants.

The Court is invited to review the 15 documents *in camera*. However on such review, Plaintiff respectfully suggests that each will be rightly viewed as appropriately sequestered and Defendants' objections should be overruled.

## Argument

### I.      The Documents Are Subject to the Attorney Client Privilege

A.      <u>Michigan Law Regarding the Attorney-Client Privilege Governs</u>

Michigan law governs the scope of the attorney-client privilege here. F.R.E. 501 states that "...in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." And M.R.E. 501 states that "Privilege is governed by the common law, except as modified by statute or court rule." Therefore, Michigan common law governs the scope and extent of the attorney-client privilege as applied here.

B.      <u>Plaintiff Did Not Waive its Privilege by Communicating with AFT  Attorneys</u>

(1)

Defendants' argument is bottomed on the contention that Plaintiff somehow waived any claim of privilege when it engaged in communication with attorneys (and their agents) employed by the American Federation of Teachers. The argument is based on the obvious, that once "...otherwise privileged information is disclosed to a third party by the person who holds the privilege, or if an otherwise confidential communication is necessarily intended to be disclosed to a third party, the privilege disappears." *Leibel v. General Motors Corp.*, 250 Mich.App. 229, 242; 646 N.W.2d 179, 186–87(2002)

However, Defendants' argument proceeds from a false premise. It contends that "...with all of the documents in question, third- parties unrelated to AFT Michigan were copied on the emails withheld" and therefore " It is clear that they were shared with non-parties and were never intended

6

to be kept confidential between the client (AFT Michigan) and its attorney (Mr. Cousens or his firm)." Brief, p. 9. The argument is incorrect.

(2)

The disputed documents were not sent to "unrelated third parties;" they were sent to and from attorneys consulted by Plaintiff AFT Michigan. As the declaration of David Hecker makes clear, these individuals were consulted in their professional capacities and as part of an ongoing attorney-client relationship. Their advice is privileged.

The American Federation of Teachers maintains a very capable legal department. The General Counsel to AFT is David Strom. Assistant Head of the AFT Legal Department is Jessica Rutter. Affiliates, including AFT MI, have access to the attorneys working in that department as needed. As is shown by the declaration of David Hecker, President of AFT Michigan, Plaintiff sought legal advice and guidance following the unlawful conduct of Defendants.

Legal advice secured from AFT counsel is entitled to protection under the attorney-client privilege. Despite this, Defendants contend that Plaintiff somehow waived its privilege by communicating with AFT counsel and others at AFT. The contention is incorrect. AFT attorneys were not "unrelated third parties;" to the contrary, there was an attorney-client relationship between Ms. Rutter, Mr. Strom and employees of AFT Michigan.

(3)

The existence of an attorney client relationship depends on the intention of the parties and not on formalities. First, an attorney-client relationship may exist despite the lack of a formal agreement or the obligation for payment of fees:

> "The operative principle in the Court of Appeals ruling is that an obligation to pay for legal services is the sine qua non of an attorney-client relationship. This is simply untrue. "The relation of attorney and client is one of confidence based upon the ability, honesty, and integrity of the attorney," (citation omitted) not solely, or even primarily, upon a client's obligation to pay. The rendering of legal advice and legal services by the attorney and the client's reliance on that advice or those services is the benchmark of an attorney-client relationship. The attorney's right to be compensated for his advice and services arises from that relationship; it is not the definitional basis of that relationship."

*Macomb County Taxpayers Ass'n v. L'Anse Creuse Public Schools*, 455 Mich. 1, 10–11; 564 N.W.2d 457, 462 (1997)

Second, no formal agreement is required (the attorney-client relationship is not established by a formal contract). "Rather, the relationship is established 'when it is shown that the advice and assistance of the attorney are sought and received in matters pertinent to his profession.'"citing 7 Am Jur 2d, Attorneys at Law, § 118, pp 187–188. *Andrews v. Fixel Law Offices, PLLC,* 2015 WL 1739957, at *5 (2015).

Further "An attorney-client relationship "may be implied from conduct of the parties ... [and] is sufficiently established when it is shown that the advice and assistance of the attorney are sought and received in matters pertinent to his profession." (citation omitted) The attorney-client relationship is not dependent on the payment of a fee or on a formal contract... "The rendering of legal advice and legal services by the attorney and the client's reliance on that advice or those services is the benchmark of an attorney-client relationship." *Mohamed v. Mostafa*, 2016 WL 6584560, at *2 (2016)

Plaintiff sought, and received, legal advice related to the infiltration by Defendant Jorge and with respect to repairing any damage that Jorge caused. An attorney-client relationship existed between AFT MI and these individuals because they were consulted professionally and because AFT

Michigan staff believed they were consulting an attorney and relied on promises of confidentiality. The disputed documents are subject to the attorney-client privilege because they were exchanged as part of an ongoing professional relationship.

C.     The Privilege Extends to Communications from AFT MI Staff

Defendants' argue that certain correspondence was sent to persons at AFT who were not attorneys; that other correspondence included consultants who were not attorneys. The argument is without merit. The attorney-client privilege attaches to direct communication between a client and his attorney but also to communications made through their respective agents. *Reed Dairy Farm v. Consumers Power Co.*, 227 Mich.App. 614, 618 (1998); 576 N.W.2d 709, 711 citing *Grubbs v. K Mart Corp.*, 161 Mich.App. 584, 589, 411 N.W.2d 477 (1987) (holding that the privilege was not waived when statements were made before a court reporter as the reporter was an agent for the attorney).

Here, communications were shared between attorneys, their staff and consultants. In each case, the staff and consultants were agents of the AFT attorneys because they were participating in providing assistance to AFT MI. Plaintiff did not waive its right to assert the attorney-client privilege when it shared information with staff and consultants.

D.     The Common Interest Doctrine Applies

The documents are subject to the attorney-client privilege because AFT and AFT MI share a common interest with respect to this litigation.

(1)

Michigan recognizes the common interest doctrine with respect to the attorney-client privilege. As expressed by the Michigan Court of Appeals:

9

> "Although occasionally termed a privilege itself, the common interest doctrine is really an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person. In effect, the common interest doctrine extends the attorney-client privilege to otherwise non-confidential communications in limited circumstances. For that reason, the common interest doctrine only will apply where the parties undertake a joint effort with respect to a common legal interest, and the doctrine is limited strictly to those communications made to further an ongoing enterprise."

*Estate of Nash by Nash v. City of Grand Haven*, 321 Mich. App. 587, 909 N.W.2d 862 (2017)

A "common interest" is found where disparate parties have a "common legal interest" in the subject matter of a litigation:

> "A reasonable expectation of confidentiality may derive from common litigation interests between the disclosing party and the recipient.... [T]he existence of common interests between transferor and transferee is relevant to deciding whether the disclosure is consistent with the nature of the work product privilege. This is true because when common litigation interests are present, the transferee is not at all likely to disclose the work product material to the adversary."

*D'Alessandro Contracting Group, LLC v. Wright*, 308 Mich.App. 71, 83; 862 N.W.2d 466, 473 (2014) citing *U.S. v. Deloitte LLP*, 610 F.3d 129 (C.A.D.C. 2010)

(2)

The American Federation of Teachers and AFT MI have common interest with respect to the matters presented in this litigation. First, AFT and AFT MI have executed a "common interest agreement" (*attached*). The agreement expresses the parties' mutual interest in the outcome of this action and confirms the parties' commitment to maintain confidentiality of shared communication.

Second, even without the shared interest agreement, the joint interest of the parties is clear. AFT MI was harmed by the actions of Defendants. But the American Federation of Teachers has a significant interest in the outcome of this litigation. While AFT MI and AFT are separate entities, they share a common interest in insuring the security and integrity of affiliated organizations. Here,

10

Defendant Jorge stole documents from AFT MI that exposed confidential information pertaining to an employee of the Lake City Public Schools; an employee who was a member of a bargaining unit represented by an organization affiliated with AFT MI and AFT. The exposure of that information was intended to harm both AFT MI and AFT and to encourage criticism of them. AFT is not a stranger here; it shares an interest in the outcome of the litigation.

In addition, AFT MI and AFT share common interests on a wide variety of matters. And AFT provides substantial guidance and assistance to AFT MI in a joint effort to insure better working conditions and economic benefits for represented employees. AFT and AFT MI are partners in this effort. The two organizations may be legally separate but share substantial interests.

This litigation was a direct attack on AFT MI and thereby on AFT. Defendant Project Veritas has made clear its lack of respect for the American Federation of Teachers. Indeed, James O'Keefe, the CEO of Project Veritas, has repeatedly castigated Randi Weingarten, President of AFT and has sought to depose her in this litigation (President Weingarten's motion for a protective order is pending before Judge Parker. DKT 125).

Communications between AFT MI and counsel for AFT are rightly subject to the attorney-client privilege because AFT MI sought legal advice from AFT counsel. And AFT and AFT MI share a common interest in the outcome of this litigation.

***

AFT MI viewed both Mr. Strom and Ms. Rutter as its attorneys when they were consulted. The communications between and among AFT MI staff and counsel are rightly subject to the attorney-client privilege.

11

## II.    The Documents Are Subject to the Work Product Privilege

A.    F.R.C.P. 26(b)(3) Applies

"In a diversity case, the court applies federal law to resolve work product claims and state

law to resolve attorney-client claims." *In re Powerhouse Licensing, LLC,* 441 F.3d 467, 472 (6th

Cir., 2006). The extent of the privilege was described *In re Professionals Direct Ins. Co.*, 578 F.3d

432 at 438–39 (6th Cir., 2009):

> "The work-product doctrine protects an attorney's trial preparation materials from
> discovery to preserve the integrity of the adversarial process. See *Hickman v. Taylor*,
> 329 U.S. 495, 510–14, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The work-product doctrine
> is a procedural rule of federal law; thus, Federal Rule of Civil Procedure 26 governs
> this diversity case. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th
> Cir.2006). Rule 26(b)(3) protects (1) "documents and tangible things"; (2) "prepared
> in anticipation of litigation or for trial"; (3) "by or for another party or its
> representative." *Id.* The lone issue is whether the disputed documents were prepared
> in anticipation of litigation.

> "To determine whether a document has been prepared "in anticipation of litigation,"
> and is thus protected work product, we ask two questions: (1) whether that document
> was prepared "because of" a party's subjective anticipation of litigation, as contrasted
> with ordinary business purpose; and (2) whether that subjective anticipation was
> objectively reasonable. *United States v. Roxworthy*, 457 F.3d 590, 594 (6th
> Cir.2006). If a document is prepared in anticipation of litigation, the fact that it also
> serves an ordinary business purpose does not deprive it of protection, id. at 598–99,
> but the burden is on the party claiming protection to show that anticipated litigation
> was the "driving force behind the preparation of each requested document."

B.    Documents Prepared In Anticipation of Litigation Are Privileged

Among the materials Plaintiff has sequestered are documents which were prepared in

anticipation of litigation or to assist in litigation. These materials may have been prepared by staff

at AFT or at AFT MI or by persons engaged by AFT or AFT MI. But the documents do not exist in

a vacuum. They were produced because of the actions of Defendants and at the request of attorneys

assisting Plaintiff. As such, they are rightly subject to the work product privilege.

12

Documents prepared by a party's consultant may be privileged under F.R.C.P. 26(b)(3).

"If the party requesting discovery meets this burden and the court finds that the claimed material is relevant and not privileged, the burden shifts to the objecting party to show that the material was "prepared in anticipation of litigation or for trial" by or for that party or that party's representative, including that party's attorney, consultant..."

*Toledo Edison Co. v. G A Technologies, Inc., Torrey Pines Technology Div.*, 847 F.2d 335, 339 (6th

Cir., 1988)

Certain of the contested documents were secured from consultants and advisors. They were prepared either in anticipation of this litigation or to support it. They are appropriately sequestered.

## The Contested Documents

Plaintiff suggests that the contested documents be reviewed by the Court *in camera*. On review, Plaintiff suggests that the Court should sustain the Plaintiff's designation of each document. Each document is as privileged for the reasons which are identified.

### 1062

This document includes correspondence to Plaintiff from David Strom, General Counsel to AFT. It was sent to numerous staff persons at AFT but also directly to David Hecker, President of AFT MI. The communication relates to the identity of Defendant Jorge. It was prepared immediately prior to the filing of this action and was prepared in anticipation of the suit. It is subject to the attorney-client privilege and privileged under F.R.C.P. 26(b)(3).

Communications from Mr. Strom to AFT staff are subject to an attorney-client privilege as Mr. Strom is counsel to AFT and its staff members. The privilege was not waived; the recipients of

13

Mr. Strom's email are all his clients; they are employee of the American Federation of Teachers. Mr. Strom's communications to staff are in furtherance of his role as counsel to AFT and its staff.

Communications to AFT MI are subject to the attorney-client privilege because an attorney-client relationship existed between Mr. Strom, Ms. Rutter and AFT MI and its staff.

### 1064

This document is a duplicate of 1062 but sent directly to Mr. Hecker. It, too, is subject to the attorney-client privilege and is privileged under F.R.C.P. 26(b)(3).

### 1072

This document was prepared by a consultant to AFT in anticipation of this litigation. It discloses certain information regarding Defendant Jorge. It is privileged under F.R.C.P. 26(b)(3).

### 1074

This document was prepared by a consultant to AFT MI. It provides critical information regarding Defendant Jorge. It was prepared specifically in anticipation of this litigation and relates to a party to the litigation. It is privileged under F.R.C.P. 26(b)(3).

### 1148

This document includes correspondence from Jessica Rutter, counsel to AFT, to AFT MI regarding this litigation. It also includes a list of persons who may have information regarding Defendant Jorge and her work at AFT MI. It is subject to the attorney-client privilege and privileged under F.R.C.P. 26(b)(3).

1177

This document includes correspondence from this writer with respect to this litigation. It is sent to Plaintiff, AFT counsel and a litigation consultant to AFT and AFT MI. It is subject to the attorney-client privilege and privileged under F.R.C.P. 26(b)(3).

1438

This document relates to communications related to the decision by Judge Parker of December 27, 2017, DKT 46. It is an internal communication among AFT and AFT MI sent to counsel for AFT and AFT MI. It relates directly to this litigation and is part of Plaintiff's communications regarding this action. It is not a public document and was communicated among attorneys. It is subject to the attorney-client privilege and is privileged under F.R.C.P. 26(b)(3).

1440

This document is essentially a duplicate of 1438. It is privileged for the same reasons as 1438.

2021

This document contains the same content as 1438 but includes communications from counsel regarding the text. It is privileged for the same reasons that 1438 is privileged but further subject to privilege as it includes comments made by counsel directly.

2026

This document is part of a chain that began with 1438. It includes comments from attorneys and their consultants.  It is privileged for the same reasons that 1438 is privileged but further subject to privilege as it includes comments made by counsel directly.

15

2047

This document is also part of a chain that began with 1438. It includes comments from attorneys and their consultants.  It is privileged for the same reasons that 1438 is privileged but further subject to privilege as it includes comments made by counsel directly.

2051

This document is part of a chain that began with 1438. It includes comments from attorneys and their consultants.  It is privileged for the same reasons that 1438 is privileged but further subject to privilege as it includes comments made by counsel directly.

2054

This document is part of a chain that began with 1438. It includes comments from attorneys and their consultants.  It is privileged for the same reasons that 1438 is privileged but further subject to privilege as it includes comments made by counsel directly.

2290

This document is correspondence from Jessica Rutter to several staff at AFT and the AFT MI president. It provides advice regarding interaction with Project Veritas. It is subject to the attorney-client privilege.

2291

This document is a duplicate of 2290 with an additional comment from counsel. It is subject to the attorney-client privilege.

16

## Conclusion

Defendants' motion should be denied.

/s/ Mark H. Cousens
Mark H. Cousens (P12273)
Attorney for Plaintiff
26261 Evergreen Rd Ste 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com

## Certificate of Service

I hereby certify that on May 15, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino, Ann Sherman and Stephen Klein.

/s/ Mark H. Cousens
Mark H. Cousens (P12273)
Attorney for Plaintiff
26261 Evergreen Rd Ste 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com