COMMON INTEREST AGREEMENT        12 October 2018

THIS AGREEMENT:

This is a Common Interest Agreement ("Agreement") by and between the American Federation of Teachers ("AFT") and AFT Michigan ("AFT MI") (collectively "Clients") with respect to the pending action in *AFT Michigan v. Project Veritas,* Case No. 17-cv-13292 (E.D.Mich.) ("Case");

W I T N E S S E T H

WHEREAS, AFT and AFT Michigan are affiliated labor organizations;

WHEREAS, AFT MI is the plaintiff in the Case, in which it is represented by Mark Cousens, Esq.;

WHEREAS, AFT, as the national affiliate for AFT MI, has an interest in the outcome of the Case and seeks to help in the prosecution of the case by its attorneys David Strom, Esq., AFT General Counsel, Jessica Rutter, Esq. and other attorneys as assigned, and by its researcher Brad Murray and other AFT researchers as assigned;

WHEREAS, communications related to the Case between AFT and AFT MI are protected because of the affiliate relationship and the parties already have an existing oral common interest agreement, but desire for the sake of clarity to enter into this written Agreement;

NOW, THEREFORE, AFT and AFT MI acknowledging there being good and valuable consideration and agreeing to be legally bound, enter into this Agreement with the following terms:

1. This Agreement applies to all information and communications in any and all forms, including but not limited to documents (including this Agreement), electronically stored information, factual material, research material, mental impressions, memoranda, interview notes and reports, expert reports,

1

COMMON INTEREST AGREEMENT				12 October 2018

correspondence, drafts, transcripts, charts, tables, raw data, and other information pertaining to the matters at issue in the Case ("Common Interest Information"). This Agreement applies to all Common Interest Information exchanged between or among Clients before this Agreement was signed because this Agreement merely embodies an existing oral common interest agreement among Clients and because of the affiliated relationship of the Clients. *See In re Teleglobe Communications Corp.*, 493 F.3d 345 (3d Cir. 2007).

2.	This agreement embodies the understanding, on the basis of currently available information, that the respective Clients have common interests that are served best by the mutual ability to share with each other information and communications that are otherwise subject to various privileges, including the attorney-client privilege, work-product doctrine and potentially other privileges, immunities or protections (collectively, "Privileges and Protections"), with respect to the Case.

3.	Clients have agreed to further their common legal interests by establishing procedures to exchange Common Interest Information without compromising or in any way diminishing the confidential or privileged nature of such Common Interest Information. The procedures for the exchange of Common Interest Information are set forth below.

4.	Clients desire, intend, and mutually agree (a) that the exchange of Common Interest Information is not intended to, and shall not, waive or diminish the Privileges and Protections that attached to the Common Interest Information prior to its exchange, and (b) that all Common Interest Information exchanged shall, to the extent that it is covered by any of the Privileges and Protections, remain so covered under the common interest doctrine. This Agreement therefore protects and preserves the privilege, confidentiality, and immunity from disclosure of information, communications, and materials that are both (1) protected by at least one of the Privileges and Protections, and (2) communicated by and between or among Clients. United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989) (noting that the common interest rule "serves to protect the

COMMON INTEREST AGREEMENT                              12 October 2018

confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel").

5.   Common Interest Information may be disclosed in the following instances: (a) to a Client officer or staff member; (b) to any Client counsel and their employees, agents, and co-counsel; (c) to experts or consultants working on behalf of or under the direction of Client counsel; and (d) in other instances only with the written consent of both Client counsel. All persons permitted access to Common Interest Information under this paragraph shall be specifically advised by the Party permitting access that all Common Interest Information is privileged and confidential and is subject to the terms of this Agreement. Clients may not disclose the existence or contents of any Common Interest Information provided by or through another Client before, during, or after this Case to any non-Party to this Agreement, including any person, entity, department or agency, except as provided in this Agreement.

6.   If any other person, entity, department or agency makes a request or demand, by subpoena or otherwise, to any Client for any Common Interest Information received by that Client from another Client, Counsel for the Client receiving such request or demand shall immediately notify all other Counsel. Clients further agree to take all steps reasonably necessary or appropriate to permit the timely assertion of all applicable rights, privileges, protections, doctrines, and immunities with respect to the Common Interest Information and shall cooperate fully with the other Client in any judicial or administrative proceeding relating to the disclosure of Common Interest Information. Each Client may disclose Common Interest Information whenever such disclosure is compelled by the order of a court of competent jurisdiction only after the other Client has been notified of the court order and been afforded an opportunity to address the court.

7.   Either Client may withdraw from this Agreement upon written notice to the other Client. Either Client must withdraw from this Agreement, and provide

COMMON INTEREST AGREEMENT                12 October 2018

prompt written notice thereof to the other Client, if that Client determines that the Client no longer has mutuality or commonality of interest as described hereunder or that the Client's interests become in any way adverse to the other Client's interests. Any such withdrawal shall be solely on a prospective basis and Common Interest Information exchanged, furnished, or communicated to the withdrawing Party or its Counsel prior to such withdrawal shall continue to be governed by the terms of this Agreement. Upon withdrawing from the Agreement for any reason, counsel for the withdrawing Client shall, within ten (10) calendar days, certify in writing to the other client that (1) Client has destroyed or returned all Common Interest Information and all records that contain or reveal any Common Interest Information, and (2) Client has not and shall not later disclose to any third party any Common Interest Information, except as otherwise provided for in this Agreement.

8.   Any material breach of any provision of this Agreement will cause irreparable harm to Counsel and their respective Clients, and by executing this Agreement the Clients agree that immediate injunctive relief is an appropriate and necessary remedy for any violation or threatened violation of this Agreement.

9.   This Agreement may be amended or modified, including to add additional parties, only by the unanimous consent of both Clients who are Parties to the Agreement at that time. If a Client represented by any of the undersigned Counsel changes counsel or acquires additional counsel, Common Interest Information will not be disclosed to such other or additional counsel until that counsel, subject to the consent of the other Client, has executed a copy of this Agreement, and a Client's change or addition of counsel shall not modify or abridge that Client's or the former Counsel's obligations under this Agreement. Counsel and his or her Clients shall have an affirmative duty to disclose to all other Counsel and all other Clients the addition or substitution of lead attorneys representing that Client.

10.   If any provision of this Agreement is held to be invalid, void or unenforceable, in whole or in part, the remaining provisions of this Agreement

COMMON INTEREST AGREEMENT                12 October 2018

shall not be affected thereby and shall continue in full force and effect without being impaired or invalidated in any way.

11. Each Client agrees to use its best efforts to keep confidential the existence of this Agreement and its terms, and will not voluntarily disclose the Agreement or its terms, without the advance consent of the other parties, except as provided for in this Agreement, as required by law or court order, or as necessary to enforce the terms of this Agreement.

12. No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

13. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

American Federation of Teachers
By (Sign): _____
Print: _____David Stram_____
October 24, 2018

AFT Michigan
By (Sign): _____
Print: _____David Hecker_____
October 24, 2018