UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

PROJECT VERITAS, et al,
    Defendants.
               -I

Case No. 17-13292
Honorable Linda V. Parker, District Court Judge
Hon. Elizabeth A. Stafford

Mark H. Cousens (P12273)
Attorney for Plaintiff
26261 Evergreen Rd Ste 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com
P12273

Paul M. Mersino
Butzel Long PC
Attorney for Defendants
150 W Jefferson Ave Ste 100
Detroit, MI 48226-4452
(313) 225-7015
mersino@butzel.com
P72179

Stephen R. Klein
Attorney for Defendants
Barr & Klein PLLC
1629 K St NW Ste 300
Washington, DC 20006-1631
(202) 804-6676
steve@barrklein.com
P74687

Ann M. Sherman
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Dept of Attorney General
POB 30212
Lansing, Michigan 48909
(517) 335-7628
ShermanA@michigan.gov

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Most Appropriate Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Defendants' Motive as Determined by its Donors Is Highly Relevant . . . . . . . . . . . . . 1

    B.    The Request Is Proportional . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.    There Is No First Amendment Restriction on the Disclosure of Donor Information. . . 5

    D.    Unredacted Forms 990 Should Be Provided . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

**Federal Statutes**

Federal Wiretap Act, 18 U.S.C. § 2511; 18 U.S.C. § 2511(2)(d)..........................2

**Cases Decided by the United States District Courts of Appeals**

*Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir., 2010)................................5

**Cases Decided by the United States District Courts**

*Bahorski v. City of Eastpointe*, 2017 WL 5386600 (E.D. Mich., 2017)....................5

*Council on Am. Islamic Relations Action Network v. Gaubatz,*
 31 F. Supp. 3d 237 (D.D.C., 2014) ..................................................3

*Nedschroef Detroit Corp. v. Bemas Enters. LLC,*
 106 F. Supp. 3d 874 (E.D. Mich., 2015) .............................................3

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
 16-cv-00236 (N.D. CA, 2018)......................................................4, 6

*Wysong Corp. v. M.I. Indus.*, 412 F. Supp. 2d 612
 (E.D. Mich., 2005)..................................................................3

# INDEX OF MOST APPROPRIATE AUTHORITY

**Federal Statutes**

Federal Wiretap Act, 18 U.S.C. § 2511; 18 U.S.C. § 2511(2)(d). . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Cases Decided by the United States Court of Appeals**

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
  16-cv-00236 (N.D. CA, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

**Introduction**

The Defendant should be required to disclose the identity of persons who made financial contributions to Defendant during 2015, 2016 and 2017, as the information is highly relevant to the claims in this litigation.

There is already evidence which strongly suggests that the infiltration of AFT Michigan was supported, encouraged and financed by one or more donors to Project Veritas. Plaintiff is not bound to accept at face value the testimony of either Defendant Jorge or of James O'Keefe that the AFT MI infiltration was designed solely by Defendant Jorge. Plaintiff is entitled to test the credibility of both witnesses. Project Veritas claims that the evidence AFT MI seeks does not exist. But this is faulty logic—whether such evidence exists is a different question as to whether it is relevant.

The identity of donors to Project Veritas is highly relevant to Plaintiff's case because it shows the intent of Project Veritas' infiltration, which is key to Plaintiff's claims, and counters Project Veritas' defenses.

Further, Project Veritas' claims about potential harm are speculative and their affidavits regarding harm they have suffered due to their outrageous tactics is irrelevant to the inquiry of whether disclosure of their donors in this litigation would cause them harm. The litigation process has built in protections for confidential information that addresses Project Veritas' concerns.

The Court should reject Defendants' arguments and order Defendant to disclose the identity of persons who donated to Project Veritas during calendar year 2015, 2016 and 2017.

A.      Defendants' Motive as Determined by its Donors Is Highly Relevant

1.

There is substantial reason to conclude that the infiltration of AFT Michigan by Defendant Jorge on behalf of Project Veritas was the result of joint discussions among Project Veritas

employees and Project Veritas donors. On September 29, 2017, shortly after he learned that this suit had been filed, James O'Keefe wrote:

> "I think we can use it to our advantage since Randi also... the only current actual donor who has *actually given money on this*, (sic) our leadership on the matter. He has already renewed for next year." (Italics added)

See Ex 3 to Plaintiff's motion

This email comments on the impact of this suit. O'Keefe thinks he can use the suit "...to our advantage..". But it also references someone who "has actually given money on this.." "Actually given money on this" strongly suggests that a donor had specifically financed the AFT Michigan infiltration. Plaintiff is entitled to know who that person is and how they impacted the infiltration.

When Marissa Jorge traveled to Michigan to commence her actions against AFT MI, an attack on a teacher union had been in the works for some time. The evidence shows that Project Veritas had created multiple outlines for an infiltration. However, the target had not been identified. He wanted to:

> "...get a union official on tape explaining how black people need to stay in the poor, failing schools -they "can not allow" them to choose a better position elsewhere, because that would hurt the union status quo."

See document 3182, April 5, 2017.

O'Keefe was unsuccessful; no person from AFT MI was heard to say this (nor would they have said it). But the objective was clear. Someone wanted to obtain information which would be used to present a labor organization in a harsh and false light. A donor had "given money on this." Plaintiff is entitled to know who that was and why they donated.

2.

Defendants' donors certainly influence its conduct. Defendants' motive in infiltrating AFT Michigan is a critically important fact for a number of Plaintiff's claims. The motive of Defendants is highly relevant to Plaintiff's claim under the Federal Wiretap Act, 18 U.S.C. § 2511; 18 U.S.C.

2

§ 2511(2)(d). The Act prohibits eavesdropping if a defendant's "primary motivation" or a "determinative factor in the actor's motivation in intercepting the conversation was to commit a criminal or tortious act." See *Council on Am. Islamic Relations Action Network v. Gaubatz*, 31 F. Supp. 3d 237, 256-57 (D.D.C. 2014). Plaintiff is entitled to know how and why Defendant engaged in covert recording of private conversations. Her purpose in doing so is relevant to Plaintiff's claim.

The identities of Project Veritas' donors, before, during, and after the infiltration are relevant to Defendants' purpose in conducting the infiltration. Project Veritas' own affidavits explain how important its donors are to its operations. See Dkt 136 Ex. 6, Affidavit of Russell Verney ("Project Veritas does not rely upon advertising revenue, subscriptions, or commercial funding to sustain its operations. Rather it is operated as a 501(c)(3) organization under the Internal Revenue Code and nearly one hundred percent of its budget comes from donors who support its mission. Without these donations, Project Veritas would not be able to continue its operations."). Project Veritas raises funds through their infiltration operations. There is already evidence that O'Keefe's initial response to this lawsuit was how to use it with his funders. Thus, the identities of Project Veritas' donors, along with their own motivations, are highly relevant to the motives of Project Veritas in conducting this operation.

3.

The identity of Defendants' donors is also relevant to Plaintiff's duty of loyalty claim. "An employee breaches a duty of loyalty . . . by competing against his employer without fully disclosing the (sic) his interest in the competing enterprise." *Wysong Corp. v. M.I. Indus.*, 412 F.Supp. 2d 612, 624 (E.D. Mich. 2005). Further, Michigan 'law will not permit an agent to act in a dual capacity in which his interest conflicts with his duty, without a full disclosure of the facts to his principal.'" *Nedschroef Detroit Corp. v. Bemas Enters. LLC*, 106 F. Supp. 3d 874, 883 (E.D. Mich. 2015). Understanding whose interests were being pursued by Defendants is thus highly relevant to whether

3

Defendant Jorge breached her duty of loyalty to AFT MI. Because Project Veritas' donors' interests are quite relevant to their own, Plaintiff is entitled to the identities of donors involved in this infiltration in order to understand why Defendants infiltrated AFT MI and for what purpose.

4.

The identities of Project Veritas' donors are also highly relevant to Plaintiff's fraudulent misrepresentation claim. Jorge represented herself as wanting to be a teacher and help AFT MI. Instead, she was pursuing the interests of Project Veritas and its donors. Project Veritas has claimed that it was engaging in First Amendment protected reporting activity and therefore deserves protection from liability. If instead, as the evidence already suggests, Project Veritas was engaged in an operation to raise funds for its organization based on the interests of its donors, this would be relevant both to the misrepresentation made by Jorge and Project Veritas' defense

5.

Plaintiff has plead that Defendants conspired with each other to commit torts and violate Michigan law. However, there is ample reason to believe that the conspiracy involved persons other than Defendant Jorge and Project Veritas. The record obtained to date indicates that there were others who knew about the AFT MI infiltration and supported it.

The motive of a donor was found "highly relevant to the existence and purpose of the alleged conspiracy." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,* 16-cv-00236 (N.D. CA, 2018) at *12. Plaintiff has both the right and the obligation to investigate the extent of the conspiracy. Defendants' sole argument on this issue is that Plaintiffs have not sued anyone outside of Project Veritas. Plaintiff is entitled to determine the scope of the agreement to harm AFT Michigan and to add parties if relevant.

B.     The Request Is Proportional

Defendants assert, without substantial explanation, that the Plaintiff's request is not proportional. The contention is incorrect.

> "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

*Bahorski v. City of Eastpointe*, 2017 WL 5386600, at *2 (E.D.Mich., 2017)

Defendant hints at burden and expense but provides nothing which indicates that this request would itself be burdensome. Plaintiff is asking for a list; a list that Defendant Project Veritas surely maintains electronically. The request is fully appropriate and proportional to the Plaintiff's need for information.

C.     There Is No First Amendment Restriction on the Disclosure of Donor Information

1.

Defendants argue that the First Amendment to the United States constitution outright prohibits disclosure of its donors. It is clear that contention is invalid. While individuals have a protected right to support a cause or organization, disclosure of their identity is not subject to any type of blanket protection. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir., 2010). Defendants rightly cite to *Perry* but then ignore the primary holding of that decision.

Defendants repeat their principal contention, i.e. that the identity of donors is not relevant to Plaintiff's claim. However, as before, Defendants ignore the reason Plaintiff seeks this information. It does, indeed, go to the "heart of the matter."

5

Plaintiff is entitled to learn the truth here. It will want to explain to a jury why AFT MI was targeted; who encouraged the infiltration and why. Defendants are standing in the way of this investigation.

Defendants' admit that the depositions in this case have not been sufficient for Plaintiff to obtain the information it seeks. For example, when asked whether any donor requested that a specific investigation be undertaken, Mr. O'Keefe answered "not to my knowledge." Plaintiff is entitled to know if this occurred without Mr. O'Keefe's knowledge (O'Keefe 40:12-41:3); and when asked whether a donor made a contribution specifically related to the AFT Michigan operation, Mr. O'Keefe stated that he did not remember. Plaintiff is entitled to the documents which contain the information which Mr. O'Keefe is unable to recall. (O'Keefe 67:18-68:7). The information sought is not just highly relevant. It is an essential component of Plaintiff's case.

2.

Defendants do not provide the Court with any substantive reason to believe that Project Veritas' donors would be placed in any jeopardy by disclosure of their contributions. In fact, Mr. O'Keefe ironically cites truthful media reporting regarding his activities as harm suffered. (Ex. 7 O'Keefe Affidavit, Para 5c.). Similarly, he cites the withdrawal of the support of a donor based on his own failure to properly register his organization. (Ex. 7, O'Keefe Affidavit, Para 6b.) And he cites a website which truthfully exposes Project Veritas and its operatives. (Ex. 7, O'Keefe Affidavit Para 5a). Apparently exposes are of the highest value unless they are of Mr. O'Keefe himself.

What is telling is that Project Veritas admits the extent to which it has been castigated by members of the public who despise its methods and operations. But no donor has signed an affidavit indicating any reluctance to contribute if their identity is disclosed (distinguishing this case from *Planned Parenthood*). We are left with Mr. O'Keefe's speculation.

6

D.	Unredacted Forms 990 Should Be Provided

As an organization exempt from tax under section 501(c)(3) of the Internal Revenue Code, Defendant Project Veritas is required to file an annual form 990. That form requires disclosure of donors. However, Defendant has provided Plaintiff with a document which redacts all names of persons who made contributions to Defendant. This material should be disclosed as Defendant has no reason to sequester it.

## Conclusion

The Defendant should be directed to identify persons who contributed to Project Veritas during 2015, 2016 and 2017; should be directed to cease refusing to answer deposition questions relating to the identity of its donors; should be directed to provide complete, unredacted, copies of forms 990 for calendar years 2015, 2016 and 2017.

/s/ Mark H. Cousens  
Mark H. Cousens (P12273)  
Attorney for Plaintiff  
26261 Evergreen Rd Ste 130  
Southfield, MI 48076  
(248) 355-2150  
cousens@cousenslaw.com

May 19, 2020

## Certificate of Service

I hereby certify that on May 20, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino, Ann Sherman and Stephen Klein.

/s/ Mark H. Cousens  
Mark H. Cousens (P12273)  
Attorney for Plaintiff  
26261 Evergreen Rd Ste 130  
Southfield, MI 48076  
(248) 355-2150  
cousens@cousenslaw.com