# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

PROJECT VERITAS, et al,

    Defendants.

Case No. 17-13292
Hon. Linda V. Parker
Hon. Elizabeth A. Stafford

---

Mark H. Cousens (P12273)
Attorney for Plaintiff
26261 Evergreen Rd, Ste. 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com

Paul M. Mersino (P72179)
Butzel Long, P.C.
Attorneys for Defendants
150 W. Jefferson Ave., Suite 100
Detroit, MI 48226
(313) 225-7015
mersino@butzel.com

Ann M. Sherman
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Dept. of Attorney General
P.O. Box. 30212
Lansing, MI 48909
(517) 335-7628
ShermanA@michigan.gov

Stephen R. Klein (P74687)
Barr & Klein PLLC
Attorneys for Defendants
1629 K St. NW, Ste. 300
Washington, DC 20006
(202) 804-667
steve@barrklein.com

---

**PROJECT VERITAS PARTIES' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

ISSUE PRESENTED ............................................................................................. iv

MOST APPROPRIATE AND CONTROLLING AUTHORITY ............................v

    I.  Communications with Third-Parties Cannot Be Privileged........................2

    II.  The Work Product Doctrine Does Not Apply ............................................4

    III.  The Common-Interest Doctrine Does Not Apply in this Case.. ................................................................................................................5

    IV.  Alternatively, the Court Could Review the Documents in Limine ................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Bobbit v. Acad. of Court Reporting*,
   2008 WL 4056323 (E.D. Mich. 2008) .......................................................................... 2

*Carhartt, Inc. v. Innovative Textiles, Inc.*,
   333 F.R.D. 113 (E.D. Mich. 2019) ............................................................................... 2

*Fox v. Massey-Ferguson, Inc.*,
   172 F.R.D. 653 (E.D. Mich. 1995) ............................................................................... 7

*Cozzens v. Lincoln Park*,
   2009 WL 2242396 (E.D. Mich. Jul. 24, 2009) ............................................................. 7

*Croskey v. BMW of N.A.*,
   2004 WL 7340317 (E.D. Mich. Oct. 26, 2004) ............................................................ 6

*Everlight Electronics Co., Ltd. v. Nichia Corp.*,
   2013 WL 12182955 (E.D. Mich. Dec. 17, 2013) ......................................................... 6

*Ferko v. NASCAR*,
   219 F.R.D. 403 (E.D. Tex. 2003) .................................................................................. 6

*Ford Motor Co. v. Mich. Consol. Gas Co.*,
   2015 WL 6470830 (E.D. Mich. Oct. 27, 2015) .................................................... 2, 5, 6

*Burke v. Cumulus Media, Inc.*,
   2017 WL 2628192 (E.D. Mich. Mar. 16, 2017) ........................................................... 2

*In re Prof'ls Direct Ins. Co.*,
   578 F.3d 432 (6th Cir. 2009) ..................................................................................... 4, 5

*JP Morgan Chase Bank, N.A. v. Winget*,
   2010 WL 11545362 (E.D. Mich. Dec. 10, 2010) ......................................................... 6

*Mich. First Credit Union v. Cumis Ins. Soc., Inc.*,
   2006 WL 1851018 (E.D. Mich. Jul. 5, 2006) ............................................................... 3

*Reed Dairy Farm v. Consumers Power Co.*,
   227 Mich. App. 614 (1992) .......................................................................................... 3

*State Farm Mut. Auto. Ins. Co. v. Hawkins*,
   2010 WL 2813327 (E.D. Mich. Jul. 14, 2010) .......................................................... 5, 6

**Rules**

Fed. R. Civ. P. 26 .............................................................................................................. v, 1

## **ISSUE PRESENTED**

*Should Plaintiff be compelled to produce documents withheld—ostensibly based on the attorney-client privilege—when the communications contained in those documents were not confidential, were shared with third-parties and non-parties, and were not for the purpose of seeking or giving legal advice?*

# **MOST APPROPRIATE AND CONTROLLING AUTHORITY**

Fed. R. Civ. P. 26

AFT Michigan alleges that 1) it communicated with third-party AFT "for the purpose of obtaining legal advice" and that therefore the communications are privileged, and 2) there is a common interest privilege that applies to all communications between AFT Michigan and AFT. Neither argument is persuasive.

AFT Michigan ignores that the communications in question are not merely between AFT Michigan and AFT attorneys. Indeed, there are several communications on AFT Michigan's privilege log that show communications solely between AFT Michigan and an AFT attorney (Jessica Rutter or David Strom). **Project Veritas did not seek to compel those communications**. Rather, Project Veritas only seeks to compel documents that included conversations with non-attorneys, such as AFT's communications department, or sent to or by a third-party. There simply is no justification for designating such documents as privileged.

Plaintiff also ignores the flaws in its privilege log, which does not give the required specificity.[1] AFT alleges documents are properly withheld as seeking legal advice, but does not give details upon which one could assess that claim. Some entries do not even state to whom the correspondence went. AFT Michigan's log was not sufficient and its overreliance on the Attorney-Client Privilege goes too far.

---

[1] Fed. R. Civ. P. 26(b)(6): a party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and [] do so in a manner that, without revealing information itself privileged or protected, will enable others to assess the claim."

I.       **Communications with Third-Parties Cannot Be Privileged**

Plaintiff alleges that any email to an AFT attorney is automatically privileged. But that is not so. "[T]he attorney-client privilege is to be strictly confined to its narrowest possible limits." *Ford Motor Co. v. Mich. Consol. Gas Co.*, 2015 WL 6470830 (E.D. Mich. Oct. 27, 2015).[2] Only communications to attorneys ***acting in that capacity*** are privileged. *Id.* "Where a person who happens to be an attorney is not acting in that capacity, the privilege does not attach," and "[c]ommunications between an attorney and client which relate to business, rather than legal matters, do not fall within the protection of the attorney-client privilege." *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 113, 117 (E.D. Mich. 2019). "[I]t is axiomatic that a communication between individuals is not transformed into a privileged one simply by virtue of an attorney being copied on the communication." *Bobbit v. Acad. of Court Reporting*, 2008 WL 4056323, *7 (E.D. Mich. 2008).

Moreover, "[i]f an attorney serves a non-legal function that could as well be performed by a non-lawyer, and acts in the ordinary course of business, his or her communications in that capacity would likely not be protected by the attorney-client privilege." *Ford*, *supra.* In *Burke v. Cumulus Media, Inc.*, 2017 WL 2628192, at *2 (E.D. Mich. Mar. 16, 2017), an attorney also had a position as Senior Vice President of Human Resources, and the advice sought from her related to her position as such,

---

[2] All unpublished opinions attached hereto as **Exhibit 1.**

2

not legal issues. Rejecting a claim of privilege, the Court found that "[t]his type of advice is not exclusive to legal authorities but rather can be given by non-lawyers as well." *Id.*; *see also Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 2006 WL 1851018, at *2 (E.D. Mich. Jul. 5, 2006) ("Where a person who happens to be an attorney is not acting in that capacity, the privilege does not attach."). Thus, document AFTMI0002054, drafted by non-party Randi Weingarten, President of AFT, is not privileged.

Nor are the communications sent to or from AFT's Communications Department or third-party public relations firms. AFT Michigan relies on *Reed Dairy Farm v. Consumers Power Co.*, 227 Mich. App. 614 (1992) for the proposition that the attorney-client privilege "attaches to direct communications between a client and his attorney but also to communications made through their respective agents." But *Reed Dairy* does not substantiate withholding the documents in question.

*Reed Dairy* holds: "attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents." *Id.* But "[t]he scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice." *Id.* "Where an attorney's client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization authorized to speak on its behalf in relation to the subject matter of the communication." *Id.*

3

Tellingly, in *Reed Dairy*, the Court held that the communications in question were *not* privileged. There, communications were made between client and attorney, in the presence of a paralegal. The Court held that "although he may be an employee of defendant, we do not find that the paralegal was defendant's agent, authorized to speak on his behalf." *Id.* As to the documents written to or by the AFT Communications Department, it cannot be said that those agents speak on behalf of AFT Michigan. Nor can it be said that third-party Elizabeth Toledo, hired by AFT, speaks on behalf of AFT Michigan or is its agent with regard to the subject matter of the communication. These are not privileged, and should be produced.

## II. The Work Product Doctrine Does Not Apply.

In its Response, Plaintiff claims that all documents requested are subject to the work product privilege. Yet this is not what it claimed on its Privilege Log. Of the 15 documents sought, only six were withheld as "litigation preparation."

Moreover, the work product privilege does not apply to the documents that AFT Michigan withheld on that basis. For example, AFT Michigan cannot claim work product protection as to documents created by third-parties. *See* AFTMI0001072, AFTMI0001074 (documents drafted by third-party public relations firm); AFTMI0001148 (email by unidentified "Curtiss" to non-lawyers); AFTMI0001438, AFTMI0001440 (documents drafted by AFT Communications department). These documents are not attorney work product. The doctrine applies to "an attorney's trial preparation materials," not anyone's communications just

4

because litigation is anticipated. *See In re Prof'ls Direct Ins. Co.*, 578 F.3d 432 (6th Cir. 2009). Moreover, the work product doctrine may be waived by sharing such otherwise protectable documents with third parties, just as any privilege. *See, e.g., D'Allesandro Contracting Group v. Wright*, 862 N.W.2d 466 (Mich. App. 2014).

The burden to establish that documents may be work product is on the party asserting the privilege. *In re Prof'ls Direct Ins. Co.*, *supra*. AFT Michigan has not met its burden for the six documents it has designated as "litigation preparation."

### III. The Common-Interest Doctrine Does Not Apply in this Case.

AFT Michigan next argues that the documents in question are subject to the attorney-client privilege because AFT and AFT MI share a common interest. At the outset, it must be noted that the common-interest doctrine is not itself a privilege. "[F]or the common-interest doctrine to apply, the underlying communication *must be privileged*." *Ford Motor Co.*, *supra* at *5; citing Restatement (Third) of the Law Governing Lawyers § 76 ("for the common-interest doctrine to apply, the underlying shared communication *must be privileged*.")(emphasis in original). If the documents are not privileged themselves, merely citing a "common interest" does not make them privileged. Nor are documents automatically privileged simply because the parties communicating have entered a common interest agreement. *State Farm Mut. Auto. Ins. Co. v. Hawkins*, 2010 WL 2813327 (E.D. Mich. Jul. 14, 2010).

AFT Michigan asserts repeatedly that it has a "common interest" with AFT, but it does not actually establish that beyond its conclusory statements. Moreover,

5

a party asserting this doctrine must show that the parties share a common *legal* interest, "rather than any other interest or subject matter." *JP Morgan Chase Bank, N.A. v. Winget*, 2010 WL 11545362 (E.D. Mich. Dec. 10, 2010). The burden to establish a common legal interest is on the party invoking the doctrine. *Id.* at *4.

This court has held that "[t]he common-interest doctrine applies 'where the parties are represented by separate attorneys but share a common legal interest.'" *Ford Motor Co.*, *supra* at *5. The common interest doctrine "only applies however, if the parties share a common legal, not a common business interest." *Everlight Electronics Co., Ltd. v. Nichia Corp.*, 2013 WL 12182955 (E.D. Mich. Dec. 17, 2013); *see also Croskey v. BMW of N.A.*, 2004 WL 7340317 (E.D. Mich. Oct. 26, 2004) ("The key consideration is that the nature of the interest be identical, not similar, and be legal, not solely commercial."), citing *Ferko v. NASCAR*, 219 F.R.D. 403, 406 (E.D. Tex. 2003) ("A commercial interest, however, does not trigger the common interest doctrine."). This Court has held that it must be "an identical legal interest with respect to the subject matter of the communication." *Ford*, *supra* at *5. This Court has also noted that "[i]f the communication were related to an unrelated third-party corporation, the privilege would be waived." *Croskey*, *supra* at *8.

The common-interest doctrine has been applied where parties share the risk and potential liability of litigation. *See State Farm Mut.*, *supra* at *8. It applies to potential litigants as well as actual litigants. *Id.* But here, AFT has no risk, no liability, is not a party, and has gone out of its way to distance itself from AFT

6

Michigan in this litigation. *See* ECF No. 122. Nor is there a common legal interest merely because one party may be paying for the litigation of the other. *See Cozzens v. Lincoln Park*, 2009 WL 2242396, *4 (E.D. Mich. Jul. 24, 2009). Importantly, here, there is no common ownership or control between AFT and AFT Michigan. *Cf. Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 670 (E.D. Mich. 1995).

Moreover, this doctrine only applies to privileged documents and only applies to legal interests. It does not apply to discussions over communications or public relations. The documents in question are not protected by this doctrine.

### IV. Alternatively, the Court Could Review the Documents in Limine.

The Court should order production of the requested documents. Alternatively, Defendants agree with Plaintiff that the documents should all be produced for *in camera* review, which will confirm that they were not properly withheld.

Respectfully submitted,

| | |
|---|---|
| **BUTZEL LONG, P.C.** | **Barr & Klein PLLC** |
| By: /s/ Paul M. Mersino | Stephen R. Klein (P74687) |
| Paul M. Mersino (P72179) | Co-Counsel for Defendants |
| Attorneys for Defendants | 1629 K St. NW Ste 300 |
| 150 W. Jefferson Ave. | Washington, DC 20006 |
| Suite 100 | (202) 804-667 |
| Detroit, MI 48226 | steve@barrklein.com |
| 313-225-7015 | |
| mersino@butzel.com | |

Dated: May 22, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

Butzel Long, P.C.

By: /s/ Paul M. Mersino
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015
Attorneys for Defendants