# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

AFT MICHIGAN,

        Plaintiff,        Case No. 17-cv-13292

v.                            Honorable Linda V. Parker

                               Magistrate Judge Elizabeth A. Stafford

PROJECT VERITAS, ET AL.

        Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE REPORT OF DEFENDANTS' EXPERT WITNESS

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii

MOST CONTROLLING AUTHORITY ................................................................iv

STATEMENT OF ISSUE PRESENTED..................................................................v

INTRODUCTION .....................................................................................................1

    I.   Relevant Facts – The Parties' Damages Dispute.............................................1

    II.  Standard of Review .........................................................................................2

    III. Argument........................................................................................................4

       A.  AFT Misrepresents Winiarski's Report and Opinion, and
           Does Not Object to the Vast Majority of His Opinions............................4

       B.  Mr. Winiarski Properly Opines as to the Generally
           Accepted Methods in the Experts' Shared field..........................................6

       C.  Mr. Winiarski's Opinions are Proper Expert Opinions.............................8

CONCLUSION........................................................................................................10

# INDEX OF AUTHORITIES

**Cases**

*1st Source Bank v. First Resource Fed. Credit Union*,
   167 F.R.D. 61 (N.D. Ind. 1996)..................................................................................4
*Ask Chems., LP v. Computer Packages, Inc.*,
   593 F. App'x 506 (6th Cir.2014)................................................................................3
*Berry v. City of Detroit*,
   25 F.3d 1342 (6th Cir. 1994) ...............................................................................iv, 9
*Best v. Lowe's Home Ctrs., Inc.*,
   563 F.3d 171 (6th Cir.2009) .......................................................................................3
*Bonelli v. Volkswagon of America, Inc.*,
   421 N.W.2d 213 (Mich. App. 1988)..........................................................................2
*Daubert v. Merrell Dow Pharms.*,
   509 U.S. 579 (1993)................................................................................... iv, 3, 6, 7
*Dawe v. Bar-Levav & Assoc., PC (On Remand)*,
   808 N.W.2d 240 (Mich. App. 2010).......................................................................10
*Eiben v. Gorilla Ladder Co.*,
   2013 WL 1721677, *15 (E.D. Mich. Apr. 2013) .....................................................7
*First Tenn. Bank Nat'l Ass'n v. Barreto*,
   268 F.3d 319 (6th Cir.2001) ......................................................................................3
*Grand Traverse Band of Ottawa & Chippewa Indians v. U.S. Atty. for W. Dist. of Mich.*,
   46 F. Supp. 2d 689 (W.D. Mich. 1999)..............................................................iv, 8
*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999)..................................................................................................3
*KW Plastics v. United States Can Co.*,
   199 F.R.D. 687 (M.D. Ala. 2000)........................................................................iv, 4
*Meemic Ins. Co. v. Hewlett-Packard Co.*,
   717 F.Supp.2d 752 (E.D. Mich. 2010) .....................................................................8
*Surman v. Surman*,
   745 N.W.2d 802 (Mich. App. 2008).................................................................iv, 9
*U.S. v. Sheffey*,
   57 F.3d 1419 (6th Cir.1995) ......................................................................................8
*Wischmeyer v. Schanz*,
   536 N.W.2d 760 (Mich. 1995) ...............................................................................10

*Wolverine Upholstery Co. v. Ammerman*,
 135 N.W.2d 572, (Mich. App. 1965)......................................................................2

**Rules**

Fed. R. Evid. 702 .............................................................................................iv
Fed. R. Evid. 704 ..............................................................................................8
Fed.R.Evid. 704(a).............................................................................................9

# MOST CONTROLLING AUTHORITY

1. Fed. R. Evid. 702

2. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993)

3. *Grand Traverse Band of Ottawa & Chippewa Indians v. U.S. Atty. for W. Dist. of Mich.*, 46 F. Supp. 2d 689 (W.D. Mich. 1999)

4. *Berry v. City of Detroit*, 25 F.3d 1342 (6th Cir. 1994)

5. *Surman v. Surman*, 745 N.W.2d 802 (Mich. App. 2008)

6. *KW Plastics v. United States Can Co.*, 199 F.R.D. 687 (M.D. Ala. 2000)

## STATEMENT OF ISSUE PRESENTED

Plaintiff proffered its expert to support its claim that it lost time and opportunity when Defendant Jorge served as an unpaid intern in its office for three months. Defendants' expert report justifiably rebuts Plaintiff's expert's factual findings and conclusions. As such, given that Defendant's expert report properly rebuts Plaintiff's expert, should Plaintiff's Motion to Strike Defendants' damages expert report be denied?

**Defendants' Response:** Yes.

## INTRODUCTION

Plaintiff's argument, which takes no issue with Mr. Winiarski's qualifications or methodologies, is a non-sequitur and its motion should be denied. Plaintiff misrepresents Mr. Winiarski's opinions and does not contest the vast majority of his opinions (leaving them unchallenged for purposes of this motion). To the very limited extent it does challenge them, it mischaracterizes the nature of his opinions.

Defendants do not dispute the general principle that the measure or category of damages is typically a question of law, and they further agree that an expert may not offer a legal opinion. But Defendants' expert report does not provide any legal opinion and it does not invade the province of this Court in instructing the jury on the law. Instead, Mr. Winiarski, opines that Plaintiff's expert failed to identify or support Plaintiff's supposed damage claim with identifiable facts and further applies a theory that is not generally accepted in their field. Defendants' expert, accordingly, is not providing any legal opinion regarding the proper measure of damages but is, rather, providing admissible and justifiable criticism to Plaintiff's factual claim of suffering damages.

**I.     Relevant Facts – The Parties' Damages Dispute**

AFT Michigan claims that it suffered damages in the form of lost time and opportunity when Defendant Jorge served as an unpaid intern in its office for approximately three months. In support of its damages claim, AFT Michigan

1

produced an expert report (subject to Defendants' Motion to Disqualify, ECF No. 154, PageID. 3967) that speculated that its employees' time with Jorge caused AFT Michigan to lose other unidentified opportunities. Given this wholly speculative damages theory,[1] Defendants' expert report properly criticizes AFT Michigan's expert report in noting its failure to identify any supposed lost opportunity, or any other economic damage or loss. Defendants' report further concludes that AFT "is in the same economic position that it would have been in absent the alleged wrongful conduct and its economic damages are zero." ECF No. 154-3, PageID.4037. Indeed, Defendants' expert report proffers numerous opinions, most of which AFT Michigan has not challenged and should, on that basis alone, be accepted.

## II.  Standard of Review

The testimony of expert witnesses is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] A jury may not be left to devise a damage award that is based on nothing more than conjecture or speculation. *Bonelli v. Volkswagon of America, Inc.*, 421 N.W.2d 213, 226 (Mich. App. 1988); *Wolverine Upholstery Co. v. Ammerman*, 135 N.W.2d 572, 575–76 (Mich. App. 1965).

The Sixth Circuit Court of Appeals recently explained: "Rule 702, in concert with other Rules of Evidence, empowers the district court to ensure that the expert's testimony is both relevant and reliable." *Ask Chems., LP v. Computer Packages, Inc.*, 593 F. App'x 506, 509 (6th Cir.2014) (citing *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993)). "The court plays this same gatekeeping function even if the expert's opinion is 'technical,' rather than scientific, in nature." *Id.* (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141 (1999). "This line of cases governing the district court's screening of experts seeks to 'strike a balance between a liberal admissibility standard for relevant evidence on the one hand and the need to exclude misleading 'junk science' on the other.'" *Id.* (quoting *Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 176–77 (6th Cir.2009)).

Where the proposed expert testimony is based on specialized knowledge rather than strictly scientific or technical methodology, the Court has broad latitude when deciding both *how* to determine the reliability of such testimony and *whether* the testimony is sufficiently reliable to be admissible. *Kumho Tire*, 526 U.S. at 142 (citation omitted). Notably, in cases involving non-scientific experts, "the relevant reliability concerns may focus upon personal knowledge or experience." *First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319 (6th Cir.2001) (quoting *Kumho Tire*, 526 U.S. at 150).

3

Applicable to the instant case, the federal court in *KW Plastics v. United States Can Co.*, 199 F.R.D. 687, 692 (M.D. Ala. 2000) explained that a "well-accepted way to criticize damages estimates" is for a defendant's rebuttal expert to point out the assumptions and flaws in a plaintiff's damages calculations. *See also 1st Source Bank v. First Resource Fed. Credit Union*, 167 F.R.D. 61 (N.D. Ind. 1996) (the court allowed defendant's expert to testify as to the weaknesses in plaintiff's theory of damages without offering his own theory). Given these standards, Plaintiff's motion to strike Defendants' expert report should be denied.[2]

### III. Argument

#### A. AFT Misrepresents Winiarski's Report and Opinion, and Does Not Object to the Vast Majority of His Opinions

AFT Michigan overly simplifies—to the point of misrepresenting—Mr. Winairski's report and opinions. They allege that he asserts—and all that he asserts is that—time lost has no value, and therefore Plaintiff cannot claim damages based on "wasted time." But a simple perusal of Mr. Winiarski's report (ECF No. 154-3) shows this representation to be false.

Mr. Winiarski proffers several proper rebuttal opinions. Those opinions are summarized as follows:

---

[2] Of course, should this Court strike or exclude the proffered expert testimony of AFT Michigan's proposed expert, Dr. Paranjpe (which Defendants posit it should), then this motion and this response are moot.

- AFT Michigan has not incurred any economic damages attributable to the alleged wrongful conduct of Defendants; (ECF 154-3, ¶ 21)

- The Paranjpe Report does not present reliable evidence that AFT Michigan is in any different economic position than it would have been absent the alleged wrongdoing; (ECF 154-3, ¶ 21)

- AFT Michigan has not incurred incremental payroll costs attributable to the alleged wrongful conduct of Defendants; (ECF 154-3, ¶ 22)

- The Paranjpe Report does not identify a single opportunity that AFT Michigan has lost as a result of the alleged wrongful conduct; (ECF 154-3, ¶ 23)

- The Paranjpe Report does not identify any members or union locals that were lost or identify any revenues, fees, or other receipts that AFT Michigan lost; (ECF 154-3, ¶ 21)

- That many of the claimed "costs" that AFT Michigan seeks recovery for were incurred by other parties; (ECF 154-3, ¶ 21)

- That Dr. Paranjpe conducted no independent testing or investigation; (ECF 154-3, ¶ 29)

- That Dr. Paranjpe does not apply any technical or specialized knowledge or expert content, but instead simply adds up numbers; (ECF 154-3, ¶ 29)

- That the methods applied by Dr. Paranjpe are not the customary or accepted practices in the damages expert industry; (ECF 154-3, ¶ 30)

- That Dr. Paranjpe does not provide a reliable measure of damages and does not provide a reasonable basis or foundation on which to sustain a claim for economic damages; (ECF 154-3, ¶ 30)

- That Dr. Paranjpe's conclusions or opinions are unsupported by the facts of this case, are incorrect, or are entirely speculative; (ECF 154-3, ¶ 34)

- That the Paranjpe report includes activities that should not be included; (ECF 154-3, ¶ 35-a)

- That the Paranjpe Report did not properly account for work performed by Ms. Jorge or benefits she contributed to AFT Michigan; (ECF 154-3, ¶ 35-c)

- That the Paranjpe report is contradicted by fact witness evidence in the record; (ECF 154-3, ¶¶ 37-41)

- That certain damages alleged by Plaintiff and/or Dr. Paranjpe are actually costs of litigation; (ECF 154-3, ¶ 48)

- That Dr. Paranjpe improperly included in his calculations benefits that did not cause any additional cost to AFT Michigan; (ECF 154-3, ¶ 56).

Notably, AFT Michigan ignores all of these opinions proffered by Mr. Winiarski. As such, they have not objected to or sought the exclusion of any of these opinions. AFT Michigan's motion should be denied on these grounds, and each of these opinions accepted as expert opinions in this case.

### B. Mr. Winiarski Properly Opines as to the Generally Accepted Methods in the Experts' Shared field

The Supreme Court has advised that one of the factors to consider in determining whether to accept expert opinions is whether the expert's opinion has "been subjected to peer review and publication" and whether "the theory or technique enjoys 'general acceptance' in the 'relevant scientific community.'" *Daubert*, 509 U.S. at 593–94. Thus, whether a theory or technique is—in this case—generally accepted in the economic damages community is not only relevant, it is a vital component of this Court's gatekeeping obligation. As is the question of whether the opinion or theory has been subjected to peer review and accepted in that form.

The only credible way of determining the answer to those questions is through expert opinion from an expert in this "relevant scientific community." And that is what Mr. Winiarski does. As he states, "[i]n my experience and opinion, the methods applied in the Paranjpe Report are not customary or accepted practices . . . ." ECF No. 154-3, ¶ 30. And notably, part of Mr. Winiarski's background and expertise (which has not been challenged) is that he is an "Instructor for training programs related to audit methodology and theory, the theory and application of ***generally accepted accounting principles***, damages analysis and fraud investigation techniques." Winiarski Report, Exhibit A, Curriculum Vitae, ECF No. 154-3, PageID. 4057 (emphasis added).

Also noteworthy is the fact that Dr. Paranjpe was flatly asked whether there was support for his theory—either in treatises, case law, peer reviewed literature, or any other basis—and he testified that there was none to his knowledge. *See* ECF No. 154, PageID. 3996; ECF No. 154-13 (Paranjpe Dep. Tr., 163:1-164:25). This Court has held that when an expert himself—such as Dr. Paranjpe in this instance— "does not indicate that his theories are generally accepted" within his relevant expert community, then such expert "has failed to establish that [his] opinions represent reliable scientific knowledge so as to be admissible under *Daubert* and Rule 702." *See, e.g.*, *Eiben v. Gorilla Ladder Co.*, 2013 WL 1721677, *15 (E.D. Mich. Apr. 2013); *Meemic Ins. Co. v. Hewlett-Packard Co.*, 717 F.Supp.2d 752, 764 (E.D.

7

Mich. 2010) (an expert's opinion cannot be considered "reliable" when he "failed to identify any level of general acceptance applicable to his methodologies"). In light of this, it cannot be held that Mr. Winiarski's rebuttal report should be excluded because he *does* offer insight into this factor.

Whether or not a theory or technique is generally accepted in an expert's applicable field is not only relevant, it is central to this Court's analysis. Mr. Winiarski is qualified to opine on that topic, and his qualifications and expertise have not been challenged. He therefore properly opined as to whether or not Dr. Paranjpe's theory is generally accepted.

### C. Mr. Winiarski's Opinions are Proper Expert Opinions

As explained in *Grand Traverse Band of Ottawa & Chippewa Indians v. U.S. Atty. for W. Dist. of Mich.*, 46 F. Supp. 2d 689, 693 (W.D. Mich. 1999), there is a fundamental difference between an expert's testimony advising a jury as to a specialized legal standard as opposed to the application of facts to such legal terms. The proscription against experts asserting legal opinions "bars only opinions that purport to advise the jury of a specialized legal standard rather than the application of facts to terms having meaning within the ordinary vernacular." *Id.* (citing *U.S. v. Sheffey*, 57 F.3d 1419, 1426 (6th Cir.1995)). "In addition, Fed. R. Evid. 704 expressly contemplates that experts will be allowed to offer opinions upon the ultimate question, which necessarily implies the application of law to facts." *Id.* at

8

1425; *see also Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) (cited by AFT Michigan in its brief) ("[a]lthough an expert's opinion may 'embrace [] an ultimate issue to be decided by the trier of fact[,]' Fed.R.Evid. 704(a), the issue embraced must be a factual one.").

Although the distinction is subtle, it is critical. Nowhere contained in Mr. Winiarski's report is there any statement, opinion, or conclusion providing that AFT is precluded as a matter of law from recovering damages, much less precluded as matter of law from recovering a certain category of damages. Contrary to AFT's argument, Mr. Winiarski is properly pointing out the factual flaws contained in Plaintiff's expert report; that is, Plaintiff's failure to "identify any members or union locals that were lost, or identify any revenues, fees or other receipts that AFT Michigan lost as a result of the alleged wrongful time its employees spent during the summer internship or after discovery of the 'infiltration.'" ECF No. 154-3, PageID.4037.

As such, Mr. Winiarski's opinions criticizing the facts underlying AFT's expert opinion are admissible because they relate to the weight of such opinion. As stated by *Surman v. Surman*, 745 N.W.2d 802, 815 (Mich. App. 2008), any challenge to the credibility of the expert's opinion, such as the opposing party's disagreement with an expert's opinion or interpretation of the facts, relates to the weight of the testimony, and not its admissibility. *See also Wischmeyer v. Schanz*, 536 N.W.2d

9

760, 766 (Mich. 1995); *Dawe v. Bar-Levav & Assoc., PC (On Remand)*, 808 N.W.2d 240, 253 (Mich. App. 2010) (the weight to be given expert testimony is for the jury to decide).

And as noted above, rather than proffering opinions on what is permitted by law, Mr. Winiarski is properly giving expert opinions as to what is generally accepted in the relevant expert community. The fact that this opinion coincides with the fact that the damages Dr. Paranjpe seeks are not permitted by law is not grounds to exclude the opinion. Indeed, it is not a coincidence that damages not permitted by law are not generally accepted by economic damages experts.

AFT Michigan has not established that Mr. Winiarski's report should be excluded. This motion should be denied.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion to Strike Report of Defendants' Expert Witness.

Respectfully submitted,

**BUTZEL LONG, P.C.**

By: /s/ Paul M. Mersino

| | |
|---|---|
| **Butzel Long, P.C.** | Stephen R. Klein (P74687) |
| Paul M. Mersino (P72179) | Barr & Klein PLLC |
| 150 W. Jefferson, Suite 100 | 1629 K St. NW Ste. 300 |
| Detroit, MI 48226 | Washington, DC 20006 |
| mersino@butzel.com | steve@barrklein.com |
| 313-225-7015 | 202-804-6676 |
| Attorneys for Defendants | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

**BUTZEL LONG, P.C.**

By: /s/ Paul M. Mersino
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
Attorneys for Defendant

1