United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
     Plaintiff,

Hon. Linda V. Parker, District Judge
Hon. Elizabeth A. Stafford

v

Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
     Defendants.

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
150 W Jefferson, Suite 100
Detroit, Michigan  48226
mersino@buztel.com
313-225-7000
P72179

STEPHEN R. KLEIN
Attorney for Defendants
Statecraft PLLC
1629 K St. NW, Suite 300
Washington DC  20006
202-804-6676
steve@statecraftlaw.com

ANN M. SHERMAN
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Department of Attorney General
POB 30212
Lansing, Michigan  48909
517-335-7628
ShermanA@michigan.gov

Abigail V. Carter (DC Bar # 47454)
Joshua Rosenthal* (CA Bar # 325949)
Bredhoff & Kaiser PLLC
Attorneys for Movant
805 15th Street NW # 1000
Washington DC  20005
202-842-2600
acarter@bredhoff.com
jrosethal@bredhoff.com

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**Plaintiff's Reply to Defendants' Response to**
**Plaintiff's Motion to Strike the Report of Robert Winiarski**

## Introduction

The Court should conclude that the report of Robert Winiarski is not that of an expert but rather a statement which invades the province of the Court with respect to a legal question and invades the province of the jury with respect to a fact question. In brief, the report contends that time wasted dealing with an infiltrator cannot be viewed as having an economic consequence; that Plaintiff cannot seek damages for the time its employees wasted dealing with Defendant Jorge. The report then says that Plaintiff's employees cannot rely on their memories to determine how much time they spent with Jorge.

Neither of these assertions are the opinions of an expert. It is for the Court, not Mr. Winiarski, to determine whether time lost may be claimed as damages. And it is for the jury, not Mr. Winiarski, to determine whether the recollections of individual employees are credible and reliable. The Defendants' expert report should be struck.

## The Report

The Winiarski report attempts to provide opinion on the nature of Plaintiff's claim for damages and on the evidence to support that claim. While the report is styled as an analysis, deconstructed it says two things: first, that "lost time" is not recoverable as damages. Second, that Plaintiff's expert should not have relied on the memories of employees of AFT Michigan with respect to events occurring previously.

A.

Mr. Winiarski expends considerable text arguing points which are not in contest. He repeatedly states that AFT Michigan has not lost members, has not had to pay overtime has not

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

2

incurred increased payroll costs as a result of the infiltration by Defendant Jorge. AFT Michigan has never made such claims. Winiarski then asserts that AFT Michigan has not lost any opportunity as the result of Defendants' action. But Plaintiff has never made that claim either. The core of Mr. Winiarski's error is found at pages 8-9 of his report where he states:

> "The goal or purpose of economic damages is to make the plaintiff whole, or to place the injured plaintiff in the same economic position that it would have been in had the defendant's alleged wrongful conduct not occurred. The Paranjpe Report does not present reliable evidence that AFT Michigan is in any different economic position than it would have been absent the alleged wrongdoing of Defendants."

In making this assertion, Mr. Winiarski rejects the basis of Plaintiff's expert's report and asserts that time spent interacting with Marissa Jorge either was not time wasted or that the wasted time is not compensable. He repeats this assertion by concluding that "...AFT Michigan has not incurred any economic damages attributable to the alleged wrongdoing of Defendants.." and "The Paranjpe Report does not present reliable evidence that AFT Michigan is in any different economic position than it would have been absent the alleged wrongdoing of Defendants." Report, 8-9.

Winiarski then argues that Plaintiff has not "incurred incremental payroll costs attributable to the alleged wrongful conduct of Defendants." *Id.*, p. 9. And that "The salaries and benefits paid to those employees are fixed costs of AFT Michigan that did not change or increase as a result of the alleged wrongful conduct of Defendants." But the report misses the point entirely. Plaintiff has never claimed that it lost members or paid overtime. Rather, the Federation has asserted that its employees spent time with Marissa Jorge and that all of that time was wasted. The Federation employees are professionals. Their time is compensated. The time lost cannot be recovered. But

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

3

the value of the lost time can be computed. And that is what Plaintiff's expert did. And that is what Defendants' expert rejects.

Whether the time lost is compensable as damages is not a matter of opinion. It is a question of law for the court. Defendants' expert attempts to foist his own, unsupported, opinion on the scope of allowable damages. But the Court, not any party, will decide what damages may be recovered. The Court will determine what instructions to give the jury.

The Winiarski opinion is founded on the premise that the time lost to AFT Michigan caused no economic harm and cannot be recovered. That decision is, however, not his to make. The Court will decide damages. Therefore, the Winiarski opinion should be struck as it seeks to interfere with the judicial determination of what damages may be recovered.

B.

The Winiarski report offers an opinion which is wholly outside his expertise and is within the exclusive province of the jury. Winiarski claims that Dr. Paranjpe should not have relied on the recollections of individual employees of the Plaintiff with regard to the time they spent with Defendant Jorge. He claims that Paranjpe should have engaged in some unspecified independent investigation, p. 12, and simply rejects the reliance on memory. However, Winiarski does not identify just what kind of investigation Paranjpe should have conducted. And the jury will decide the weight to be given to the memory of individual employees of Plaintiff Federation of Teachers.

Winiarski does not state what investigation Paranjpe should have done because the reality is that no material was available for Dr. Paranjpe to review. AFT Michigan employees do not keep time sheets of the type used by lawyers. There are no contemporaneous records of the time they spent, hour by hour. A general calendar is maintained (and has been provided to Defendants)

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

but it does not reflect what any employee might have done on any given hour of any given day. The only evidence that exists with regard to the time spent by Plaintiff's employees with Defendant Jorge is the individual memories of these persons. A jury will decide whether this evidence is persuasive, not an outside expert.

Defendants listing of the Winiarski conclusions ignores Plaintiff's challenges to the report. Plaintiff has not claimed that Defendants' actions cost it members or increased payroll. Plaintiff *has* claimed that Defendants' actions wasted the time of its professional staff and the diversion of their time had an economic consequence. Plaintiff's employees were being paid to interact with a person who was a fraud; who was present on the AFT Michigan premises to spy and steal. Time cannot be recovered. But the cost of the time lost can be computed. The value of the time lost is an element of damages.

The Court will determine whether the value of time lost is recoverable as damages, not Defendant's expert. And a jury will determine whether the evidence is persuasive. The Court should strike Defendants' expert's report.

### Conclusion

The Court should strike the report of Robert Winiarski.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
September 22, 2020
P12273

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,                                          Hon. Linda V. Parker, District Judge
        Plaintiff,                                  Hon. Elizabeth A. Stafford

v                                                      Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
        Defendants.

---

**Certificate of Service**

I hereby certify that on September 22, 2020, I electronically filed the foregoing reply paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: all parties of record.

                                   /s/ Mark H. Cousens
                                   26261 Evergreen Road, Suite 130
                                   Southfield, Michigan  48076
                                   cousens@cousenslaw.com
                                   248-355-2150
                                   P12273

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170