UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

       Plaintiff,

v.

       Civil Case No. 17-13292
       Honorable Linda V. Parker

PROJECT VERITAS, and
MARISA L. JORGE,

       Defendants.
_____/

**OPINION AND ORDER GRANTING INTERVENING PARTY MICHIGAN ATTORNEY GENERAL DANA NESSEL'S MOTION TO REQUEST CERTIFICATION TO THE MICHIGAN SUPREME COURT (ECF NO. 112)**

    Plaintiff AFT Michigan filed this lawsuit against Defendants Project Veritas and Marisa L. Jorge, after Jorge allegedly—with the help of Project Veritas—misrepresented herself in order to secure an internship with AFT Michigan and covertly recorded the conversations of AFT Michigan staff members.  (ECF No. 72 at Pg. ID 2036-37, 2045, 2047.)  AFT Michigan alleges Defendants' actions violated *inter alia* Michigan's eavesdropping statute, Michigan Compiled Laws § 750.539 *et seq*. (*Id*. at Pg. ID 2053.)[1]  The matter is presently before the Court

---

[1] To decide this motion, the Court need not discuss AFT Michigan's additional claims against Defendants.

on Michigan Attorney General Dana Nessel's request to certify whether the statute prohibits recordings where the individual recording is a party to the conversation. The Michigan Supreme Court has never addressed the issue.

Defendants previously filed a motion to dismiss, arguing that "Michigan is a 'one-party consent' state and it is not illegal to record conversations to which one is a party." (ECF No. 74 at Pg. ID 2085.) In a June 14, 2019 Opinion and Order, the Court rejected Defendants' argument and concluded that the Michigan Supreme Court would interpret the State's eavesdropping statute in the same manner as the dissenting judge in *Sullivan v. Gray*, 324 N.W.2d 58, 61-62 (Mich. Ct. App. 1982) (Brennan, J., dissenting). Judge Brennan explained that, under the statute, "a participant is prohibited from recording the private discourse of any other person involved in the conversation unless all persons consent." (ECF No. 104 at Pg. ID 2533, 2535 (quoting *Sullivan*, 324 N.W.2d at 61-62 (Brennan, J., dissenting)).) The Court thus concluded that Michigan is a "two-party consent state" and AFT Michigan alleged sufficient facts to survive Defendants' Motion to Dismiss as to its eavesdropping claim.

In the same Opinion and Order, the Court also granted Defendants' Emergency Motion Requesting Authorization for an Interlocutory Appeal as to the following question: "whether Michigan's eavesdropping statute, Mich. Comp. Laws § 750.539[] *et seq.*, may prohibit a person from recording, without the

consent of all parties thereto, private conversations to which she is a party." (*Id.* at Pg. ID 2547, 2549-50.) In an August 16, 2019 Opinion, the Sixth Circuit denied Defendants' petition to appeal finding that "[D]efendants ha[d] not demonstrated [] that an immediate appeal will advance the termination of the litigation because the litigation is likely to proceed in substantially the same manner regardless of its outcome." (ECF No. 111 at Pg. ID 2580.) The Sixth Circuit acknowledged, however, that the Michigan Supreme Court had not interpreted the State's statute to determine if Michigan is a one- or two-party consent state, and noted that this question may be controlling as to some of the claims asserted by AFT Michigan. (*Id.*)

Attorney General Nessel now asks this Court to certify the question to the Michigan Supreme Court. (ECF No. 112.) The motion has been briefed (*see* ECF No. 113) and the Court is dispensing with oral argument pursuant to Local Rule 7.1(f)(2). For the reasons that follow, the Court grants Attorney General Nessel's motion.

## APPLICABLE LAW & ANALYSIS

"The decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." *Southfield Educ. Assoc. v. Board of Educ. of the Southfield Public Schs.*, 319 F. Supp. 3d 898, 906 (2018) (quoting *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)).

Submitting uncertain questions of state law to a state's highest court "acknowledges that court's status as the final arbiter on matters of state law and avoids the potential for 'friction-generating error' which exists whenever a federal court construes a state law in the absence of any direction from the state courts." *Planned Parenthood of Cincinnati Region v. Strickland*, 531 F.3d 406, 410 (6th Cir. 2008) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997)). Pursuant to Eastern District of Michigan Local Rule 83.40(a), a court "may certify an issue for decision to the highest Court of the State whose law governs its disposition" when "(1) the issue certified is an unsettled issue of State law, and (2) the issue certified will likely control the outcome of the federal suit, and (3) certification of the issue will not cause undue delay or prejudice." Here, these three requirements are met.

First, the parties do not dispute that the issue at bar is an unsettled question of state law. (*See* ECF No. 112 at Pg. ID 2591-92; ECF No. 113 at Pg. ID 2605-07). As to the second factor, AFT Michigan appears to contend that it has evidence that Jorge intentionally recorded conversations to which she was a party, as well as conversations to which she was not a party. (ECF No. 113 at Pg. ID 2607-08.) Therefore, AFT Michigan argues, whether Michigan's eavesdropping statute is interpreted as requiring one- or two-party consent "would have limited relevance [] and this Court's certification of the question is unnecessary to the

4

resolution of this litigation." (*Id.* at Pg. ID 2608.) However, the Sixth Circuit noted that this issue may control the outcome of litigation as to some of the claims AFT Michigan asserts. Moreover, AFT Michigan's argument suggests that the certified question will control the outcome of damages.

Finally, after carefully considering the length of the delay that will occur before there is a final judgment as to all claims and any attendant prejudice to the parties, the Court finds that any delay or prejudice is not undue.

Accordingly,

**IT IS ORDERED** that Intervening Party Michigan Attorney General Dana Nessel's Motion to Request Certification to the Michigan Supreme Court (ECF No. 112) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within **14 days** of this Opinion and Order, the parties shall confer and submit to the Court a certificate containing (i) the case title; (ii) a factual statement; and (iii) the question to be answered. *See* M.C.R. 7.305(b); E.D. Mich. L.R. 83.40(c).

**IT IS FURTHER ORDERED** that all proceedings in the above-entitled case shall be **STAYED** for 60 days. *See* E.D. Mich. L.R. 83.40(b).

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 28, 2020