UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v

PROJECT VERITAS, MARISA L. JORGE,

    Defendants.

No. 17-13292

HON. LINDA V. PARKER

MAG. ELIZABETH A. STAFFORD

| | |
|---|---|
| Mark H. Cousens<br>Attorney for Plaintiff<br>26261 Evergreen Rd, Ste 110<br>Southfield, MI 48076<br>248-335-2150<br>cousens@cousenslaw.com | Ann M. Sherman<br>Deputy Solicitor General<br>Attorney for Intervening Party<br>State of Michigan<br>Michigan Department of Attorney General<br>P.O. Box 30212<br>Lansing, MI 48909<br>517-335-7628<br>ShermanA@michigan.gov |
| Stephen R. Klein<br>Attorney for Defendants<br>Statecraft PLLC<br>1629 K St NW, Ste 300<br>Washington, DC 20006<br>202-804-6676<br>steve@statecraftlaw.com | Paul M. Mersino<br>Attorney for Defendants<br>Butzel Long<br>150 W Jefferson, Ste 100<br>Detroit, MI 48226<br>313-225-7000<br>mersino@butzel.com |

**INTERVENOR ATTORNEY GENERAL DANA NESSEL'S
MOTION FOR PERMISSION TO RESPOND
TO DEFENDANTS' MOTION
FOR RECONSIDERATION (ECF #181)**

NOW COMES Intervenor Michigan Attorney General Dana Nessel and respectfully requests, pursuant to E.D. L.R. 7.1(h)(2), permission to file a response to Defendants' motion for reconsideration (ECF #181.) Attorney General Nessel says in support:

1. On June 9, 2021, following the Michigan Supreme Court's decision not to consider the certified question on the interpretation of Michigan's Eavesdropping Statute, Michigan Compiled Laws § 750.539 *et seq.* Defendants filed a motion for reconsideration (ECF #181) of this Court's decision (ECF #104) to grant in part and deny in part Defendants' motion to dismiss Plaintiff's Second Amended Complaint (ECF #74). Defendants' motion to dismiss had argued, among other things, that Plaintiff had failed to plead a claim under Michigan's Eavesdropping Statute (ECF #74 at PageID 2084.) More specifically, Defendants cited *Sullivan v. Gray*, 117 Mich. App. 476, 482 (1982), arguing that "a participant may tape-record the participant's own conversation." (*Id.* at PageID 2085–2086.)

2. In addressing Michigan's Eavesdropping Statute, this Court noted that Michigan's highest court had not yet addressed the question of whether a participant could record a private conversation, and opined

2

that the Michigan Supreme Court would conclude that the statute would "not permit a participant to record a private conversation without the consent of all parties to the conversation." (ECF #104 at PageID 2529–2535.)

3. On June 10, this Court ordered Plaintiff AFT to respond to the motion for reconsideration. (ECF #183.) This Court did not order or invite Intervenor Attorney General to respond. (*Id.*)

4. Accordingly, pursuant to L.R 7.1(h), the Attorney General must seek leave of this Court in order to respond, and therefore does so here by means of this motion.

5. The Attorney General sought to intervene in this matter in order to defend state law to the extent its constitutionality was being challenged. (ECF #106.) This Court granted the motion. (ECF #110.)

6. Defendants, in their motion for reconsideration, argued, among other things, that "any finding that Michigan is an all-party consent state raises serious constitutional void-for-vagueness concerns." (ECF #181, PageID 5309.)

7. To the extent this Court reaches that issue, Michigan's law is not void for vagueness, as further argued in the attached response.

3

8. On June 24, 2021, counsel for the Attorney General sought concurrence in the filing of this motion, as required under E.D. L.R. 7.1(a). Counsel for the Attorney General explained the nature of this motion and the arguments contained in the supporting brief. Defendants do not oppose the filing of the motion and response. Plaintiff AFT Michigan does not oppose the motion by the Intervener but asks that, if Intervener's motion is granted, AFT Michigan be permitted to file a responsive brief.

WHEREFORE, for the reasons stated in this motion and the proposed supporting brief, Intervenor Attorney General Dana Nessel seeks permission to file a short response to Defendants' motion for reconsideration, and asserts that Michigan's Eavesdropping Statute is not unconstitutionally vague.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Ann M. Sherman*
Ann M. Sherman P67762
Deputy Solicitor General
Attorneys for Intervening
Party State of Michigan
Michigan Dep't of Attorney General
P.O. Box 30212, Lansing, MI 48909

4

<div style="text-align: right;">517-335-7628<br>ShermanA@michigan.gov</div>

Dated: June 24, 2021

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

<div style="text-align: right;">

*/s/ Ann M. Sherman*
Ann M. Sherman P67762
Deputy Solicitor General
Attorneys for Intervening Party
State of Michigan
Michigan Dep't of Attorney General
P.O. Box 30212, Lansing, MI 48909
517-335-7628
ShermanA@michigan.gov

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v

PROJECT VERITAS, MARISA
L. JORGE,

    Defendants.

No. 17-13292

HON. LINDA V. PARKER

MAG. ELIZABETH A. STAFFORD

_____/

**INTERVENOR ATTORNEY GENERAL DANA NESSEL'S
RESPONSE TO
DEFENDANT'S' MOTION FOR RECONSIDERATION (ECF #181)**

    Dana Nessel
    Attorney General

    Ann M. Sherman P67762
    Deputy Solicitor General
    Attorneys for Intervening Party
    State of Michigan
    Michigan Department of
    Attorney General
    P.O. Box 30212
    Lansing, MI 48909
    517-335-7628
    ShermanA@michigan.gov

Dated:  June 24, 2021

## TABLE OF CONTENTS

<u>Page</u>

Certificate of Service ................................................................................. 5

Table of Contents ....................................................................................... i

Index of Authorities................................................................................... ii

Concise Statement of Issues Presented ................................................... iii

Controlling or Most Appropriate Authority.............................................. iv

Argument.................................................................................................... 1

I.    Michigan's Eavesdropping Statute, Michigan Compiled Laws § 750.539 *et seq.,* is not unconstitutionally vague on its face.......... 1

Certificate of Service ................................................................................. 6

# INDEX OF AUTHORITIES

Page

**Cases**

*Bell v. Cone*,
543 U.S. 447 (2005) .......... iv, 4

*Ferrara v. Detroit Free Press, Inc.*,
52 F. App'x 229 (6th Cir. 2002) .......... iv, 2, 3

*Grayned v. City of Rockford*,
408 U.S. 104 (1972) .......... 3

*People v. Lucas*,
470 N.W.2d 460 (1991) .......... 2

*Sullivan v. Gray*,
324 N.W.2d 58 (1982) .......... iv, 1, 3

*Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*,
455 U.S. 489 (1982) .......... 3

**Statutes**

Michigan Compiled Laws § 750.539 et seq. .......... iii, 1

**Rules**

Mich. Ct. Rules 7.315(J) .......... 2

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Is Michigan's Eavesdropping Statute, Michigan Compiled Laws § 750.539 *et seq.*, unconstitutionally vague?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Bell v. Cone*, 543 U.S. 447, 459–60 (2005)

*Ferrara v. Detroit Free Press, Inc.*, 52 F. App'x 229, 233 (6th Cir. 2002)

*Sullivan v. Gray*, 324 N.W.2d 58 (1982)

# ARGUMENT

I. **Michigan's Eavesdropping Statute, Michigan Compiled Laws § 750.539 *et seq.*, is not unconstitutionally vague on its face.**

On June 9, 2021, Defendants filed a motion for reconsideration of this Court's denial of their motion to dismiss pursuant to 12(b)(6). (ECF #181; ECF #74.) Among their arguments, Defendants asserted that "any finding that Michigan is an all-party consent state raises serious constitutional void-for-vagueness concerns." (ECF #181, PageID 5309.)

Michigan's Eavesdropping Statute, Michigan Compiled Laws § 750.539 *et seq.*, is not unconstitutionally vague, and under no circumstances should be struck down on that basis. Under Michigan law, the Court of Appeals' majority opinion in *Sullivan v. Gray*, 324 N.W.2d 58 (1982), is the controlling law. *Sullivan* held that the Eavesdropping Statute does not prohibit a participant to a private conversation from recording and utilizing that recording. *Id.* at 60–61.

The law is longstanding, having been in place some 40 years, and prosecutors are well aware of its existence. Indeed, *Sullivan* binds the state courts and thus prosecutors who would seek to prosecute because of the Eavesdropping Statute. *See, e.g., People v. Lucas*, 470 N.W.2d

1

460, 472 n.19 (1991) ("[the eavesdropping statute] contemplates that an eavesdropper must be a third party not otherwise involved in the conversation being eavesdropped on"); Mich. Ct. Rules 7.315(J) (published decisions from the Court of Appeals have binding precedential effect on subsequent panels for any decision issue on or after November 1, 1990). Additionally, criminal defendants, who are charged with knowing existing law, have a basis on which to rely on that law.

Notably, the Sixth Circuit cited to and relied on the majority opinion in *Sullivan* in resolving the question whether the district court erred dismissed a plaintiff's claim against a newspaper under Michigan's Eavesdropping statute. *Ferrara v. Detroit Free Press, Inc.*, 52 F. App'x 229, 233 (6th Cir. 2002). The Sixth Circuit affirmed the district court's dismissal, and in doing so, cited to *Sullivan's* holding that the statute's definition of eavesdropping precluded an action against a participant in the conversation. *Id.* Explaining that the participant to the conversation lawfully recorded the conversation in question and gave the newspaper permission to disclose the contents of the conversation, the Sixth Circuit noted that "[t]he court in *Sullivan*

interpreted the language of the statute as 'unambiguously exclud[ing] participant recording from the definition of eavesdropping by limiting the subject conversation to 'the private discourse of others'.'" *Id.* (quoting *Sullivan,* 324 N.W.2d at 60). Notably, the Sixth Circuit had the opportunity to question the *Sullivan* holding—specifically here, to question its construction of the plain language of the Eavesdropping Statute—but did not do so. The Sixth Circuit certainly did not indicate that Michigan's Eavesdropping Statute was unconstitutionally vague on its face.

And rightly so. When a statute is subject to a facial to the vagueness of a law, a court should "uphold the challenge only if the enactment is impermissibly vague in all of its applications." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 494–95 (1982). Vague laws offend several important values: not allowing a person "of ordinary intelligence a reasonable opportunity to know what is prohibited;" "trap[ping the innocent by not providing fair warning;" and allowing for "arbitrary and discriminatory enforcement" by those who must apply the standards. *Id.* at 498 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108–109 (1972)).

3

None of these values is implicated here.  A person of ordinary intelligence could safely assume they were permitted to record a conversation to which they were a participant, and most importantly, they are not subject to prosecution for doing so, since, again, Michigan state courts are aware of the longstanding *Sullivan* decision and are bound to follow it.  A state court's narrowing construction of an otherwise vague law may ensure that constitutional standards are met. *See, e.g., Bell v. Cone*, 543 U.S. 447, 459–60 (2005) ("even assuming that the [Sixth Circuit] was correct to conclude that the State's statutory aggravating circumstance was facially vague, the court erred in presuming that the State Supreme Court failed to cure this vagueness by applying a narrowing construction on direct appeal. The state court did apply such a narrowing construction, and that construction satisfied constitutional demands").

On September 28, 2021, this Court granted the Attorney General's request (ECF #112) to have this Court certify the question of the proper interpretation of the Eavesdropping Statute to the Michigan Supreme Court (ECF #175).  After extensive briefing on both sides of the issue, the Michigan Supreme Court declined to consider the question, thus

4

leaving in place the Court of Appeals' majority opinion in *Sullivan* as the controlling law.  Accordingly, Michigan residents continue to be on notice that Michigan is a one-party consent state.

In short, *Sullivan* is the controlling law in Michigan and Michigan's Eavesdropping Statute is not unconstitutionally vague.

                                          Respectfully submitted,

                                          Dana Nessel
                                          Attorney General


                                          */s/ Ann M. Sherman*
                                          Ann M. Sherman P67762
                                          Deputy Solicitor General
                                          Attorneys for Intervening Party
                                          State of Michigan
                                          Michigan Dep't of Attorney General
                                          P.O. Box 30212, Lansing, MI 48909
                                          517-335-7628
                                          ShermanA@michigan.gov

Dated:  June 24, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Ann M. Sherman*
Ann M. Sherman P67762
Deputy Solicitor General
Attorneys for Intervening Party
State of Michigan
Michigan Dep't of Attorney General
P.O. Box 30212, Lansing, MI 48909
517-335-7628
ShermanA@michigan.gov