United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
    Plaintiff,

Hon. Linda V. Parker, District Judge
Hon. Elizabeth A. Stafford

v

Case No.: 17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
    Defendants.

---

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 130
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
Attorney for Defendants
150 W Jefferson, Suite 100
Detroit, Michigan 48226
mersino@buztel.com
313-225-7000
P72179

STEPHEN R. KLEIN
Attorney for Defendants
Barr & Klein, PLLC
1629 K St. NW, Suite 300
Washington DC 20006
202-804-6676
steve@barrklein.com
P74687

ANN M. SHERMAN
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Department of Attorney General
POB 30212
Lansing, Michigan 48909
517-335-7628
ShermanA@michigan.gov

Abigail V. Carter (DC Bar # 47454)
Joshua Rosenthal* (CA Bar # 325949)
Bredhoff & Kaiser PLLC
Attorneys for Movant
805 15th Street NW # 1000
Washington DC 20005
202-842-2600
acarter@bredhoff.com
jrosethal@bredhoff.com

JOSEPH E. SANDLER
Attorney for Plaintiff
Sandler Reiff Lamb Rosenstein & Birkenstock PC
1090 Vermont Ave., N. W., Suite 750
Washington, D.C. 20005
202-479-1111
sandler@sandlerreiff.com

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

---

**PLAINTIFF'S MOTION FOR LEAVE
TO DEPOSE MATERIAL WITNESS RICHARD SEDDON**

Pursuant to FRCP (16(4) Plaintiff moves to permit the deposition of key witness Richard Seddon. The reasons this motion should be granted are stated in the annexed brief.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150

July 7, 2021                                        P12273

**Certificate of Service**

I hereby certify that on July 7, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

1

## TABLE OF CONTENTS

MOST SIGNIFICANT AUTHORITY ................................................................................ iii

Introduction ............................................................................................................. 1

The Facts ................................................................................................................. 1

      A.     Seddon Had A Central Role With Project Veritas ................................... 1

      B.     Efforts To Locate Seddon ......................................................................... 2

Argument ................................................................................................................ 3

      I.      The Court Should Grant Plaintiff Leave to Take the Deposition of Richard Seddon ........................................................................................ 3

Conclusion .............................................................................................................. 6

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170


# TABLE OF AUTHORITIES

**Federal Rules of Civil Procedure**

FR Civ P 16(4) ........................................................................................................ 3

**Cases Decided by the United State District Court**

*Chorazyczewski v. Costco Wholesale Corp.*,
 627 Fed.Appx. 515 (6th Cir., 2015) ..................................................................... 4

*Fisher v. Nissan North America, Inc.*, 951 F.3d 409 (6th Cir., 2020) ................... 4

*Moody v. Michigan Gaming Control Board*,
 2019 WL 1237087 (E.D.Mich., 2019) ................................................................. 4

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

MOST SIGNIFICANT AUTHORITY

F R Civ P 16(4)

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,                    Hon. Linda V. Parker, District Judge
   Plaintiff,                           Hon. Elizabeth A. Stafford

v                                                   Case No.: 17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
   Defendants.

| | |
|---|---|
| MARK H. COUSENS<br>Attorney for the Plaintiff<br>26261 Evergreen Road, Suite 130<br>Southfield, Michigan 48076<br>cousens@cousenslaw.com<br>248-355-2150<br>P12273 | PAUL M. MERSINO<br>BUTZEL LONG<br>Attorney for Defendants<br>150 W Jefferson, Suite 100<br>Detroit, Michigan 48226<br>mersino@buztel.com<br>313-225-7000<br>P72179 |
| STEPHEN R. KLEIN<br>Attorney for Defendants<br>Barr & Klein, PLLC<br>1629 K St. NW, Suite 300<br>Washington DC 20006<br>202-804-6676<br>steve@barrklein.com<br>P74687 | ANN M. SHERMAN<br>Deputy Solicitor General<br>Attorney for Intervening Party<br>State of Michigan<br>Michigan Department of Attorney General<br>POB 30212<br>Lansing, Michigan 48909<br>517-335-7628<br>ShermanA@michigan.gov |
| Abigail V. Carter (DC Bar # 47454)<br>Joshua Rosenthal* (CA Bar # 325949)<br>Bredhoff & Kaiser PLLC<br>Attorneys for Movant<br>805 15th Street NW # 1000<br>Washington DC 20005<br>202-842-2600<br>acarter@bredhoff.com<br>jrosethal@bredhoff.com | JOSEPH E. SANDLER<br>Attorney for Plaintiff<br>Sandler Reiff Lamb Rosenstein & Birkenstock PC<br>1090 Vermont Ave., N. W., Suite 750<br>Washington, D.C. 20005<br>202-479-1111<br>sandler@sandlerreiff.com |

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO DEPOSE MATERIAL WITNESS RICHARD SEDDON**

## Introduction

The Court should grant Plaintiff leave to take the deposition of Richard Seddon. Seddon is a material witness in this litigation and was finally located and served with a subpoena after a three-year long search for him. AFT Michigan made extensive efforts to identify Seddon's whereabouts and serve him but until now had been unsuccessful. While the time for fact discovery has expired, there are several matters relating to discovery pending before the Court. No prejudice will result from permitting this deposition and the Court should permit the Plaintiff to conduct the deposition as Mr. Seddon has knowledge of facts important to Plaintiff's claims.

## The Facts

A.  <u>Seddon Had A Central Role With Project Veritas</u>

Between 2016 and 2018 Mr. Seddon was engaged by Project Veritas to supervise its "journalists" and directly supervised Marissa Jorge. Jorge, p. 62. He was a participant to the decision to infiltrate AFT Michigan and gave instructions to Jorge. He was identified by both Jorge and James O'Keefe, Project Veritas CEO, as part of the organization's staff during the AFT Michigan infiltration. O'Keefe, p. 25. His role was significant.

Defendant Jorge testified:

15  Q.  Okay. What about Richard Seddon, if I am
16      pronouncing his name correctly? SEDDON.
17  A.  Yes.

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

1

| | | | |
|---|---|---|---|
| 18 | Q. | | Was he your supervisor? |
| 19 | A. | | Yes. |
| 20 | Q. | | And did he act like a supervisor, that is, give you |
| 21 | | | instructions? |
| 22 | A. | | Yes. |

Jorge deposition, p. 62.

Further, Mr. Seddon trained Ms. Jorge and other employees of Project Veritas. Jorge, P. 167. And Seddon worked with Jorge to try to have her obtain a fraudulent internship with the American Federation of Teachers. Jorge, p. 185. Mr. O'Keefe testified that Seddon "managed" PV journalists including Jorge. O'Keefe, P. 25.

It is clear that Seddon had, for a time, an important role at Project Veritas. He was Jorge's direct supervisor at the time that the AFT Michigan infiltration was planned and executed. She communicated with him extensively and submitted reports regarding her infiltration of AFT Michigan. Seddon has knowledge of the planning of the infiltration; the authorization of the infiltration; the supervision of the infiltration; how the documents stolen from AFT Michigan were reviewed. His testimony will likely point to persons associated with the decision to infiltrate AFT Michigan and the persons who provided economic support for the action.

B. Efforts To Locate Seddon

Mr. O'Keefe testifed that Mr. Seddon was never an employee of Project Veritas. He was engaged as an independent contractor and was compensated by a third party. Mr. O'Keefe claimed to not know who paid Seddon. While Seddon had considerable

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2

responsibilities with Project Veritas during the time Plaintiff was infiltrated, as a non employee of Project Veritas, Seddon's testimony could only be compelled by subpoena. However, as the affidavit of Bradford Murray explains, finding Mr. Seddon was extraordinarily difficult. He has gone to great lengths to hide his location and evade service of process. Plaintiff engaged in considerable effort over several years to locate Mr. Seddon and attempted to serve him at various addresses without success. Service was finally accomplished on June 26, 2021.

**Argument**

**I.     The Court Should Grant Plaintiff Leave to Take the Deposition of Richard Seddon**

<u>A.</u>

Plaintiff acknowledges that discovery in this matter closed on June 30, 2020. However, the Court has discretion to reopen discovery when good cause exists and should do so here. See FRCP 16(4) "A schedule may be modified only for good cause and with the judge's consent."

> "District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Indeed, Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified 'only for good cause and with the judge's consent.' Fed. R. Civ. P. 16(b)(4). Accordingly, courts consider the following five factors when determining whether to reopen discovery: (1) whether the movant has demonstrated good cause; (2) whether the need for additional discovery was precipitated by the neglect of the movant or by the party opposing the motion to reopen; (3) the specificity of the discovery that is sought; (4) the relevancy of the discovery being sought; and (5) whether the party opposing the motion will

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

3

be prejudiced. *Victory Lane Quick Oil Change, Inc. v. Hoss*, 2009 WL 777860, at \*1 (E.D. Mich. Mar. 20, 2009)."

*Moody v. Michigan Gaming Control Board*, 2019 WL 1237087, at \*1 (E.D.Mich., 2019)

The standards for consideration of a request to reopen discovery are well known:

> "In reviewing a denial of additional discovery time, we consider factors including "when the moving party learned of the issue that is the subject of discovery, how the discovery would affect the ruling below, the length of the discovery period, whether the moving party was dilatory, and whether the adverse party was responsive to prior discovery requests." *Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006)."

*Fisher v. Nissan North America, Inc.*, 951 F.3d 409, 422 (6th Cir., 2020)

Reopening discovery is appropriate where a party has located a witness who was previously unavailable or could not be located. See *Chorazyczewski v. Costco Wholesale Corp.*, 627 Fed.Appx. 515, 518 (6th Cir., 2015) (affirming that it was within the district court's discretion to reopen discovery to allow the parties to submit additional evidence where the Court found that additional deposition testimony, Plaintiff's medical records, and any written reports made by Costco or the police could shed light on the amount of force used to apprehend Plaintiff, and thus might assist the district court in making the reasonableness determination.)

B.

Plaintiff seeks to take the deposition of a person who was central to the planning and execution of the infiltration of AFT Michigan. And there is good cause for the request.

First, Plaintiff is not requesting that all discovery be reopened. This is a very specific request. Plaintiff's application seeks only leave to take a deposition of one key witness.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

4

Second, the request to permit the deposition is made now because Plaintiff could not locate Mr. Seddon until now. He remained unavailable during the discovery period. This request was delayed by the ability of the witness to hide. Plaintiff was diligent in attempting to find Seddon but was unable to do so while discovery remained open.

Third, Seddon's testimony is likely to expose the details behind the decision to infiltrate AFT Michigan. This would include why the AFT Michigan was designated as a target and by whom. Plaintiff's claims include allegations of civil conspiracy and fraud. Mr. Seddon has direct knowledge with regard to both. He will know who participated in the "charter school project" which included the infiltration of Plaintiff. He will know who planned it. He will know how the infiltration was designed. And he will know why AFT Michigan was chosen as a target.

Fourth, Defendants will not be prejudiced by permitting this deposition now. Proceedings pending before this Court will not be delayed or deferred and several matters relating to discovery are pending including third party witness Weingarten's motion for a protective order, two motions regarding expert reports and Defendant's objections to the recommendation of the Magistrate regarding a motion to compel discovery. Trial will not have to be rescheduled. Hence, no unique harm will be caused by permitting the deposition to proceed.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

5

## Conclusion

Plaintiff has sought to take the deposition of Richard Seddon since this action began but was unable to do so as AFT Michigan was unable to locate and serve Seddon. Plaintiff has now served him. Seddon's testimony will be of significance to this litigation as he has first hand knowledge of material facts. Defendants will not be prejudiced by permitting this deposition. The Court should conclude that there is good cause to grant Plaintiff's request to proceed with the deposition.

July 7, 2021

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 110
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

### Certificate of Service

I hereby certify that on July 7, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170