627 Fed.Appx. 515
This case was not selected for publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S.Ct. of App. 6th Cir. Rule 32.1.
United States Court of Appeals,
Sixth Circuit.

Kevin Edward CHORAZYCZEWSKI, Plaintiff–Appellant,
v.
COSTCO WHOLESALE CORPORATION, Defendant–Appellee.

No. 14–2109.
|
Oct. 2, 2015.

**Synopsis**

**Background:** Customer brought action against retail store alleging assault and battery and negligence, based on employee's use of force in attempt to prevent him from fleeing with stolen seven-inch television. The United States District Court for the Eastern District of Michigan, Sean F. Cox, J., 2014 WL 3735215, granted summary judgment in favor of defendant. Plaintiff appealed.

**Holdings:** The Court of Appeals, Clay, Circuit Judge, held that:

[1] district court erred by not engaging in complete analysis of wrongful conduct doctrine, and

[2] district court must make reasonableness determination in first instance.

Reversed and remanded.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

West Headnotes (2)

[1]  **Assault and Battery** ⬥ Defenses and Mitigating Circumstances in General
     **Negligence** ⬥ Violations of law; criminal conduct

District court erred by not engaging in complete analysis of whether wrongful conduct doctrine applied to customer's claim, in negligence and assault and battery action, that retail store employee brutally attacked him, leaving him with severe and permanent injuries, in effort to stop customer from fleeing store premises with stolen seven-inch television; district court should have considered whether store's actions were more culpable than customer's conduct, since customer alleged that store used unreasonable force. M.C.L.A. § 600.2917(1).

1 Cases that cite this headnote

[2]  **Federal Courts**  Issues or questions not passed on below

Court of Appeals would leave it to district court, on remand, to determination in first instance reasonableness of retail store's actions in detaining customer who attempted to flee with stolen seven-inch television, in assault and battery action brought by customer against store; additional deposition testimony, customer's medical records, and written reports by store employees or police could have shed light on amount of force used to apprehend customer and thus might have assisted district court in making determination of whether store employee used degree of force a reasonable person would have found appropriate to prevent or respond to customer's attempt to steal the television. M.C.L.A. § 600.2955b(1), (2)(b).

1 Cases that cite this headnote

*516 On Appeal from the United States District Court for the Eastern District of Michigan.

BEFORE: KEITH, CLAY, and STRANCH, Circuit Judges.

**Opinion**

CLAY, Circuit Judge.

Plaintiff Kevin Chorazyczewski filed this suit against Defendant Costco Wholesale Corporation ("Costco") alleging one count of assault and battery and one count of negligence arising out of a Costco employee's apprehension of Plaintiff as he attempted to leave the Bloomfield Hills, Michigan Costco store with merchandise he intended to steal. The district court granted summary judgment in Costco's favor on the basis of Michigan's wrongful conduct doctrine. Because the district court's analysis and application of the wrongful conduct doctrine was incomplete, we **REVERSE** and **REMAND** the case for further proceedings.

## I.

On March 4, 2011, Plaintiff entered the Bloomfield Hills, Michigan Costco store intending to steal a camera. He had stolen cameras from Costco on two prior occasions in order to support his drug habit. On this particular occasion, Plaintiff attempted to steal a camera, but he was unable to remove it from its packaging and abandoned that plan. Instead, he picked up a seven-inch portable television and hid it in his jacket. Video surveillance footage shows that Plaintiff then walked toward the exit, thanked the greeter on his way out, and proceeded into the store's vestibule. As he exited the store, Plaintiff was set upon by Costco personnel, in particular, an employee named "Earl." Plaintiff attempted to flee, but he was quickly subdued by Earl and other Costco employees. The next thing Plaintiff remembers is waking up in an ambulance and that the police were present. As a result of this incident, Plaintiff was convicted of unarmed robbery, in violation of Mich. Comp. Laws § 750.530, and sentenced to prison.

Subsequent to his conviction, Plaintiff filed this diversity action in federal court, alleging one count of assault and battery, and one count of negligence based on the "vicious" and "brutal" attack he allegedly sustained at the hands of Costco employees. Plaintiff alleged that he suffered "severe and permanent injuries including traumatic brain injury, head trauma, head laceration and permanent scarring, headaches, **\*517** loss of consciousness, memory problems, loss of concentration, mood swings, nervousness, pain and suffering, mental anguish, fright and shock, denial of social pleasure and enjoyments, nervousness, sleeplessness, medical expenses, loss of wages and loss of future earnings capacity." The district court granted Costco's motion for summary judgment, finding that Plaintiff's action was barred by Michigan's wrongful conduct rule. Plaintiff timely appealed.

## II.

We review a district court's grant of summary judgment *de novo. Diamond v. Michigan,* 431 F.3d 262, 265 (6th Cir.2005) (citations omitted). The moving party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Sitting in diversity, we apply Michigan substantive law and federal procedural law. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 566 (6th Cir.2001).

Michigan has long recognized the wrongful conduct doctrine. *See Orzel by Orzel v. Scott Drug Co.,* 449 Mich. 550, 537 N.W.2d 208, 213–14 (1995). The rule states that a plaintiff cannot bring a cause of action that is premised on his own illegal conduct unless the defendant also engaged in unlawful conduct and the defendant's conduct is significantly more culpable than the plaintiff's. *Id.*

The rule also requires that "[t]he plaintiff's injury must have been suffered while and as a proximate result of committing an illegal act." *Id.* at 215.

 **[1]**   Here, the district court did not engage in a complete analysis of whether the wrongful conduct doctrine applies. The court simply found that Plaintiff's criminal act—unarmed robbery—was a serious crime and that the crime was a proximate cause of his injuries. The court did not consider whether Costco's actions were more culpable than Plaintiff's conduct. Because Plaintiff argued that Costco used unreasonable force (and therefore its conduct was more culpable than his own), and because this is a way that a complainant can avoid the wrongful conduct bar, the district court's failure to make a finding on this issue was erroneous.

 **[2]**   Plaintiff also argues that the judicially-created wrongful conduct doctrine has been abrogated by the Michigan legislature. He points to a statute which explicitly provides that a merchant can be held liable in a civil action for assault and battery if the plaintiff establishes that the force used by the merchant was unreasonable. *See* Mich. Comp. Laws § 600.2917(1). The Michigan Court of Appeals is the only judicial body to have addressed this issue and, in a divided opinion, the court held that § 600.2917(1) only applies if the plaintiff's cause of action is not barred by the wrongful conduct rule. *See, e.g.,* Stolicker v. Kohl's Dep't Stores, Inc., 2012 WL 676391, at *2 (Mich.Ct.App. March 1, 2012). Because it is an open question whether the wrongful conduct rule remains in force, we find it prudent to address whether Plaintiff can maintain his cause of action under Michigan statutory law. *See* Andrews v. Columbia Gas Transmission Corp., 544 F.3d 618, 624 (6th Cir.2008) (explaining that decisions of a state's highest court are binding, while those of an intermediary appellate court are merely persuasive).

To prevail against Costco on his assault and battery claim, Plaintiff must establish that the force employed was unreasonable. *See* Mich. Comp. Laws §§ 600.2955b(1), (2)(b). In a suit of this nature, it is the province of the court—not a jury—to determine whether the force used was reasonable **\*518** under the circumstances. *Id.* at § 600.2955b(2)(b). The law provides that the court "shall dismiss" the plaintiff's action with prejudice if "the court finds that the particular defendant ... [u]sed a degree of force that a reasonable person would believe to have been appropriate to prevent or respond to the commission of a felony."[1] *Id.* at §§ 600.2955b(1), (2)(b). In making this inquiry, the court "shall not consider the fact that the defendant may not have known that the plaintiff's actions or attempted actions would be the commission of a felony." *Id.* at 600.2955b(2)(b).

We leave it to the district court to make the reasonableness determination in the first instance. We note that it is within the district court's discretion to reopen discovery to allow the parties to submit additional evidence concerning the circumstances of the alleged assault and the injuries Plaintiff allegedly suffered as a result. Although there is video surveillance footage, part of the

encounter takes place off-camera. Additional deposition testimony, Plaintiff's medical records, and any written reports made by Costco or the police may shed light on the amount of force used to apprehend Plaintiff, and thus might assist the district court in making the reasonableness determination.

### III.

For the foregoing reasons, we **REVERSE** the district court's judgment, and **REMAND** for further proceedings consistent with this opinion.

**All Citations**

627 Fed.Appx. 515

### Footnotes

1     Costco's counsel contended at oral argument before this Court that any amount of force utilized against Plaintiff should be deemed reasonable; needless to say, that argument is not legally sustainable.

---

**End of Document**     © 2021 Thomson Reuters. No claim to original U.S. Government Works.