Case 4:17-cv-13292-LVP-FAS ECF No. 193-6, PageID.6150 Filed 07/22/21 Page 1 of 4

Moody v. Michigan Gaming Control Board, Not Reported in Fed. Supp. (2019)
2019 WL 1237087

2019 WL 1237087
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Southern Division.

John MOODY, et al., Plaintiffs,
v.
MICHIGAN GAMING CONTROL BOARD, et al., Defendants.

Case No. 12-cv-13593
|
Signed 03/18/2019

**Attorneys and Law Firms**

[Cynthia Heenan](#), [Hugh M. Davis, Jr.](#), Constitutional Litigation Associates, Detroit, MI, [James L. Feinberg](#), James L. Feinberg & Associates, Southfield, MI, for Plaintiffs.

[Felepe H. Hall](#), [Jason A. Geissler](#), MI Dept. of Attorney General, Lansing, MI, for Defendants Michigan Gaming Control Board, Richard Kalm, Gary Post, Daryl Parker, Richard Garrison, Billy Lee Williams, John Lessnau, Al Ernst.

[Michael G. Frezza](#), Michigan Department of Attorney General, Detroit, MI, [Jason A. Geissler](#), Michigan Attorney General, Lansing, MI, for Defendant Michigan Department of Attorney General.

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO ALLOW LIMITED ADDITIONAL DISCOVERY [#207] AND MOTION TO DEPOSE NON-PARTY WITNESSES THOMAS DECLERCQ AND ERIC PERTUNNEN [#208]

Hon. [Gershwin A. Drain](#), United States District Court Judge

### I. INTRODUCTION

*1 Plaintiffs initiated this action on August 14, 2012, alleging several civil rights violations under [42 U.S.C. § 1983](#). Dkt. No. 1. Since then, litigation has spanned more than six years. Relevant to the matter at hand, the discovery cut-off date in this case was May 1, 2013. *See* Dkt. No. 43. Now, Plaintiffs ask the Court to reopen discovery, so they can obtain evidence from several non-party witnesses.

Case 4:17-cv-13292-LVP-FAS ECF No. 193-6, PageID.6151 Filed 07/22/21 Page 2 of 4

Moody v. Michigan Gaming Control Board, Not Reported in Fed. Supp. (2019)
2019 WL 1237087

Present before the Court are Plaintiffs' Motion to Allow Limited Additional Discovery [#207] and Motion to Depose Non-Party Witnesses Thomas DeClercq and Eric Perttunen [#208]. The Court will resolve both Motions without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will DENY Plaintiffs' Motions [#207, #208].

## II. LEGAL STANDARD

"District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Indeed, Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Accordingly, courts consider the following five factors when determining whether to reopen discovery: (1) whether the movant has demonstrated good cause; (2) whether the need for additional discovery was precipitated by the neglect of the movant or by the party opposing the motion to reopen; (3) the specificity of the discovery that is sought; (4) the relevancy of the discovery being sought; and (5) whether the party opposing the motion will be prejudiced. *Victory Lane Quick Oil Change, Inc. v. Hoss*, 2009 WL 777860, at *1 (E.D. Mich. Mar. 20, 2009).

## III. DISCUSSION

Plaintiffs ask the Court to reopen discovery so that they can depose additional witnesses with testimony relevant to damages. Dkt. No. 207. Further, Plaintiffs ask for permission to depose non-party witnesses Thomas DeClercq and Eric Perttunen. Dkt. No. 208. Plaintiffs, however, fail to demonstrate good cause for these requests.

    A. Damages Witnesses

Plaintiffs assert that the need for additional discovery regarding damages flows from the actions of, among other things, Defendants Richard Kalm and Gary Post, who allegedly made "disparaging statements" about Plaintiffs sometime after discovery closed in this case. Dkt. No. 207, p. 6 (Pg. ID 4398). Plaintiffs maintain that the remarks had the effect of continuing to damage Plaintiffs' reputations and interfere with their ability to obtain employment. *Id.* But notably, Plaintiffs fail to specify what those damaging statements entailed.

In addition, Plaintiffs argue that as a result of their unlawful suspensions and exclusions from the harness-racing industry, they have been unable to regain the same level of employment, even after their exclusion orders were lifted and their licenses were reinstated four years later. *See* Dkt. No.

Case 4:17-cv-13292-LVP-EAS ECF No. 193-6, PageID.6152 Filed 07/22/21 Page 3 of 4

Moody v. Michigan Gaming Control Board, Not Reported in Fed. Supp. (2019)
2019 WL 1237087

216, pp. 1-3 (Pg. ID 4493-95). Hence, Plaintiffs assert that they need additional discovery to prove these continuing damages. *Id.* at p. 3 (Pg. ID 4495).

**\*2** Here, the Court will Deny Plaintiffs' request to reopen discovery for several reasons. First, Plaintiffs effectively argue that the Court should reopen discovery because the lasting effects of Defendants' alleged constitutional violations are never-ending. This, however, does not justify further delaying the case. Second, given that Plaintiffs fail to provide any detail about the alleged "disparaging statements" coming from Defendants Kalm and Post, the Court cannot conclude that the need for this additional discovery was indeed precipitated by the Defendants. Third, as revealed in their reply brief, Plaintiffs seek to depose an unknown number of potential witnesses on a broad range of topics. *See* Dkt. No. 216. This therefore has the potential to turn into an investigation lacking any specificity. Finally, this case has been ongoing for more than six years. Any further delay, even the slightest, is bound to cost Defendants additional time and expense to defend this matter. Accordingly, the Court finds that Plaintiffs fail to demonstrate good cause to reopen discovery.

### B. Detective Thomas DeClercq

Next, Plaintiffs ask for permission to depose Detective Thomas DeClercq, arguing he is a critical witness on both parties' witness lists. Dkt. No. 208, p. 3 (Pg. ID 4402). Plaintiffs claim that it is in the interest of judicial economy to allow this deposition because it will refine the facts and issues in the case, possibly lead to undiscovered evidence, and help address objections and/or claims of privilege in advance of trial. *Id.* But again, Plaintiffs have failed to establish good cause to reopen discovery.

"[T]he court's primary inquiry in determining whether there is good cause to justify reopening discovery for the purpose of deposing [witnesses]" is whether "Plaintiff diligently attempted to depose them during the discovery period or whether Plaintiff's failure to conduct such depositions ... was caused by Plaintiff's dilatoriness." *Carter v. City of Detroit*, 2015 WL 3678433, at \*2 (E.D. Mich. June 12, 2015).

Here, the Court already denied an earlier request from Plaintiffs to reopen discovery and depose Detective DeClercq. *See* Dkt. No. 171, p. 5 (Pg. ID 4130). The Court denied that request because Plaintiffs failed to conduct Detective DeClercq's deposition within the allotted time. *Id.* Importantly, the Court held, "Plaintiffs' dilatoriness prevented the deposition from occurring." *See id.* Finding no good cause to reverse its prior decision, the Court will again deny Plaintiffs' request.

### C. Retired Racing Steward Eric Perttunen

Finally, Plaintiffs seek to depose retired racing steward Eric Perttunen, alleging he is a relevant witness with respect to Defendants' liability on and the damages stemming from Plaintiffs' Fifth

Case 4:17-cv-13292-LVP-EAS ECF No. 193-6, PageID.6153 Filed 07/22/21 Page 4 of 4

**Moody v. Michigan Gaming Control Board, Not Reported in Fed. Supp. (2019)**
2019 WL 1237087

Amendment claims. Dkt. No. 212, pp. 1-2 (Pg. ID 4449-50). However, even assuming Perttunen would provide relevant deposition testimony, Plaintiffs have not explained why they failed to depose him before the May 1, 2013 discovery cut-off date. Consequently, the Court finds no good cause to reopen discovery.

## IV. CONCLUSION

For the reasons stated herein, the Court will DENY Plaintiffs' Motion to Allow Limited Additional Discovery [#207] and Motion to Depose Non-Party Witnesses Thomas DeClercq and Eric Perttunen [#208].

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1237087

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.