# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**AFT MICHIGAN,**

      **Plaintiff,**           **Case No. 17-cv-13292**

**v.**                       **Honorable Linda V. Parker**

                             **Magistrate Judge Elizabeth A. Stafford**

**PROJECT VERITAS, ET AL.**

      **Defendants.**

_____

## PROJECT VERITAS PARTIES' RESPONSE TO PLAINTIFF'S MOTION <u>TO REOPEN DISCOVERY AND OTHER MATTERS</u>

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ......................................................................... ii

MOST CONTROLLING AUTHORITY ................................................... iii

STATEMENT OF THE ISSUE PRESENTED....................................... iv

ARGUMENT ..................................................................................................1

I.    AFT Michigan's Alleged Subpoena Is Procedurally Defective and Presumptively Prejudicial. ................................................................1

II.   AFT Michigan's Attempt to Issue and Serve a Subpoena Violated the Scheduling Order and Prior Stipulated Entries with this Court.....................5

III.  AFT Michigan's Motion Violates the Stipulated Protective Order.............6

IV.  There is No Cause to Reopen Discovery More Than A Year Later............8

    A.    AFT Michigan's Motion Contains Factual Inaccuracies and Misrepresentations.........................................................................9

    B.    AFT Michigan Has Not Demonstrated Good Cause.............................12

    C.    The Alleged Need for Additional Discovery Was Precipitated by the Neglect of AFT Michigan. ....................................................14

    D.    AFT Michigan's Proposed Discovery is Non-Specific and Open Ended. ...............................................................................................16

    E.    AFT Michigan's Proposed Discovery is Irrelevant...............................18

    F.    The Project Veritas Parties Will be Prejudiced If AFT Michigan's Motion is Granted.....................................................................19

CONCLUSION ..........................................................................................20

# INDEX OF AUTHORITIES

## Cases

*Bradford v. DANA Corp.,* 249 F.3d 807 (8th Cir.2001) ...........................................13

*Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549 (E.D. Penn. 2010)3, 4

*Est. of Romain v. City of Grosse Pointe Farms*, No. 14-12289, 2016 WL 9077688 (E.D. Mich. Oct. 13, 2016) ...................................................................................2

*Fabery v. Mid-South OB-GYN,* 2008 WL 2097378 (W.D. Tenn. 2008).................5

*Florida Media Inc. v. World Publications, LLC*, 236 F.R.D. 693 (M.D. Fla. 2006) 4

*Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002) ...........................................12

*Martin v. Oakland Cty.*, No. 2:06-CV-12602, 2008 WL 4647863 (E.D. Mich. Oct. 21, 2008) ............................................................................................................5

*Martinez v. Taret Corp.*, 278 F.R.D. 452 (D. Minn. 2011) .................................4, 19

*Moody v. Michigan Gaming Control Bd.*, No. 12-CV-13593, 2019 WL 1237087 (E.D. Mich. 2019) ..............................................................................................8, 9

*Sys. Prod. & Sols., Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385 (E.D. Mich. Aug. 8, 2014)..............................................................................................3

*Underwood v. Riverview of Ann Arbor,* No. 08–CV–11024–DT, 2008 WL 5235992 (E.D. Mich. Dec.15, 2008).......................................................................3

## Rules

Fed. R. Civ. P. 1 ....................................................................................................20

Fed. R. Civ. P. 11 ................................................................................................6, 11

Fed. R. Civ. P. 16 ................................................................................................6, 8

Fed. R. Civ. P. 45 ................................................................................................1, 3

Fed. R. Civ. P. 5.2 ..................................................................................................8

## MOST CONTROLLING AUTHORITY

Fed. R. Civ. P. 16(b)(4), (f)(1)(C)

Fed. R. Civ. P. 45(a)(4)

Fed. R. Civ. P. 11(b)(1), (b)(3)

*Martin v. Oakland Cty.*, No. 2:06-CV-12602, 2008 WL 4647863 (E.D. Mich. Oct. 21, 2008)

*Moody v. Michigan Gaming Control Bd.*, No. 12-CV-13593, 2019 WL 1237087 (E.D. Mich. Mar. 18, 2019)

## STATEMENT OF THE ISSUE PRESENTED

Should the Court reopen discovery in this matter by granting AFT Michigan's motion "to depose material witness Richard Seddon," which misrepresents various facts of this case, violates the scheduling order and the stipulated protective order, contains an apparent violation of Federal Rule of Civil Procedure 45, and otherwise fails to demonstrate good cause?

**Defendants' Answer: No.**

## ARGUMENT

Discovery in this matter is complete—and has been complete for over one year—but for a few outstanding items.  *See* ECF No. 157 (Project Veritas Parties' Objections to Magistrate Judge's Opinion and Order); ECF No. 158 (Non-Party Randi Weingarten's Objections to Magistrate Judge's Opinion and Order).  After violating the current scheduling order and stipulated agreement of the parties by issuing and allegedly serving a third-party subpoena, AFT Michigan seeks leave of this Court (with exhibits that violate the stipulated protective order) to depose a non-party in Wyoming and, apparently (though unmentioned in its motion), to collect documents from him.  It is a motion to reopen discovery for what AFT Michigan hopes to be yet another pond in its limitless fishing expedition.  AFT Michigan's motion is without merit and should be denied by this Court, and AFT Michigan should not be permitted to reopen discovery at this time.

## I.   AFT Michigan's Alleged Subpoena Is Procedurally Defective and Presumptively Prejudicial.

If a subpoena seeks "documents, electronically stored information, or tangible things," Federal Rule of Civil Procedure 45 requires notice and a copy of the subpoena to each party before service. Fed. R. Civ. P. 45(a)(4).  To date, despite a request from Defendants Project Veritas and Marisa Jorge (the "Project Veritas Parties") for a copy of the subpoena even *after* its alleged service, AFT Michigan's

1

counsel has still not provided one. *See* **Exhibit A**.[1]  This not only reinforces the problem of AFT Michigan declining to confer with the Project Veritas Parties before its first and second filings of the motion in question but belies the argument that the Project Veritas Parties will not be prejudiced by granting AFT Michigan's motion. *See* ECF No. 192; *see infra* part IV(F).

A notice of deposition provided by opposing counsel states "[t]he deponent [Seddon] is required to bring with him to the deposition any document, whether tangible or electronic, relating to work performed for or on behalf of Project Veritas; any document relating to compensation paid by Project Veritas for services performed for it." **Exhibit B**.[2]  But the Project Veritas Parties cannot confirm whether this is demanded by the actual subpoena, because Plaintiff has yet to provide the Project Veritas Parties with a copy of it. *Cf. Est. of Romain v. City of Grosse Pointe Farms*, No. 14-12289, 2016 WL 9077688, at *3 (E.D. Mich. Oct. 13, 2016) (finding no prejudice in the event of late notice because the party was actually able to pursue a motion to quash).

AFT Michigan makes no mention as to whether the subpoena is for documents in its present motion, but claims it is only seeking a deposition.  AFT Michigan

---

[1] AFT Michigan's motion, though including a copy of an alleged service return, does not include a copy of the subpoena.  ECF No. 193-2, PageID.6137.

[2] If this is the actual language included the subpoena, it is facially overbroad and Project Veritas most certainly has a personal interest in "any document, whether tangible or electronic, relating to work performed for or on [its] behalf[.]"

states: "This is a very specific request. Plaintiff's application seeks only leave to take a deposition of one key witness." ECF No. 193, PageID.6131. But this seems to be untrue and misleading, as AFT Michigan also seeks potentially irrelevant documents affecting the Project Veritas Parties, and potentially even documents over which Defendants could conceivably assert a privilege.

A party may challenge a third party subpoena when "it can demonstrate a personal interest or claim a privilege[.]" *Sys. Prod. & Sols., Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) (citing *Underwood v. Riverview of Ann Arbor,* No. 08–CV–11024–DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec.15, 2008)). The Project Veritas Parties cannot do this without a copy of the subpoena. Moreover, the notice requirement is "intended to achieve the original purpose of enabling the other parties to object *or* to serve a subpoena for additional materials." Fed. R. Civ. P. 45 (Advisory Committee Notes, 2013 Amendment). The Project Veritas Parties cannot do this, either, without having been provided a copy of the subpoena.

Persuasive caselaw from other federal courts applying the same rule is helpful. In *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Penn. 2010), the federal court stressed that "[t]he term 'prior notice' means notice prior to service of the subpoena on the non-party, rather than prior to document production." This is meant "to afford other parties an opportunity to object to the production or

3

inspection and to obtain the materials at the same time as the party who served the subpoena." *Id.* That court stressed that the unique ability to invoke the Court's power through a subpoena called for additional diligence, and that "the loss of the opportunity to object prior to the release of the information" causes injury to a party. *Id.* Moreover, misuse of the subpoena process "compromises the integrity of the court's process." *Id.* In such cases, courts have not only quashed improperly issued subpoenas, but have considered sanctions. *Id.* at 552–56.

Other federal courts have likewise held that when a party "was obligated to give prior notice to Defendant by serving opposing counsel with the subpoenas," but "failed to do so," then the "subpoenas are void and unenforceable." *Florida Media Inc. v. World Publications, LLC*, 236 F.R.D. 693 (M.D. Fla. 2006). Yet other courts have held that any argument that a party who was not provided prior notice failed to show prejudice "misses the point." *Martinez v. Taret Corp.*, 278 F.R.D. 452, 453 (D. Minn. 2011). Such prejudice is "anticipated by Rule 45(b)(1)." *Id.* Therefore, when prior notice was not provided, the discovery sought should not be permitted. *Id.*

Because discovery is already closed, the motion for permission to conduct the deposition in question should be denied on those grounds alone. Additionally, AFT Michigan's disregard for notice under Federal Rule of Civil Procedure 45 calls for

the denial of its motion.  The allegedly served subpoena itself should be declared null and void and unenforceable.

## II.    AFT Michigan's Attempt to Issue and Serve a Subpoena Violated the Scheduling Order and Prior Stipulated Entries with this Court.

"Plaintiff acknowledges that discovery in this matter closed on June 30, 2020." ECF No. 193, PageID.6130.  Yet AFT Michigan invoked the power of this Court and issued a subpoena anyway and alleges to have served it on a non-party. *See* ECF No. 193-2.  Notably, AFT Michigan stipulated more than a year ago to extend discovery to July 31, 2020, "but only for the taking of depositions properly and timely noticed and served within the current June 30th[, 2020] fact discovery deadline[.]"  ECF No. 145, PageID.3829-3831 (stipulated).  That is, AFT Michigan stipulated, in an entry with this Court, that no additional discovery would take place outside of that deadline.

AFT Michigan's motion should be denied for violating the scheduling order. *See Martin v. Oakland Cty.*, No. 2:06-CV-12602, 2008 WL 4647863, at *1–*2 (E.D. Mich. Oct. 21, 2008) (citing *Fabery v. Mid-South OB-GYN,* 2008 WL 2097378 (W.D. Tenn. 2008)) ("The case law cited above makes it clear that a subpoena cannot be issued once discovery has closed.  As such, the Court must quash the subpoena."). And because discovery was closed, it is questionable whether any party had the right or authority to issue a subpoena invoking this Court's power.  At the very least, AFT Michigan concedes that the subpoena was issued after discovery closed.

5

Bradford Murray, of the American Federation of Teachers ("AFT National"), signed the affidavit attached to AFT Michigan's motion that provided the basis for it. ECF No. 193-1. He allegedly enjoys the benefit of a "common interest agreement" between AFT National and AFT Michigan that allegedly provides attorney-client privilege and work product protections. ECF No. 138, PageID.3644-3646; ECF No. 138-1; ECF No. 152, PageID.3933-3935; *but see* ECF No. 157, PageID.4301-4304. AFT Michigan's counsel was thus aware—or, at least, should have been aware—of Murray's "three year effort to locate" Richard Seddon when he agreed to complete discovery more than a year ago with clear, limited exceptions. ECF No. 193-1, PageID.6135 (¶10); ECF No. 145, PageID.3829-3831. AFT Michigan has disregarded its conferral obligations, notice obligations, prior agreement with the Project Veritas Parties, a prior stipulated entry to this Court, and this Court's scheduling order. AFT Michigan's motion should be denied, and its disregard of so many procedural obligations should be considered bad faith. *See* Fed. R. Civ. P. 11(b)(1); *see also* Fed. R. Civ. P. 16(f)(1)(C) (providing sanctions for failure to obey a scheduling order).

### III.    AFT Michigan's Motion Violates the Stipulated Protective Order.

As the Court recognized, AFT Michigan failed to confer before filing its motion. ECF No. 192; *see* Exh. A. AFT Michigan also repeatedly filed material designated "**Confidential**" pursuant to the stipulated protective order. *See* ECF No.

89. These documents are currently located at ECF No. 193-3, PageID.6140 and ECF No. 193-4, PageID.6144. Pages 35-36 of James O'Keefe's deposition were designated confidential on March 2, 2020. *See* **Exhibit C** (reflecting electronic mail delivery of designated deposition transcripts). Page 167 of Marisa Jorge's deposition was designated on February 7, 2020. *Id.* With Mr. O'Keefe's deposition transcript, AFT Michigan apparently avoided the "Confidential" marking by including the condensed transcript as an exhibit rather than full-sized transcript, since the former does not carry the "Confidential" markings, but the pages in question were no less designated. ECF No. 193-4, PageID.6144. This may simply be negligence, though it is still part of a pattern of disregard exhibited by AFT Michigan in this case.

As to its use of Ms. Jorge's transcript, AFT Michigan knowingly went ahead and redacted part of a page marked "Confidential" without any consultation with the Project Veritas Parties as to the lines the Plaintiff included unredacted in a public filing. ECF No. 193-3, PageID.6140. AFT Michigan simply decided on its own without discussion with the other parties that those unredacted lines were not confidential. This constitutes flagrant disregard of the stipulated protective order. *See* ECF No. 89, PageID.2308-2309 (detailing conferral requirement to challenge designations). On these grounds alone the filing should be stricken in its entirety.

When AFT Michigan first filed its motion, the Project Veritas Parties had to point out to AFT Michigan that it had improperly included the name of a young child in their motion papers, in violation of Federal Rule of Civil Procedure 5.2, which led to AFT Michigan striking that document and refiling it. AFT Michigan has now filed this same motion three (3) times, and it still includes improper disclosures. Nor is this the first time that AFT Michigan has had to strike documents because it improperly managed confidential material. *See* ECF No. 133. At this point, keeping up with AFT Michigan's disregard for the rules and court orders is becoming difficult. That the Plaintiff cannot be trusted with the confidential information it has already received in this case strongly weighs against reopening discovery. The motion should be denied and stricken for a third time.

## IV.    There is No Cause to Reopen Discovery More Than A Year Later.

In the event the Court reaches the merits of AFT Michigan's motion, there is no reason to modify the scheduling order entered by the Court and to reopen discovery for matters that were not served prior to the close of discovery over one year ago. Fed. R. Civ. P. 16(b)(4); *see Moody v. Michigan Gaming Control Bd.*, No. 12-CV-13593, 2019 WL 1237087, at *1 (E.D. Mich. 2019).

> [C]ourts consider the following five factors when determining whether to reopen discovery: (1) whether the movant has demonstrated good cause; (2) whether the need for additional discovery was precipitated by the neglect of the movant or by the party opposing the motion to reopen; (3) the specificity of the discovery that is sought; (4) the relevancy of the discovery being

sought; and (5) whether the party opposing the motion will be prejudiced.

*Moody*, 2019 WL 1237087 at *1.  None of these considerations warrant serving, deposing, and gathering documents from the non-party in question and otherwise reopening discovery.

### A. AFT Michigan's Motion Contains Factual Inaccuracies and Misrepresentations.

AFT Michigan wants more discovery, but it misrepresents the discovery it has already undertaken.  It claims Richard Seddon was "a participant to the decision to infiltrate AFT Michigan[.]"  ECF No. 193, PageID.6128.  But nowhere in either Ms. Jorge's or Mr. O'Keefe's depositions—the only evidence presented by AFT Michigan in its motion—is this even suggested.  To the contrary, Ms. Jorge testified as follows:

> Q. When did you first learn that Project Veritas was considering an action in Michigan?
>
> A. I believe it was Spring of 2017, and it was just teachers unions in general.
>
> Q. Who told you about the Michigan operation?
>
> A. Well, no one told me about the Michigan operation; I, initially, came up with the idea of Michigan.
>
> Q. So it was your idea to conduct an investigation in the state of Michigan of teacher unions?
>
> A. Yes.

**Exhibit D** (Jorge Depo. 66:7-16).

Neither is AFT Michigan's claim here evinced in the extensive documents produced by the Project Veritas Parties in this matter, which indicate Seddon's supervisory role over Ms. Jorge's news investigation of AFT Michigan did not begin until August, 2017, months after Ms. Jorge began the internship and just weeks before the filing of this lawsuit.  *See* **Exhibit E** at 1.[3]  The documents reflect that until then, Ms. Jorge was supervised directly by Sam Chamberlain (who AFT Michigan has already deposed) and another contractor.  *Id.*  Ms. Jorge did not even include Mr. Seddon on an e-mail regarding the investigation until late July, 2017.  *Id* at 3.[4]

Despite AFT Michigan's unsubstantiated suggestions, the evidence shows that Seddon was *not* Ms. Jorge's direct supervisor at the time that the AFT Michigan news investigation was planned, and was not involved in any way for most of its execution.[5]  And as with most of Mr. Murray's sworn declaration attached to AFT Michigan's brief, there is no substantiation for the assertion that Seddon was "*the* person who supervised Defendant Marissa [sic] Jorge while the infiltration of AFT

---

[3] The Project Veritas Parties de-designated the pages of the documents included in Exhibit E prior to this filing.

[4] The July 21, 2017 e-mail included in this exhibit was used as an exhibit by AFT Michigan's counsel in the deposition of Ms. Jorge.

[5] Project Veritas's Executive Director at the time of the news investigation testified that Seddon "served for a short time as the interim field director" at Project Veritas. **Exhibit F** (Verney Depo. 25:14-19).

Michigan *was being planned*." ECF No. 193-1, PageID.6135 (¶5) (emphases added).

As to AFT Michigan's claim that it seeks "persons associated with the decision to infiltrate AFT Michigan" or "planning the infiltration[,]"[6] this is also evinced in document production, and AFT Michigan already knows all of their names and has deposed them. ECF No. 193, PageID.6129. There remains a discovery dispute over AFT Michigan's efforts to expose Project Veritas donors based on e-mails sent not only after the investigation but after the filing of this lawsuit. Nevertheless, AFT Michigan is already aware of every person who participated in the planning and execution of the news investigation.

AFT Michigan also claims without evidence that Mr. Seddon "was compensated by a third party[,]" implying that such compensation was for his work for Project Veritas. ECF. No. 193, PageID.6129. "Mr. O'Keefe claimed not to know who paid Seddon." *Id.* This presentation of Mr. O'Keefe's testimony borders on fabrication. *See* Fed. R. Civ. P. 11(b)(3). His testimony is attached here *sans* pages designated "confidential." **Exhibit G** (O'Keefe Depo. 26:11-28:24). Mr. O'Keefe simply did not know whether Richard Seddon was an independent contractor or an

---

[6] AFT Michigan also states that it seeks "the persons who provided economic support for the action." This statement further demonstrates that AFT Michigan is not merely seeking to depose Seddon, but rather to reopen discovery for subpoenas and depositions of the phantoms it believes Seddon might identify. When and where AFT Michigan's exploration will end is unknown.

employee.  *Id.*  Russell Verney, to whom Mr. O'Keefe deferred, testified that Mr. Seddon worked for Project Veritas as an independent contractor.  Exh. F (Verney Depo. 20:13-16; 25:25-26:3; 26:22-27:7).  AFT Michigan's counsel did not explore payment to Mr. Seddon when deposing Mr. Verney, but his testimony indicated other independent contractors were paid by Project Veritas. *Id.* (Verney Depo. 22:6-23).  Beyond the fact that AFT Michigan's assertions do not reflect the evidence, this entire discussion fails to establish the relevance of any of this to the case at hand.

There are no mysteries as to the relevant facts of this case.  AFT Michigan has no factual basis for deposing Mr. Seddon and has provided no elements of their causes of action that would be illuminated from further discovery.  Instead, AFT Michigan relies on obfuscation and fabrication.  Plaintiff's misrepresentations to this Court raise important questions as to the level of good faith behind their request for more discovery.

### B. AFT Michigan Has Not Demonstrated Good Cause

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)).  AFT Michigan suggests (via declaration attached to its motion) that Mr. Seddon is a "critical

witness[,]"[7] but offers only that it or its agents "made efforts" to locate Seddon during discovery.  ECF No. 193-1, PageID.6135 (¶6).

Discovery in this matter began on October 17, 2018 and lasted nearly two years.  *See* ECF No. 85; ECF No. 145, PageID.3829-3830.  The closest AFT Michigan comes to evincing diligence is the claim that subpoenas were issued and it attempted to serve Seddon in March, 2020 and again in June, 2020, in the final months of the discovery period.  *Id.* (¶6).  AFT Michigan does not explain why these subpoenas were issued so late after discovery began, or so late following Ms. Jorge's deposition in December, 2019 and Mr. O'Keefe's in January, 2020, the sole evidence on which AFT Michigan's counsel now relies.[8]  *See* ECF No. 193, PageID.6128-6129.  Nor does it state why such subpoenas were not served.  AFT Michigan offers no explanation of what efforts, if any, were undertaken in the 13 months after the June, 2020 subpoena or why it was even undertaking any efforts over a year after the close of discovery.

AFT Michigan has not presented good cause for re-opening discovery. Instead, it simply ignored the case management order and Federal Rule of Civil

---

[7] AFT Michigan never truly explains why Mr. Seddon is a critical witness, or what elements of their claims cannot be established but for his testimony.

[8] Lockdowns and other responses to the COVID-19 epidemic that disrupted this case did not begin until March, 2020.  Moreover, by the time of both Ms. Jorge and Mr. O'Keefe's depositions months prior, AFT Michigan's counsel was already well aware of Richard Seddon's name and role in the investigation from the Project Veritas Parties' document production.

Procedure 45 and when that was pointed out, it then asked the Court, after the fact, to reopen discovery.  The issuance of the current subpoena was improper and AFT Michigan has not presented good cause for its motion.

### C. The Alleged Need for Additional Discovery Was Precipitated by the Neglect of AFT Michigan.

AFT Michigan's motion includes the affidavit of one Bradford Murray, who presents himself as someone with "extensive experience conducting background and public records investigations[.]"  This same Mr. Murray is a union staffer who was previously held out as a "paralegal" for purposes of this case.  *See* **Exhibit H**; ECF No. 193-1, PageID.6135 (¶2).  Murray himself attended the very depositions in which Mr. Seddon was discussed and, according to AFT Michigan, made relevant. *See* Exh. D (Jorge Depo. 3:13-15); Exh. G (O'Keefe Depo. 3:20-22); ECF No. 193, PageID.6128-6129.  Thus, whatever the relationship between AFT National and AFT Michigan's counsel in this matter, both AFT Michigan and Mr. Murray were on notice of Mr. Seddon.

Despite the fact that AFT Michigan now says that Mr. Seddon is a critical witness, AFT Michigan presents no evidence that it ever hired a private investigator, employed a process server (prior to June, 2021), or paid for any easily accessible sources for locating him.  Instead, it relied upon a supposed paralegal's experience "examin[ing] the public records of thousands of people and companies," which appears to be akin to experience with surfing the internet.  ECF No. 193-1,

PageID.6135 (¶2).  To confuse, as Murray does, "us[ing] a mail forwarding services [sic]" or registering a car through a limited liability company—activities of many Americans—with "extreme measures to hide [one's] identity and location" just drives home that anyone Murray cannot find online probably fits the bill.  That AFT Michigan did no more than ask a staffer to perform online searches illustrates its neglect.

The Project Veritas Parties completed document production by the end of September, 2019.  They then expeditiously scheduled and completed depositions for relevant party witnesses for both sides.  Project Veritas made available to Plaintiffs any employee requested, the president of its organization, and even a board member with next to no knowledge of this investigation, who all sat through depositions across three different states.  There was no neglect by Project Veritas.

AFT Michigan, on the other hand, demonstrates neglect in its own filing.  Murray claims "efforts to locate Mr. Seddon beg[an] with the *onset of* this litigation," which dates to September, 2017.  ECF No. 193-1, PageID.6135 (¶6) (emphasis added).  If such was the case, Murray should have provided details of his efforts since then.  It also raises the question of why AFT Michigan did not disclose Mr. Seddon in its initial disclosures as a person likely to have discoverable information if it was already searching for him at that point and now claim he is a "critical witness."  *See* **Exhibit I**.  Nor does it explain why, if Mr. Seddon is a

15

"critical witness," AFT Michigan did not list Seddon on its witness list, filed one-and-one-half years after the onset of this litigation. *See* ECF No. 92, PageID.2335-2336.

AFT Michigan's story does not add up. It claims to have been searching for Mr. Seddon since 2017 because he is a "critical witness," yet it did not identify him as such in this matter until now. It made desultory efforts late in discovery to send him a subpoena, then did not appear to do anything for a year's time other than perhaps some online searches before it sent someone to his alleged house. AFT Michigan's alleged need here—and the Project Veritas Parties reiterate there is no need to begin with—was precipitated by its own neglect.

### D. AFT Michigan's Proposed Discovery is Non-Specific and Open Ended.

As discussed previously, AFT Michigan is seeking a deposition to bolster a false narrative. *See supra* part IV(A). It wants to depose someone who "is likely to expose the details behind the decision to infiltrate AFT Michigan" but has no evidence—indeed, only droves of evidence to the contrary—that Seddon had any role in that decision whatsoever. ECF No. 193, PageID.6132. Returning to AFT Michigan's violation of Rule 45, if the Plaintiff is, in fact, also seeking every document in Seddon's possession that relates to his work with Project Veritas, then this proposed discovery is as non-specific as it comes. *See supra* part II; Exh. B. Moreover, as already pointed out, AFT Michigan also states in passing that it also

16

wishes to seek "the persons who provided economic support for the action," indicating that it has no intent to stop with Mr. Seddon.

AFT Michigan does not establish any grounds for specific information that Mr. Seddon would possess. Certainly none that was not already produced or that could not have been elicited from the plethora of witnesses already deposed. In fact, much of what AFT Michigan claims it needs to seek from deposing Mr. Seddon has already been provided:

- AFT Michigan alleges that it must depose Seddon because he communicated with Ms. Jorge, but Project Veritas has already produced all of the communications between those individuals that relate to its news investigation of AFT Michigan.

- It notes that Seddon "submitted reports regarding infiltration of AFT Michigan," but those reports have already been produced and Ms. Jorge has already been deposed and asked questions about them.

- It alleges that Seddon has knowledge of the planning of the infiltration, but Ms. Jorge has already testified that in fact it was she who planned it before Seddon was even involved. There are no documents that reflect Seddon's involvement in the investigation until July, 2017.

- Plaintiff alleges that Mr. Seddon will have knowledge of "how the documents stolen from AFT Michigan were reviewed." But no documents were stolen, and Ms. Jorge already testified as to the copying and reviewing of documents, as did Mr. Robert Halderman.

- The motion alleges that Mr. Seddon's "testimony will likely point to persons associated with the decision to infiltrate AFT Michigan." But AFT Michigan already knows the names of all of those people.

- Plaintiff claims that deposing Mr. Seddon will reveal "why AFT Michigan was chosen as a target," but again, Mr. Seddon was not involved in that process.

- The very fact that AFT Michigan cannot cite any evidence that Mr. Seddon will have knowledge as to any of these facts simply underscores that it does not know what Mr. Seddon may or may not say, but wants to try to find out. This is the definition of a fishing expedition.

These requests are broad and there is no evidence that this witness can even testify to these topics.  There is also no indication that AFT Michigan intends to stop its exploration with Mr. Seddon.  The request is not specific.

### E. AFT Michigan's Proposed Discovery is Irrelevant.

AFT Michigan offers sparse details of the relevance of the discovery it seeks, but its irrelevance is apparent.  "Plaintiff's claims include allegations of civil conspiracy and fraud."  ECF No. 193, PageID.6132.  But AFT Michigan has not pointed to any cause of action that may be furthered by this additional deposition. Nor has it attempted to establish that this deposition would further its amorphous damages theory, which boils down to "*time* consuming and divert[ing] staff from their customary work . . . includ[ing] the cost of staff time including salary and benefits" by virtue of Ms. Jorge's presence at AFT Michigan.  ECF No. 154-10, PageID.4110 (emphasis added).

Neither does AFT Michigan's allusion to "how the documents stolen from AFT Michigan were reviewed" create relevant discovery: no documents were stolen, most of the ones copied by Ms. Jorge did not even belong to AFT Michigan, and the Plaintiff never provided a damages calculation relating to the exposure of any documents.  *See* ECF No. 46, PageID.1522-1531.  Notably, AFT Michigan's trade

secrets claim was dismissed early in this case. ECF No. 104, PageID.2538-2539. Nothing AFT Michigan seeks of Mr. Seddon is relevant to its claims.

AFT Michigan fails to point to one element of one cause of action that necessitates this non-party's deposition. It has not shown that what it seeks is relevant. The motion should be denied.

### F. The Project Veritas Parties Will be Prejudiced If AFT Michigan's Motion is Granted.

Returning yet again to the Rule 45 issue, if AFT Michigan's subpoena tracks its "notice of deposition" and broadly seeks documents from Mr. Seddon in addition to his deposition, the Project Veritas Parties will be prejudiced by approving service of said subpoena *post hoc*. *See* Exh. B. Project Veritas has an interest in preventing the disclosure of documents that have nothing to do with its news investigation of AFT Michigan and should be able to assess and challenge such a subpoena if it does, in fact, call for such a broad swath of documents from Mr. Seddon. As previously noted, Rule 45 *anticipates* prejudice if it is violated. *Martinez*, 278 F.R.D. at 453.

Reopening discovery as to Mr. Seddon would be broadly prejudicial against the Project Veritas Parties in any event. AFT Michigan has already stated on record through its representatives that this case was brought in part to "stop Project Veritas" and that if Project Veritas goes bankrupt because of this suit, then so be it. ECF No. 162-4, PageID.4194-4915 (Hecker Depo. 89:24-90:9). It also has shown that it will not stop seeking discovery regardless of whether it believes it has any relevance to

this actual case.  Moreover, these attempts not only harm the parties, they are also a waste of judicial economy.  Fed. R. Civ. P. 1.

Each consideration under Rule 16(b)(4) tips against AFT Michigan's motion. It has failed to demonstrate good cause and the Court should deny its motion to reopen discovery.

## CONCLUSION

AFT Michigan's motion should be denied.  It demonstrates violations of Court orders, stipulated agreements, local rules, and Federal Rule of Civil Procedure 45. It misrepresents the facts of this case and misleads.  It fails to establish good cause to reopen discovery and does not come close to establishing either the need for or the relevance of what it seeks.  AFT Michigan cannot establish one element of one cause of action that will be furthered by its untimely discovery requests.

The Project Veritas Parties urge the Court to recognize that this case may be expeditiously narrowed by Project Veritas's pending Motion for Reconsideration on AFT Michigan's primary claim.  ECF No. 181.  Moreover, the entire case may be resolved in summary judgment based on AFT Michigan's lack of any actual damages.  AFT Michigan only seeks to drag this matter out and to inflict as much annoyance on Defendants as possible while it still can.  For the foregoing reasons, the Court should deny AFT Michigan's motion to reopen discovery.

Respectfully submitted,

/s/ Stephen Klein
Stephen R. Klein (P74687)          Butzel Long, P.C.
Barr & Klein PLLC                  Paul M. Mersino (P72179)
1629 K St. NW Ste. 300             150 W. Jefferson, Suite 100
Washington, DC 20006               Detroit, MI 48226
steve@barrklein.com                mersino@butzel.com
202-804-6676                       313-225-7015

*Attorneys for Defendants*

Dated:  August 5, 2021.

21

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

Respectfully submitted,

/s/ Stephen Klein
Stephen R. Klein (P74687)
Barr & Klein PLLC
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676
steve@barrklein.com

Butzel Long, P.C.
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015

Attorneys for Defendants