United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
    Plaintiff,

v

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
    Defendants.

Hon. Linda V. Parker, District Judge
Hon. Elizabeth A. Stafford

Case No.: 17-cv-13292

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 130
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
Attorney for Defendants
150 W Jefferson, Suite 100
Detroit, Michigan 48226
mersino@buztel.com
313-225-7000
P72179

STEPHEN R. KLEIN
Attorney for Defendants
Barr & Klein, PLLC
1629 K St. NW, Suite 300
Washington DC 20006
202-804-6676
steve@barrklein.com
P74687

ANN M. SHERMAN
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Department of Attorney General
POB 30212
Lansing, Michigan 48909
517-335-7628
ShermanA@michigan.gov

Abigail V. Carter (DC Bar # 47454)
Joshua Rosenthal* (CA Bar # 325949)
Bredhoff & Kaiser PLLC
Attorneys for Movant
805 15th Street NW # 1000
Washington DC 20005
202-842-2600
acarter@bredhoff.com
jrosethal@bredhoff.com

JOSEPH E. SANDLER
Attorney for Plaintiff
Sandler Reiff Lamb Rosenstein & Birkenstock PC
1090 Vermont Ave., N. W., Suite 750
Washington, D.C. 20005
202-479-1111
sandler@sandlerreiff.com

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE THE DEPOSITION OF RICHARD SEDDON**

## Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The Seddon Subpoena Is Valid and Enforceable . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Project Veritas' Meritless Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.    Plaintiff's Motion is Limited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    D.    Transcripts Were Properly Attached. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

i

## Table of Authorities

**Cases Decided by the U. S. District Court**

*Estate of Romain v. City of Grosse Pointe Farms,*
2016 WL 9077688 (E.D.Mich., 2016) .................................... 2

*Konica Minolta Business Solutions, U.S.A., Inc. v. Lowery Corporation,*
2019 WL 3315569 (E.D.Mich., 2019) .................................... 3

*Wichtman v. Martorello*, 2019 WL 244688 (W.D.Mich., 2019) ............... 4

**Other Authorities**

*Wright & Miller*, Quashing or Modifying a Subpoena,
9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.) .......................... 3

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## Introduction

The Court should reject the hyperbolic and misleading arguments of Project Veritas and grant Plaintiff's motion to permit the deposition of a key witness who, despite substantial effort, Plaintiff had been unable to locate until now. Service was finally obtained on this witness following a three-year search for him. This motion requests permission to depose one witness and does not seek to reopen discovery generally. It should be granted given the highly unusual circumstances here.

A.     The Seddon Subpoena Is Valid and Enforceable

1.

Plaintiff seeks to depose a person who was directly involved in the infiltration of AFT Michigan and who supervised Defendant Jorge as she was unlawfully recording Federation staff and stealing confidential documents. Richard Seddon was a participant in the actions of Project Veritas and those of its agent as she spied on AFT Michigan employees and covertly recorded their conversations including those to which she was not a direct participant.

Plaintiff learned of Seddon's role in the infiltration during discovery. However, Seddon had, apparently, never been an employee of Project Veritas and had to be served with a subpoena before his deposition could be compelled. As is noted by the declaration of Bradford Murray, Seddon engaged in extraordinary efforts to keep his location secret. A three-year long effort to locate him remained unsuccessful until June 26, 2021 when Seddon was finally served with a subpoena.

This motion would have been moot had it been filed before service was completed on Mr. Seddon. Until then, Plaintiff had no idea when or whether it would be able to serve Seddon. And he had been successful in hiding his location for three years. Any version of this motion filed before service would have had no valid basis. Plaintiff filed this request when it was ripe.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

2.

Project Veritas was provided a notice of taking deposition two business days following service on Mr. Seddon. The notice (attached) specifies the documents Seddon is to bring with him to his deposition. Project Veritas now complains that it was not provided with a copy of the actual subpoena. Apparently a single request for a copy was made as part of a much longer email communication between counsel. Through an oversight, the subpoena was not provided in response to the request. And Project Veritas' counsel did not repeat the request. However, the oversight is corrected now and a copy of the subpoena is attached. The Court will note that the description of documents requested in the subpoena is identical to the description of documents requested in the notice of taking deposition.

It is accurate that a notice of the subpoena was not provided before service was completed. However, such notice would almost certainly have resulted in Seddon further attempting to evade process. Once notified, Project Veritas would likely have warned Seddon who would have again gone to ground.

While service was accomplished before the notice of taking deposition was provided to Project Veritas, it was not prejudiced by the delay. Defendant cites *Estate of Romain v. City of Grosse Pointe Farms*, 2016 WL 9077688, at *3 (E.D.Mich., 2016) for the proposition that any violation of rule 45(a)(4) requires the quashing of a subpoena. It failed to read its own authority. In the cited case, the Court declined to quash the subpoena for the reason that the delay in providing the document had not adverse impact on any party:

> "Because the delay in receiving the subpoenas was approximately one week (Dkt. 224-2, Pg ID 3610), the Court agrees with plaintiff that any error in this regard did not prejudice the parties in this case such that they were unable to pursue a motion to quash."

Project Veritas lacks standing to move to quash the subpoena since it was issued to a third party. But it could not object in any event. The delay caused no harm.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

2

3.

Project Veritas has known exactly what documents Plaintiff seeks from Mr. Seddon since June 30, 2021. Mr. Seddon has not filed a motion to quash the subpoena. And Project Veritas lacks standing to object to the service.

> "A motion to quash, or for a protective order, should be made by the person from whom the documents, things, or electronically stored information are requested. Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena."

*Wright & Miller*, Quashing or Modifying a Subpoena, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.)

Defendant Project Veritas may not complain about a subpoena issued to a third party. A principal party may not object to the contents of a subpoena issued to a non party except in the rare instance that the principal party asserts a privilege of some substantial burden:

> "Defendants objected to the third-party subpoenas, but a party lacks standing to challenge the subpoena served on a third party absent a showing that the objecting party has a privilege or personal right for the documents sought. *Donahoo v. Ohio Dep't of Youth Servs.,* 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty."); *Mann v. Univ. of Cincinnati,* Nos. 95-3195 and 95-3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)) ("[O]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought")."

*Konica Minolta Business Solutions, U.S.A., Inc. v. Lowery Corporation*, 2019 WL 3315569, at *1 (E.D.Mich., 2019)

4.

Project Veritas knows full well what documents were requested as they are described in the notice of taking deposition. Project Veritas has not claimed that the documents sought are privileged. Given that, Project Veritas has no basis to complain to this Court about the service of the subpoena or the documents sought.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

3

Further Project Veritas has no basis to object to the requested documents on the basis of relevance. Discovery is not limited to matters which are admissible in trial.

> "Subpoenas issued to a third party under Rule 45 are subject to the same discovery limitations as provided in Rule 26. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (citation omitted). Rule 26 authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Once a subpoena issues, the individual seeking to quash the subpoena bears the burden of proof. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio, 2011)"

*Wichtman v. Martorello*, 2019 WL 244688, at *2 (W.D.Mich., 2019)

Discovery is just that; discovery. Plaintiff does not yet know what documents Seddon will produce. It is premature to claim that the documents are somehow not relevant when, at this point, neither party knows what they are.

That notwithstanding, Plaintiff has a general idea of the material it is seeking. Of principal importance is the identify of Mr. Seddon's employer or contracting agent; who was paying him to assist in the infiltration of AFT Michigan. Further, correspondence between Mr. Seddon and persons supporting the infiltration of AFT Michigan is likely to surface. Given this, the material sought is likely to be highly relevant and important to Plaintiff's case.

B.     Project Veritas' Meritless Objections

1.

Plaintiff has shown good cause for its request. The proposed deposition will not delay or impair the progress of this action. Discovery has indeed expired in this litigation. However, it is not concluded. Two major inquiries remain open and are pending before the Court. Third party witness Rhonda Weingarten has sought a protective order with regard to her deposition. Magistrate Stafford has directed Project Veritas to disclose the names of certain persons who Project Veritas has stated funded the AFT Michigan infiltration. In both cases objections to the

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

recommendation of the Magistrate await further consideration by this Court. It is, therefore, specious to claim that discovery is ended. It certainly has not. Discovery may have expired. But it is not concluded. And further depositions are contemplated of third parties as both the Weingarten deposition and donors depositions are anticipated.

2.

Plaintiff's motion did not violate any order of this Court. Plaintiff's motion asks permission of the Court to conduct the deposition of a key witness who, until now, could not be located. Asking the Court for permission to take an action is the antithesis of violation of an order. This claim by Project Veritas is evidence of the extent to which it would go to prevent Plaintiff from deposing Mr. Seddon.

3.

Project Veritas cannot determine, for Plaintiff, what evidence may be relevant. Nor can it legitimately argue that Plaintiff may not test the veracity of what was said in depositions of Ms. Jorge and Mr. O'Keefe. Frankly, Plaintiff believes both witnesses lied repeatedly about critical matters. The Seddon deposition is likely to expose some of those lies. And that is certainly why Project Veritas is so concerned about the deposition proceeding.

Plaintiff is entitled to depose Mr. Seddon in order to continue its investigation into the AFT Michigan infiltration. It was unable to depose Mr. Seddon until now. The relevance of his testimony will likely be established in the first few minutes of his testimony.

4.

AFT Michigan was certainly not negligent in pursuing Mr. Seddon. Mr. Murray's declaration confirms that the Plaintiff went to great lengths to find Seddon but without success until now. Plaintiff is not going to disclose to Project Veritas the specifics of its search for

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

5

Seddon. That is confidential attorney work product. Suffice it to say that a lot of work went into locating him after a three year search.

C.    Plaintiff's Motion is Limited

The Court should grant Plaintiff's request here. Plaintiff is not seeking to reopen discovery generally. This motion seeks permission to conduct a single deposition of a single person. While the Seddon deposition may disclose certain facts requiring further inquiry, Plaintiff would have to come to the Court with any additional requests. But none are contemplated at present. Project Veritas' hysteria about discovery continuing indefinitely is unwarranted.

Similarly, there is absolutely no evidence that deposing Mr. Seddon will prejudice Project Veritas except to the extent that he discloses facts harmful to it. Project Veritas makes outrageous assertion that "no documents were stolen" when it is abundantly clear that Marissa Jorge rifled through closed file cabinets and photographed confidential material which was then shared with Project Veritas.

Further, Project Veritas claims an interest "...in preventing the disclosure of documents that have nothing to do with its news investigation of AFT Michigan..." Plaintiff does not know what documents Mr. Seddon will produce (and anticipates that he will be uncooperative with regard to document production). It is hard to understand how Project Veritas could object to the production of documents by Mr. Seddon as "having nothing to do" with the AFT Michigan infiltration unless Project Veritas has already seen the documents because it is in direct contact with Mr. Seddon. However, Project Veritas' complaint is premature and presently without a factual basis. The Court can address any questions of privilege or relevancy if and when documents are presented.

D.    Transcripts Were Properly Attached

Project Veritas complains about the deposition excerpts attached to Plaintiff's motion. The cited material is not confidential and was not so designated. The transcript of the Jorge deposition

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

6

lacks any such statement. And the O'Keefe deposition transcript was redacted to exclude the portion of the transcript which refers to confidential material. Project Veritas has not sought to strike this motion nor would it have grounds to do so. Plaintiff took care to insure that confidential material remained sequestered.

### Conclusion

The arguments presented to this Court by Project Veritas evidence a level of desperation and vast fear of what a deposition of Mr. Seddon might produce. The Defendant raises an utterly irrelevant assertion about Plaintiff's motive in bringing this action (action is intended to "stop Project Veritas"). Plaintiff's motive is to seek redress for the fraud and trespass of Marissa Jorge as she, on behalf of Project Veritas, spied on Plaintiff's staff, lied to the Federation about her purpose and intent and stole confidential internal documents which Project Veritas then published.

Project Veritas has twice exposed portions of deposition testimony taken in this case via YouTube as part of an effort to harm Plaintiff and its counsel (including posting an excerpt of the O'Keefe deposition with the intention of having supporters barrage Plaintiff's counsel with hate mail and threatening messages). It is stunning to see it complain about the use of non-designated portions of deposition testimony which is rightfully used to explain why Seddon is relevant to Plaintiff's claim.

Project Veritas has not presented an intelligent argument as to why Plaintiff's request should not be granted. It has continued its assault on the character of Plaintiff without providing a legitimate objection to the Seddon deposition. The Court should grant Plaintiff's request and authorize Plaintiff to take the deposition of Richard Seddon.

August 10, 2021

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 130
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
    Plaintiff,
v
Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
    Defendants.

Hon. Linda V. Parker, District Judge
Hon. Elizabeth A. Stafford
Case No.: 17-cv-13292

---

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 130
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
Attorney for Defendants
150 W Jefferson, Suite 100
Detroit, Michigan 48226
mersino@buztel.com
313-225-7000
P72179

STEPHEN R. KLEIN
Attorney for Defendants
Barr & Klein, PLLC
1629 K St. NW, Suite 300
Washington DC 20006
202-804-6676
steve@barrklein.com
P74687

ANN M. SHERMAN
Deputy Solicitor General
Attorney for Intervening Party
State of Michigan
Michigan Department of Attorney General
POB 30212
Lansing, Michigan 48909
517-335-7628
ShermanA@michigan.gov

Abigail V. Carter (DC Bar # 47454)
Joshua Rosenthal* (CA Bar # 325949)
Bredhoff & Kaiser PLLC
Attorneys for Movant
805 15th Street NW # 1000
Washington DC 20005
202-842-2600
acarter@bredhoff.com
jrosethal@bredhoff.com

JOSEPH E. SANDLER
Attorney for Plaintiff
Sandler Reiff Lamb Rosenstein & Birkenstock PC
1090 Vermont Ave., N. W., Suite 750
Washington, D.C. 20005
202-479-1111
sandler@sandlerreiff.com

---

### Certificate of Service

I hereby certify that on August 10, 2021 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: all parties of record.

    /s/ Mark H. Cousens
    26261 Evergreen Road, Suite 130
    Southfield, Michigan 48076
    cousens@cousenslaw.com

Mark H. Cousens
Attorney
26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170