UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,                        Hon. Linda V. Parker, District Judge

    Plaintiff,                        Case No: 17-cv-13292

v.

PROJECT VERITAS, *et al.*,

    Defendants

_____

| MARK H. COUSENS | PAUL M. MERSINO |
|---|---|
| Attorney for the Plaintiff | Attorney for Defendants |
| 26261 Evergreen Road, Suite 110 | BUTZEL LONG |
| Southfield, Michigan 48076 | 150 W. Jefferson, Suite 100 |
| cousens@cousenslaw.com | Detroit, Michigan 48226 |
| 248-355-2150 | mersino@butzel.com |
| P12273 | 313-225-7000 |
| | P72179 |
| | |
| JOSEPH E. SANDLER | STEPHEN R. KLEIN |
| Attorney for Plaintiff | Attorney for Defendants |
| Sandler Reiff Lamb Rosenstein | Barr & Klein PLLC |
| & Birkenstock PC | 1629 K Street NW |
| 1090 Vermont Ave., N.W. Suite 750 | Suite 300 |
| Washington D.C. 20005 | Washington, DC 20006 |
| 202-479-1111 | 202-804-6676 |
| sandler@sandlerreiff.com | steve@barrklein.com |

**REPLY OF PLAINTIFF AFT MICHIGAN TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO STRIKE
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff AFT Michigan briefly replies to Defendants' Response (ECF No. 199) to Plaintiff's Motion to Strike (ECF No.195) Defendants' "Notice of Supplemental Authority" (ECF No. 190).

First, Defendants' "Notice of Supplemental Authority" is not, in fact, a real notice of supplemental authority. It is a 14-page supplemental brief. It is not comparable to the simple one-page notice filed by Plaintiff in this case (ECF No. 47). Nor is it comparable to the simple 2-page notices filed in *Smith v. Stellar Recovery, Inc*. 2017 WL 1336075 (E.D. Mich. Feb 7, 2017), No. 15-cv-11717 ECF Nos. 56 & 57; nor to the 4-page notice (including the new authority) filed in *Moore v. Auto Club Servs*., 2020 WL 2836326 (E.D. Mich., May 31, 2020 (Page Hood, C.J.), No. 19-cv-10403 ECF No. 24.

Second, there is no case actually holding that a party may file even a notice of supplemental authority, let alone a 14-page supplemental brief, without leave of court. In *Smith*, relied upon by Defendants (ECF No. 199 at 2-3, PageID.6314-15), this Court admonished that "[b]oth parties are advised to seek leave of court before filing pleadings which are not provided by the local rules.;…" *Smith*, 2017 WL 1336075 at *8. In *CMS Energy ERISA Litigation*, 312 F. Supp. 2d 898 (E.D Mich. 2004), also cited by Defendants (ECF No. 199 at 3, PageID.6315), the parties first filed motions for leave to file their notices of supplemental authority. *CMS*, 312 F. Supp. 2d at 903 n.3. In yet another case relied upon by Defendants (*id*.), *U.S. v.*

2

*William Beaumont Hospitals,* 2019 WL 9094425 (E.D. Mich., June 7, 2019), the filing party first sought leave to supplement its brief with the new authority. And in *Cain v. Redbox Automated Retail*, *LLC*, 981 F. Supp. 2d. 674 (E.D. Mich. 2013)(cited by *Beaumont*), the plaintiff likewise filed a motion for leave to file the notice of supplemental authority. *Cain*, 981 F. Supp. 2d at 677 n.1.

In the case cited by Defendants decided by Judge Parker, *Page v. Commissioner of Social Security,* No. 17-cv-13716-LVP, 2019 WL 1109950 (E.D. Mich. March 11, 2019), there was no standalone notice of supplemental authority filed. Rather the parties filed objections to a Magistrate's report, as allowed by the Federal Rules of Civil Procedure and Local Rules in the normal course, and merely attached new authority to those objections. No. 17-cv-13716, ECF Nos. 26 & 27.

As the Court held in *Harshaw v. Bethany Christian Services*, No. 08-cv-104, 2010 WL 610262 (W.D. Mich. Feb 19, 2010), a party may have good cause to file a sur-reply or other supplemental brief but, if so, the party is "obligated to assert such good cause in a motion for leave to file a supplemental brief . . . even where the party seeking to file the supplemental brief has new authority…." *Harshaw*, 2010 WL 610262 at *1. Here, in their 14-page supplemental brief, Defendants put forward a lengthy legal argument that the Supreme Court decision in *Americans for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373 (2021) affects the validity of the analysis applied by the Magistrate Judge in her ruling (ECF No. 152) on Plaintiff's

3

Motion to Compel production of certain information about Project Veritas donors. Defendants filed Objections to that ruling (ECF No. 157). Those Objections have already been fully briefed. (ECF No., 157). Defendants should seek leave of this court to file their supplemental brief; Plaintiff can file a response as allowed by the Local Rules; and the Court can then consider the relevance or effect of the *Americans for Prosperity* case based on proper briefing.

## **CONCLUSION**

For the reasons set forth above and in Plaintiff's Motion to Strike Defendants' Notice of Supplemental Authority, Plaintiff's Moiton to Strike should be granted.

Dated: August 17, 2021          Respectfully submitted,

/s/ Mark H. Cousens

MARK H. COUSENS
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

/s/ Joseph E. Sandler
JOSEPH E. SANDLER
Sandler Reiff Lamb Rosenstein
& Birkenstock PC
1090 Vermont Ave., N.W. Suite 750
Washington D.C. 20005
202-479-1111
sandler@sandlerreiff.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 17th day of August, 2021 I electronically filed the foregoing Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Strike using the ECF system which send notification of such filing to all counsel of record.

                                              /s/ Joseph E. Sandler

                                              Co-Counsel for Plaintiff