UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

                                           Civil Case No. 17-13292
                                           Honorable Linda V. Parker

PROJECT VERITAS and
MARISA L. JORGE,

    Defendants.
_____/

**OPINION & ORDER**

Before the Court is Defendant Project Veritas and Marisa L. Jorge's motion for the Court to reconsider its prior ruling, holding that Michigan's eavesdropping statute, Michigan Compiled Laws §§ 750.539a *et seq.*, requires all-party consent to record a conversation. (ECF No. 181.) The motion has been fully briefed. (ECF Nos. 185, 186.) Michigan's Attorney General also has weighed in on the issue. (ECF No. 194.) Plaintiff AFT Michigan has filed a motion for leave to respond to the Attorney General's brief (ECF No. 197), which the Court is granting.[1]

---

[1] The reply brief, which was attached to Plaintiff's motion (ECF No. 197-1), therefore is being considered by the Court.

Under Rule 54(b) of the Federal Rules of Civil Procedure, "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."

In *Ferrara v. Detroit Free Press, Inc.*, 52 F. App'x 229 (6th Cir. 2002), the court held that recording by a participant to a conversation is excluded from the definition of eavesdropping under Michigan law. *Id.* at 233 (quoting *Sullivan v. Gray,* 324 N.W.2d 58, 60 (Mich. Ct. App. 1982)). In subsequent unpublished decisions, the Sixth Circuit continues to rely on *Sullivan* for the same proposition. *Gamrat v. McBroom*, 822 F. App'x 331, 334 (6th Cir. 2020), *cert. denied sub nom. Bauer v. McBroom*, No. 20-6852, 2021 WL 1072378 (U.S. Mar. 22, 2021); *Courser v. Mich. House of Reps.*, 831 F. App'x 161, 179 (6th Cir. 2020).

*Ferrara* is not binding authority. *See United States v. Villareal*, 491 F.3d 605, 610 (6th Cir. 2007) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 n.4 (6th Cir. 2007); *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007)). Nevertheless, it is persuasive. *Id.* As other panels of the Sixth Circuit have interpreted Michigan's eavesdropping statute similarly, this Court now reconsiders its earlier decision and holds that the statute is not violated when a conversation is recorded by one of its participants.

Accordingly,

**IT IS ORDERED** that Plaintiff's Moton for Leave to File Reply to Intervenor Attorney General's Response to Defendant's Motion for Reconsideration (ECF No. 197) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Relief from an Order (ECF No. 181) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's "Third Cause of Action:  Unconsented Recording of Private Conversations" (ECF No. 74) is **GRANTED**, but only to the extent the claim concerns recorded conversations in which Defendant Jorge participated.

**IT IS FURTHER ORDERED** that the **STAY IS LIFTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 8, 2021