UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,                                    Hon. Linda V. Parker, District Judge

     Plaintiff,                                 Case No:  17-cv-13292

v.

PROJECT VERITAS, *et al.*,

     Defendants.

_____

| | |
|---|---|
| MARK H. COUSENS | PAUL M. MERSINO |
| Attorney for the Plaintiff | Attorney for Defendants |
| 26261 Evergreen Road, Suite 110 | BUTZEL LONG |
| Southfield, Michigan 48076 | 150 W. Jefferson, Suite 100 |
| cousens@cousenslaw.com | Detroit, Michigan 48226 |
| 248=355=2150 | mersino@butzel.com |
| P12273 | 313-225-7000 |
| | P72179 |
| | |
| JOSEPH E. SANDLER | STEPHEN R. KLEIN |
| Attorney for Plaintiff | Attorney for Defendants |
| Sandler Reiff Lamb Rosenstein | Barr & Klein PLLC |
| & Birkenstock PC | 1629 K Street NW |
| 1090 Vermont Ave., N.W. Suite 750 | Suite 300 |
| Washington D.C. 20005 | Washington, DC 20006 |
| 202-479-1111 | 202-804-6676 |
| sandler@sandlerreiff.com | steve@barrklein.com |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to the Court's Order of November 8, 2021 (ECF No. 203), Plaintiff AFT Michigan hereby responds to Defendants' Notice of Supplemental Authority (ECF No. 190). As set forth in the accompanying Brief, the Supreme Court's decision in the case of *Americans for Prosperity Foundation v. Bonta*, 594 U.S. __, 141 S. Ct. 2373 (2021)("*AFP*") addressed the standard to be applied to statutes and regulations—government action—broadly compelling disclosure of an organization's supporters or donors. That case has nothing to do with, and did not purport to affect, the well-established test for evaluating assertion of a First Amendment privilege in discovery sought by a private party in litigation.

The regulation challenged in *AFP* compelled disclosure of millions of donors to some 60,000 different charitable organizations in California. The Magistrate's Order in this case to which Defendants object compels disclosure of a scant handful of persons who had contributed or were solicited to contribute to Project Veritas for the specific purpose of supporting the unlawful infiltration of AFT Michigan.

The analytical framework applied by the Magistrate Judge was the correct one for assessing First Amendment privilege asserted in discovery sought by a private litigant in civil litigation. That framework calls for the party resisting discovery to make a prima facie showing of arguable First Amendment infringement. If such a showing is made, the party seeking discovery must show that the information it seeks

2

is rationally related to its compelling interest and that there is no less restrictive means of obtaining the information.

Nothing in *AFP* provides any basis or reason for revisiting the Magistrate Judge's application of that analytical framework.  Specifically, the Court in *AFP* did not set forth any basis for altering the requirement for a prima facie showing.  That is because the Court did not alter or revisit the well-established doctrine that association for an unlawful purpose is not protected by the First Amendment in the first place. Further, *AFP* does not purport to require application of "exacting scrutiny" to discovery disputes between private parties in civil litigation.  That is a standard applicable in evaluating statutes and regulations.

For those reasons, the *AFP* case is not relevant supplemental authority and should not be taken into consideration in any way by the Court in considering Defendants' Objections to the Magistrate Judge's ruling.

Respectfully submitted,

 /s/ Mark H. Cousens

MARK H. COUSENS
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

/s/ Joseph E. Sandler
JOSEPH E. SANDLER
Sandler Reiff Lamb Rosenstein
& Birkenstock PC
1090 Vermont Ave., N.W. Suite 750
Washington D.C. 20005
202-479-1111
sandler@sandlerreiff.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,                              Hon. Linda V. Parker, District Judge

     Plaintiff,                           Case No:  17-cv-13292

v.

PROJECT VERITAS, *et al*.,

     Defendants.

_____

| | |
|---|---|
| MARK H. COUSENS | PAUL M. MERSINO |
| Attorney for the Plaintiff | Attorney for Defendants |
| 26261 Evergreen Road, Suite 110 | BUTZEL LONG |
| Southfield, Michigan 48076 | 150 W. Jefferson, Suite 100 |
| cousens@cousenslaw.com | Detroit, Michigan 48226 |
| 248-355-2150 | mersino@butzel.com |
| P12273 | 313-225-7000 |
| | P72179 |
| | |
| JOSEPH E. SANDLER | STEPHEN R. KLEIN |
| Attorney for Plaintiff | Attorney for Defendants |
| Sandler Reiff Lamb Rosenstein | Barr & Klein PLLC |
| & Birkenstock PC | 1629 K Street NW |
| 1090 Vermont Ave., N.W. Suite 750 | Suite 300 |
| Washington D.C. 20005 | Washington, DC 20006 |
| 202-479-1111 | 202-804-6676 |
| sandler@sandlerreiff.com | steve@barrklein.com |

**PLAINTIFF'S BRIEF IN RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................................................**III**

**CONCISE STATEMENT OF ISSUE PRESENTED** ...................................................**IV**

**CONTROLLING AUTHORITIES** ........................................................................... **V**

**RESPONSE** ............................................................................................................. **1**

I.      INTRODUCTION ......................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

III.    ARGUMENT.................................................................................................. 7

      A. *AFP* DOES NOT IN ANY WAY AFFECT THE ESTABLISHED STANDARD FOR REVIEWING APPLICATION OF FIRST AMENDMENT PRIVILEGE ASSERTED IN CIVIL LITIGATION TO BLOCK DISCOVERY SOUGHT BY ONE PRIVATE LITIGANT FROM ANOTHER ........................................................................ 7

      B. *AFP* DOES NOT AFFECT ANY OF THE GROUNDS FOR THE MAGISTRATE JUDGE'S RULING .................................................................... 11

**CONCLUSION** ..................................................................................................... **13**

**CERTIFICATE OF SERVICE** ............................................................................... **14**

# TABLE OF AUTHORITIES

**CASES**

*Americans for Prosperity Foundation v. Bonta*, 594 U.S. __, 141 S. Ct. 2373 (2021) ........ 1, 7, 10

*Apple, Inc. v. Match Group, Inc.*, No. 21-mc-80184-YGR, 2021 WL 3727067 (N.D. Cal., Aug. 19, 2021) ................................................................................................................................. 11

*Curling v. Raffensperger,* No. 17-cv-2989-AT, 2021 WL 5162576 (N.D. Ga., Nov. 5, 2021) ... 11

*Madsen v. Women's Health Ctr., Inc*., 512 U.S. 753 (1994) .................................................... 5, 13

*Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010) ........................................... 5, 8, 9, 11, 12

*The Ohio Organizing Collaborative v. Husted*, No. 2:15-cv-01802, 2015 WL 7008530 (S.D. Ohio, Nov. 12, 2015) .................................................................................................................... 9

*Tesla Motor, Inc. v. Johnson,* No. 16-cv-1158, 2017 WL 1150098 (W.D. Mich., Dec. 11, 2017) ................................................................................................................................................ 9

*Tree of Life Christian Schools v. City of Upper Arlington*, No. 11-cv-0009, 2012 WL 831918 (S.D. Ohio, March 12, 2012) ............................................................................................. 9

## CONCISE STATEMENT OF ISSUE PRESENTED

Does the Supreme Court's opinion in *Americans for Prosperity Foundation v. Bonta*, 594 U.S. ___, 141 S. Ct. 2373 (2021) provide any basis for overruling the Magistrate Judge's Opinion and Order (ECF No. 152) granting in part Plaintiff's Motion to Compel Discovery of the identity of and communications with certain donors to Project Veritas who contributed or were solicited for the specific purpose of supporting the  unlawful infiltration giving rise to this case?

**Plaintiff's Answer: No**.

## CONTROLLING AUTHORITIES

*Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753 (1994).

*Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010).

*Tesla Motor, Inc. v. Johnson*, No. 16-cv-1158, 2017 WL 1150098 (W.D. Mich., Dec. 11, 2017).

## I.    __INTRODUCTION__

In her Opinion and Order (ECF No. 152), the Magistrate Judge ordered Defendant Project Veritas to disclose, in response to Plaintiff's discovery requests, the identities of a few donors to Project Veritas who contributed funds, or were solicited to contribute funds, specifically for the purpose of supporting the unlawful infiltration of AFT Michigan.   Defendants filed Objections (ECF No. 157), which have been fully briefed and are now pending before this Court.

Defendants have filed a Notice of Supplemental Authority (ECF No. 190), in which they contend that the Supreme Court's recent decision in *Americans for Prosperity Foundation v. Bonta*, 594 U.S. ___, 141 S. Ct. 2373 (2021)("*AFP*") should be considered by this Court in ruling on Defendants' Objections. Defendants contend that AFP provides new grounds for overruling the Magistrate Judge's Opinion and Order.

Not so. *AFP* addressed the standard to be applied to statutes and regulations— government action—broadly compelling disclosure of an organization's supporters or donors.   It has nothing to do with, and did not purport to affect, the well-established test for evaluating assertion of a First Amendment privilege to block discovery sought by a private party from another private party in civil litigation.  The regulation challenged in *AFP* compelled disclosure of millions of donors to some 60,000 different charitable organizations in California. The Magistrate's Order in

1

this case compels disclosure of the identities of a scant handful of persons who had

contributed to Project Veritas, or were solicited for contributions, specifically for the

purpose of supporting the unlawful infiltration of AFT Michigan.

The analytical framework applied by the Magistrate Judge was the correct

one for assessing First Amendment privilege asserted in discovery sought by a

private litigant in civil litigation.  Nothing in *AFP* provides any basis for revisiting

or questioning that framework.  *AFP* is not relevant supplemental authority that

need be, or should be, considered by this Court in any way in ruling on Defendants'

Objections.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2017, Project Veritas CEO James O'Keefe sent three emails

to unnamed donors bragging about its unlawful infiltration of AFT Michigan.

Documents PV005795, 5796, 5797 stated, in pertinent part:

> "I just came out of a meeting with my undercover journalist
> after she spent months inside AFT in MI.
>
> "This story is really explosive and I think we're going to get
> a lot more over the coming months. It's explicit and powerful.
> We even have documents to back everything up.
>
> "I really need to give you an update on the phone, let me know
> when we can talk. Sooner the better. \*\*\*-\*\*\*-\*\*\*\*"

Exhibit 1 to Plaintiff's Opposition to Defendants' Objections to Magistrate Judge's

Order, ECF No. 160-2, PageID.4477-4479.  Project Veritas redacted the names of

the recipients of these emails, even though those recipients were likely persons who

might have initiated, supported, encouraged, or profited from Defendants'
infiltration of AFT Michigan.

The infiltration of AFT Michigan was discovered in late September 2017
and this action was initiated in state court on September 28, 2017. Within two
days, Defendant Project Veritas began contacting donors regarding the
litigation. On September 29, 2017, James O'Keefe and Austin Wright, a Project
Veritas fundraiser, exchanged the following email (PV005810), regarding this
suit:

> "Hmm.. really hope this doesn't hurt us with the needed
> funding. I've called (redacted) twice and (redacted) and JO
> should ping (redacted)."

12 minutes later Mr. O'Keefe responded:

> "I think we can use it to our advantage since Randi Also... *the
> only current actual donor who has actually given money on
> this (redacted)*, actually looks to our leadership on the matter.
> He has already renewed for next year.
>
> Is (sic) we get get the rapist on video confirming that he did
> what the rest of the investigation shows. And then, its a cover
> - up by Randi.
>
> This is now a national story.
>
> But yes, you should continue to ping (redacted) and (redacted)
> and I will ping (redacted)."

And at 6:50 p.m. Mr. O'Keefe wrote to Mr. Wright (PV005814) R

(sic) talking to (redacted):

> "We think it'll be fine. Just more evidence that we are trying
> to bleed us dry. We will turn lemons into lemonade.

3

Continue to harass (redacted) (sic)"

Exhibit 2 to Plaintiff's Opposition to Defendants' Objections to Magistrate

Judge's Order, ECF No. 160-3, PageID.4480-4483 (emphasis added).

These emails demonstrated that donors to Project Veritas provided economic support for the infiltration of AFT Michigan. And it is also clear that Project Veritas communicated with donors to raise money based on the infiltration. But Project Veritas refused to disclose the identities of any of its donors.

Plaintiff then filed a Motion to Compel Discovery (ECF No. 134). The Motion sought disclosure of the identities of the persons to whom the first email was sent and the name of the "current actual donor" referenced in the second e-mail. The Motion also sought an unredacted version of Project Veritas' Form 990 for 2017, disclosing all of its donors; and answers to deposition questions about the identity of donors who contributed or were solicited for funds for the purposes of supporting the infiltration. Defendants opposed the Motion, asserting privilege based on freedom of association protected by the First Amendment. (ECF No. 136).

In her Opinion and Order ruling on that Motion (ECF No. 152)("Magistrate Judge Op.") the Magistrate Judge held that the party asserting First Amendment privilege—Project Veritas—must first "make 'a prima facie showing of arguable first amendment infringement.'" Magistrate Judge Op, ECF No. 157 at 18 Page ID.3938 (quoting *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010)).

4

Then, "[i]f defendants make their prima facie showing, the evidentiary burden will shift to AFT MI to show that the information it seeks is rationally related to its compelling interest, and that there is not less restrictive means of obtaining the information… The Court must balance the burdens imposed on defendants and PV's donors against the interest AFT MI has in disclosure…" *Id.*, ECF No. 152 at 18-19, PageID.3938-3939 (citing *Perry*, 591 F.3d at 1161).

For purposes of applying this analysis, the Magistrate Judge divided the donors into three groups: (i) the "supporting donors," (or possibly just one donor) who contributed specifically for the purpose of supporting the infiltration; (ii) the "solicited donors," who were solicited by Project Veritas to contribute funds specifically for that purpose; and (iii) all other donors to Project Veritas. Magistrate Judge's Op., ECF No. 152 at 19-20, PageID.3939-3940. As to the supporting donors, the Magistrate Judge found that Project Veritas had not met its initial burden of making a *prima facie* showing of First Amendment infringement because the First Amendment does not protect association "'for the purpose of depriving third parties of their lawful rights.'" *Id.*, ECF No. 152 at 26-27, PageID.3946-3947 (quoting *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 776 (1994)).

With respect to the solicited donors, the Magistrate Judge found that Project Veritas had made a prima facie showing of First Amendment infingement, since there was no evidence that these donors had actually contributed for the purpose of

supporting the unlawful infiltration. Moreover,  there was evidence that disclosure could subject the donors to some harassment  *Id.*,  ECF No. 152 at 28-29, PageID.3948-3949. Proceeding to the balancing test, the Magistrate Judge found that the information sought is central to the issues in the case because donors solicited to support the infiltration would be key witnesses and potential co-conspirators.  The Magistrate Judge further found that there were not less intrusive means of obtaining the information: the record shows that Project Veritas officials and fundraisers "telephoned or 'pinged' solicited donors to convey the substance of the strategy, goals and results of the infiltration of AFT MI."  *Id.*, ECF No. 152 at 31-32, PageID.39051-3952. And the Magistrate Judge noted that there was  no evidence of threatened harassment of the solicited donors.  *Id.*

Finally, the Magistrate Judge denied Plaintiff's motion as to Project Veritas' Form 990, finding that Plaintiff had shown no specific need for this information that would outweigh the associational rights of the donors and Project Veritas. *Id.*, ECF No. 152 at 34, PageID.3954.

Defendants filed Objections to the Magistrate Judge's Opinion and Order. (ECF No.157). Plaintiff filed a Response to the Objections (ECF No. 160) and Defendants filed a reply. (ECF No. 166).  Those Objections are pending before the Court.

In the meantime, the U.S. Supreme Court decided the *AFP* case. The Defendants then filed a Notice of Supplemental Authority (ECF No. 190), bringing the attention of the Court to that case. Defendants argue that *AFP* should be considered by this Court in ruling on the Objections and that the *AFP* decision undercuts the basis for the Magistrate Judge's Opinion and Order.

### III.  ARGUMENT

**A.** ***AFP* Does Not In Any Way Affect the Established Standard for Reviewing Application of First Amendment Privilege Asserted in Civil Litigation to Block Discovery Sought by One Private Litigant from Another**

In *AFP*, the Court considered a California regulation requiring every charitable organization renewing its registration with the state Attorney General's Office to provide to the Attorney General's Office an unredacted copy of the list of their donors over $5,000 filed with the IRS—a list not otherwise subject to public disclosure. The Court noted this regulation would affect some 60,000 charitable organizations in the state each year, *AFP*, 141 S. Ct. at 2380, and would compel disclosure from *each* charity of a number of donors ranging from a handful to the hundreds. *Id.* at 2386.

The Court ruled that such a state regulation should be subject to "exacting scrutiny," meaning that there must be "'a substantial relation between the disclosure requirement and a sufficiently important governmental interest'… and that the disclosure requirement be narrowly tailored to the interest it promotes, …" *AFP*,

141 S. Ct. at 2385 (quoting *Doe v. Reed*, 561 U.S. 186, 196 (2010)).  The Court found that the broad disclosure of hundreds of thousands or millions of donors was not justified by the claimed governmental interest in investigating  fraud because the donor information was not really used for that purpose, and certainly the sweeping regulation was not narrowly tailored to achieve that purpose. *Id.* at 2385-89.

Nothing in the *AFP* decision purports to affect the standard for reviewing an assertion of First Amendment privilege in discovery sought by a private litigant in civil litigation. And it makes no sense that the "exacting scrutiny plus" test adopted by the Court in *AFP* would have any relevance to that situation.

*First*, it is clear that the *AFP* test applies to statutes and regulations—actions of government that must be justified by a "'sufficiently important *governmental* interest.'" *AFP*, 141 S. Ct. at 2383 (quoting *Doe*, 561 U.S. at 196)(emphasis added). There are no "governmental" interests at stake in a discovery dispute.  There are only the interests of one litigant in obtaining the information for use in the case, and the asserted First Amendment interest of the party from whom the information is sought.

*Second*, that difference is reflected in the fact that there is a separate, well-established test for evaluating the assertion of First Amendment privilege in discovery in civil litigation. It is the one reflected in the *Perry* decision, that is, a *prima facie* showing followed by a balancing test.

That test is the one applied by courts in the Sixth Circuit.  As to First Amendment privilege in discovery, "the fundamental and consistent consideration in the case law is a balancing of the parties' interests, the effect on the rights of association against the need for the disclosure…" *Tesla Motor, Inc. v. Johnson*, No. 16-cv-1158, 2017 WL 1150098 at *5 (W.D. Mich., Dec. 11, 2017).  "The associational privilege is not absolute… and courts confronting the issue must balance one litigant's interest in discovery against the burden on another litigant's constitutional right of association."  *The Ohio Organizing Collaborative v. Husted*, No. 2:15-cv-01802, 2015 WL 7008530 (S.D. Ohio, Nov. 12, 2015).  First Amendment privilege "is not absolute, and courts typically balance the interest in disclosure and the burden imposed on association."  *Tree of Life Christian Schools v. City of Upper Arlington*, No. 11-cv-0009, 2012 WL 831918 at *2 (S.D. Ohio, March 12, 2012)(citing *Perry* and noting that the  Sixth Circuit "has suggested that a balancing test is appropriate when free association rights are at stake").

Defendants contend that "use of a Court to compel disclosure is no less an act of government compulsion than acts by the state itself."  Def. Notice, ECF No. 190 at 9, PageID.6026.  But the cases cited by Defendants for that proposition, *id*. at 9-10, PageID.6036-6027, merely hold that there is sufficient state action in court orders to implicate the First Amendment —something no one is disputing. The issue is whether the standard for assessing a statute or regulation under the First

9

Amendment is the same as that for evaluating assertion of First Amendment privilege by one private litigant against another in discovery.  And it is not.

*Third*, that the standard for reviewing statutes and regulations is necessarily different than that for reviewing assertion of First Amendment privilege in discovery in litigation, is made apparent by the respective scope of each type of alleged infringement.  As noted, the *AFP* case involved a state regulation compelling the disclosure of hundreds of thousands, or more likely millions, of donors to about 60,000 different charitable organizations.  The Court spoke of the State of California "cast[ing[ a dragnet for sensitive donor information from tens of thousands of charities each year…" *AFP*, 141 S. Ct. at 2387, and of the State "amassing sensitive information for its own convenience…"  *Id.* at 2389.

By contrast, the discovery order issued by the Magistrate Judge would compel disclosure of potentially only one, and certainly not more than a scant handful, of the "supporting" donors and a handful (disclosed by three e-mails) of "solicited" donors.  And every one of those donors has a specific link to the alleged wrongdoing in this case—either having supported it outright or having discussed it with Project Veritas officials.  There is no governmental "dragnet" or "amassing" here.  The issue is a discrete balancing of the interests of specific private parties.  *AFP* has no application to this situation.

*Finally*, the *AFP* decision, which reverses a ruling of the Ninth Circuit and abrogates yet another Ninth Circuit decision,[1] makes no mention at all of the Ninth Circuit's decision in *Perry*.  And it is telling that the two courts that, since the issuance of the *AFP* decision, have applied *Perry* to discovery  disputes in which First Amendment privilege was asserted, make no mention at all of *AFP*.  *Curling v. Raffensperger*, No. 17-cv-2989-AT, 2021 WL 5162576 (N.D. Ga., Nov. 5, 2021); *Apple, Inc. v. Match Group, Inc.*, No. 21-mc-80184-YGR, 2021 WL 3727067 (N.D. Cal., Aug. 19, 2021).

For these reasons, the test articulated in *AFP* is simply inapplicable in evaluating the assertion of First Amendment privilege. Not only is *AFP* not relevant supplemental authority, it is entirely inapposite.

## B. *AFP* Does Not Affect Any of the Grounds for the Magistrate Judge's Ruling

Defendants contend that several areas of the Magistrate Judge's Opinion and Order  are "called into question in light of" *AFP* (Def. Notice, ECF No 190 at 10, PageID.5027) and that key arguments asserted by Plaintiff and accepted by the Magistrate Judge are "in contradiction" of the holding of *AFP*. *Id.* at 11, PageID.6028.  That is simply not the case.

---

[1] *Center for Competitive Politics v. Harris*, 784 F.3d 1307 (9th Cir. 2015)

11

First, Defendants contend that Plaintiff sought the disclosure of Project Veritas' Form 990 with Schedule B and the Court in *AFP* rejected the need for such disclosure. *Id.* at 12, PageID.6029. But the Magistrate Judge also denied Plaintiff's motion to compel disclosure of Project Veritas' Form 990 and Plaintiff has not objected to that ruling.

Second, Defendants fault the Magistrate Judge for applying the *Perry* standard instead of the "exacting scrutiny" standard. *Id.* at 10, Page ID.5027. As noted however, no court, before or after *AFP*, has ever applied any "exacting scrutiny" standard to the assertion of First Amendment privilege in discovery in civil litigation. And nothing in *AFP* suggests that any such application would ever make sense.

Third, Defendants argue that *AFP* counsels against requiring Defendants to make a *prima facie* showing of arguable First Amendment infringement, as the Magistrate Judge did. *Id.*, ECF No. 190 at 10-11, 13, PageID.6027-6028, 6030. But in *AFP* the Court had no occasion to address the threshold issue of whether association specifically for an unlawful purpose is entitled to any First Amendment protection. In *AFP* the Court was dealing with every donor over $5,000 to every one of 60,000 organizations in California—whose only relevant actions were to make the donations. The Magistrate Judge was dealing with a tiny group of specific donors whose donations were made or solicited *specifically to support unlawful activity—*

12

making highly relevant the threshold issue of whether there would be any First Amendment infringement at all. The Magistrate Judge's ruling cites, and is supported by the applicable Supreme Court precedent, as noted: "'The freedom of association protected by the First Amendment does not extend to joining with others for the purpose of depriving third parties of their lawful rights.'" Magistrate Judge Op., ECF No. 152 at 27, PageID.3947 (quoting *Madsen*, 512 U.S. at 776).

For these reasons, the *AFP* decision does not in any way undercut or provide any additional grounds for overruling the Magistrate Judge's decision, as Defendants suggest. To the contrary, that decision has no bearing at all on the framework applied by the Magistrate Judge in ruling on Plaintiff's Motion to Compel Discovery.

## **CONCLUSION**

For the reasons set forth above, there is no reason for this Court to consider or take into account the *AFP* decision, in ruling on Defendants' Objections to the Magistrate Judge's Opinion and Order. That Opinion and Order was soundly decided, for reasons set forth above and in Plaintiff's Opposition to Defendant's Objections, and should be upheld.

Dated: November 22, 2021          Respectfully submitted,

/s/ Mark H. Cousens

MARK H. COUSENS
26261 Evergreen Road, Suite 110
Southfield, Michigan 48076
cousens@cousenslaw.com
248-355-2150
P12273

/s/ Joseph E. Sandler
JOSEPH E. SANDLER
Sandler Reiff Lamb Rosenstein
& Birkenstock PC
1090 Vermont Ave., N.W. Suite 750
Washington D.C. 20005
202-479-1111
sandler@sandlerreiff.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 22d day of November 2021, I electronically filed the foregoing Plaintiff's Response to Defendants' Notice of Supplemental Authority   using the ECF system which send notification of such filing to all counsel of record.

/s/ Joseph E. Sandler

Co-Counsel for Plaintiff

14