United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,
     Plaintiff,

Hon. Linda V. Parker, District Judge
Hon. Elizabeth A. Stafford

v

Case No.:  17-cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
     Defendants.

MARK H. COUSENS
Attorney for the Plaintiff
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

PAUL M. MERSINO
BUTZEL LONG
Attorney for Defendants
150 W Jefferson, Suite 100
Detroit, Michigan  48226
mersino@buztel.com
313-225-7000
P72179

STEPHEN R. KLEIN
Attorney for Defendants
Barr & Klein, PLLC
1629 K St. NW, Suite 300
Washington DC  20006
202-804-6676
steve@barrklein.com
P74687

JOSEPH E. SANDLER
Attorney for Plaintiff
Sandler Reiff Lamb Rosenstein & Birkenstock PC
1090 Vermont Ave., N. W., Suite 750
Washington, D.C.  20005
202-479-1111
sandler@sandlerreiff.com

# BRIEF OPPOSING APPLICATION FOR
# CERTIFICATION OF INTERLOCUTORY APPEAL

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Question Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of Most Controlling Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       A.     Interlocutory Appeals Are Disfavored . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       B.     There Is No Controlling Question of Law . . . . . . . . . . . . . . . . . . . . . . . . 6

       C.     "Substantial Ground for Difference of Opinion" . . . . . . . . . . . . . . . . . . 8

       D.     Appeal would Delay Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

# TABLE OF AUTHORITIES

**Federal Statutes**

28 U.S.C. § 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 5


**Cases Decided in the United States Supreme Court**

*Americans for Prosperity Foundation v. Bonta*, -- U.S. --, 141 S. Ct. 2373 (2021)  . . . . 3, 8-10

*Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753 (1994) . . . . . . . . . . . . . . . . . . . . . . . .  11


**Cases Decided in the United States District Courts**

*Adams v. Bradshaw*, 2010 WL 816532 (N.D.Ohio, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Banaszak v. CitiMortgage, Inc.*, 2014 WL 5361931 (E.D.Mich., 2014) . . . . . . . . . . . . . . .  4

*Beal v. Walgreen Co.*, 2008 WL 11320262 (W.D.Tenn., 2008) . . . . . . . . . . . . . . . . . . . . . .  6

*Brown v. Mesirow Stein Real Estate, Inc.*, 7 F. Supp. 2d 1004 (N.D. Ill., 1998) . . . . . . . . . .  8

*Eberline v. Douglas J. Holdings, Inc.*,
   2019 WL 989284 (E.D.Mich., 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

*In re Baker & Getty Financial Services, Inc.*,
   954 F.2d 1169 (6th Cir., 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*In re City of Memphis*, 293 F.3d 345 (6th Cir., 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . .  v, 4, 5

*In re Project Veritas*, 2019 WL 4667711 (6th Cir., 2019) . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*In re Somberg*, 31 F.4th 1006 (6th Cir., 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Klinghoffer v. Achille Lauro Lines*, 921 F.2d 21 (2nd Cir., 1990) . . . . . . . . . . . . . . . . . . .  6, 8

*Nessel v. Enbridge Energy Limited Partnership*,
   2023 WL 2482922 (W.D.Mich., 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir., 2010) . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

ii

*Tesla Motor Inc. v. Johnson,* No. 16-cv-1158,
2017 WL 11500988 (W.D. Mich., 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Tree of Life Christian Schools v. City of Upper Arlington*, No.11-cv-0009,
2012 WL 831918 (S.D. Ohio, March 12, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## STATEMENT OF QUESTION PRESENTED

Do grounds exist for certification of an interlocutory appeal with regard to the decision of this Court to overrule objections to the decision and recommendation of the Magistrate Judge?

Plaintiff answers "no."

Defendants answer "yes"

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

iv

## STATEMENT OF MOST CONTROLLING AUTHORITY

*In re City of Memphis,* 293 F.3d 345, 350 (6th Cir., 2002)

28 U.S.C. § 1292(b)

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

v

## Introduction

1.

The Court should deny the second effort by Project Veritas to seek interlocutory review of a decision of this Court. Defendants have not presented a valid basis for this request and instead ask the Court to permit them to continue to sequester the identity of persons who may have funded the unlawful infiltration of AFT Michigan by a Project Veritas employee who gained entry through fraud and misrepresentation.

This Court has already found that Project Veritas and its employee have "...done little to refute the alleged conduct against them." ECF 104, Page ID 2528. And now Defendants seek to prevent Plaintiff from learning who funded and supported the effort to cause harm to AFT Michigan and its employees.

AFT Michigan is not the largest labor organization representing educators and school employees in the State of Michigan. Several other unions have a presence in the field. So it has been a mystery as to why this organization of some 35,000 individuals was singled out for this assault. The reasons behind the infiltration of the Federation of Teachers are important to the Plaintiff's case. A jury will have a right to know just why Project Veritas decided to single out the Federation.

The answer to this question may lie in the funding of the infiltration. Three documents disclosed by Project Veritas (attached) make clear that the AFT Michigan infiltration was the result of someone who has "...given money on this..." Further, the infiltration was used to support general fundraising as former Project Veritas CEO communicated with actual or prospective donors using the AFT Michigan infiltration as a basis for his solicitation.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

1

2.

In his deposition, former Project Veritas CEO James O'Keefe denied that any donor had

directed money at any one operation. As the Magistrate Judge noted in her decision:

> "The cited testimony shows that, despite O'Keefe's September 29 email saying
> that a donor had given money "on this," he testified that he did not remember
> whether any donor made "a contribution specifically related to the AFT Michigan
> operation." [ECF No. 136-3, PageID.3473]. And despite the emails showing that
> O'Keefe solicited donations with specific reference to the AFT/MI operation, he
> testified, "I don't think any of our donations are earmarked or in that regard, they
> give to a broader vision, a broader mission to expose corruption and dishonesty."
> [*Id.*, PageID.3474].

These statements appear to be false. In an email dated September 29, 2017, O'Keefe

reacted to news that AFT Michigan had filed suit in Michigan Court against Project Veritas and

obtained an injunction against it. In an email to several Project Veritas staff O'Keefe wrote:

> "I think we can use it to our advantage since Randi Also... the only current actual
>
> donor who has actually given money on this, (redacted)  actually looks to our
>
> leadership on the matter. He has already renewed for next year.
>
> Is (sic)  we get get the rapist on video confirming that he did what the rest of the
>
> investigation shows. And then, its a cover-up by Randi. This is now a national
>
> story.
>
> But yes, you should continue to ping (redacted) and (redacted) and I will ping
>
> (redacted)."

3.

It is crystal clear that Project Veritas received economic support for the infiltration of AFT

Michigan. And it is equally clear that Project Veritas solicited donations based on the infiltration.

The attached exhibits confirm that.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

Project Veritas refused to disclose the identities of the persons referenced in these communications. The Magistrate Judge rejected its arguments and granted the Plaintiff's motion to compel discovery (excepting the Defendants forms 990). She held that

> "The Court finds that the identities of donors who financially supported defendants' infiltration of AFT MI are relevant to its claims and not protected by the First Amendment; that the identities of those who O'Keefe updated about the infiltration are relevant witnesses or co-conspirators, and should be disclosed; and that the identities of PV donors with no known connection to the events at issue in AFT MI's amended complaint are protected from disclosure under the First Amendment."

This Court overruled objections to the decision of the Magistrate Judge. It has held that

> "There is "a substantial relation" between AFT Michigan's claims and what supporting and solicited donors were told by Project Veritas about the infiltration of AFT Michigan, such as the means by which the infiltration would be carried out and the motive for and goal(s) of the infiltration. Defendants' methods and purpose bear directly on at least AFT Michigan's federal eavesdropping and breach of duty of loyalty claims."

And the Court rejected the contention that *Americans for Prosperity Foundation v. Bonta*, -- U.S. --, 141 S. Ct. 2373 (2021) ("AFP") in essence created an absolute bar against any disclosure of identities of donors to voluntary organizations. The Court rightly concluded that "...the donors here also are "potential co-conspirators and possible additional defendants" and that "Project Veritas' donors, like the donors in Planned Parenthood, likely hold highly relevant information concerning the methods, goal(s), and purpose of the infiltration. The relevance of this information to the elements of AFT Michigan's claims is what renders this case distinguishable from two of the cases cited by Defendants."

4.

Project Veritas now asks the Court to revisit its decision and permit Project Veritas to continue to hide the identity of the persons who were likely involved in encouraging or supporting

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

3

the infiltration of AFT Michigan. These persons are not just bystanders who happen to be donors to Project Veritas. They are potentially persons who conspired with Project Veritas to bring harm to AFT Michigan. They should not be permitted to hide any longer.

**Argument**

A.    Interlocutory Appeals Are Disfavored

1.

Interlocutory appeals are disfavored and are granted only in "exceptional cases"

> "Interlocutory appeals in the federal system generally are disfavored. *Firestone Tire & Rubber Co. v. Rijord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). "Routine resort to § 1291(b) request would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Accordingly, a party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist that warrant an interlocutory appeal. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis* (In re City of Memphis), 293 F.3d 345, 350 (6th Cir., 2002); *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir., 1993)."

*Banaszak v. CitiMortgage, Inc.*, 2014 WL 5361931, at *1 (E.D.Mich., 2014)

While District Courts have broad discretion regarding an application for permission to appeal, "Certification for an appeal under § 1292(b) should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). See also *Nessel v. Enbridge Energy Limited Partnership*, 2023 WL 2482922, at *1 (W.D.Mich., 2023). Indeed, Project Veritas cites to *Eberline v. Douglas J. Holdings, Inc.*, 2019 WL 989284, at *1 (E.D.Mich., 2019) but fails to acknowledge that the Court concluded that:

> "The burden is on the moving party to show that each requirement of § 1292(b) is satisfied, see *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2012), and the district court must "expressly find in writing that all three § 1292(b) requirements are met," *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir., 2010); § 1292(b).

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

4

Such appeals are the exception, however, not the rule. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir., 2002) (stressing that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases")"

*Eberline v. Douglas J. Holdings, Inc.,* 2019 WL 989284, at *1 (E.D.Mich., 2019)

2.

28 USC 1292 requires a moving party to show the existence of a "controlling question of law;" that a "substantial difference of opinion exists regarding the correctness of the decision;" that an appeal would "materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir., 2002). The previous interlocutory appeal by Project Veritas was rejected by the Court of Appeals for the Sixth Circuit with the Court holding:

"This court in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir., 2002) (citing 28 U.S.C. § 1292(b)); see also *In re Trump*, 874 F.3d 948, 951 (6th Cir., 2017). "A legal issue is controlling if it could materially affect the outcome of the case." *City of Memphis*, 293 F.3d at 351. If the litigation will be conducted in substantially the same manner regardless of the decision on appeal, an appeal will not materially advance the termination of the case. *Id.* The statutory factors, however, "should be treated as guiding criteria rather than jurisdictional requisites." *In re Trump*, 874 F.3d at 951 (quotation omitted).

*In re Project Veritas*, 2019 WL 4667711, at *1 (6th Cir., 2019)

3.

The Court should deny the request for a certificate of appeal because Project Veritas cannot meet any of these standards. There is no question of law so controlling that deciding it adverse to Plaintiff will result in termination of the litigation. The Court's analysis of prevailing authority was quite correct and Project Veritas has presented no decisions to contradict the Court's view. And the appeal will not assist in termination of the litigation.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

B.      There Is No Controlling Question of Law

1.

        Project Veritas attempts to dress up the dispute about donors as one that is so central to

the litigation that a decision adverse to Plaintiff would somehow result in dismissal of the case.

The reality is quite different. The issue regarding donors is important to Plaintiff but it is not so

central to the litigation that any appellate decision would terminate this action. Disclosure of

donors who paid for the AFT Michigan infiltration will reveal facts that are important to

Plaintiff's claim. And it may result in consideration of adding parties or bringing separate claims

for conspiracy. However, at the moment that is speculation. Because the donors' identity has been

sequestered Plaintiff cannot know whether other litigation is feasible or desirable. But the identity

of the donors could bear upon credibility of witnesses and explain the background to the AFT

Michigan infiltration.

2.

        The Sixth Circuit has defined the term "controlling question of law" to mean that, if a

court of appeals would reverse the district court's decision, the action would terminate. *Adams*

*v. Bradshaw*, 2010 WL 816532, at *2 (N.D.Ohio, 2010) citing *Klinghoffer v. Achille Lauro et al.*,

931 F.2d 21, 24 (2nd Cir., 1990). And

> "A matter of law is "controlling" if its resolution could materially affect the
> outcome of litigation in the district court. *Rafoth v. Nat'l Union Fire Ins. Co.*, 954
> F.2d 1169, 1172 n.8 (6th Cir., 1992); *Sokaogon Gaming Enter. Corp. v.
> Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 658 (7th Cir., 1996). This includes
> an issue that could result in the reversal of the district court's final judgment or
> would save the Court and the litigants substantial time and resources. *Katz v.
> Carte Blanche Corp.*, 496 F.2d 747, 755 (3rd Cir., 1974), *cert. denied*, 419 U.S.
> 885 (1974)."

*Beal v. Walgreen Co.*, 2008 WL 11320262, at *2 (W.D.Tenn., 2008)

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

6

3.

The issue here is important to the litigation but will not "materially affect" the *outcome* of the case or result in its dismissal. The dispute relates to whether Project Veritas is entitled to keep secret the person(s) with whom it may have conspired to infiltrate AFT Michigan or who agreed to provide economic support because of the AFT Michigan infiltration. Disclosure of this information will certainly be relevant to Plaintiff's case. But the outcome of the case does not turn on the identity of the donors.

Project Veritas argues that this issue is "controlling" because "AFT Michigan proposes to re-open discovery after it has been closed for two years, suggests that it may try to add new parties, seeks to expand upon the claims it supported at this late juncture, and is essentially attempting to begin a brand new case and window of discovery in a case that was filed in 2017." Brief at 2. This contention misses the point. The standard is whether immediate review will accelerate the end of the litigation not merely impact the dispute; whether the appeal would "materially advance" the litigation not merely affect it. See *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir., 2022).

The issue of disclosure of donors is not a "controlling question of law" because the litigation does not turn on resolution of the question. The identity of donors is important to Plaintiff and presents an important set of facts which will be relevant to Plaintiff's claim. But resolution of the dispute will not result in termination of the action or dismissal of the case. An interlocutory appeal will not "materially advance" the case but rather will further delay it.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

C.    "Substantial Ground for Difference of Opinion"

1.

Project Veritas is required to show that a "substantial ground exists for difference of opinion" regarding the correctness of the decision. However, Defendants have not provided any authority and cite nothing other than their own arguments to support this contention. There is no basis to say that there is "substantial disagreement" about anything.

Substantial grounds for differences of opinion exist when (1) the issue is difficult and of first impression, *Klinghoffer v. Achille Lauro Lines*, 921 F.2d 21, 25 (2nd Cir., 1990); (2) a difference of opinion exists within the controlling circuit, see *Brown v. Mesirow Stein Real Estate, Inc.,* 7 F. Supp. 2d 1004, 1008 (N.D. Ill. 1998); or (3) the circuits are split on the issue. *In re Baker & Getty Financial Services, Inc*., 954 F.2d 1169 (6th Cir., 1992). None of these factors exist here.

However, Project Veritas asserts a different standard in which the possibility of intellectual dispute is sufficient to confirm a "substantial ground for difference of opinion." It says:

> "First, reasonable jurists could disagree as to whether, after *AFP*, all compelled disclosure requirements presumptively burden the First Amendment right of association, obviating the need for prima facie proofs required by the Magistrate Judge;"

Brief at 3.

"Reasonable jurists could disagree" is not a standard ever recognized by appellate courts. Reasonable jurists can disagree about many things. And the potential for intellectual dispute is not a basis for granting interlocutory appeal. Instead, the proper standard requires evidence of dispute among the circuits or the existence of a question of first impression. Neither exists here.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

8

2.

 Project Veritas says, in essence, that after *Americans for Prosperity Foundation* there is no requirement to show that disclosure would *per se* burden associational interests. In short it argues that there is an absolute bar to identification of persons who join or support any organization. Project Veritas cites to no cases supporting its arguments. And one need only read *AFP* to recognize that the case is inapplicable here.

(a) *AFP* challenged a California regulation requiring some 60,000 different charitable organizations to submit to the State Attorney General's Office their complete IRS Forms 990, risking public disclosure of all of their donors of more than $5,000 in a given tax year. *AFP*, 141 S. Ct. at 2380.   The Supreme Court held that a statute or regulation compelling disclosure of members of an association is subject to "exacting scrutiny,"  and that while "exacting scrutiny does not require that disclosure regimes be the least restrictive means of achieving their ends, it does require that they be narrowly tailored to the government's asserted interest." *Id.* at 2383. The Court held that the California regulation requiring blanket submission of donor information from Forms 990 did not meet that test.

 First, the *AFP* decision had nothing to do with the application of a First Amendment privilege in discovery in the course of litigation and nothing in the opinion indicates that it would change the analytic framework applied by the Court. While the First Amendment privilege respects and reflects the First Amendment interest in avoiding disclosure that would infringe the right of freedom of association, the calculus is necessarily different.

 The Court and the Magistrate Judge correctly applied the framework set forth in *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir., 2010).  As explained by the Magistrate Judge, the party asserting the privilege "must make 'a prima facie showing of arguable first amendment

MARK H. COUSENS
ATTORNEY
26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

9

infringement.'" Magistrate Judge Op., ECF No. 152 at 18, PageID.3938 (quoting *Perry*, 591 F.3d at 1160). Then, "[i]f defendants make their prima facie showing, the evidentiary burden will shift to AFT MI to show that the information it seeks is rationally related to its compelling interest, and that there is no less restrictive means of obtaining the information." *Id.* (quoting *Perry*, 591 F.3d at 1161). This is the same First Amendment privilege analysis applied by other courts in the Sixth Circuit. See, e.g., *Tree of Life Christian Schools v. City of Upper Arlington*, No. 11-cv-0009, 2012 WL 831918 (S.D. Ohio, March 12, 2012). As the Western District of Michigan explained, as to First Amendment privilege in discovery, "the fundamental and consistent consideration in the case law is a balancing of the parties' interests, the effect on the rights of association against the need for the disclosure...." *Tesla Motor Inc. v. Johnson*, No. 16-cv-1158, 2017 WL 11500988 (W.D. Mich., 2017). The *AFP* decision, while abrogating another Ninth Circuit decision, makes no mention at all of the *Perry* case or of the issue of First Amendment privilege in litigation.

Second, the Magistrate Judge determined that, as to the "supporting donors, that is, those Project Veritas donors who earmarked their contributions for the support of the spying operation, Defendants failed to meet their burden of making a prima facie showing of First Amendment infringement. That is because those donors associated with Project Veritas for the specific purpose of committing or supporting fraud. Magistrate Judge's Op., ECF No. 152 at 26-28, PageID.3946-48.

(b)

Defendants contend that requiring such prima facie showing is inconsistent with *AFP*, which did not set forth any such requirement. The reason is that in *AFP* the Court had no occasion to address the threshold issues of whether association specifically *for an unlawful purpose* is entitled to First Amendment protection in the first place. Manifestly it is not. The Magistrate

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

10

Judge was correct in so finding and the Court rightly overruled objections to the decision.  This Court's adoption of *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 776 (1994) is fully consistent with Supreme Court precedent: "The freedom of  association protected by the First Amendment does not extend to joining with others for the purpose of depriving third parties of their lawful rights."

Defendants seem to argue than they have no obligation of any sort to present evidence supporting their claim of burden to their First Amendment rights. *AFP* says nothing of the sort. Yet Project Veritas asserts that "It would be improper to assume that nonparty donors joined with Project Veritas to deprive AFT Michigan of its lawful rights when it has not been established by any evidence that anyone has deprived AFT Michigan of its lawful rights." Brief at 4. But this Court has already rejected Defendants' argument that Plaintiff has no viable claim.

Project Veritas has cited to no case or even commentary which supports its contention. There is no "substantial basis" for difference of opinion because it does not appear that there is any support for the argument presented by Project Veritas.

3.

Project Veritas attempts to persuade the Court that, if evidence of burden is required, it has provided evidence of potential harm to it or its donors if their identity is disclosed. Project Veritas cites to what it styles as an "enemies list" maintained by the American Federation of Teachers, citing ECF 136-10, PageID.3547; brief at 5. Aside from the fact that AFT Michigan and the American Federation of Teachers are separate organizations, the brief cites to an article published by the Wall Street Journal, hardly a friend of organized labor or the American Federation of Teachers, which the *newspaper* styled an "enemies list." On review of the publication it turns out that what the WSJ styled an "enemies list" is instead a report published

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 130
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

11

by the American Federation of Teachers regarding entities which advocate against public education and are involved in managing public investments. Only the newspaper refers to the report as some kind of "enemies list." The existence of this list is evidence of nothing relevant here.

Project Veritas then continues its defamation by claiming that "...opponents of Project Veritas' mission have harassed and threatened Project Veritas, its (now former) CEO, and its reporters, exemplified by The Washington Post and BuzzFeed News "contacting more than two dozen alleged Veritas supporters to undermine their support of Project Veritas." Brief at 5. None of these contentions is actually part of the record in this case and exist only in the mind of its advocates. And none had anything to do with AFT Michigan. And none occurred in the State of Michigan. And none had anything to do with donors. PV has presented no evidence at all that exposure of persons donating to it for the purpose of infiltrating AFT MI would result in any adverse consequences (other than exposing support for unlawful acts).

Project Veritas has not provided any evidence that disclosure of the identity of donors who funded the infiltration of AFT Michigan or who provided economic support to Project Veritas because of the infiltration would burden the associational rights of these individuals.

Applying the balancing test in *Perry v. Schwarzenegger* this Court rightly concluded that it was appropriate to disclose the identity of persons who joined with Project Veritas to harm AFT Michigan.

There is no evidence supporting the contention that there is a "substantial ground for difference of opinion" and this Court correctly applied prevailing law.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

12

D.        Appeal would Delay Litigation

An interlocutory appeal would substantially delay this litigation and any decision issued would not result in termination of the action. This dispute relates to discovery not to the substance of the claims made. A decision by an appellate court would not resolve the dispute in favor of either party. To the contrary, an appeal would mean that the action is stayed while the appeal is considered and if the appeal is accepted by the Court of Appeals could mean that the case is held for more than a year.

Project Veritas engages in speculation about how Plaintiff would respond if the identity of donors is disclosed. It is impossible to know now what further discovery might occur or what change might be needed to the complaint. However, if discovery or amendments are appropriate it will be because Project Veritas finally disclosed just who outside the organization was responsible for the infiltration of the Federation. But the Court is not presently faced with such requests.

Interlocutory appeal would result in significant delay in this litigation and any decision would not resolve or conclude the litigation.

### Conclusion

This Court reached the correct decision here. There is no basis for interlocutory appeal and the Court should deny the application.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 130
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

/s/ Mark H. Cousens
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
cousens@cousenslaw.com
248-355-2150
P12273

May 8, 2023

13