UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

                              Civil Case No. 17-13292
                              Honorable Linda V. Parker

PROJECT VERITAS and
MARISA L. JORGE,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO CERTIFY INTERLOCUTORY APPEAL

On April 30, 2020, Plaintiff AFT Michigan filed a motion to compel discovery from Defendants Project Veritas and Marisa L. Jorge related to the identify of Project Veritas' donors.  (ECF No. 134.)  This Court referred the motion to Magistrate Judge Elizabeth Stafford.  (ECF No. 135.)  On July 2, 2020, Magistrate Judge Stafford entered an opinion and order granting AFT Michigan's motion as to two categories of donors: "supporters whose identities were redacted from September 2017 emails" and "any other supporters from whom [Project Veritas President James O'Keefe] or other [Project Veritas] fundraisers solicited donations to support the infiltration of AFT M[ichigan]."  (ECF No. 152 at Pg ID

3953-54.) Magistrate Judge Stafford denied AFT Michigan's request for the names of any other donors. (*Id.* at 3954.)

Defendants filed objections to Magistrate Judge Stafford's decision (ECF No. 157), but this Court rejected those objections and affirmed the decision in an opinion and order entered April 10, 2023 (ECF No. 209). Defendants have now filed an "emergency motion" asking the Court to certify the decisions on AFT Michigan's motion to compel to the Sixth Circuit Court of Appeals. (ECF No. 212.) The motion has been fully briefed. (ECF Nos. 214, 217.)

**Applicable Standard & Analysis**

<u>Generally</u>

Pursuant to 28 U.S.C. § 1292(b), a court, in its discretion, "may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b)). The statutory components "should be treated as guiding criteria rather than jurisdictional prerequisites." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017); *see also* Edward H. Cooper, 16 Fed. Prac. & Proc. § 3930 (3d ed. 1998) (same). As explained further:

2

> The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal. The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling. The disadvantages of immediate appeal increase with the probabilities that lengthy appellate consideration will be required, that the order will be affirmed, that continued district-court proceedings without appeal might moot the issue, that reversal would not substantially alter the course of district-court proceedings, or that the parties will not be relieved of any significant burden by reversal.

16 Fed. Prac. & Proc. § 3930 (footnote omitted). When deciding whether to certify an order for interlocutory appeal under § 1292(b), courts must heed the Sixth Circuit's warning that such review should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d at 350 (citing *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

"Controlling Question of Law"

"A legal issue is controlling if it could materially affect the outcome of the case." *Id.* at 351 (citing *In re Baker & Getty Fin. Serv., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). " 'The resolution of an issue need not necessarily terminate an action' or 'have precedential value for a number of pending cases' to be 'controlling.'" *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d at 1172 n. 8 (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), *vacated on other grounds by*, 937 F.2d 44 (1991)). Matters within the district court's discretion, however, are not the type of legal questions "envisioned

in § 1292(b)." *In re City of Memphis*, 293 F.3d at 351 (citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)) ("An allegation of abuse of discretion in an evidentiary ruling does not create a legal issue under § 1292(b)").

The Sixth Circuit "review[s] a district court's discovery-related rulings under the highly deferential abuse-of-discretion standard." *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 515 (6th Cir. 2022) (quoting *Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015)).  A court exercises its discretion when balancing the interests of a party in obtaining relevant discovery against the privacy interests of the party from whom or about whom discovery is sought.  *See, e.g., Ohio A. Philip Randolph Instit. v. Larose*, 761 F. App'x 506, 514 (6th Cir. 2019) (concluding that the district court did not abuse its discretion when balancing the respondents' First Amendment privilege with the plaintiffs' interest in the information sought); *Fappiano v. City of New York*, 640 F. App'x 115, 121-22 (2d Cir. 2016) (holding that the district court did not abuse its discretion when balancing rape victim's interest in maintaining her privacy and preventing unwanted exposure to her past trauma with the plaintiff's interest in discovering relevant information); *Moore v. Stone Energy Corp.*, No. 14-cv-412, 2014 WL 7338886, at *2 (W.D. La. Dec. 22, 2014) (citing *Atkinson v. Denton Publ'g Co.*, 84 F.3d 144, 148 (5th Cir. 1996)) (balancing the interests of the parties in obtaining relevant discovery of personnel files of non-party individual employees against the

employees' privacy concerns); *Henderson v. JPMorgan Chase Bank*, No. CV 11-3428, 2012 WL 12888829, at *4 (C.D. Calif. July 31, 2012) (collecting cases) (considering discovery requesting personal information of current and former employees and balancing privacy interests of those employees against the plaintiff's need for the information); *see also Krause v. Rhodes*, 671 F.2d 212 (6th Cir. 1982) (discussing the balance courts must make when First Amendment rights attach to materials sought through the discovery process and finding that the district court appropriately weighed the competing rights and did not abuse its discretion when permitting the disclosure of certain documents).

    Defendants maintain that the interpretation of the First Amendment is a question of law. (*See* ECF No. 212 at Pg ID 6706.) True. However, contrary to Defendants' suggestion, the Sixth Circuit's assessment of whether the First Amendment protects the associational rights of Project Veritas' donors would have no bearing on the correctness of this Court's decision on interlocutory appeal. In other words, the proper interpretation of the First Amendment is not controlling with respect to the issues that would be presented in an interlocutory appeal. This is because this Court, when ruling on Defendants' objections, assumed that the donors possessed First Amendment associational rights which would be infringed by the disclosure of their identities, even if the donors conspired with others to

5

deprive third parties of their lawful rights. (*See* ECF No. 209 at Pg ID 6386-87 & n.7.)

The controlling issue on review instead would be whether this Court properly exercised its discretion when it weighed the donors' rights against AFT Michigan's interest in obtaining information relevant to its claims.[1] *Id.* As indicated above, discretionary decisions of a district court are not the type of legal questions "envisioned in § 1292(b)."

<u>"Substantial Ground for Difference of Opinion"</u>

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d at 952 (quoting *Reese v. BP Expl., Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting

---

[1] As the Court suggested to the parties during the May 25, 2023 status conference, a protective order would minimize the risk of public disclosure of the donors' identities, thus rendering "the threat to first amendment rights . . . inconsequential." *Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987). Thus, even though Defendants have never requested a protective order if AFT Michigan's motion to compel is granted, the Court concludes that such an order should issue to reduce any burden on the donors' First Amendment rights. An appropriate protective order will restrict the public disclosure of the donors' identities and limit how that information may be used while allowing AFT Michigan to pursue the information found relevant to its claims.

6

development of contradictory precedent." *Id.* (quoting *Reese*, 643 F.3d at 688). Courts in this district have identified four circumstances where a "substantial ground for difference of opinion" can arise:

> "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question."

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 4, 2008)); *see also In re Buccina*, 657 F. App'x 350, 351 (6th Cir. 2016) (quoting *In re Miedzianowski*, 735 F.3d at 384).

As an initial matter, the first two grounds that Defendants identify as those on which reasonable jurists could disagree (*see* ECF No. 212 at Pg ID 6707-09) are not grounds that would subject this Court's decision to reversal on appeal. This is because both grounds focus on whether the subject donors possess First Amendment rights infringed by AFT Michigan's discovery request. (*See id.*) But, as discussed earlier and as Defendants in fact acknowledge in their motion, the Court presumed that requiring Defendants to disclose the identities of Project Veritas' donors burdens the donors' First Amendment rights of association. (*Id*. at Pg ID 6707; *see also* ECF No. 209 at Pg ID 6387.) The remaining ground Defendants identify—"whether the sought-after donor information is 'highly

7

relevant' enough to AFT Michigan's claims to justify abridging the association rights of Project Veritas and its donors" (ECF No. 212 at Pg ID 6710)—does not present one of the circumstances identified by the Sixth Circuit where a "substantial ground for difference of opinion" exists.

Unlike *Americans for Prosperity Foundation v. Bonta*, -- U.S. --, 141 S. Ct. 2373 (2021), and *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010), this case does not concern "government attempts at public disclosure of individual affiliation." *Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987) (distinguishing cases cited by party in support of refusal to comply with subpoena duces tecum as those cited cases upheld the right of an organization "to keep its membership list secure from forced disclosure by [the] government"). Like *Marshall*, the present matter instead concerns a private dispute in which one party, as part of the discovery process, seeks to identify another party's members. *Id.* ("Here, it is not a question of the government seeking to obtain and publicize a list of names, but of a private litigant seeking to view a list for the purpose of deposing individuals who may have relevant information about a pending case."). *Marshall* provides the guidance for deciding the present discovery dispute. Thus, the question is not one for which there is a lack of precedent, which is unguided by previous decision, or for which there is a difference of opinion or split among Circuits or within this Circuit.

8

<u>"Materially Advance the Termination of the Litigation"</u>

Lastly, whether an appeal will materially advance the ultimate termination of the litigation is closely tied to whether the order involves a controlling question of law. 16 Fed. Prac. & Proc. § 3930. "Appeals fulfilling [this last] criterion typically are those where, absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)); *see also* 16 Fed. Prac. & Proc. § 3930 (explaining that § 1292(b) is designed to permit interlocutory appeals only for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings"). The Sixth Circuit has provided a few illustrative examples:

> We permitted review when a bankruptcy judge was set to allow a jury trial to proceed that it may have lacked authority to conduct. *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992). And we permitted review when a district court was poised to authorize invasive discovery on a complaint that could have failed to state a claim against the President of the United States. *In re Trump*, 874 F.3d at 952. So too when a court planned to oversee a trial between two parties that might have agreed to arbitrate their disputes. *Sheet Metal Emps. Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 360-61 (6th Cir. 2016). By contrast, where interlocutory review would not alter the litigation's path, *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002), and where the district court could swiftly proceed to a final judgment even without review, *Kraus v. Bd. of Cnty. Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966), we deferred consideration.

*In re Somberg*, 31 F.4th at 1008.

Defendants argue that an interlocutory appeal would materially advance the litigation as AFT Michigan has expressed its intention to seek new discovery, conduct new depositions, and add claims against donors it deems co-conspirators where discovery closed over two years ago.[2]  (ECF No. 212 at Pg ID 6715.) Undoubtedly, an interlocutory decision finding that AFT Michigan is not entitled to the donor-identity discovery could move this matter closer to conclusion. Nevertheless, this Court is not convinced that it would *substantially* alter the course of the proceedings or relieve the parties of *significant* burdens.

Unlike *In re Trump*, a different outcome with respect to Michigan AFT's motion to compel would not terminate the lawsuit.  AFT Michigan has several viable claims unaffected by the donor-identity discovery which remain to be litigated.  Additionally, Defendants have asserted repeatedly that Project Veritas' donors were not involved in the infiltration of AFT Michigan.  (*See, e.g.,* ECF No. 136 at Pg ID 3431; ECF No. 157 at Pg ID 4283, 4299.)  If Defendants' assertion proves correct, the prompt disclosure of the requested information and any permitted follow up discovery to assess the identified donors' involvement should

---

[2]However, AFT Michigan did file its motion to compel (ECF No. 134) two months before the discovery deadline (*see* ECF No. 129).  Further, Magistrate Judge Stafford's decision granting the motion to compel was issued almost three years ago, ordering Defendants to disclose the identities of certain donors by "no later than July 16, 2020."  (ECF No. 152.)

not extensively delay the proceedings. Certainly, by granting AFT Michigan's motion to compel, the Court was not giving AFT Michigan an invitation to conduct a fishing expedition for any information about these individuals.

An appeal may delay the proceedings even more. And while Defendants maintain that "an appeal would spare the improper and unnecessary infringement on the constitutional rights of non-parties[,]" as noted earlier, this Court finds that a protective order will significantly circumscribe any harm to the donors.

## Conclusion

For the reasons discussed above, the requirements for certifying the donor-disclosure decisions for interlocutory appeal are not met. The Court, therefore, **DENIES** Defendants' motion for interlocutory appeal. (ECF No. 212.) However, the Court believes that a protective order with respect to the donor information should be entered.

Counsel for the parties shall meet and confer and, **within fourteen (14) days of the entry of this Opinion and Order**, submit a proposed stipulated protective order concerning the identities of the supporting and solicited donors. **Within seven (7) days of the Court's entry of a protective order**, Defendants shall

disclose to AFT Michigan the identities of the supporting and solicited donors.

    **SO ORDERED**.

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: June 14, 2023