UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

      Plaintiff,

v.

PROJECT VERITAS and
MARISA L. JORGE,

      Defendants.
_____/

Case No. 17-cv-13292
Honorable Linda V. Parker

## SUPPLEMENTAL PROTECTIVE ORDER

On June 14, 2023, this Court concluded that a protective order should be entered with respect to the disclosure of certain donors of Defendant Project Veritas. (*See* ECF No. 221 at PageID 7091.) The Court asked the parties to prepare a stipulated protective order but they could not reach agreed upon language for the order. The Court therefore instructed the parties to submit their respective proposed orders. Having reviewed those submissions, the Court enters this supplement to the previously filed Stipulated Protective Order (ECF No. 89), which is incorporated into the existing order.

1. **Production of Documents** - Pursuant to this Court's April 10 and June 14, 2023 orders (ECF Nos. 209, 221), Defendant Project Veritas shall disclose to Plaintiff's counsel the names of "supporting donors" and "solicited

1

   donors" referenced in otherwise redacted discovery material within seven days of the entry of this Protective Order.

2. **Highly Confidential Information - Attorneys' Eyes Only** – If a disclosure or discovery material contains the identity of a donor of Project Veritas or if a Designating Party, in good faith, believes that a disclosure or discovery material contains information that could reasonably lead to the disclosure of a donor's identity (hereafter "Donor Identity Information"), the party can designate such materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." This designation shall not be applied to disclosures or discovery material produced prior to June 30, 2020, the discovery cut-off in the Sixth Amended Scheduling Order (ECF No. 164), and shall only be applied to Donor Identity Information. If a designation under this section is challenged under paragraph 8 of the Stipulated Protective Order, the Designating Party will have the burden of proving why the protections of the "CONFIDENTIAL" designation are insufficient. (*See* ECF No. 89 at PageID 2308-2310.)

3. **Non-Disclosure of Highly Confidential Information -** Any document or thing designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may only be used to prosecute or defend this action and shall not be

disclosed to (nor the content discussed with) anyone other than the following persons, unless an exception is obtained as described in Paragraph 4 below:

    a. Attorneys of record for the Plaintiff and Defendants in this lawsuit and support staff who are employees of the attorney's law firm;

    b. Experts who have signed the "Acknowledgment and Agreement to Be Bound" (ECF No. 89 at PageID 2319-2320);

    c. Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound";

    d. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who have signed the "Acknowledgment and Agreement to Be Bound";

    e. This Court and its personnel;

    f. Mediators or case facilitators appointed by this Court and/or agreed to by the parties who have signed the "Acknowledgment and Agreement to Be Bound";

    g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4. **Seeking Exceptions for Persons to Whom Disclosures May be Made** – If counsel for Plaintiff or Defendants wish to disclose any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to anyone not included in the list above, counsel shall request permission, in writing, from opposing counsel, describing the specific document or thing to be disclosed and identifying the person(s) to whom disclosure is sought. If there is disagreement as to whether the document or thing should be disclosed, the parties shall meet and confer directly (in voice-to-voice dialogues; other forms of communication are not sufficient) to resolve the dispute. If no resolution is reached, the requesting party may seek court intervention by contacting the case manager and requesting a telephone conference between the parties. If resolution requires either side to disclose privileged information, counsel for that side shall inform the Court and it will request submissions by the parties for in camera review.

5. **Deposition Testimony** - Any portions of requested testimony, a transcript and/or a brief may be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it will reveal highly confidential information discussed in paragraph 1, above.

6. **Other Terms Regarding Highly Confidential Information** – "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be subject to the same procedures regarding confidential information in paragraphs 6, 10(b)-(c), 11, 12, 13, and 14 of the Stipulated Protective Order.  (ECF No 89 at PageID 2304, 2312-17.)

7. **Acknowledgment and Agreement to Be Bound** – Before signing the Acknowledgment and Agreement to Be Bound, a Non-Party will first be provided this Supplemental Protective Order and the Stipulated Protective Order (ECF No. 89).

This Supplemental Protective Order supersedes the Stipulated Protective Order issued December 4, 2018 (ECF No. 89) only to the extent that any provision conflicts.

    **IT IS SO ORDERED.**

                                                   s/ Linda V. Parker
                                                   LINDA V. PARKER
                                                   U.S. DISTRICT JUDGE

Dated: October 26, 2023