UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

      Plaintiff,

v.

      Case No. 17-cv-13292
      Honorable Linda V. Parker

PROJECT VERITAS and
MARISA L. JORGE,

      Defendants.
_____/

## OPINION AND ORDER

On March 29, 2024, this Court issued a decision addressing *inter alia* Defendants' motion to disqualify AFT Michigan's expert, Nitin V. Paranjpe, Ph.D., and exclude Dr. Paranjpe's opinion and testimony at trial. (ECF No. 226; *see also* ECF No. 211.) The Court denied Defendants' motion but required supplemental briefing on two issues:

> (1) Whether the time AFT Michigan employees spent engaging with Marisa Jorge during her internship qualify as a loss justifying some remedy, even if this did not preclude the employees from performing their other duties.
>
> (2) Whether AFT Michigan may recover damages based on the time its employees spent in connection with this lawsuit.

The parties subsequently filed their supplemental briefs. (ECF Nos. 228, 229, 231.)

Having reviewed the parties' submissions, the Court concludes that Dr. Paranjpe may testify as to the value of the time AFT Michigan employees spent with Jorge provided there is evidence that these interactions diverted the employees from work benefiting their employer. Employee time has an economic value, and AFT Michigan was paying its employees to engage in activities benefitting their employer.[1] AFT Michigan "need not show specific losses of profits or business opportunities. Salaries paid during the unproductive period are a proper measure of damages." *Granite Rock Co. v. Bay Area Bldg. Material Teamsters Local 216*, No. 89-15062, 1991 WL 133590, at *6 (9th Cir. July 22, 1991) (citing *Refrigeration Contractors v. Local Union No. 211 of United Ass'n of Journeymen*, 501 F.2d 668, 671 (5th Cir. 1974); *Abbot v. Local Union No. 142 of United Ass'ns of Journeymen*, 429 F.2d 786, 789 (5th Cir. 1970)); *see also Mich. Educ. Ass'n v. Sec. of State*, 801 N.W.2d 35, 42 (Mich. 2011) (finding a cost to the school district of the time employees spent on prohibited activities).

Defendants' First Amendment argument based on *United States v. Alvarez*, 567 U.S. 709 (2012), is not persuasive. In *Alvarez*, the Supreme Court considered

---

[1] The Court rejects Defendants' argument that the employees' time with Jorge is not compensable because they would have spent the same time with a different intern, if not Jorge. Even if the Court assumes that AFT Michigan would have hired another intern during the same period in 2017 (although AFT Michigan claims it did not have alternative candidates), it finds employee time spent with Jorge distinguishable from the time that would have been spent with a "legitimate" intern—i.e., someone who came to work for AFT Michigan not with the intent to harm the organization.

2

whether a federal statute making it a crime to falsely claim receipt of military decorations or medals violates the First Amendment.  The question presented was whether *the government* could regulate such false statements under the exacting scrutiny applied to content-based restrictions on speech.  *Id*. at 716-17.  The present matter does not concern governmental regulation of speech.  In any event, as the *Alvarez* Court recognized, restraints on speech have long been permitted in a few categories, such as fraud and where "false claims are made to effect a fraud or secure moneys or other valuable considerations, say offers of employment."  *Id*. at 717, 723 (citing *Va. Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 771 (1976)).  The Court pointed out early in its decision that Alvarez had not apparently made the false statements at issue to secure employment or some other financial benefit or privilege.  *Id*. at 714.

AFT Michigan indicates in its briefing that it "has not presently claimed the value of staff time related to this litigation" as damages but "reserves the right to do so as part of a post judgment award of fees and costs." (ECF No. 228 at PageID. 7242.)  Based on this representation, the Court finds it premature to resolve the second issue for which it sought supplemental briefing.

In conclusion, the Court will not exclude Dr. Paranjpe's opinion and testimony concerning AFT Michigan's damages based on the time its employees spent with Jorge.  Based on AFT Michigan's representations, the Court understands

3

that it will not be offering opinion or testimony at trial from Dr. Paranjpe concerning damages associated with the time employees have spent in connection with this litigation. Thus, the issue of whether such a loss would be recoverable is not ripe for this Court's review.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 11, 2025