# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

PROJECT VERITAS, et al,

    Defendants.

Case No. 17-CV-13292
Hon. Linda V. Parker
Hon. Elizabeth A. Stafford

---

Mark H. Cousens (P12273)
Attorney for Plaintiff
26261 Evergreen Rd Ste 130
Southfield, MI 48076
(248) 355-2150
cousens@cousenslaw.com

Joseph E. Sandler
Attorney for Plaintiff
Sandler Reiff Lamb Rosenstein
   & Birkenstock PC
1090 Vermont Ave NW Ste 750
Washington, DC 20005
(202) 479-1111
sandler@sandlerreiff.com

Paul M. Mersino (P72179)
Butzel Long, P.C.
Attorneys for Defendants
150 W. Jefferson Ave., Suite 100
Detroit, MI 48226
(313) 225-7015
mersino@butzel.com

Stephen R. Klein (P74687)
Barr & Klein PLLC
Attorney for Defendants
1629 K St. NW Ste 300
Washington, DC 20006
(202) 804-667
steve@barrklein.com

---

**PROJECT VERITAS PARTIES'**
**MOTION TO UNSEAL DOCUMENTS (ECF No. 37)**

Defendants Project Veritas and Marisa L. Jorge (the "Veritas parties"), through their undersigned counsel, respectfully request that the Court enter an order directing the Clerk of the Court to unseal the documents previously filed in this matter as alleged trade secrets under the Michigan Uniform Trade Secrets Act and as allegedly confidential information. *See* ECF No. 37. The order to seal "remain[s] in effect until the further order of the Court." ECF No. 35, PageID.851.

Alternatively, the Veritas parties move that the Court order AFT Michigan to file portions of the filing with appropriate redactions:

- Pages 10-11 with phone numbers and e-mail addresses redacted.
- Pages 114-116 with e-mail addresses and street addresses redacted.
- Pages 129-130 with e-mail addresses, phone numbers and street addresses redacted.
- Pages 157-166 with all form entries and signatures redacted.
- Page 170 with street addresses redacted.

Counsel for the Veritas parties conferred with opposing counsel via electronic mail over the course of two months, requesting a basis for keeping these materials under seal and proposing the specific redactions above. AFT Michigan asserts that it "retains its view that it should not be made public as it would reveal strategies and planning relating to organizing and collective bargaining." AFT Michigan opposes this motion in its entirety.

For the reasons described in the memorandum accompanying this motion, these documents should be unsealed.

Respectfully submitted,

/s/ Stephen Klein
Stephen R. Klein (P74687)
Barr & Klein PLLC
1629 K St NW Ste. 300
Washington, DC 20006
(202) 804-6676
steve@barrklein.com

Butzel Long, P.C.
Paul M. Mersino (P72179)
150 W. Jefferson, Suite 100
Detroit, MI 48226
mersino@butzel.com
313-225-7015

Attorneys for Defendants

Dated: April 17, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

PROJECT VERITAS, et al,

    Defendants.

Case No. 17-CV-13292
Hon. Linda V. Parker
Hon. Elizabeth A. Stafford

---

| | |
|---|---|
| Mark H. Cousens (P12273)<br>Attorney for Plaintiff<br>26261 Evergreen Rd Ste 130<br>Southfield, MI 48076<br>(248) 355-2150<br>cousens@cousenslaw.com | Paul M. Mersino (P72179)<br>Butzel Long, P.C.<br>Attorneys for Defendants<br>150 W. Jefferson Ave., Suite 100<br>Detroit, MI 48226<br>(313) 225-7015<br>mersino@butzel.com |
| Joseph E. Sandler<br>Attorney for Plaintiff<br>Sandler Reiff Lamb Rosenstein<br>   & Birkenstock PC<br>1090 Vermont Ave NW Ste 750<br>Washington, DC 20005<br>(202) 479-1111<br>sandler@sandlerreiff.com | Stephen R. Klein (P74687)<br>Barr & Klein PLLC<br>Attorney for Defendants<br>1629 K St. NW Ste 300<br>Washington, DC 20006<br>(202) 804-667<br>steve@barrklein.com |

---

**PROJECT VERITAS PARTIES' MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL DOCUMENTS (ECF No. 37)**

## ISSUE PRESENTED

Whether the Court should unseal the documents previously filed by AFT Michigan as alleged trade secrets and confidential information (ECF No. 37) because they are not actually trade secrets or confidential enough to justify the heavy burden of sealing.

**Defendants' Answer: Yes.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Local Rule 5.3

- *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)

# ARGUMENT

In November, 2017, AFT Michigan, by stipulated order, filed documents under seal with this Court as alleged trade secrets and confidential information in support of a motion for preliminary injunction against Project Veritas and Marisa Jorge ("the Veritas parties"). *See* ECF Nos. 35, 37. None of these documents constituted trade secrets, and most do not fall under even the broadest definition of "confidential." *See* ECF No. 46, PageID.1520-31; *confidential*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("meant to be kept secret; imparted in confidence"). The comment to Local Rule 5.3 notes that "there is a strong presumption in favor of openness as to court records" and that, for materials to be sealed, "[t]he burden is a heavy one and only the most compelling reasons can justify non-disclosure of judicial records." Following this Court's rulings against AFT Michigan's trade secrets claim and prior to summary judgment—and, potentially, trial—the Veritas parties request that the Court unseal these documents or order AFT Michigan to resubmit certain documents with appropriate redactions.

## I.  AFT Michigan's Filing Should Be Unsealed

In assessing the propriety of sealing documents, the Court generally considers public interest in the information at issue, and balances that against the burden on the party seeking non-disclosure:

> The greater the public's interest in the information to be hidden, the more compelling the reason for non-disclosure must be. . . .

1

> Conversely, "the burden on the party seeking non-disclosure is diminished where there is minimal public interest in learning the non-disclosed information." . . . When non-disclosure is appropriate, it "must be narrowly tailored to serve that [compelling] reason."

*Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 956 (E.D. Mich. 2018) (internal citations omitted). There is public interest in this case. Even the *New York Times* has referenced certain filings and discovery items that have only been produced to AFT Michigan. Mark Mazzetti & Adam Goldman, *Ex-Spies Recruited in Push to Attack Liberal Groups*, N.Y. TIMES, Mar. 8, 2020 at A1, *available at* https://www.nytimes.com/2020/03/07/us/politics/erik-prince-project-veritas.html. For future review by journalists and the public-at-large, as much of the docket in this matter should be available as possible for a full understanding of AFT Michigan's claims. Conversely, the burden asserted by AFT Michigan—that unsealing the documents would "reveal strategies and planning relating to organizing and collective bargaining"—is tenuous, at best.

There are other considerations at issue regarding public interest, specifically as it relates to claims under the Michigan Uniform Trade Secrets Act ("MUTSA"):

> In other cases . . . the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." . . . And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court . . . [has] relied upon in reaching [its] decisions."

2

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citations omitted).  All of the documents under seal were described by this Court in its ruling denying AFT Michigan's motion for a preliminary injunction, which is a public filing.  *See generally* ECF No. 46, PageID.1522-31.  Moreover, the Court subsequently dismissed AFT Michigan's MUTSA claim entirely.  ECF No. 104, PageID.2538-39.  The sealed filing makes up the entire evidentiary basis for both of those trade secrets rulings and thus the documents should be as public as possible for assessment of those rulings.

Prior to the Court's rulings, AFT Michigan conceded that Nate Walker's résumé, application, and loan documents were not trade secrets.  ECF No. 39, PageID.1221.  The loan documents are referenced in AFT Michigan's summary judgment filing.  ECF No. 233, PageID.7444.  Walker's résumé should be unsealed, because it has been distributed beyond AFT Michigan by Mr. Walker and does not contain confidential information.  ECF No. 37 (pgs. 14-16, 123-25).  Discovery has also confirmed that most of the other documents are not confidential or that AFT Michigan refused to provide any evidence that they are confidential, far short of the heavy burden to seal filings.  The Court should thus unseal these filings.

### A. Discovery Confirmed That Many of the Sealed Documents are Not Confidential or That Confidentiality Has Been Waived

Federal Rule of Civil Procedure 30(b)(6) requires an organization, when advised, to designate persons who will testify on matters in a deposition.  "The

3

persons designated *must testify* about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6) (emphasis added). David Dobbie was designated by AFT Michigan as its Rule 30(b)(6) witness for "maintain[ing] the confidentiality of any and all of [AFT Michigan's] alleged confidential information or trade secrets." **Exhibit 1** (Dobbie 16:10-14; Def's Depo. Exh. 30 (30b6 subpoena ¶12)).

Mr. Dobbie testified as follows regarding the confidentiality of certain sealed documents or exhibits that were substantively indistinct from them:

- **Pages 1-2**: "Q. . . . Is this a confidential document? A. I don't know." Exh. 1 (Dobbie 46:3-47:1 (citing Def's Depo. Exh. 34[1])). When produced in discovery as AFTMI0000678, the very same document was not designated "confidential."

- **Pages 3-7**: "Q. Is this a confidential document? A. Without knowing specifically what it is, I don't know for sure." Exh. 1 (Dobbie 47:6-48:5 (citing Def's Depo. Exh. 35)). When produced in discovery as AFTMI0000674-77, the very same document was not designated "confidential."

- **Pages 12-13**: "Q . . . Is it a confidential document? A. I don't know." Exh. 1 (Dobbie 51:2-22 (citing Def's Depo. Exh. 38)). When produced in discovery as AFTMI0000716, the very same document was not designated "confidential."

- **Pages 39-40**: "Q . . . Is this a confidential document? A: I don't know." Exh. 1 (Dobbie 56:19-57:17 (citing Def's Depo. Exh. 42)). When produced in discovery as AFTMI0000688, the very same document was not designated

---

[1] Deposition exhibits and productions reflecting the sealed documents are not included with this filing. The page numbers here reference the numbers in the lower right corner of each page of the sealed filing. ECF No. 37.

4

"confidential."

- **Pages 41-43**: "Q . . . Is this a confidential document? A: I don't know." Exh. 1 (Dobbie 57:19-58:17 (citing Def's Depo. Exh. 43)). When produced in discovery as AFTMI0000686-87, the very same document was not designated "confidential."

- **Pages 44-45**: "Q . . . Is this a confidential document? A: I'm not sure." Exh. 1 (Dobbie 58:19-59:9 (citing Def's Depo. Exh. 44)). When produced in discovery as AFTMI0000064, the very same document was not designated "confidential."

- **Pages 46-48**: Mr. Dobbie could not testify as to even the authorship of the document, but "it does not look" like AFT Michigan drafted the document. Exh. 1 (Dobbie 60:9-61:20 (citing Def's Depo. Exh. 45)).

- **Pages 49-68**: Mr. Dobbie did not know for sure whether the document was confidential or not. Exh. 1 (Dobbie 61:21-63:18 (citing Def's Depo. Exh. 46)).

- **Pages 69-97**: Mr. Dobbie testified that "I would not consider that confidential if you're asking that question at this time." Exh. 1 (Dobbie 63:21-65:4 (citing Def's Depo. Exh. 47)).

By AFT Michigan's own account and sworn testimony, these documents either are not confidential or there is no basis upon which to believe that they are. *See* Exh. 1 (Dobbie 16:12-15). At the very least, AFT Michigan failed to designate a person under Rule 30(b)(6) who had knowledge of the topic, and that itself should be a basis to deem the documents not confidential.

### B. AFT Michigan's Testimony Regarding Other Documents Does Not Satisfy its Burden or Narrow Tailoring for Purposes of Sealing

At times, Mr. Dobbie testified that certain documents are confidential to AFT Michigan. This testimony was specious, at best.

5

### 1. Pages 8-11

When presented with pages 8-11 of the sealed filing as Defendants' deposition exhibit 37, Mr. Dobbie testified that he did not recognize the document, its author or value, but speculated that the document is confidential because it "[h]as personal contact information and attendance information at a private meeting." Exh. 1 (Dobbie 49:25-50:25). This was a meeting of the Coalition for the Future of Detroit School Children. The spreadsheet includes team members who work for government agencies, as well as contact information that is publicly available. As to the team itself, this is also publicly available. *See Leadership Teams*, COALITION FOR THE FUTURE OF DETROIT SCHOOLCHILDREN, http://detroiteducationcoalition.org/leadership-teams/ (last visited April 17, 2025)[2]. Finally, when produced in discovery as AFTMI0000714 and again as AFTMI0000716, this very same document was not designated "confidential."

### 2. Pages 17-19

Presented with pages 17-19 of the sealed filing as Defendants' deposition exhibit 40, Mr. Dobbie testified that he was "not sure" what the document is, but it

---

[2] On Internet Archive, the earliest archived version of this page is dated February 23, 2018: https://web.archive.org/web/20180223022054/http://detroiteducationcoalition.org/leadership-teams/.

was confidential because "it covers policy positions and strategy of AFT Michigan." Exh. 1 (Dobbie 53:11-55:6). Nothing in the document supports that assertion. Moreover, this document was drafted by Defendant Marisa Jorge as part of her internship: she e-mailed different versions of it to herself along with the document discussed in the next subsection. *See* **Exhibit 2** (PV004023). The dispute of whether Ms. Jorge had a duty of loyalty to AFT Michigan, the scope of that alleged duty, whether it was breached are at issue in this case, and the evidence relating to her work should not be shielded from the public.

### 3. Pages 20-38

Mr. Dobbie testified that pages 20-38 of the sealed filing, as Defendants' deposition exhibit 41, is confidential because "we thought [Marisa Jorge] produced this as part of her internship with us and, *therefore*, it was AFT Michigan property." Exh. 1 (Dobbie 55:8-56:16) (emphasis added). That is not synonymous with confidentiality. Moreover, the duty of confidentiality to which Ms. Jorge was allegedly held was no duty at all. *See generally id.* (Dobbie 82:16-85:2). For purposes of this motion, Mr. Dobbie's reasoning here does not meet the heavy burden of keeping this document under seal.

### 4. Pages 98-109

Mr. Dobbie testified that this document, presented as Defendants' deposition exhibit 48, was confidential because "[i]t was shared with us as a member of the

7

Coalition for the Future of Detroit School Children with the expectation that it reflected internal discussions and would not be made public." Exh. 1 (Dobbie 65:5-67:5). For reasons previously discussed, there is no confidentiality relating to the Coalition and, if so, AFT Michigan has not established how this would obviate the coalition's public sector members from disclosure obligations under the Michigan Freedom of Information Act or other public records requirements. This document was also available on the Basecamp platform, to which Ms. Jorge was given access along with 75 other people, many of whom are not part of AFT Michigan. *See* **Exhibit 3** (PV003522 (listing file name at page 98 of the sealed filing as a document added)).

### 5. Pages 169-171

Mr. Dobbie testified that pages 169-171 of the sealed filing, presented as Defendants' deposition exhibit 51, is a "confidential document" made "from a database that we have that is put together by combining FOIA requests of all the charter schools in Michigan." Exh. 1 (Dobbie 71:21-74:20). If a document is made up from information put together by combining *Freedom of Information Act* requests, then it is not confidential, especially when it is simply names, addresses, and other innocuous information.

### 6. Pages 172-177

Mr. Dobbie testified that pages 172-177 of the sealed filing, presented as

Defendants' deposition exhibit 52, constituted confidential "internal discussions of our staff and leadership regarding our potential position on a piece of pending legislation." Exh. 1 (Dobbie 74:24-77:10). This, again, does not fit the context of the document, which suggests amendments to a piece of legislation in active voice, indicating its audience was lawmakers or, at the very least, beyond AFT Michigan.

### 7. Pages 178-217

Mr. Dobbie testified that he did not recognize the document from pages 179-188, presented as Defendants' deposition exhibit 53. Exh. 1 (Dobbie 77:11-78:18). Page 188 of the filing indicates the document was drafted by a professor at Wayne State University, a public institution. Dobbie further testified that the document at page 189 was not confidential. *Id.* (Dobbie 78:19-79:5). Finally, pages 190-217 were presented by AFT Michigan to a local union, and "affiliation doesn't include an explicit confidentiality agreement." *Id.* (Dobbie 79:16-81:18). Pages 190-217 were also produced by AFT Michigan in discovery as AFTMI0000644-672 and not designated "confidential."

### C. Other Documents Are Plainly Not Confidential

Some of the documents were not exhibited in depositions but are nevertheless *prima facie* not confidential and should be unsealed.

- **Pages 49-68** are other documents from the Coalition for the Future of Detroit School Children and not confidential to AFT Michigan. *See supra* part I(B)(1).

9

- **Pages 110-122** appears to be a list of union members. Discovery has shown this file was not copied by Marisa and AFT Michigan never produced it in native format (".txt"). It is thus another innocuous list of names and contact information.

- **Pages 126-127** is a cover letter from Mr. Walker relating to a job application. Apparently, he either did not receive or did not accept an offer for the job and personal documents are not confidential when they are stored on a computer belonging to one's employer, especially an application to another potential employer.

- **Pages 128-155** was not copied by Marisa and AFT Michigan never produced it in a native spreadsheet format (".xls"). The Court previously noted that the version on file (the only version available to the Veritas parties) "consist[s] of personal contact information with incomplete survey answers. However, there is no way of knowing what questions were asked in the survey." ECF No. 46, PageID.1527-28. It is, yet again, wholly innocuous information.

- **Pages 167-168** appears to be rudimentary instructions for a Microsoft Office product. The Court already noted that AFT Michigan "[did] not provide a description of" these documents. ECF No. 46, PageID.1522.

- **Pages 218-21** of the sealed filing is an e-mail forwarded from Johnny Mickles to Marisa. The forwarded e-mail—that is, *the entire substance of the e-mail other than Mr. Mickles's signature*—had been previously sent to the staff lists of Plymouth-Canton Community Schools.

These documents are also not confidential to AFT Michigan—or to anyone else—and should be unsealed. Thus, all the documents in ECF No. 37 should be unsealed.

II. **Alternatively, Some Documents Submitted by AFT Michigan May be Resubmitted with Appropriate Redactions**

None of AFT Michigan's 221-page filing should be kept under seal, but an alternative option would be to keep some of the filing under seal and order AFT Michigan to resubmit some pages with appropriate redactions. At the outset, it bears noting that the documents discussed in this section may have been viewed on Mr.

10

Walker's computer or the online platform Basecamp by Marisa—after she was given unrestricted access—but were not removed, copied, or referenced by Marisa. For these and other reasons, the Veritas parties do not concede that any of AFT Michigan's causes of action relating to confidentiality have merit.

AFT Michigan conceded that Mr. Walker's application and loan documents were not trade secrets. ECF No. 39, PageID.1221. However, these documents contain Mr. Walker's personal information. *See* Fed. R. Civ. P. 5.2(a), (d). Thus, these documents could be re-submitted with personal information (or even all entries in the forms) redacted, should Mr. Walker or AFT Michigan wish to do so.

Similarly, pages 10-11, 114-116, 129-130, and 170 of the sealed filing could be re-submitted with contact information such as e-mail addresses, phone numbers, and street addresses redacted should AFT Michigan wish for such redactions. But none of the documents should remain under seal.

## CONCLUSION

For the foregoing reasons, the Veritas parties request that this Court unseal AFT Michigan's sealed filing, ECF No. 37.

11

                    Respectfully submitted,

                    /s/ Stephen Klein
                    Stephen R. Klein (P74687)
                    Barr & Klein PLLC
                    1629 K St. NW, Ste. 300
                    Washington, DC 20006
                    (202) 804-6676
                    steve@barrklein.com

                    Butzel Long, P.C.
                    Paul M. Mersino (P72179)
                    150 W. Jefferson, Suite 100
                    Detroit, MI 48226
                    313-225-7015
                    mersino@butzel.com

                    Attorneys for Defendants

Dated: April 17, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered ECF participants listed for this case.

        Respectfully submitted,

        /s/ Stephen Klein
        Stephen R. Klein (P74687)
        Barr & Klein PLLC
        1629 K St NW Ste. 300
        Washington, DC 20006
        (202) 804-6676
        steve@barrklein.com

        Butzel Long, P.C.
        Paul M. Mersino (P72179)
        150 W. Jefferson, Suite 100
        Detroit, MI 48226
        mersino@butzel.com
        313-225-7015

        Attorneys for Defendants

Dated: April 17, 2025