UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

      Plaintiff,

v.

                                          Case No. 17-cv-13292
                                          Honorable Linda V. Parker

PROJECT VERITAS and
MARISA L. JORGE,

      Defendants.
_____/

## **OPINION AND ORDER DENYING DEFENDANTS' MOTION TO UNSEAL**

On November 22, 2017, the Court entered a stipulated protective order in this matter (ECF No. 34) and a stipulated order to seal confidential documents Plaintiff produced to Defendants pursuant to the protective order (ECF No. 35).  A few days later, Plaintiff filed documents in support of its motion for temporary restraining order.  (ECF No. 37.)  More than seven years later, on April 17, 2025, Defendants moved to unseal those documents, contending that they are not confidential and do not contain trade secrets.  (ECF No. 241.)  Plaintiff opposes Defendants' motion.  (ECF No. 244.)

Eastern District of Michigan Local Rule 5.3 permits items to be filed under seal when a statute or rule authorizes them to be sealed.  Federal Rule of Civil Procedure 26 permits a party to move for a protective order to prevent the public

disclosure of *inter alia* trade secret or other confidential information.  Fed. R. Civ.

P. 26(c)(1)(G).  Pursuant to that rule, the parties stipulated to the protective order

and Plaintiff's filing of the documents now in question under seal.  In other words,

Defendants agreed to treat them as confidential.  This agreement was not like that

in *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002),

which Defendants cite in their reply, where the parties deemed "secret" virtually all

documents in the lawsuit without a document-by-document analysis.  *Id*. at 545-46.

The parties' stipulation conveyed to the Court an agreement that the

documents to be sealed contained personal information and/or trade secrets.  It

would be an inefficient use of judicial resources and greatly inhibit discovery if

parties are able to later revoke such an agreement, thereby requiring the court to

resolve the issue.  There may be instances where the public's interest in the

material is so great that such review is warranted; however, the Court does not find

that to be the case with the documents at issue.  Moreover, while there may be

public interest in this case, the Court finds minimal public interest in the

documents at issue.

For these reasons, the Court **DENIES** Defendants' motion to unseal.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 30, 2026